Alan W. Kornberg, Esq.
Andrew M. Parlen, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (\_\_\_) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND
APPROVING SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES,
(II) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING
NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>") respectfully states as

follows in support of this motion (the "<u>Motion</u>"):

**<u>Relief Requested</u>**[2]

1.       By this Motion, the Debtor seeks entry of an order, substantially in the form

attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"): (a) authorizing and approving the

---

[1]    The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is
250 Bradhurst Avenue, New York, New York 10039.

[2]    A description of the Debtor's business, the reasons for commencing this chapter 11 case, the relief sought from
the Court to allow for a smooth transition into chapter 11, and the facts and circumstances supporting this Motion
are set forth in the *Declaration of Jeffrey Dold (I) in Support of First Day Motions and (II) Pursuant to Local
Bankruptcy Rule 1007-2* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith. Capitalized terms used
herein but not otherwise defined shall have the meaning ascribed to such term in the First Day Declaration.

Confidentiality Procedures (defined below), which are designed to protect plaintiffs and employees, as more fully described herein; (b) authorizing the Debtor to implement certain procedures for mailing the notice announcing the commencement of this chapter 11 case and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"), substantially in the form attached as **Exhibit 1** to **Exhibit A** hereto; and (c) granting related relief.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107(b)(2), 1107(a) and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 1007(a), 2002(l) and (m), 9007, 9018, and 9037, and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Basis For Relief Requested

**I.      Notice and Confidentiality Procedures**

5.      Bankruptcy Rule 1007(a) requires a debtor to file with the petition for relief a list containing the name and address of each creditor (the "Creditor Matrix").  Section 107(b) of the

Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect

persons from potential harm that may result from the disclosure of certain confidential information.

*See* 11 U.S.C. § 107(b)(2) ("On request of a party in interest, the bankruptcy court shall, and on

the bankruptcy court's own motion, the bankruptcy court may protect a person with respect to

scandalous or defamatory matter contained in a paper filed in a case under this title.").  Although

section 107(b) of the Bankruptcy Code is an exception to the general rule of open disclosure, its

application in this chapter 11 case is appropriate.  *See In re Orion Pictures Corp.*, 21 F.3d 24, 27

(2d Cir. 1994) ("Congress, itself, has recognized that under compelling or extraordinary

circumstances, an exception to the general policy of public access is necessary . . . . Section 107(b)

of the Bankruptcy Code, a statutory exception to the broad principle of § 107(a), [ ] responds to

this need.").

6.      Section 107(c) of the Bankruptcy Code provides that the court "for cause, may

protect an individual, with respect to the following types of information to the extent the court

finds that disclosure of such information would create undue risk of identity theft or other unlawful

injury . . . [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case

under" the Bankruptcy Code.  Further, Bankruptcy Rule 9018 provides, in relevant part, that on

motion or by its own initiative "the court may make any order which justice requires . . . to protect

any entity against scandalous or defamatory matter contained in any paper filed in a case under the

Code. . . ."  Fed. R. Bankr. P. 9018.

A.      **Confidentiality Procedures**

7.      To protect the confidentiality of the identities and personal contact information of

certain holders of claims against the Debtor arising from allegations of sexual abuse, to the extent

such information is not otherwise available in the public record, and current and former employees

of the Debtor, the Debtor is requesting entry of the Proposed Order authorizing the filing of the

Creditor Matrix, the schedules of assets and liabilities, and any pleadings or other documents, including affidavits of service, in this chapter 11 case containing such information in accordance with the following procedures (the "<u>Confidentiality Procedures</u>"):

(a)     the Debtor shall file on the docket of this chapter 11 case a copy of the Creditor Matrix, and any amended Creditor Matrices:

(i)     listing the contact information for counsel of record, where known, for any Abuse Claimant (as defined below) and, to the extent such information is not otherwise in the public record or is subject to confidentiality obligations, redacting the identities and all other personal contact information of holders of Abuse Claims (as defined below); and

(ii)    using the Debtor's address and other contact information in lieu of the personal contact information for any current or former employee of the Debtor.

(b)     the Debtor shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to: (i) the Court; (ii) the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"); (iii) each of the CVA Claimants' Counsel; (iv) Crowell & Moring LLP, counsel to Federal Insurance Company; and (v) counsel to any statutory creditors' committee(s) appointed in this chapter 11 case under section 1102 of the Bankruptcy Code (collectively, the "<u>Distribution Parties</u>");

(c)     all documents filed in this chapter 11 case or any related adversary proceedings, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) above;

(d)     the Debtor shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of this chapter 11 case or any related adversary proceedings that have been redacted in accordance with these Confidentiality Procedures; and

(e)     the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtor in accordance with subparagraphs (b) or (d) set forth above.

### B.    Holders of Abuse Claims

8.      As set forth in the First Day Declaration, on January 28, 2019, the New York State Legislature passed the Child Victims Act (the "CVA"), which was signed into law on February 14, 2019.  The legislation modified the statute of limitations for victims of child sex abuse and created a one-year window during which alleged victims of sex abuse with time-barred claims could timely commence a civil action.  After a year-long extension due to the COVID-19 pandemic, the CVA window closed on August 13, 2021.  Accordingly, at this point in time the universe of CVA Claims against the Debtor's estate is known to the Debtor.  As of the Petition Date, the Debtor is a defendant in 76 prepetition lawsuits asserting claims under the CVA (the "CVA Claims" and holders of CVA Claims, the "CVA Claimants").  While some CVA Claimants have made their CVA Claims public, some lawsuits have been filed by CVA Claimants using a Doe or other pseudonym.

9.      In addition, although this chapter 11 case was filed to address the CVA Claims, on May 24, 2022, Governor Kathy Hochul signed into law the Adult Survivors Act (the "ASA"), which enables survivors of sexual assault that occurred when such individuals were over the age of 18 to bring a suit for time-barred claims during a one (1)-year period beginning in November 2022.  While the Debtor is not aware of any claims that may be filed against the Debtor that would arise under the ASA (the "ASA Claims" and, together with the CVA Claims, the "Abuse Claims" and holders of Abuse Claims, the "Abuse Claimants"), it will seek to address any such potential claims in the chapter 11 case.

10.     Due to the nature of the allegations by holders of Abuse Claims, which pertain to sexual abuse, the redaction of the identities and personal contact information not otherwise available in the public record from all documents filed in this chapter 11 case will aid in protecting such persons against the disclosure of a sensitive matter in publicly filed documents.

11.    In recognition of the sensitivity of disclosure related to these litigants, the Debtor respectfully submits that the Court has the authority to approve the Confidentiality Procedures described above and should authorize the Confidentiality Procedures to protect the privacy of the holders of Abuse Claims and preserve their identities from public disclosure.

### C.    Debtor Employees

12.    The Creditor Matrix will also include current and former employees of the Debtor. To protect against the risk of identity theft and the disclosure of personal identifying information, the Debtor is requesting authority to use the Debtor's address and other contact information for these individuals.

13.    Pursuant to section 107 of the Bankruptcy Code, the Debtor respectfully submits that it is appropriate to authorize the Debtor to use the Debtor's address and other contact information for the Debtor's employees in any paper filed with the Court in this chapter 11 case because such employees' personal contact information could be used to perpetrate identity theft.

14.    Courts in this district and others routinely grant the relief sort herein in other similar chapter 11 cases. *See, e.g.*, *In re Roman Catholic Diocese of Rockville Centre*, Case No. 20-12345 (Bankr. S.D.N.Y. Oct. 6, 2020) [Docket No. 38]; *In re Norwich Roman Catholic Diocesan Corp.*, Case No. 21-20687 (Bankr. D. Conn. July 16, 2021) [Docket No. 15]; *In re Diocese of Rochester*, Case No. 19-20905 (Bankr. W.D.N.Y. Sept. 13, 2019) [Docket No. 29]; *In re The Diocese of Camden, New Jersey*, Case No. 20-21257 (Bankr. D.N.J. Oct. 8, 2020) [Docket No. 54]; *In re Boy Scouts of America*, Case No. 20-10343 (Bankr. D. Del. Feb. 19, 2020) [Docket No. 66]; *In re Archbishop of Agana*, Case No. 19-00010 (Bankr. D. Guam. Jan. 18, 2019) [Docket No. 45]; *In re Roman Catholic Church of the Archdiocese of Santa Fe*, Case No. 18-13027 (Bankr. D.N.M., Dec. 4, 2018) [Docket No. 31]; *In re The Diocese of New Ulm*, Case No. 17-30601 (Bankr. D. Minn. Mar. 7, 2017) [Docket No. 29]; *In re Diocese of Duluth*, Case No. 15-50792 (Bankr. D. Minn,

Dec. 17, 2015) [Docket No. 24]; *In re The Archdiocese of Saint Paul and Minneapolis*, Case No.
15-30125 (Bankr. D. Minn. Jan. 21, 2015) [Docket No. 53]; *In re Roman Catholic Church of the
Diocese of Gallup*, Case No. 13-13676 (Bankr. D.N.M. Nov. 25, 2013) [Docket No. 63]; *In re The
Catholic Bishop of Spokane*, Case No. 04-08822 (Bankr. E.D. Wash. Dec. 6, 2004) [Docket No.
18]; *In re the Roman Catholic Church of the Diocese of Tucson*, Case No. 04-04721 (Bankr. D.
Az. Sept. 27, 2004) [Docket No. 35].[3]

## II.    Notice of Commencement and Publication Notice

15.     Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person as directed by
the court) must give the debtor, the trustee, all creditors, and any indenture trustee at least twenty-
one (21) days' notice by mail of the meeting of creditors under section 341 of the
Bankruptcy Code.  Bankruptcy Rules 2002(m) and 9007 empower the Court with the general
authority to regulate the manner in which notices required under the Bankruptcy Rules are
provided.  Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time
enter orders designating the matters in respect to which, the entity to whom, and the form and
manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr.
P. 2002(m).  Furthermore, the Bankruptcy Court has authority under Bankruptcy Rule 2002(l) to
"order notice by publication if it finds that notice by mail is impracticable or that it is desirable to
supplement the notice." Fed. R. Bankr. P. 2002(l).

16.     Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules,
the court shall designate, if not otherwise specified herein, the time within which, the entities to
whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007.

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.
Copies of these orders are available upon request of the Debtor's proposed counsel.

Section 105(a) of the Bankruptcy Code adds that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

17.    The Debtor requests authority to have Epiq Corporate Restructuring, LLC, the Debtor's proposed claims and noticing agent (the "Claims and Noticing Agent"), send the Notice of Commencement to holders of Abuse Claims for whom the Debtor obtained sufficient contact information within the four (4) years immediately preceding the Petition Date and who have: (a) filed lawsuits against the Debtor on account of Abuse Claims; (b) entered into any settlement agreement with the Debtor relating to an Abuse Claim; or (c) received any payment from the Debtor or any of the Debtor's insurers relating to an Abuse Claim, including for treatment in connection with the Abuse Claim; provided that if the Abuse Claimant has known counsel, the Claims and Noticing Agent shall send the Notice of Commencement only to such counsel, which counsel shall immediately forward the Notice of Commencement to the Abuse Claimant.  In addition, the Debtor seeks authority to have the Claims and Noticing Agent mail the Notice of Commencement to the creditors identified on the Creditor Matrix.

18.    The Debtor also proposes to publish, as soon as practicable, the Notice of Commencement (i) in the *New York Post* and (ii) on the Case Website (as defined below). Publication of the Notice of Commencement as proposed above is the most practical method by which to notify unknown holders of Abuse Claims who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of this chapter 11 case. Notice by publication will also ensure an efficient use of limited estate resources.

19.    The Debtor believes that using the Claims and Noticing Agent to provide prompt notice to all applicable parties will maximize efficiency in administering this chapter 11 case and

will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, authorizing the Claims and Noticing Agent to mail the Notice of Commencement will create further efficiencies, as it will assist the Debtor in preparing a creditor list and mailing initial notices.

20.     Moreover, the Debtor, through the Claims and Noticing Agent, has established a dedicated case website https://dm.epiq11.com/madisonsquare (the "Case Website") and email in connection with this chapter 11 case.  The Case Website address and email will be prominently displayed in all printed notice documents, as well as other relevant information relating to this chapter 11 case.  The Case Website will inform creditors and parties in interest in plain English of important dates and deadlines, afford them the ability to view key documents in this chapter 11 case free of charge, and allow them to register their email addresses and consent to electronic notice for the duration of this case.  If elected, any further notices that are required to be sent to such parties would be sent by email during this chapter 11 case.

21.     The Debtor submits that the approval of the form and manner of the Notice of Commencement, as set forth above, is appropriate in this chapter 11 case and is well within the Court's equitable powers under section 105 of the Bankruptcy Code and Bankruptcy Rule 9007. The Debtor is confident that these publications are most likely to reach those creditors and parties in interest who may not have received notice by mail.  Accordingly, the Debtor respectfully requests that this Court approve the form and manner of service of the Notice of Commencement, including notice by publication, in the foregoing manner.

## Motion Practice

22.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1(a).

## Notice

23.    The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the twenty (20) largest unsecured claims against the Debtor; (c) counsel to the Ad Hoc Committee; (d) counsel to BGCA; (e) counsel to Rockefeller; (f) the Debtor's insurers that have accepted coverage related to the Abuse Claims; (g) the office of the Attorney General for the State of New York; (h) the United States Attorney's Office for the Southern District of New York; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as may be appropriate.

Dated:  June 29, 2022
New York, New York

Respectfully submitted,

*/s/ Alan W. Kornberg*
Alan W. Kornberg, Esq.
Andrew M. Parlen, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
akornberg@paulweiss.com
aparlen@paulweiss.com
wclareman@paulweiss.com
jweber@paulweiss.com


*Proposed Counsel to the Debtor and Debtor in
Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]

          Debtor.

Chapter 11

Case No. 22-10910 (___)

---

## ORDER (I) AUTHORIZING AND APPROVING
## SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES,
## (II) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING
## NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), (a) authorizing and approving the Confidentiality Procedures; (b) authorizing the Debtor to implement certain procedures for mailing the Notice of Commencement; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this

---

[1]    The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court having reviewed the Motion, and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      To protect the identities of holders of Abuse Claims, employees, and other applicable parties in interest, the following "Confidentiality Procedures" are hereby approved:

(a)      the Debtor shall file on the docket of this chapter 11 case a copy of the Creditor Matrix, and any amended Creditor Matrices:

(i)      listing the contact information for counsel of record, where known, for any Abuse Claimant and, to the extent such information is not otherwise in the public record or is subject to confidentiality obligations, redacting the identities and all other personal contact information of holders of Abuse Claims; and

(ii)      using the Debtor's address and other contact information in lieu of the personal contact information for any current or former employee of the Debtor.

(b)      the Debtor shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to: (i) the Court; (ii) the U.S. Trustee; (iii) each of the CVA Claimants' Counsel; (iv) Crowell & Moring LLP, counsel to Federal Insurance Company; and (v) any statutory creditors' committee(s) appointed in this chapter 11 case under section 1102 of the Bankruptcy Code (collectively, the "Distribution Parties");

(c)      all documents filed in this chapter 11 case or any related adversary proceedings, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) of this Order;

(d)      the Debtor shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of this chapter 11 case or any related

2

adversary proceedings that have been redacted in accordance with these
Confidentiality Procedures; and

(e)   the Distribution Parties shall keep strictly confidential all copies of
unredacted documents provided by the Debtor in accordance with
subparagraphs (b) or (d) of this Order.

3.     The Notice of Commencement, substantially in the form attached to this Order as

**Exhibit 1**, is hereby approved.

4.     Notwithstanding anything herein to the contrary, the Debtor shall, through the

Claims and Noticing Agent, serve the Notice of Commencement upon the parties listed on the

Creditor Matrix, including, without limitation: holders of Abuse Claims for whom the Debtor

obtained sufficient contact information within the four (4) years immediately preceding the

petition date and who have: (a) filed lawsuits against the Debtor on account of Abuse Claims;

(b) entered into any settlement agreement with the Debtor relating to an Abuse Claim; or

(c) received any payment from the Debtor or any of the Debtor's insurers relating to an Abuse

Claim, including for treatment in connection with the Abuse Claim; provided that if the Abuse

Claimant has known counsel, the Claims and Noticing Agent shall send the Notice of

Commencement only to such counsel, which counsel shall immediately forward the Notice of

Commencement to the Abuse Claimant.

5.     The Debtor, with the assistance of the Claims and Noticing Agent (upon the Court's

approval of the Debtor's retention of the Claims and Noticing Agent), is authorized, but not

directed, to undertake all mailings directed by the Court, the U.S. Trustee, or as required by the

Bankruptcy Code, including the Notice of Commencement.

6.     Pursuant to Bankruptcy Rule 2002(l), the Debtor, with the assistance of the Claims

and Noticing Agent, shall (a) cause the Notice of Commencement to be published in the *New York*

*Post*, and (b) post the Notice of Commencement on the Case Website: https://dm.epiq11.com/madisonsquare.

7.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

9.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022          _____
                                        UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Notice of Commencement**

| Information to identify the case: | | |
|---|---|---|
| Debtor    Madison Square Boys & Girls Club, Inc. <br> Name | EIN | 13 - 5 5 9 6 7 9 2 |
| United States Bankruptcy Court for the:   Southern    District of New York <br> (State) | Date case filed for chapter 11 | 06/29/2022 <br> MM / DD / YYYY  OR |
| Case number:    22-10910 | | |

## Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case

02/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| 1. | **Debtor's full name:** | **MADISON SQUARE BOYS & GIRLS CLUB, INC.** |
| 2. | **All other names used in the last 8 years:** | **NONE** |
| 3. | **Address** | **250 BRADHURST AVENUE, NEW YORK, NEW YORK 10039** |
| 4. | **Debtor's attorney** <br> Name and address | **Alan W. Kornberg, Esq.** <br> **Andrew M. Parlen, Esq.** <br> **William A. Clareman, Esq.** <br> **John T. Weber, Esq.** <br> **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** <br> **1285 Avenue of the Americas** <br> **New York, NY 10019** <br> **Telephone: (212) 373-3000** <br> **Facsimile: (212) 757-3990** |

**QUESTIONS REGARDING THIS NOTICE CAN BE DIRECTED TO:  (866) 977-1161 OR (503) 597-7709**

| | | | | |
|---|---|---|---|---|
| **5.** | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov.or free of charge on the website of the Debtor's noticing and claims agent at<br>https://dm.epiq11.com/madisonsquare | **US Bankruptcy Court**<br>**Southern District of New York**<br>**One Bowling Green**<br>**New York, New York**<br>**10004-1408** | Hours open<br><br>Contact phone | **Monday - Friday**<br>**8:30 AM - 5:00 PM**<br><br>**(212) 668-2870** |

| | | | |
|---|---|---|---|
| **6.** | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath.<br>Creditors may attend, but are not required to do so. | TBD_____ at    TBD_____<br>Date                      Time<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: **To Be Determined** |

| | | |
|---|---|---|
| **7.** | **Proof of claim deadline** | **Deadline for filing proof of claim:**    Not yet set. If a deadline is set, the court will send you another notice.<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br><br>☐ your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>☐ you file a proof of claim in a different amount; or<br>☐ you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |

| | | |
|---|---|---|
| **8.** | **Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:**        **To Be Determined** |

| | | |
|---|---|---|
| **9.** | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

| | | |
|---|---|---|
| **10.** | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |

| | | |
|---|---|---|
| **11.** | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |