Alan W. Kornberg, Esq.
Andrew M. Parlen, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (___) |

**DEBTOR'S MOTION FOR ENTRY**
**OF INTERIM AND FINAL ORDERS (I) AUTHORIZING**
**THE DEBTOR TO (A) CONTINUE INSURANCE COVERAGE**
**ENTERED INTO PREPETITION AND SATISFY PREPETITION**
**OBLIGATIONS RELATED THERETO, (B) RENEW, SUPPLEMENT,**
**MODIFY, OR PURCHASE INSURANCE COVERAGE, AND (C) CONTINUE**
**TO PAY BROKERAGE FEES, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") respectfully states as

follows in support of this motion (the "Motion"):

**Relief Requested[2]**

1.      By this Motion, the Debtor seeks entry of interim and final orders, substantially in

the forms attached as **Exhibit A** (the "Proposed Interim Order") and **Exhibit B** (the "Proposed

---

[1]    The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2]    A description of the Debtor's business, the reasons for commencing this chapter 11 case, the relief sought from the Court to allow for a smooth transition into chapter 11, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Jeffrey Dold (I) in Support of First Day Motions and (II) Pursuant to Local*

Final Order"), respectively: (a) authorizing the Debtor to (i) continue insurance coverage entered into prepetition and satisfy the accrued and unpaid prepetition obligations related thereto; (ii) renew, amend, supplement, extend, or purchase insurance coverage on a postpetition basis; and (iii) continue to pay Brokerage Fees (as defined below); and (b) granting related relief.  In addition, the Debtor requests that the Court (as defined below) schedule a final hearing within approximately twenty-one (21) days from the date hereof (the "Petition Date") to consider approval of this Motion on a final basis.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 6003 and 6004, and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

---

*Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the First Day Declaration.

### The Debtor's Insurance Program

5.      In the ordinary course of business, the Debtor maintains an insurance program consisting of approximately eleven (11) insurance policies (collectively, the "Insurance Policies") maintained and administered by multiple third-party insurance carriers (collectively, the "Insurance Carriers").  The Insurance Policies provide coverage for, among other things, the Debtor's directors' and officers' liability, employment practices liability, fiduciary liability, property liability, student accident liability, commercial automobile liability, and umbrella liability.  A schedule of the Insurance Policies is attached hereto as **Exhibit C**.[3]  In addition to the Insurance Policies, the Debtor maintains a workers' compensation policy that is described in **Exhibit C**, but for which relief is not sought in this Motion.[4]

### I.      Premiums

6.      The Insurance Policies are generally one year in length and renew at various times throughout the year.  The Debtor generally pays the applicable Insurance Carrier or the Broker (as defined below) directly for its allocable portion of the premiums for such Insurance Policies (such amounts, collectively with any applicable taxes, fees, and surcharges, the "Premiums"). Depending on the applicable Insurance Policy, the Debtor pays Premiums on an annual or monthly basis.  As of the Petition Date, the Debtor owes approximately $23,700.00 in prepetition accrued and unpaid Premiums.  The Debtor seeks the authority to honor any amounts owed on account of the Premiums and to continue honoring any amounts that become due and owing on account of its

---

[3]     Although **Exhibit C** is intended to be comprehensive, the Debtor may have inadvertently omitted one or more Insurance Policies.  By this Motion, the Debtor requests relief applicable to all Insurance Policies, regardless of whether such Insurance Policy is specifically identified on **Exhibit C**.

[4]     The Debtor's policies and other coverage with respect to, among other things, workers' compensation and employee health, dental, disability, and life insurance benefits, and the relief requested with respect to such policies, are described in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief,* filed contemporaneously herewith.

Insurance Policies, including the Premiums, on an uninterrupted basis to ensure continued coverage under the Insurance Policies.

**II.      Deductibles**

7.      Some of the Insurance Policies require the Debtor to pay a per incident deductible (each, a "Deductible").  The Debtor generally pays any Deductibles directly to the applicable Insurance Carrier or the Broker.  Depending on the type of claim and the applicable Insurance Policy, the Debtor must ultimately pay up to the applicable Deductible threshold for each successful or settled claim against these particular Insurance Policies.  Generally, any claim amounts due in excess of the Deductible threshold for any given claim are the Insurance Carrier's responsibility.

8.      As of the Petition Date, the Debtor believes that it does not owe any Deductibles on account of prepetition claims under the Insurance Policies that will become due and owing within twenty-one (21) days after the Petition Date.  Going forward, however, the Debtor may need to continue paying the Deductibles on an uninterrupted basis (should they arise) to preserve the coverage provided under certain Insurance Policies.  The Debtor's Insurance Policies for directors' and officers' liability and employment practices liability have retention amounts of $75,000.00 to $100,000.00.  With respect to the Debtor's other Insurance policies, the Debtor estimates that the potential Deductibles range from $1,000.00 to $5,000.00.  However, because the amount of Deductibles varies from month to month, the monthly (or aggregate) liability on account of Deductibles during the pendency of this chapter 11 case cannot be ascertained with any degree of certainty as of the Petition Date.  Accordingly, the Debtor seeks authority, but not direction, to honor any amounts owed on account of Deductibles and to continue paying any amounts that become due and owing on account of the Deductibles on an uninterrupted basis and in the exercise

of the Debtor's business judgment on a postpetition basis to ensure uninterrupted coverage under the Insurance Policies.

### III.    The Debtor's Broker and Associated Fees

9.    In connection with certain of the Insurance Policies, including for directors' and officers' liability, fiduciary liability, and student accident liability, the Debtor obtains insurance brokerage services from Lamb Financial Services (the "Broker").  The Debtor pays the Broker fees for brokerage services (the "Brokerage Fees") in the ordinary course of business.  The Debtor believes that continuation of the Broker's services is necessary to ensure the Debtor's ability to secure Insurance Policies on advantageous terms at competitive rates and facilitate the proper maintenance of the Debtor's Insurance Policies postpetition.

10.    The fees and commissions due to the Broker are included in the Premiums paid on account of the Insurance Policies, which the Debtor pays directly to the Broker.  As of the Petition Date, the Debtor does not anticipate remitting any Brokerage Fees separate from the Premium payments.  Out of an abundance of caution, however, the Debtor seeks authority to honor any accrued and unpaid prepetition Brokerage Fees that may arise to ensure uninterrupted coverage under the Insurance Policies and to continue to pay the Brokerage Fees on a postpetition basis.

### Basis for Relief

### I.    The Bankruptcy Code and U.S. Trustee Guidelines Require the Debtor to Maintain Insurance Coverage and Satisfy its Insurance Obligations

11.    As discussed above, the Insurance Policies provide a comprehensive range of protection for the Debtor's business, properties, and assets.  As such, it is essential that the Debtor's insurance coverage continue in full force and effect during the course of this chapter 11 case.  Under section 1112(b)(4)(C) of the Bankruptcy Code, "failure [of a debtor] to maintain appropriate insurance [where such failure] poses a risk to the estate or to the public" is "cause" for mandatory

conversion or dismissal of a chapter 11 case.  11 U.S.C. § 1112(b)(4)(C).  Similarly, certain of the

Insurance Policies are required by various state and federal regulations.  In addition, the *Operating

Guidelines and Reporting Requirements for Debtors in Possession and Trustees* (the "U.S. Trustee

Guidelines") require that a debtor "shall maintain" certain types of insurance coverage following

the Petition Date.  *See* U.S. Trustee Guidelines, § 5.  To ensure that the Debtor complies with

section 1112(b)(4)(C) of the Bankruptcy Code, applicable state and federal regulations, and the

U.S. Trustee Guidelines, the Debtor respectfully requests the authority to continue to honor

obligations arising under the Insurance Policies and, if necessary, to renew, supplement, or

purchase insurance coverage postpetition on an uninterrupted basis.

## II.   Maintenance of Insurance Coverage and Satisfaction of Insurance Obligations is Appropriate under the Bankruptcy Code

12.    As set forth herein, in authorizing payments of certain insurance obligations, courts

have relied on several legal theories, rooted in sections 105(a), 363(b), 503, 1107(a), and 1108 of

the Bankruptcy Code.  The Court may authorize the Debtor to maintain the Insurance Policies

pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code because the relief requested is

consistent with the value preservation policy of chapter 11.

13.    Courts have authorized payment of prepetition obligations under section 363(b) of

the Bankruptcy Code where a sound business purpose exists for doing so.  *See In re Ionosphere

Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (granting authority to pay prepetition

wages); *Armstrong World Indus., Inc.* v. *James A. Phillips, Inc. (In re James A. Phillips, Inc.)*,

29 B.R. 391, 398 (S.D.N.Y. 1983) (granting authority to pay prepetition claims of suppliers); *see

also In re CoServ, L.L.C.*, 273 B.R. 487, 496–501 (Bankr. N.D. Tex. 2002) (granting authority to

pay prepetition claims to certain vendors).

14.     Section 503(b)(l)(A) of the Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed, administrative expenses[,] including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). The Court, therefore, can authorize the Debtor to use estate funds to pay any obligations under the Insurance Policies arising during or relating to the period after the Petition Date.

15.     In addition, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, debtors in possession are fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. at 497. Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going-concern value." *Id.*

16.     Further, the Court may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, courts may permit preplan payments of prepetition obligations when essential to the continued operation of a debtor's business. Specifically, the Court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity").

17.     The "doctrine of necessity" or the "necessity of payment" rule has long been recognized by bankruptcy courts. *See Ionosphere*, 98 B.R. at 176. Today, the rationale for the necessity of payment rule—the rehabilitation of a debtor in reorganization cases—is "the paramount policy and goal of Chapter 11." *Id.*; *see also In re Just For Feet*, 242 B.R. 821, 824–

26 (Bankr. D. Del. 1999) (finding that payment of prepetition claims to certain trade vendors was

"essential to the survival of the debtor during the chapter 11 reorganization"); *In re Quality*

*Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession

of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the

Bankruptcy Code," but "[a] general practice has developed . . . where bankruptcy courts permit

the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be

unable to reorganize without such payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021,

1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of tool makers

as "necessary to avert a serious threat to the Chapter 11 process"); *Burchinal* v. *Cent. Wash. Bank*

*(In re Adams Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987) (recognizing that allowance of

"unequal treatment of pre-petition debts when necessary for rehabilitation" is appropriate); *Mich.*

*Bureau of Workers' Disability Comp.* v. *Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R.

279, 287 (S.D.N.Y. 1987) (authorizing payment of prepetition workers' compensation claims on

grounds that the fundamental purpose of reorganization and equity powers of bankruptcy courts

"is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor

and payment of creditors in full or at least proportionately"); 2 COLLIER ON BANKRUPTCY,

105.02[4][a] (16th ed. rev. 2015) (discussing cases in which courts have relied on the "doctrine of

necessity" or the "necessity of payment" rule to pay prepetition claims immediately).

18.    The Debtor submits that there is sufficient business justification to grant the relief

requested herein because failure to pay Premiums and related insurance expenses when due may

harm the Debtor's estate in several ways.  The Insurance Carriers may refuse to renew the

Insurance Policies absent the Debtor's ongoing satisfaction of the Insurance Obligations as and

when they become due, which will require the Debtor to obtain replacement policies and possibly

to reconfigure its risk management program.  This, in turn, would require the commitment of significant resources and could result in less favorable coverage or terms from the Debtor's insurers.  Additionally, the Insurance Carriers could attempt to terminate the Debtor's existing policies, which could threaten the Debtor's ability to continue operating.

19.    The Debtor submits that it is also in the best interests of its estate to have the ability to revise, extend, supplement, or change insurance coverage, as necessary, on a postpetition basis pursuant to sections 105(a), 363(b)(1), 503, 1107, and 1108 of the Bankruptcy Code.  Indeed, the Insurance Policies are essential to the preservation of the Debtor's business, properties, and assets and its ability to successfully prosecute this chapter 11 case.  Accordingly, in the event any of the Insurance Policies lapse or new coverage is required or necessary, it is imperative that the Debtor be able to renew, supplement, or purchase insurance coverage postpetition on an uninterrupted basis.  The Insurance Policies protect the Debtor and other parties in interest from losses caused by casualty, natural disaster, fraud, or other unforeseen events.

20.    Indeed, courts in this district have routinely granted relief similar to that requested herein.  *See, e.g.*, *In re Revlon, Inc.*, Case No. 22-10760 (Bankr. S.D.N.Y. June 17, 2022 [Docket No. 78]; *In re GTT Comms.*, Case No. 21-11880 (Bankr S.D.N.Y. Nov. 30, 2021) [Docket No. 143]; *In re Century 21*, Case No. 20-12097 (Bankr. S.D.N.Y. Sept. 14, 2020) [Docket No. 47]; *In re Garrett Motion*, Case No. 20-12212 (Bankr. S.D.N.Y. Sept. 24, 2020) [Docket No. 78]; *In re Automotores Gildemeister SPA*, Case No. 21-10685 (Bankr. S.D.N.Y. Apr. 16, 2021) [Docket No. 46]; *In re Roman Catholic Diocese of Rockville Centre*, Case No. 20-12345 (Bankr. S.D.N.Y. Oct. 2, 2020) [Docket No. 29].[5]

---

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtor's proposed counsel.

## Processing of Checks and Electronic Fund Transfers Should Be Authorized

21.     The Debtor has sufficient funds to pay any amounts described in this Motion in the ordinary course of business by virtue of expected cash flows.  In addition, under the Debtor's existing cash management system, the Debtor can readily identify checks or wire transfer requests as relating to any authorized payment in respect of the relief requested herein.  Accordingly, the Debtor believes there is minimal risk that checks or wire transfer requests that the Court has not authorized will be inadvertently made.  Therefore, the Debtor respectfully requests that the Court authorize all applicable financial institutions, when requested by the Debtor, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion; provided that sufficient funds are on deposit and standing in the Debtor's credit in the applicable bank accounts to cover such payments.

## The Requirements of Bankruptcy Rule 6003 are Satisfied

22.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one (21) days after the petition date "to the extent that relief is necessary to avoid immediate and irreparable harm."  For the reasons discussed above, the Debtor believes an immediate and orderly transition into chapter 11 is critical to the viability of the Debtor's estate and its ability to continue its charitable mission.  As described above, the failure to receive the requested relief during the first twenty-one (21) days of this chapter 11 case could subject the Debtor to significant disruption in, or a potential cessation of, its clubhouse operations and imperil the Debtor's restructuring efforts, thereby causing immediate and irreparable harm to the Debtor's estate and parties in interest.  Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

23.     To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the fourteen (14) day stay period under Bankruptcy Rule 6004(h).

## Reservation of Rights

24.     Nothing contained herein or any actions taken pursuant to such relief requested is intended to or should be construed as (a) an admission as to the validity of any prepetition claim against the Debtor, (b) a waiver of the Debtor's or any other party in interest's right to dispute any prepetition claim on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

## Motion Practice

25.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1(a).

## Notice

26.     The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the twenty (20) largest unsecured claims against the Debtor; (c) counsel to the Ad Hoc Committee; (d) counsel to BGCA; (e) counsel to Rockefeller; (f) the office of the attorney general for the State of New York; (g) the United States Attorney's Office for the Southern District of New York; (h) the Insurance Carriers; (i) the Broker; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

27.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Interim

Order and the Proposed Final Order, substantially in the forms attached hereto as **Exhibit A** and

**Exhibit B**, respectively, and grant such other and further relief as may be appropriate.

Dated:  June 29, 2022
       New York, New York

                                      Respectfully submitted,

                                      */s/ Alan W. Kornberg*
                                      Alan W. Kornberg, Esq.
                                      Andrew M. Parlen, Esq.
                                      William A. Clareman, Esq.
                                      John T. Weber, Esq.
                                      **PAUL, WEISS, RIFKIND, WHARTON &**
                                      **GARRISON LLP**
                                      1285 Avenue of the Americas
                                      New York, NY 10019
                                      Telephone: (212) 373-3000
                                      Facsimile: (212) 757-3990
                                      akornberg@paulweiss.com
                                      aparlen@paulweiss.com
                                      wclareman@paulweiss.com
                                      jweber@paulweiss.com

                                      *Proposed Counsel to the Debtor and Debtor in
Possession*

**Exhibit A**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]

Debtor.

Chapter 11

Case No. 22-10910 (___)

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE
INSURANCE COVERAGE ENTERED INTO PREPETITION AND SATISFY
PREPETITION OBLIGATIONS RELATED THERETO, (B) RENEW, SUPPLEMENT,
MODIFY, OR PURCHASE INSURANCE COVERAGE, AND (C) CONTINUE TO PAY
BROKERAGE FEES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession
(the "Debtor") for entry of an interim order (this "Interim Order"),  (a) authorizing the Debtor to
(i) continue insurance coverage entered into prepetition and satisfy the accrued and unpaid
prepetition obligations related thereto; (ii) renew, amend, supplement, extend, or purchase
insurance coverage on a postpetition basis; and (iii) continue to pay Brokerage Fees; and
(b) granting related relief, all as more fully set forth in the Motion; and upon the First Day
Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and
1334 and the *Amended Standing Order of Reference from the United States District Court for the
Southern District of New York*, dated January 31, 2012; and this Court having found that venue of
this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;
and this Court having found that the relief requested in the Motion is in the best interests of the
Debtor's estate, its creditors, and other parties in interest; and this Court having found that the
Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under

---

[1]   The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is
250 Bradhurst Avenue, New York, New York 10039.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the circumstances and no other notice need be provided; and this Court having reviewed the

Motion and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Hearing"); and this Court having determined that the legal and factual bases

set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and

upon all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein on an interim basis.

2.    The final hearing on the Motion shall be held on _____, 2022, at__:__ _.m.,

prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion must

be filed with the Court on or before _____p.m., prevailing Eastern Time, on _____, 2022.

3.    The Debtor is authorized, but not directed, in its sole discretion, to (a) continue

insurance coverage entered into prepetition and satisfy the accrued and unpaid prepetition

obligations related thereto on an uninterrupted basis; (b) renew, amend, supplement, extend, or

purchase insurance coverage on a postpetition basis; and (c) continue to pay Brokerage Fees.

4.    Notwithstanding the relief granted in this Interim Order and any actions taken

pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the

validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's or any other party

in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to

pay any prepetition claim; (d) an implication or admission that any particular claim is of a type

specified or defined in this Interim Order or the Motion or a finding that any particular claim is an

administrative expense or other priority claim; (e) a request or authorization to assume any

prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a

waiver or limitation of the rights of any party in interest under the Bankruptcy Code or any other

applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, whether such checks or other requests were submitted prior to, or after, the Petition Date, _provided_ that sufficient funds are on deposit and standing in the Debtor's credit in the applicable bank accounts to cover such payments, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtor's instructions.

6.      The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with the relief granted herein.

7.      Nothing in the Motion or this Interim Order shall be construed as prejudicing the rights of the Debtor to dispute or contest the amount of, or basis for, any claims against the Debtor in connection with or relating to the Debtor's Insurance Policies.

8.      Nothing in this Interim Order alters or amends the terms and conditions of any of the Debtor's Insurance Policies or any related agreements (whether such policies or agreements

are current or expired), or relieves the Debtor or its insurers of any of their respective obligations under the Insurance Policies and/or related agreements.

9.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

12.     The requirements set forth in Local Rule 9013-1(a) are satisfied.

13.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.


Dated: _____      _____
      New York, New York          UNITED STATES BANKRUPTCY JUDGE

4

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]

Debtor.

Chapter 11

Case No. 22-10910 (___)

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE INSURANCE
COVERAGE ENTERED INTO PREPETITION AND SATISFY PREPETITION
OBLIGATIONS RELATED THERETO, (B) RENEW, SUPPLEMENT, MODIFY, OR
PURCHASE INSURANCE COVERAGE, AND (C) CONTINUE TO PAY BROKERAGE
FEES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession
(the "Debtor") for entry of a final order (this "Final Order"), (a) authorizing the Debtor to
(i) continue insurance coverage entered into prepetition and satisfy the accrued and unpaid
prepetition obligations related thereto; (ii) renew, amend, supplement, extend, or purchase
insurance coverage on a postpetition basis; and (iii) continue to pay Brokerage Fees; and
(b) granting related relief, all as more fully set forth in the Motion; and upon the First Day
Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and
1334 and the *Amended Standing Order of Reference from the United States District Court for the
Southern District of New York*, dated January 31, 2012; and this Court having the power to enter
a final order consistent with Article III of the United States Constitution; and this Court having
found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.
§§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best
interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having

---

[1]    The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is
250 Bradhurst Avenue, New York, New York 10039.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein on a final basis.

2.      The Debtor is authorized, but not directed, in its sole discretion, to (a) continue insurance coverage entered into prepetition and satisfy the accrued and unpaid prepetition obligations related thereto on an uninterrupted basis; (b) renew, amend, supplement, extend, or purchase insurance coverage on a postpetition basis; and (c) continue to pay Brokerage Fees.

3.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion or a finding that any particular claim is an administrative expense or other priority claim; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the rights of any party in interest under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in

interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all

such liens.

4.      The banks and financial institutions on which checks were drawn or electronic

payment requests made in payment of the prepetition obligations approved herein are authorized

and directed to receive, process, honor, and pay all such checks and electronic payment requests

when presented for payment, whether such checks or other requests were submitted prior to, or

after, the Petition Date, <u>provided</u> that sufficient funds are on deposit and standing in the Debtor's

credit in the applicable bank accounts to cover such payments, and all such banks and financial

institutions are authorized to rely on the Debtor's designation of any particular check or electronic

payment request as approved by this Final Order without any duty of further inquiry and without

liability for following the Debtor's instructions.

5.      The Debtor is authorized to issue postpetition checks, or to effect postpetition fund

transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a

consequence of this chapter 11 case with respect to prepetition amounts owed in connection with

the relief granted herein.

6.      Nothing in the Motion or this Final Order shall be construed as prejudicing the

rights of the Debtor to dispute or contest the amount of, or basis for, any claims against the Debtor

in connection with or relating to the Debtor's Insurance Policies.

7.      Nothing in this Final Order alters or amends the terms and conditions of any of the

Debtor's Insurance Policies or any related agreements (whether such policies or agreements are

current or expired), or relieves the Debtor or its insurers of any of their respective obligations under

the Insurance Policies and/or related agreements.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

10.     The requirements set forth in Local Rule 9013-1(a) are satisfied.

11.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____          _____
       New York, New York              UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

**Insurance Policies**

| No. | Carrier | Coverage Type | Policy # | Expiration | Annual Premium |
|---|---|---|---|---|---|
| 1. | Church Mutual Insurance Company | Commercial Multi-Peril | 02-287870 | 9/30/2022 | $186,095.00 |
| 2. | Church Mutual Insurance Company | Umbrella | 09-287871 | 9/30/2022 | $29,298.00 |
| 3. | Church Mutual Insurance Company | Business Automobile | 09-290207 | 9/30/2022 | $3,660.00 |
| 4. | Church Mutual Insurance Company | Workers' Compensation | 07-302267 | 11/1/2022 | $78,287.00 |
| 5. | Chubb Group | Fiduciary Liability | 8221-5985 | 10/1/2022 | $2,279.00 |
| 6. | Chubb Group | Student Accident | 99066416 | 9/30/2022 | $3,819.00 |
| 7. | Argonaut Insurance Co. | D&O/EPLI | ML4244429-2 | 1/17/2023 | $45,600.00 |
| 8. | Starstone National Insurance Co. | D&O/EPLI | B85841211ASP | 1/17/2023 | $43,583.40 |
| 9. | RSUI Landmark American Insurance Co. | D&O/EPLI | LHS698030 | 1/17/2023 | $44,777.80 |
| 10. | Philadelphia Insurance Company | D&O/EPLI | PHSD1687933 | 1/17/2023 | $53,000.00 |
| 11. | Hallmark Specialty Insurance Co. | D&O/EPLI | 74NP000743-2 | 1/17/2023 | $31,157.98 |