Alan W. Kornberg, Esq.
Andrew Parlen, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | |
| MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1] | Chapter 11 |
| Debtor. | Case No. 22-10910 |

**DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP AS ATTORNEYS FOR THE DEBTOR**
**AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtor and debtor in possession (the "Debtor") submits this

application (the "Retention Application") for entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(a) and 330 of title 11 of the

United States Code (the "Bankruptcy Code"), rule 2014 and rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 and rule 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the

retention and employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss" or

the "Firm") as the Debtor's attorneys *nunc pro tunc* to the Petition Date.  In support of this

---

[1] The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

Retention Application, the Debtor relies upon the declaration of Alan W. Kornberg (the "Kornberg Declaration") attached hereto as **Exhibit B** and (b) the declaration of Jeffrey Dold (the "Dold Declaration"), attached hereto as **Exhibit C**, and respectfully states as follows:

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtor confirms its consent pursuant to rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court in connection with this Retention Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      The bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

### Relief Requested[2]

4.      By this Retention Application, the Debtor seeks authority to retain and employ Paul, Weiss as its attorneys in connection with the prosecution of this chapter 11 case in accordance

---

[2] A description of the Debtor's business, the reasons for commencing this chapter 11 case, the relief sought from the Court to allow for a smooth transition into chapter 11, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Jeffrey Dold (I) in Support of First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the First Day Declaration.

with the terms and conditions set forth in the engagement agreement effective as of October 2, 2020, as amended on July 1, 2021 (the "Engagement Letter"), attached as **Exhibit 1** to the Proposed Order.  Paul, Weiss has also agreed to reduce its standard hourly rates reflected in the Engagement Letter by 7.5% for all postpetition services.  The Debtor requests that the Court approve the retention of Paul, Weiss as attorneys to perform the extensive legal services that will be required during this chapter 11 case.

### Paul, Weiss's Qualifications

5.      The Debtor seeks to retain Paul, Weiss because of Paul, Weiss's recognized expertise and extensive experience and knowledge in the field of debtor's protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.  Paul, Weiss is a full-service law firm with a national and international presence and has experience and expertise in every major substantive area of legal practice.  Paul, Weiss has been extensively involved in major chapter 11 cases and has represented debtors in many such cases, including, among others: *In re Salem Harbor Power Development LP*, No. 22-10239 (MFW) (Bankr. D. Del. Mar. 23, 2022); *In re The Collected Group, LLC*, No. 21-10663 (LSS) (Bankr. D. Del. Apr. 5, 2021); *In re Templar Energy LLC*, No. 20-11441 (BLS) (Bankr. D. Del. June 1, 2020); *In re Diamond Offshore Drilling, Inc.,* No. 20-32307 (DRJ) (Bankr. S.D. Tex. Apr. 26, 2020); *In re Foresight Energy LP*, No. 20-41308 (Bankr. E.D. Mo. Mar. 10, 2020); *In re Pioneer Energy Services Corp.*, No. 20-31425 (DRJ) (Bankr. S.D. Tex. Mar. 1, 2020); *In re Bumble Bee Parent, Inc.*, No. 19-12502 (LSS) (Bankr. D. Del. Dec. 18, 2019); *In re Jack Cooper Ventures, Inc.*, No. 19-62393 (PWB) (Bankr. N.D. Ga. Aug. 6, 2019); *In re The Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del. Feb. 4, 2018); *In re Expro Holdings US Inc.*, No. 17-60179 (DRJ) (Bankr. S.D. Tex. Jan. 19, 2018); *In re Cumulus Media Inc.*, No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017); *In re CGG Holding (U.S.) Inc.*, No. 17-11637 (MG) (Bankr. S.D.N.Y. Jul. 14, 2017); *In re Verso Corporation*,

No. 16-10163 (KG) (Bankr. D. Del. Feb. 23, 2016); and *In re BPS US Holdings, Inc.*, No. 16-12373 (KJC) (Bankr. D. Del. Dec. 13, 2016).

6.      Paul, Weiss was retained by the Debtor in October 2020 to assist with the exploration of strategic alternatives, including the preparation and prosecution of this chapter 11 case.  In this role, Paul, Weiss has gained significant institutional knowledge of the Debtor's not-for-profit organization and affairs and with many of the legal issues that may arise during this chapter 11 case.

7.      For the foregoing reasons, the Debtor believes that Paul, Weiss is uniquely situated and well-qualified to represent it in this chapter 11 case in an efficient and effective manner. Accordingly, the Debtor believes that the retention of Paul, Weiss is necessary and in the best interests of the Debtor, its estate, and creditors.

## Services to Be Provided

8.      The Debtor has requested that Paul, Weiss render the following services:

(a)      providing legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of its not-for-profit organization and management of its properties;

(b)      attending meetings, mediation sessions, and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of this chapter 11 case, including the legal and administrative requirements of operating in chapter 11;

(c)      taking action necessary to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, defending any actions commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

(d)      preparing and prosecuting on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

(e)      advising and assisting the Debtor with financing and transactional matters as they may arise during the chapter 11 case;

(f)     representing the Debtor in connection with obtaining authority to use cash collateral and postpetition financing, if applicable;

(g)     taking any necessary action on behalf of the Debtor to negotiate, prepare and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documentation related thereto;

(h)     appearing in Court and protecting the interests of the Debtor before the Court; and

(i)     performing all other legal services for the Debtor that may be necessary and proper in this chapter 11 case.

Paul, Weiss has stated its desire and willingness to act in this chapter 11 case and render the necessary professional services as attorneys for the Debtor.

**Professional Compensation**

9.     The professional services of Paul, Weiss are necessary to ensure that all matters related to the Debtor's chapter 11 case are handled in a diligent and expeditious manner. Paul, Weiss has advised the Debtor that, subject to this Court's allowance of compensation and reimbursement of expenses in accordance with applicable general orders and fee guidelines of this Court, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other further orders of the Court, it will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, subject to a discount of 7.5% on all fees offered by Paul, Weiss due to the Debtor's status as a not-for-profit and charitable organization, and for reimbursement of all costs and expenses incurred in connection with this chapter 11 case, as set forth in the Kornberg Declaration filed concurrently herewith.

10.     The hourly rates set forth in the Kornberg Declaration are the Firm's standard hourly rates and are in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, subject to the aforementioned discount of 7.5%.

These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses, and are revised on an annual basis.  The current standard hourly rates for Paul, Weiss's attorneys and paralegals range from $1,530.00 to $2,025.00 for partners, $1,525.00 for counsel, $735.00 to $1,280.00 for associates, and $135.00 to $435.00 for paraprofessionals.  These rates are subject to periodic adjustment to reflect economic and other conditions.[3]  Except as otherwise set forth herein, the Firm has not agreed to any variations from, or alternatives to, its standard billing arrangements for this engagement.

11.     The following attorneys will have primary responsibility for representing the Debtor in this chapter 11 case.

| Name | Title | Year Admitted to the Bar | Standard Hourly Rate | 7.5% Discounted Hourly Rate |
|---|---|---|---|---|
| Alan W. Kornberg | Partner | 1978 | $2,025 | $1,873 |
| Andrew M. Parlen | Partner | 2004 | $1,935 | $1,789 |
| William A. Clareman | Partner | 2007 | $1,745 | $1,614 |
| John T. Weber | Partner | 2013 | $1,560 | $1,443 |
| Diane Meyers | Counsel | 1992 | $1,525 | $1,410 |
| Miriam Levi | Associate | 2018 | $1,175 | $1,086 |
| Shafaq Hasan | Associate | 2020 | $1,040 | $962 |
| John Hammel Strauss | Associate | 2020 | $1,040 | $962 |

---

[3]  Paul, Weiss, like other law firms, typically increases the hourly billing rate of attorneys and paraprofessionals once a year, which increase includes (a) ordinary step increases related to the advancing seniority or promotion of an attorney or paraprofessional (a "Step Increase") and (b)  periodic rate increases with respect to each level of seniority.  The Step Increases do not constitute "rate increases" (as the term is used in the Fee Guidelines).

Other Paul, Weiss lawyers will be consulted and may appear on behalf of the Debtor in this chapter 11 case, as necessary.

12.     In addition, Paul, Weiss customarily charges its clients for all costs and expenses incurred, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime.  The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

**<u>Compensation Received by Paul, Weiss</u>**

13.     Under the terms of the Engagement Letter, the Debtor paid $100,000.00 to Paul, Weiss as an initial advance payment retainer on October 6, 2020.  Subsequently, the Debtor paid to Paul, Weiss additional advance payment retainers totaling $6,102,502.96 in the aggregate, inclusive of the initial advance payment retainer.  A chart listing the statements describing the professional services provided by Paul, Weiss to the Debtor and the expenses incurred by Paul, Weiss in connection therewith, as well as the advance payment retainers made by the Debtor to Paul, Weiss, prior to the Petition Date is set forth below.

14.     During the 90-day period before the Petition Date, the Debtor paid advance payment retainers in the following amounts to Paul, Weiss:

| Date of Payment | Amount of Advance Payment Retainer Received | Amount Invoiced and Paid Against Retainer | Resulting Advance Payment Retainer Following Payment |
|---|---|---|---|
| 03/28/2022 | $200,000.00 | | $400,000.00 |
| 03/31/2022 | | $375,000.00 | $25,000.00 |
| 05/05/2022 | $200,000.00 | | $225,000.00 |

| Date of Payment | Amount of Advance Payment Retainer Received | Amount Invoiced and Paid Against Retainer | Resulting Advance Payment Retainer Following Payment |
|---|---|---|---|
| 05/13/2022 | $225,000.00 | | $450,000.00 |
| 05/27/2022 | $200,000.00 | | $650,000.00 |
| 06/07/2022 | | $425,536.76 | $224,463.24 |
| 06/16/2022 | $200,000.00 | | $424,463.24 |
| 06/21/2022 | | $297,891.23 | $126,572.01 |
| 06/21/2022 | $250,000.00 | | $376,572.01 |
| 06/23/2022 | | $358,883.97 | $17,688.04 |
| 06/28/2022 | $500,000.00 | | $517,688.04 |
| 06/29/2022 | | $500,000.00 | $17,688.04 |

15.     Paul, Weiss did not receive any other payments from the Debtor in connection with this matter during the ninety (90) days immediately preceding the Petition Date.  As of the Petition Date, the Debtor did not owe Paul, Weiss any amounts for legal services rendered prior to the commencement of these proceedings.

16.     Pursuant to Bankruptcy Rule 2016(b), Paul, Weiss has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates, and contract attorneys associated with Paul, Weiss or (b) any compensation another person or party has received.

### Efforts to Avoid Duplication of Services

17.     By separate applications, the Debtor has asked or will ask the Court to approve the retention of (a) Teneo Capital LLC, as financial advisor; (b) Friedman Kaplan Seiler & Adelman LLP, as special litigation counsel; (c) Pillsbury Winthrop Shaw Pittman LLP, as special insurance counsel; and (d) Epiq Corporate Restructuring, LLC, as claims, noticing, and solicitation agent (collectively, the "Chapter 11 Professionals").

18.     The Debtor may also file applications to employ additional professionals. Paul, Weiss will work closely with the Chapter 11 Professionals retained by the Debtor to delineate their respective duties to prevent duplication of services to the furthest extent possible.  It is anticipated that the coordination of efforts of these professionals will greatly aid in the efficient and effective administration of this chapter 11 case.

### Paul, Weiss's Disinterestedness

19.     To the best of the Debtor's knowledge, as set forth in the Kornberg Declaration, (a) Paul, Weiss is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and (b) neither Paul, Weiss nor any of the partners, counsel, associates, or paralegals of Paul, Weiss have any connection with or hold or represent an interest adverse to any of the Debtor, its affiliates, or its estate, except as may be disclosed in the Kornberg Declaration.  If any new relevant facts or relationships are discovered, Paul, Weiss will use reasonable efforts to identify such developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### Basis for Relief

20.     The Debtor seeks retention of Paul, Weiss as its attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

21.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors,

any other party in interest, their respective attorneys and accountants, the United
States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

22.     The Debtor submits that for all the reasons stated above and in the Kornberg

Declaration and the Dold Declaration, the retention and employment of Paul, Weiss as counsel to

the Debtor is necessary and in the best interests of the Debtor and its estate and complies with the

requirements of section 327(a) of the Bankruptcy Code.   Further, as stated in the Kornberg

Declaration, Paul, Weiss is a "disinterested person" within the meaning of section 101(14) of the

Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or

represent an interest adverse to the Debtor's estate and has no connection to the Debtor, its

creditors, or other parties in interest, except as specifically disclosed in the Kornberg Declaration.

### Notice

23.     Notice of this Retention Application has been provided to:  (a) the Office of the

United States Trustee for the Southern District of New York; (b) the holders of the twenty (20)

largest unsecured claims against the Debtor; (c) counsel to the Ad Hoc Committee; (d) counsel to

BGCA; (e) counsel to Rockefeller; (f) the Debtor's insurers that have accepted coverage related to

the CVA Claims; (g) the office of the Attorney General for the State of New York; (h) the United

States Attorney's Office for the Southern District of New York; and (i) any party that has requested

notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the

relief requested, no other or further notice need be given.

## No Prior Request

24.    No previous request for the relief sought herein has been made by the Debtor to this or any other court.

*[Remainder of page intentionally left blank.]*

### Conclusion

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order granting the

relief requested herein and such other and further relief as is just and proper.


Dated: June 29, 2022
          New York, New York

                          MADISON SQUARE BOYS AND GIRLS
                          CLUB, INC.


                          */s/ Jeffrey Dold*
                          Jeffrey Dold
                          Chief Financial Officer

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (___) |

## ORDER AUTHORIZING THE RETENTION
## AND EMPLOYMENT OF PAUL, WEISS, RIFKIND,
## WHARTON & GARRISON LLP AS ATTORNEYS FOR THE DEBTOR
## AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Retention Application[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the retention and employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss" or the "Firm") as attorneys for the Debtor, effective *nunc pro tunc* to the Petition Date, all as more fully described in the Retention Application; and the Court having reviewed the Retention Application, the declaration of Alan W. Kornberg, a partner of Paul, Weiss (the "Kornberg Declaration"), and the declaration of Jeffrey Dold, the Chief Financial Officer of the Debtor (the "Dold Declaration"); and this Court being satisfied, based on the representations made in the Retention Application and the Kornberg Declaration, that Paul, Weiss is "disinterested" as

---

[1]  The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application.

such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Paul, Weiss represents no interest adverse to the Debtor's estate with respect to the matters upon which it is to be engaged; and it appearing that this Court has jurisdiction to consider the Retention Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the chapter 11 case and the Retention Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Retention Application has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Retention Application; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Retention Application is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and that the legal and factual bases set forth in the Retention Application having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Retention Application is granted as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Paul, Weiss as its counsel in this chapter 11 case *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the engagement agreement effective as of October 2, 2020, as amended on July 1, 2021 (the Engagement Letter"), attached hereto as **Exhibit 1**.

3.      Paul, Weiss is authorized to render professional services to the Debtor as described in the Retention Application and the Engagement Letter.  Specifically, but without limitation, Paul, Weiss will render the following services, among others:

(a) providing legal advice with respect to the debtor's powers and duties as debtor in possession in the continued operation of its not-for-profit organization and management of its properties;

(b) attending meetings, mediation sessions, and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of this chapter 11 case, including the legal and administrative requirements of operating in chapter 11;

(c) taking action necessary to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, defending any actions commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

(d) preparing and prosecuting on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

(e) advising and assisting the Debtor with financing and transactional matters as such may arise during the chapter 11 case;

(f) representing the Debtor in connection with obtaining authority to use cash collateral and postpetition financing, if applicable;

(g) taking any necessary action on behalf of the Debtor to negotiate, prepare and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documentation related thereto;

(h) appearing in Court and protecting the interests of the Debtor before the Court; and

(i) performing all other legal services for the Debtor that may be necessary and proper in this chapter 11 case.

4.      Paul, Weiss shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

5.     Paul, Weiss shall apply any remaining amounts of its prepetition retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Paul, Weiss.  Paul, Weiss is authorized without further order of the Court, to reserve and apply amounts from the prepetition retainers that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Paul, Weiss for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

6.     Paul, Weiss shall apply any retainer remaining at the time of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly pay to the Debtor's estate any retainer remaining after such application.

7.     Paul, Weiss shall reduce Paul, Weiss's then-applicable standard hourly rates by 7.5% for all postpetition services due to the Debtor's status as a not-for-profit and charitable organization.

8.     Paul, Weiss shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other Chapter 11 Professionals in this chapter 11 case.

9.     Paul, Weiss shall file a supplemental declaration with this Court and give not less than ten (10) business days' notice to the Debtor, the U.S. Trustee, and any official committee appointed in this chapter 11 case prior to any increases in the rates set forth in the Kornberg Declaration.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether any committee has consented to the rate increase.

10.     To the extent the Retention Application is inconsistent with this Order, the terms of this Order shall govern.

11.     The Debtor and Paul, Weiss are authorized to take all action necessary to carry out this Order.

12.     Notice of the Retention Application as provided therein shall be deemed good and sufficient notice of the Retention Application, and the Local Rules are satisfied by the contents of the Retention Application.

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: June 29, 2022
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

**Engagement Letter**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(212) 373-3209

WRITER'S DIRECT FACSIMILE

(212) 492-0209

WRITER'S DIRECT E-MAIL ADDRESS

akornberg@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MARK S. BERGMAN
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT A. BRITTON
DAVID W. BROWN
WALTER BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
JOSHUA HILL
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG

ALAN W. KORNBERG
DANIEL J. KRAMER
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. McCOLM
JEAN M. McLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
AUSTIN POLLET**
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE B. RHEE*
WALTER G. RICCIARDI
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES P. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
**ADMITTED ONLY TO THE CALIFORNIA BAR

As of July 1, 2021

Tim McChristian, Executive Director
Madison Square Boys & Girls Club
250 Bradhurst Avenue
New York, NY 10039

Engagement as Counsel

Dear Tim:

We are pleased and grateful that the Madison Square Boys & Girls Club (the "Club") has retained this firm as its counsel in connection with (i) the development and assessment of the Club's strategic alternatives and (ii) the implementation of such strategic alternatives. We are very excited at the opportunity to continue to work with you and your colleagues on this important matter.

This engagement agreement shall amend and supersede in all respects that certain engagement agreement by and among Paul, Weiss, Rifkind, Wharton & Garrison LLP and the Club, dated as of October 2, 2020 (the "Original Letter"). In particular, we have agreed to waive any entitlement to fees that were the subject of holdback or contingency arrangements under the Original Letter.

This will confirm our continued acceptance of your engagement of us as counsel pursuant to the terms hereof and to provide you with certain information concerning our practices and policies on fees, billing, collection, conflicts, and other

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Tim McChristian
Madison Square Boys & Girls Club                                             2

material terms of our engagement.  The rules governing our professional obligations
require that we establish at the outset a common understanding about the terms and
conditions of our employment.  The terms of this letter agreement shall be effective as of
July 1, 2021.

<u>TERMS OF ENGAGEMENT</u>

The following terms and conditions apply to our engagement as your
counsel:

1.      **Scope of Representation and Client Relationship** — We agree
to provide you with legal services, as requested by you from time to time, which in our
professional judgment are reasonably necessary and appropriate in connection with the
matter described above.  At this time, our engagement is limited to the matter described
above, though we would be pleased to consider representing you in such other matters as
you may request.  The terms and conditions of our engagement in any such other matter
will be those set forth in this letter unless we otherwise mutually agree in writing.  In all
matters in which we represent you, we will provide services of a strictly legal nature, and
it is understood that you will not be relying on us for business, investment, or accounting
advice, nor to assess or vouch for the character or creditworthiness of any third person.

Unless we otherwise agree or our representation of you otherwise requires,
our engagement is solely with the individuals or entities specifically identified as clients
in this letter.  By entering into this agreement, we are not agreeing to represent any
individuals or entities other than the Club.

The question of whether our fees are covered by some third-party
agreement (including an insurance policy) is not within the scope of our representation,
unless you specifically request us to consider that question.

2.      **Retainer** — Our agreement to continue to represent the Club in
connection with this engagement is contingent upon the Club's payment to us of an
advance payment retainer in the amount of $350,000 in addition to the advance payment
retainer of $100,000 currently held by us.   We will discuss with you how and when such
amount will be funded.  In addition, the Club agrees to provide one or more additional
advance payment retainers as necessary, so as to ensure that the amount of any advance
payment retainers remain at or above our estimated fees and expenses.  We may apply the
advance payment retainers to any outstanding fees as services are rendered and to
expenses as they are incurred.  The Club understands and acknowledges that any advance
payment retainers are earned by us upon receipt, any advance payment retainers become
our property upon receipt, the Club no longer has a property or any other interest in any
advance payment retainers upon our receipt, any advance payment retainers will be
placed in our general account and will not be held in a client trust, escrow or similar
account, and the Club will not earn any interest on any advance payment retainers.  The

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Tim McChristian
Madison Square Boys & Girls Club                                                                 3

purpose of the advance payment retainer is to ensure that we do not become a creditor of
the Club and would not be disqualified from representing the Club in any liquidation,
reorganization or similar proceeding, including in any case under Title 11 of the United
States Code.  The advance payment retainer is not a security deposit or security
retainer.  Notwithstanding payment of the advance payment retainers, the Club shall
remain liable to us for all amounts owed to us pursuant to the terms of this engagement
letter.  At the conclusion of this engagement, if the amount of any advance payment
retainers held by us are in excess of the amount of our outstanding and estimated fees,
expenses and costs, we will pay to the Club an amount equal to the amount by which any
advance payment retainers exceed such fees, expenses and costs.

      3.      **Fees for Legal Services** — Our fees for legal services are based
on our assessment of the reasonable value of our services.  To assist us in determining
that value, we assign hourly rates to each of our lawyers and legal assistants, and require
each to maintain a record of the time spent and the services rendered on a particular
matter.  Time is recorded in tenths of an hour, which is the minimum we charge for any
service.  Our hourly rates, which are based on seniority, currently range from $1,330 to
$1,825 per hour for partners; $1,400 per hour for counsel; $510 to $1,185 per hour for
staff attorneys and associates; and $125 to $405 per hour for legal assistants.  From time
to time, we reassess these rates to account for increases in our costs, augmentation of the
experience and ability of our legal personnel and other factors, and thus our current rates
may change (and be thereafter applied to all unbilled time) during our representation of
you.

      4.      **Disbursements & Other Charges** — We are committed to
serving you with the most effective and cost-efficient support systems reasonably
required as an incident to our legal services, and to this end we allocate charges for such
systems in accordance with the extent of usage by individual clients, which are billed in
addition to our fee for legal services.  We provide certain services (or incur costs) in-
house for which we charge an amount calculated in an effort fairly to reflect the
equipment, personnel and overhead costs to us of providing the services to you.  We
obtain other services (or incur other costs) from outside vendors or suppliers for which
we charge only the amount billed to us by the vendor or supplier. We may forward the
invoices from these outside sources directly to you, in which event you will be
responsible to pay the invoices in accordance with their terms.  Otherwise, our statements
will separately bill you for these disbursements and other charges.

      In the event we are required to respond to a subpoena or other formal
request from a third party relating to services we have performed for you, you agree to
reimburse us for our time and expense incurred in responding to such request.

      5.      **Billing** — We want our clients to be satisfied with both the
quality of our services and the reasonableness of our bills, and we earnestly invite you to
discuss with us any questions or comments you may have about any of our fees and

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Tim McChristian
Madison Square Boys & Girls Club                                              4

charges or the format of our bills.  Our practice is to bill on a monthly basis for the fees, disbursements, and related charges incurred in the preceding month, except that, in certain transactions, we may mutually agree that some or all of the billing will be done on some other basis, including on a bi-weekly basis.  While we make every effort to include all disbursements in the statements for the period in which they were incurred, some costs (especially telephone or outside vendor expenses) are not available at the time of billing and must therefore be included in a later statement.  Our statements are due and owing upon receipt.  In the event that some or all of our fees might be subject to payment by some third party (e.g., an insurance company), we regard our client as responsible for the payment of our fees and, absent a specific agreement to the contrary, we will not look to the third party for payment.  We first apply all payments we receive from you to our oldest outstanding statement.

6.      **Managing Costs** — We are sensitive to the need to manage and, when possible, to predict legal costs.  We are happy to work with you to estimate our likely fees and expenses in connection with our services.  You understand, however, that any estimate of projected fees is necessarily only an inexact approximation based on assumptions that may prove unfounded in the unique circumstances of each matter, and that such estimates are not intended as either a maximum or a minimum fee for our legal services.

7.      **Outside Experts** — In the course of our representation it may be appropriate, with your advance approval, to retain persons of special training or expertise to assist in the rendition of legal services (e.g., accountants, economists, investigators).  Owing to privileges that may apply to services that an attorney requests from a third party, it will often be advisable for this firm to assume responsibility for hiring such experts.  Notwithstanding that the contractual relationship may be with this firm, however, you agree that you will bear the responsibility directly to pay the invoices for the fees and expenses incurred by these persons.

8.      **Arbitration** — In certain circumstances, you may have the right to demand arbitration of a dispute over our legal fees in civil matters involving amounts greater than one thousand dollars ($1,000) and less than fifty thousand dollars ($50,000).  In the event such a dispute arises, we shall notify you in writing of your rights, if any, to demand mediation or arbitration, processes that may have significant advantages for you.

9.      **Confidentiality** — For our relationship to succeed, it is essential for you to provide us with all factual information reasonably relevant and material to the subject matter of our representation.  We regard the lawyer's duty to preserve the confidences and secrets of a client with the utmost seriousness.  In instances in which we represent a corporation, partnership, or other legal entity, our attorney-client relationship is with, and this duty of confidentiality is owed only to, the entity, and not to the entity's parent or subsidiary corporations nor its shareholders, officers, directors, founders, managers, employees or partners, unless you instruct us or our representation of you

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Tim McChristian
Madison Square Boys & Girls Club                                                                     5

requires otherwise.  As a result, the confidences and secrets we obtain in the course of
such representations belong to and may be waived by the organization we represent, and
not by the employees, officers, or directors of the organization.  Of course, in the absence
of a conflict, we are free to represent these other persons, but should not be deemed to do
so without our express agreement to that effect.

     10.   **Conflicts of Interest —** We wish to avoid any circumstance in
which you would regard our representation of another client to be inconsistent with our
duties to and understandings with you.  Unless we have told you otherwise, we do not
now represent another client in the specific matter in which you have retained us.
Because we represent a large number of clients in a wide variety of legal matters around
the world, however, it is possible that we currently represent, or in the future may be
asked to represent, in some other matter unrelated to the specific matter in which you
have engaged us, some person or entity whose interests are actually or potentially adverse
to your interests in this or other matters, including in negotiations, work-outs, bankruptcy
proceedings, or litigation.  We agree that we will not undertake any such representation if
the subject of the other representation is related to the specific matter in which we
currently represent you.  If the matters are not related, however, then you hereby agree
that we will be free to undertake such an unrelated adverse representation provided that
(a) the unrelated representation will not implicate any confidential information we have
received from you, and (b) the other client has consented to our continued representation
of you.  This means that this firm could represent another client against you in an
unrelated matter such as a lawsuit, a transaction, or some other matter.  Your agreement
as set forth in this paragraph represents your acknowledgement that such adverse
representations are foreseeable to you, and effects a waiver of your right, if any, to object
to our representation in the unrelated matter of another client whose interests are adverse
to yours.  Since we understand that you are experienced in retaining counsel, we are
relying upon your agreement to the foregoing in undertaking this representation.  We
urge you to ask us (or other counsel) any questions concerning this paragraph before we
undertake to represent you.

     Moreover, in the course of representing you, and in order fully to satisfy
our professional obligations, we may from time to time need to consult with the lawyers
in this firm responsible for advising the firm on ethical issues, including issues that may
implicate your interests.  You acknowledge and agree that, notwithstanding this potential
for conflict in consideration of our professional obligations, the firm is free to consult
with its own internal counsel on such matters without your consent and that such
consultations are privileged and confidential.

     11.   **Termination —** We hope and trust that our relationship with you
will be a long and fruitful one.  Nevertheless, you are free to terminate our representation
of you at any time unless judicial approval is required for us to withdraw, in which event
we agree not to oppose such withdrawal.  Subject always to any applicable rule of court,
we may terminate this agreement if you deliberately disregard the terms of this agreement

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Tim McChristian
Madison Square Boys & Girls Club                                                        6

or if, in our professional judgment, we are unable to continue the representation consistent with our ethical obligations.  Notwithstanding any such termination, you remain liable to pay all fees and charges incurred up to the date of termination.  Upon completion of the matter to which this engagement letter applies, or the earlier termination of the representation, our attorney-client relationship will end unless we agree to continue the representation on other matters.  We shall have no continuing obligation to advise you on any matter unless we otherwise agree in writing.

   12. **Data Privacy** — In providing legal services to you and in conducting our business, we may receive from you, store, or use information or documents which consist of or contain "personal information" about you or your shareholders, officers, directors, founders, managers, employees, partners, clients, or business associates.  Such personal information includes information that is defined by data privacy and data protection laws, including, but not limited to, Regulation (EU) 2016/679 (General Data Protection Regulation, or "GDPR"), as "personal data" or "special categories of personal data," and may be protected under such laws.  Under GDPR, "personal data" is defined as any information relating to an identified or identifiable natural person; "special categories of personal data" is defined as sensitive personal data, such as information about a natural person's race, ethnicity, opinions, beliefs, health, or sexual orientation.

   We will process personal information in line with our privacy notice (which can be found at www.paulweiss.com/notices/privacy-policy).  If you provide us with personal information on individuals other than yourself, it is your responsibility to ensure that they are made aware of our privacy notice and you acknowledge that your processing and sharing with us of their information is undertaken pursuant to a legal ground under GDPR or other applicable data privacy laws.

   13. **Legal Updates, Publications and Events** — You agree that we may contact you with legal updates or other publications which we believe may be useful to you (for example, with details of relevant changes in law).  In addition, you agree that we may send you invitations to events such as client seminars on various legal topics.  We may contact you for these purposes by email, mail or telephone (as appropriate).  If you prefer not to be contacted for these purposes, please email us at privacy@paulweiss.com.

   14. **Governing Law, Choice of Jurisdiction and Venue and Waiver of Jury Trial** — Any controversy, dispute or claim arising out of this engagement shall be governed by and interpreted in accordance with the laws of the State of New York, without regard to any provisions of law governing conflicts of laws.  Any cause of action, suit or proceeding (collectively, "Action") arising out of this engagement shall be brought only and exclusively in a court of competent jurisdiction located within the City of New York, County of New York, State of New York, and you hereby consent to and waive any and all objections to the personal jurisdiction of any such court and to the service of

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Tim McChristian
Madison Square Boys & Girls Club                                                    7

process by registered or certified mail, return receipt requested.  Each party waives any
and all objections to venue of such Action in such court, including objections based on
such court being an inconvenient forum.  You irrevocably and unconditionally, to the
fullest extent permitted by applicable law, waive any right to trial by jury in such Action.
You certify that you have considered the implications of this waiver of jury trial, make
the waiver knowingly and voluntarily, and have not been induced to do so by the Firm's
acceptance of this engagement.

           15.    **Entire Agreement** — These terms set out the entire agreement
between you and us concerning our provision of legal services, and this engagement
agreement amends and supersedes the Original Letter in all respects.  Any modifications
of or amendments to these terms must be in writing and agreed by both parties.

           16.    **Records Management and Retention** — We will maintain all
paper and electronic records related to our representation of you in secure facilities and
on secure servers.  Those records will include documents such as legal pleadings,
transactional documents, substantive correspondence and other documents reasonably
necessary to our representation of you in the matter (the "Client File").  The Client File is
your property.  The records may also include purely internal firm documents prepared for
the purpose of facilitating performance of our legal services in the form of research
memoranda, outlines, emails, handwritten notes and mark-ups of documents, as well as
new matter intake forms and internal conflicts checking records.  These records are our
property.  At the close of a specific matter, we will return to you your original
documents, if any, related to the matter.  At your request, any remaining records in the
Client File will be returned to you at your expense.  You agree that we may make
physical or electronic copies if we choose at our own expense.  You agree and understand
that any materials left with us after the engagement has terminated may be retained or
destroyed at our discretion without further notice to you and in a manner which preserves
the confidential and secret nature of their contents.  The firm's current policy is to retain
records (other than duplicates and the like) for a period of ten years after the matter has
terminated.  In personal representation matters, the retention period is twenty years.  At
the expiration of the relevant retention period, the retained matter records will be
destroyed.  Please advise us if you have a records retention policy in place with which we
will need to comply.

                              *   *   *

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Tim McChristian
Madison Square Boys & Girls Club                                                          8

       Our goal is to serve you in an effective and efficient way, and we welcome your views on how we may best do so.  We encourage you to discuss with us any questions you might have concerning these matters.  Please signify your acceptance of the foregoing Terms of Engagement by signing the enclosed copy of this letter and returning it to me.  Please note that your instructing us or continuing to instruct us on the matter discussed above will constitute your full acceptance of the terms set out above.

       Again, we are all very pleased to be working with you on this important matter and look forward to a successful outcome.

       Sincerely,

       Alan W. Kornberg
       Partner

AGREED:

By: _____

Name: Tim McChristian

Title: Executive Director

## **Exhibit B**

**Kornberg Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]

                    Debtor.

Chapter 11

Case No. 22-10910

### DECLARATION OF ALAN W. KORNBERG IN SUPPORT OF DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

ALAN W. KORNBERG makes this declaration under 28 U.S.C. § 1746:

1.       I am a partner in the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss" or the "Firm"), an international law firm with its principal offices at 1285 Avenue of the Americas, New York, New York 10019. I am the lead attorney from Paul, Weiss working on the above-captioned chapter 11 case. I am a member in good standing of the Bar of the State of New York and I have been admitted to practice in the United States District Court for the Southern District of New York.

2.       I submit this declaration (the "Declaration"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 329 of title 11 of the United States Code (the "Bankruptcy Code"), in support of the *Debtor's Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtor and Debtor in Possession* Nunc Pro Tunc *to the Petition Date* (the "Retention Application").[2] Unless otherwise stated in this Declaration, I have personal

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms used, but not otherwise defined herein, have the meaning ascribed to them in the Retention

knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Paul, Weiss's completion of further review, or as additional party-in-interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

### Paul, Weiss's Qualifications

3.      This chapter 11 case is complex and will require counsel with expansive experience and knowledge in, among other areas, the fields of debtor's and creditors' rights, litigation, and finance.  Paul, Weiss is a full-service law firm with a national and international presence and has experience and expertise in every major substantive area of legal practice.  Paul, Weiss has been extensively involved in major chapter 11 cases and has represented debtors in many such cases, including, among others: *In re Salem Harbor Power Development LP*, No. 22-10239 (MFW) (Bankr. D. Del. Mar. 23, 2022); *In re The Collected Group, LLC*, No. 21-10663 (LSS) (Bankr. D. Del. Apr. 5, 2021); *In re Templar Energy LLC*, No. 20-11441 (BLS) (Bankr. D. Del. June 1, 2020); *In re Diamond Offshore Drilling, Inc.,* No. 20-32307 (DRJ) (Bankr. S.D. Tex. Apr. 26, 2020); *In re Foresight Energy LP*, No. 20-41308 (Bankr. E.D. Mo. Mar. 10, 2020); *In re Pioneer Energy Services Corp.*, No. 20-31425 (DRJ) (Bankr. S.D. Tex. Mar. 1, 2020); *In re Bumble Bee Parent, Inc.*, No. 19-12502 (LSS) (Bankr. D. Del. Dec. 18, 2019); *In re Jack Cooper Ventures, Inc.*, No. 19-62393 (PWB) (Bankr. N.D. Ga. Aug. 6, 2019); *In re The Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del. Feb. 4, 2018); *In re Expro Holdings US Inc.*, No. 17-60179 (DRJ) (Bankr. S.D. Tex. Jan. 19, 2018); *In re Cumulus Media Inc.*, No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017); *In re CGG Holding (U.S.) Inc.*, No. 17-11637 (MG) (Bankr. S.D.N.Y.

---

Application.

Jul. 14, 2017); *In re Verso Corporation*, No. 16-10163 (KG) (Bankr. D. Del. Feb. 23, 2016); and

*In re BPS US Holdings, Inc.*, No. 16-12373 (KJC) (Bankr. D. Del. Dec. 13, 2016).

4.      Paul, Weiss was retained by the Debtor in October 2020 to assist with the

exploration of strategic alternatives, including the preparation and prosecution of this chapter 11

case.  In this role, Paul, Weiss has gained significant institutional knowledge of the Debtor's not-

for-profit organization and affairs and with many of the legal issues that may arise during this

chapter 11 case.

5.      I, Andrew Parlen, William Clareman, and John Weber, as well as other partners of,

counsel to, and associates of Paul, Weiss who will be working on this matter, are members in good

standing of the Bar of the State of New York.

6.      For the foregoing reasons, I believe that Paul, Weiss is uniquely situated and well-

qualified to represent the Debtor in this chapter 11 case in a most efficient manner.  Accordingly,

the Debtor believes that the retention of Paul, Weiss is necessary and in the best interests of the

Debtor, its estate, and creditors.

### Services to be Rendered; Compensation Arrangements

7.      As set forth in that certain engagement agreement effective as of October 2, 2020,

as amended on July 1, 2021, a copy of which is attached to the Proposed Order as **Exhibit 1**

(the "Engagement Letter"), I have been advised that the Debtor wishes to employ and retain Paul,

Weiss as its attorneys to assist them in its chapter 11 case.  The Debtor has requested that Paul,

Weiss render services, including, but not limited to, the following:

> a.  providing legal advice with respect to the debtor's powers and duties as
>     debtor in possession in the continued operation of its not-for-profit
>     organization and management of its properties;
>
> b.  attending meetings, mediation sessions, and negotiating with
>     representatives of creditors and other parties in interest and advising and
>     consulting on the conduct of this chapter 11 case, including the legal

3

and administrative requirements of operating in chapter 11;

c. taking action necessary to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, defending any actions commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

d. preparing and prosecuting on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

e. advising and assisting the Debtor with financing and transactional matters as such may arise during the chapter 11 case;

f. representing the Debtor in connection with obtaining authority to use cash collateral and postpetition financing, if applicable;

g. taking any necessary action on behalf of the Debtor to negotiate, prepare and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documentation related thereto;

h. appearing in Court and protecting the interests of the Debtor before the Court; and

i. performing all other legal services for the Debtor that may be necessary and proper in this chapter 11 case.

8.      Subject to the Court's approval, Paul, Weiss will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, subject to a discount of 7.5% on all fees offered by Paul, Weiss due to the Debtor's status as a not-for-profit and charitable organization, and for reimbursement of its actual, necessary expenses and other charges incurred by the Firm. Typically, in the normal course of business, Paul, Weiss revises its hourly rates annually, and most recently increased its hourly rates effective October 1, 2021.  The current standard hourly rates for Paul, Weiss's attorneys and paralegals range from $1,530.00 to $2,025.00 for partners, $1,525.00 for counsel, $735.00 to $1,280.00 for associates, and $135.00 to $435.00 for paraprofessionals.

These rates are subject to periodic adjustment to reflect economic and other conditions.[3]  Except as otherwise set forth herein, the Firm has not agreed to any variations from, or alternatives to, its standard billing arrangements for this engagement.  The following attorneys will have primary responsibility for representing the Debtor:

| Name | Title | Year Admitted to the Bar | Standard Hourly Rate | 7.5% Discounted Hourly Rate |
|---|---|---|---|---|
| Alan W. Kornberg | Partner | 1978 | $2,025 | $1,873 |
| Andrew M. Parlen | Partner | 2004 | $1,935 | $1,789 |
| William A. Clareman | Partner | 2007 | $1,745 | $1,614 |
| John T. Weber | Partner | 2013 | $1,560 | $1,443 |
| Diane Meyers | Counsel | 1992 | $1,525 | $1,410 |
| Miriam Levi | Associate | 2018 | $1,175 | $1,086 |
| Shafaq Hasan | Associate | 2020 | $1,040 | $962 |
| John Hammel Strauss | Associate | 2020 | $1,040 | $962 |

9.      The hourly rates set forth above are the Firm's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Additionally, it is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case, subject to any modification to such policies that Paul, Weiss may be required to make to comply with the applicable general orders of this Court and the *U.S. Trustee*

---

[3]  Paul, Weiss, like other law firms, typically increases the hourly billing rate of attorneys and paraprofessionals once a year, which increase includes (a) ordinary step increases related to the advancing seniority or promotion of an attorney or paraprofessional (a "Step Increase") and (b) periodic rate increases with respect to each level of seniority. The Step Increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013).

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "Fee Guidelines"), sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further order of the Court.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses, approved by the client,  such as secretarial and other overtime.  The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other zrather than to increase the hourly rates and spread the expenses among all clients.

10.     Paul, Weiss has advised the Debtor that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges, costs, and expenses incurred in this chapter 11 case.  No promises have been received by Paul, Weiss, or any member, counsel or associate of Paul, Weiss, as to payment or compensation in connection with this chapter 11 case other than in accordance with Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.  Further, Paul, Weiss has no agreement with any other entity to share compensation received by Paul, Weiss or any such entity.

11.     Per the terms of the Engagement Letter, the Debtor paid $100,000.00 to Paul, Weiss as an initial advance payment retainer on October 6, 2020.  Subsequently, the Debtor paid to Paul, Weiss additional advance payment retainers totaling $6,102,502.96 in the aggregate, inclusive of the initial advance payment retainer.  A chart identifying the statements describing the professional

6

services provided by Paul, Weiss to the Debtor and the expenses incurred by Paul, Weiss in connection therewith, as well as the advance payment retainers transferred by the Debtor to Paul, Weiss, prior to the Petition Date is set forth below.

12.    During the 90-day period before the Petition Date, the Debtor paid advance payment retainers in the following amounts to Paul, Weiss:

| Date of Payment | Amount of Advance Payment Retainer Received | Amount Invoiced and Paid Against Retainer | Resulting Advance Payment Retainer Following Payment |
|---|---|---|---|
| 03/28/2022 | $200,000.00 | | $400,000.00 |
| 03/31/2022 | | $375,000.00 | $25,000.00 |
| 05/05/2022 | $200,000.00 | | $225,000.00 |
| 05/13/2022 | $225,000.00 | | $450,000.00 |
| 05/27/2022 | $200,000.00 | | $650,000.00 |
| 06/07/2022 | | $425,536.76 | $224,463.24 |
| 06/16/2022 | $200,000.00 | | $424,463.24 |
| 06/21/2022 | | $297,891.23 | $126,572.01 |
| 06/21/2022 | $250,000.00 | | $376,572.01 |
| 06/23/2022 | | $358,883.97 | $17,688.04 |
| 06/28/2022 | $500,000.00 | | $517,688.04 |
| 06/29/2022 | | $500,000.00 | $17,688.04 |

13.    Paul, Weiss did not receive any other payments from the Debtor in connection with this matter during the ninety (90) days immediately preceding the Petition Date.  As of the Petition Date, no additional amounts relating to the prepetition period are owing to Paul, Weiss from the Debtor, and Paul, Weiss is not a creditor of the Debtor.

14.    Paul, Weiss is willing to act on the Debtor's behalf at its normal and customary rates for matters of this type, as modified by the aforementioned discount, together with reimbursement of all costs and expenses incurred by Paul, Weiss in connection with this chapter

11 case and the Debtor has proposed to pay Paul, Weiss at such rates and to reimburse it for such costs and expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and guidelines and orders of the Court.

### Paul, Weiss's Disinterestedness

15.     To confirm that Paul, Weiss did not have any conflicts or other relationships that might preclude its representation of the Debtor with respect to the matters upon which it is being employed, I caused Paul, Weiss attorneys under my supervision to conduct a review of potential connections and relationships between Paul, Weiss and parties in interest in this chapter 11 case within the following categories (as provided to Paul, Weiss by the Debtor, and as set forth in **Schedule 1** hereto) (the "Potential Parties in Interest"):

(a)     Debtor and Non-Debtor Affiliates;

(b)     Bankruptcy and Certain Ordinary Course Professionals;

(c)     Current & Former Trustees, Directors, Officers;

(d)     Insurance Providers;

(e)     Landlords;

(f)     Banks, Investment Managers, and Secured Lenders;

(g)     Litigation Parties and Counterparties;

(h)     Governmental/Regulatory Agencies;

(i)     Southern District of New York Bankruptcy Judges, Clerks, Personnel, and Office of the U.S. Trustee; and

(j)     Significant Vendors, Utilities, Contract Counterparties, and UCC Lien Counterparties.

16.     Paul, Weiss has searched its electronic database for its connections to the Potential Parties in Interest.  The records upon which this investigation is based are maintained by Paul, Weiss in the ordinary course of business and are believed to be accurate.  To the extent that I

become aware hereafter that any such records or other information contained herein is not accurate, I will promptly apprise the Court.

17.     Based upon a review of the foregoing information, neither I, Paul, Weiss, nor any member of, counsel to, or associate of Paul, Weiss represents any entity other than the Debtor in connection with this chapter 11 case.  In addition, to the best of my knowledge after due inquiry, neither I, Paul, Weiss, nor any member of, counsel to, or associate of the Firm represents any party-in-interest in this chapter 11 case in matters related to this chapter 11 case.

18.     Paul, Weiss, and the partners, counsel, and associates of Paul, Weiss, presently represent, may have represented in the past, and may represent in the future, entities (or affiliates of entities) that are claimants of and/or members of the Debtor, and/or are parties in interest in this chapter 11 case, in matters unrelated to this chapter 11 case.  To the best of my knowledge, all such parties are listed on the schedule attached hereto as **Schedule 2** (the "Disclosure Schedule").[4] Based on my review of the Disclosure Schedule, to the best of my knowledge, Paul, Weiss does not hold or represent an interest adverse to the estate as a result of its representation of parties in interest in matters that are unrelated to this chapter 11 case.  Pursuant to section 327(c) of the Bankruptcy Code, Paul, Weiss is not disqualified from acting as the Debtor's counsel merely because it represents certain of the Debtor's creditors or other entities that may be parties in interest in matters that are wholly unrelated to the Debtor or this chapter 11 case.  Paul, Weiss has not

---

[4] As referenced in the Disclosure Schedule, the term "current client" means an entity listed as a client, or related to a client, in Paul, Weiss's conflicts search system where that matter was reported as open.  As referenced in the Disclosure Statement, the term "former client" means any entity listed as a client, or related to a client, on the Paul, Weiss conflicts search system where the matter was reported as closed.  Whether an actual client relationship exists can only be determined by reference to the documents governing Paul, Weiss's representation rather than its potential listing in Paul, Weiss's conflicts search system.  The list on **Schedule 2**, generated by the conflicts search system, is over-inclusive for disclosure purposes.

represented, does not represent, and will not represent any entities listed on the Disclosure Schedule in matters directly related to the Debtor or this chapter 11 case.

19.      In particular, the Disclosure Schedule identifies, among others, certain financial institutions, banks, and/or lenders to the Debtor.  Paul, Weiss is a general purpose law firm that provides a full range of corporate, litigation, real estate, tax and bankruptcy services.  Accordingly, Paul, Weiss provides regular outside counsel in a variety of matters to its clients, which have included or may currently or in the future include such parties.  As noted above, Paul, Weiss will not represent any such parties in any matter relating to the chapter 11 case or in connection with the Debtor.  Accordingly, I do not believe that Paul, Weiss's current or prior representations of such entities or their affiliates preclude Paul, Weiss from being a disinterested party under the Bankruptcy Code.

20.      To the best of my knowledge and insofar as I have been able to ascertain, except as set forth herein or on **Schedule 2** attached hereto, neither Paul, Weiss nor any of its partners, counsel, or associates has any connection with the Debtor or its affiliates, the Debtor's creditors, any party in interest, or their respective attorneys or accountants, any person employed in the Office of the United States Trustee for Region 2, any Bankruptcy Judges currently serving on the United States Bankruptcy Court for the Southern District of New York, or any clerk, deputy, or personnel working in the Bankruptcy Court, except that to the extent any partner, counsel or associate (a) may have appeared in the past and may appear in the future in cases where one or more of such parties may be involved; or (b) may have represented or may represent one or more of such parties in interest in matters unrelated to this chapter 11 case.  In addition, Bankruptcy Judge Robert Drain was a partner at Paul, Weiss from 1993 until 2002.  Further, certain Paul,

Weiss attorneys have in the past clerked or otherwise worked with certain Bankruptcy Judges in the Southern District of New York.

21.     In light of the number of the Debtor's creditors and parties in interest and because definitive lists of all such creditors and other parties have not yet been obtained, neither I nor the Firm are able to conclusively identify all potential relationships at this time, and we reserve the right to supplement this disclosure as additional relationships come to our attention.  To the extent that I become aware of any additional relationships that may be relevant to Paul, Weiss's representation of the Debtor, I will promptly file a supplemental declaration.

22.     By separate applications, the Debtor has asked or will ask the Court to approve the retention of (a) Teneo Capital LLC, as financial advisor; (b) Friedman Kaplan Seiler & Adelman LLP, as special litigation counsel; (c) Pillsbury Winthrop Shaw Pittman LLP, as special insurance counsel; and (d) Epiq Corporate Restructuring, LLC, as claims, noticing, and solicitation agent (collectively, the "Chapter 11 Professionals").

23.     Paul, Weiss has been working with the Chapter 11 Professionals in connection with preparations for the filing of this chapter 11 case, and may have in the past worked for or against the Chapter 11 Professionals in matters wholly unrelated to this chapter 11 case.

24.     Based upon my review of all of Paul, Weiss's connections in this chapter 11 case, I submit that Paul, Weiss is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that the Firm, its partners, counsel and associates:

(a)     are not creditors, equity security holders or insiders of the Debtor;

(b)     are not and were not investment bankers for any outstanding security of the Debtor;

(c)     have not been, within three (3) years before the Petition Date, (i) investment bankers for a security of the Debtor; or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor; and

11

(d)     are not and were not, within two years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

25.     Except as set forth above, to the best of my knowledge and insofar as I have been able to ascertain, neither Paul, Weiss nor any of its partners, counsel or associates holds or represents any interest adverse to the Debtor or its estate in the matters upon which it is to be engaged.

### Coordination with Other Professionals

26.     As described above, the Debtor has submitted, or intends to submit, separate applications to retain the Chapter 11 Professionals.  Paul, Weiss will work closely with all such professionals, in conjunction with the Debtor's management, to carefully monitor and coordinate the efforts of all such professionals and will delineate their respective duties so as to prevent duplication of services whenever possible.

27.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Fee Guidelines.

**Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?**

Response: Yes, due to the Debtor's nonprofit and charitable nature, Paul, Weiss agreed to a 7.5% discount for all fees incurred postpetition. No other variations or alternatives to Paul Weiss's customary billing arrangements were agreed to with respect to this engagement.[5]

**Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Response: No.

**Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including**

---

[5]   In the Engagement Letter dated October 2, 2020, Paul, Weiss agreed to apply a holdback equal to fifteen percent (15%) of the amount of fees incurred, as reflected on each monthly invoice (the "Holdback").  The Holdback terminated in July 2021, and Paul, Weiss waived all amounts due that were subject to the Holdback.

**any adjustments or discounts offered during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Response:    Paul, Weiss typically adjusts its billing rates on an annual basis and implemented a rate increase effective October 1, 2021.  Accordingly, Paul, Weiss's rates for timekeepers for its prepetition engagement on this matter were, for the period from (1) October 2, 2020 to September 30, 2021, $1,330.00 to $1,825.00 for partners, $1,400.00 for counsel, $510.00 to $1,185.00 for associates and staff attorneys, and $125.00 to $405.00 for paraprofessionals and (2) October 1, 2021 to June 29, 2022, $1,530.00 to $2,025.00 for partners, $1,525.00 for counsel, $735.00 to $1,280.00 for associates, and $135.00 to $435.00 for paraprofessionals.

**Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?**

Response: Yes, from the Petition Date through to October 31, 2022.

28.    The foregoing constitutes the statement of Paul, Weiss pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rules 2014-1 and 2016-1.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 29, 2022

/s/ Alan W. Kornberg
Alan W. Kornberg
Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP

14

## **Schedule 1**

**Potential Parties in Interest**

**Potential Parties in Interest**

**DEBTOR AND NON-DEBTOR AFFILIATES AND RELATED ENTITIES**
MADISON SQUARE BOYS & GIRLS CLUB, INC.
MADISON SQUARE BOYS & GIRLS CLUB FOUNDATION, INC.
MSBGC-NYC SUPPORT CORPORATION

**SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY JUDGES, CLERKS, PERSONNEL, AND OFFICE OF THE U.S. TRUSTEE**
CHIEF JUDGE MARTIN GLENN
JUDGE LISA G. BECKERMAN
JUDGE SHELLEY C. CHAPMAN
JUDGE ROBERT D. DRAIN
JUDGE JAMES L. GARRITY, JR.
JUDGE DAVID S. JONES
JUDGE SEAN H. LANE
JUDGE CECELIA G. MORRIS
JUDGE MICHAEL E. WILES

**ATTORNEYS FOR THE UNITED STATES TRUSTEE'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK**
ALABA OGUNLEYE
ALICIA LEONHARD
ANDREA B. SCHWARTZ
ANDY VELEZ-RIVERA
BENJAMIN J. HIGGINS
BRIAN S. MASUMOTO
CHEUK M. NG
CHRISTINE BLACK
DANNY A. CHOY
ERCILIA A. MENDOZA
GREG M. ZIPES
GUY A. VAN BAALEN
ILUSION RODRIQUEZ
JOSEPH ALLEN
KATHLEEN SCHMITT
LINDA A. RIFFKIN
LISA PENPRAZE
MADELINE VESCOVACCI
MARIA CATAPANO
MARY V. MORONEY
NADKARNI JOSEPH
PAUL K. SCHWARTZBERG
RICHARD C. MORRISSEY
SERENE NAKANO
SHANNON SCOTT

SUSAN ARBEIT
SYLVESTER SHARP
VICTOR ABRIANO
WILLIAM K. HARRINGTON

**GOVERNMENTAL/REGULATORY AGENCIES**
DORMITORY AUTHORITY OF THE STATE OF NEW YORK
NEW YORK CITY DEPARTMENT OF YOUTH AND COMMUNITY DEVELOPMENT
NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION
NEW YORK STATE ALLIANCE FOR THE PREVENTION OF SEXUAL ABUSE
NEW YORK STATE CHILD AND ADULT CARE FOOD PROGRAM
NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES
NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES
NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
OFFICE OF JUVENILE DELINQUENCY PROGRAM
UNITED STATES DEPARTMENT OF JUSTICE – OFFICE OF JUSTICE PROGRAMS

**BANKRUPTCY AND CERTAIN ORDINARY COURSE PROFESSIONALS**
EPIQ CORPORATE RESTRUCTURING
FINSBURY LLC
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
PILLSBURY WINTHROP SHAW PITTMAN LLP
TENEO CAPITAL LLC

**BANKS, INVESTMENT MANAGERS, AND SECURED LENDERS**
BANK OF AMERICA
BROWN BROTHERS
CARVER BANK
CITI BANK
FIDELITY
JP MORGAN
JPMORGAN - CHILDS TRUST
LAMB FINANCIAL SERVICES
MERRILL LYNCH
NONPROFIT FINANCE FUND
PINNACLE SECURITIES
PNC BANK
RUANE CUNNIFF & GOLDFARB
RUANE CUNNIFF & GOLDFARB - SEQUOIA FUND
TRUFUND
VANGUARD

**CURRENT & FORMER TRUSTEES, DIRECTORS, OFFICERS**
ADAM L. REEDER
ALBERT R. DOWDEN

ALLISON  SHURE
BARBARA A. TAYLOR
BARRY BREGMAN
BARRY RODRIGUES
BILL FEEHAN
BRIAN HOESTEREY
BRUCE GELB
DANIEL L. MOSLEY
DANIEL T. DONNELLY
DAVID FIELDS
DAVID J. GOLDRING
DAVID PECKER
DONALD C. DEVINE
ELIZABETH VELEZ
ERIC FRANDSON
FRANK FORTINO
FRED ARGIR
FRED PICCIRILLO
HEATHER BELLINI
HOPE  KNIGHT
JARRETT TURNER
JEFFREY DOLD
JEFFREY VOLLING
JERRY M. SESLOWE
JOHN BINNIE
JOHN GELB
JOHN MCDONOUGH
JOHN STARR
JOSEPH GANTZ
JOSH NOVAK
JUSTIN MARCUS
JUSTIN NUNEZ
KEITH FLEISCHMAN
KENNETH B. MARLIN
KENNETH HALCOM
LEO P. ARNABOLDI III
LEO P. ARNABOLDI, JR
LISA SHALETT
MATTHEW PETERSEN
MICHAEL GELTZEILER
MICHAEL PUGH
MITCHELL SCHERZER
MYLES GILLESPIE
NATHAN SLEEPER
NICHOLAS F. TOMMASINO
NICK RUDD

OBA MCMILLAN
PATRICK GADSON
PATRICK GALLAGHER
PETER SCHEMAN
PETER SERPICO
POPPY HARLOW
RICHARD EADDY
RICHARD PORTER
ROBBIN MELE GAUDIERI
RON PORTER
ROY WEATHERS
SEAN WOODROFFE
STEPHEN GALLUCCI
STEVE ELBAUM
STEVEN MELTON
STEVEN MIYAO
STEVEN S. ELBAUM
STUART LEMPERT
T. KENNETH FARRELL
THOMAS FORTIN
THOMAS MURPHY, SR.
TIM MCCHRISTIAN
TREVOR FENNELL
VANESSA TOUMA
VICTOR F. GANZI
WILLIAM E. FLAHERTY
WILLIAM F. GLAVIN, JR
WILLIAM G. PARRETT

**INSURANCE PROVIDERS**
ARGONAUT INSURANCE CO.
CHUBB GROUP
CHURCH MUTUAL INSURANCE CO.
EMPIRE BLUECROSS BLUESHIELD
FEDERAL INSURANCE COMPANY
HALLMARK SPECIALTY INSURANCE CO.
PHILADELPHIA INSURANCE COMPANY
RSUI LANDMARK AMERICAN INSURANCE CO.
STARSTONE NATIONAL INSURANCE CO.

**LANDLORD**
NATIONAL MULTIPLE SCHLEROSIS SOCIETY

**LITIGATION PARTIES AND COUNTERPARTIES AND COUNSEL[1]**

---

[1]    The names of individual plaintiffs are consistent with the names or pseudonyms reflected in public filings.

A.B.
A.F.
A.G.
AARON HUMPHREY
ALFRED FALZON
AMONDO SAPIRO
ANDREW CAWLEY
ANTHONY VARUOLA
ANTOWNE FRAZIER
ARNOLD GLIM
ARTHUR TREMERE
AVAN LOGAN
B.D.
BRIAN TATE
C.C.
C.D.
CARL MINUSKIN
C.R.
C.S.
CHRISTOPHER CLARK
CLEVELAND WHITE
COLIN MOSS
D.C.
D.M.
DENNIS FARLEY
DERRICK WELCH
DEXTER BLACKMAN
E.C. [950404/2020]
E.M. [70172/2021E]
E.M. [950681/2020]
E.M.R.
EDDY STWAERD
E.T.
EDWARD HUNTER
EDWARD TOFANI
EDWIN VELEZ
EMILE BLACKMAN
EMMANUEL FALZON
ENZO OMBRAMONTI
ERIC LEBRON
ERIC ROSADO
FRANK BITETTO
FRANK PESCE
G.F.
G.R.
GEORGE DANIELLO

GERALD CARSON
GUSTAVE CHAPPORY
HARRY WADE
HECTOR BUSH
HENRI BONNER
HENRY KING
I.R.
IKEM LOGAN
ISRAEL DIAZ
JOSEPH FARAGUNA
J.A.M.
J.C.
J.G.
J.L.
J.R.
JAMES PAIGE
JAMES SULLIVAN
JAY SAPIRO
JOHN DOE
JOHN MARKS
JOHNNY GARCIA
JONATHAN DRECHSLER
JOSEPH CIAPPA
JOSEPH FALZON
JOSEPH GALLO
JOSEPH GENTILE
JOSEPH MCBRIDE
JOSEPH O'BRIEN
JOSEPH P. SALAMONE, JR.
JOSEPH VARUOLA
JULIO ROSADO
K.P.
K.R.
KENNETH GRANT
L.B.
L.R.
LAWRENCE DAVIS
LAWRENCE NOLAN
LEON POWELL
LOUIS HEREDIA
M.H.
M.S.
MARC TAYLOR
"MARIA HOFFMAN"
MARK THOMPSON
MATTHEW SPENCER

MICHAEL CUSUMANO
MICHAEL DANIELLO
MICHAEL FAYE
MICHAEL JACOBS
MICHAEL PAIGE
N.B.A.
NEFTALI CENTENO
NEFTALI CEMTENO
PERRY POWELL
PETER CAMILLERI
PHILLIP HARRIS
R.A.
R.B.
R.C.
R.F.
R.F. II
R.M.
R.S.
RAMON ACOSTA
RAMOS REYES
RANDALL JAMES
RENZO BUSETTI
RICHARD VESPI
ROBERT LIGUORI
ROBERT O'LEARY
ROBERT RAMIREZ
ROBERT SERRINGER
ROBERTO GONZALEZ
ROGER WELCH
RONALD PROKOPIAK
S.R. [950449/2020]
S.R.
SAMUEL CASTRILLO
PETER STUCZ
STEVEN SORGE
T.F.
DAVID TOFANI
ROBERT TOFANI
TERRENCE BROWNE
TERRENCE LOGAN
THE ESTATE OF EMMANUEL WILLIAM SORGE
THOMAS LOGERFO
THOMAS M. LUKAS
TYRONE LOGAN
VITO PESCE
WILLIAM MCFIELD

WILLIAM SORGE
Z.Y.
ABEND & SILBER, PLLC
ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ
ANDREOZZI & ASSOCIATES, P.C.
BLEAKLEY PLATT & SCHMIDT, LLP
CUTI HECKER WANG LLP
DUNDON ADVISERS LLC
GRANT & EISENHOFER, P.A.
HACH ROSE SCHIRIPPA & CHEVERIE, LLP
HARNICK AND HARNICK, P.C.
HERMAN LAW FIRM
JEFF ANDERSON & ASSOCIATES, P.A.
LEVY KONIGSBERG LLP
LOWEY DANNENBERG, P.C.
MARCOWITZ LAW FIRM
MERSON LAW, PLLC
PACHULSKI STANG ZIEHL & JONES LLP
PFAU COCHRAN VERTETIS AMALA PLLC
RAPHAELSON & LEVINE LAW FIRM, P.C.
ROCKEFELLER UNIVERSITY
ROPES & GRAY LLP
SEEGER WEISS LLP
SILVER & KELMACHTER, LLP
SLATER SLATER SCHULMAN LLP
THE MARSH LAW FIRM, PLLC
THE SIMPSON TUEGEL FIRM
WEITZ & LUXENBERG
WILLIAMS CEDER LLC

**SIGNIFICANT VENDORS, UTILITIES, CONTRACT COUNTERPARTIES, AND UCC LIEN COUNTERPARTIES**
42ND STREET LESSEE LLC
501 AUCTION LLC
ABRAR QAIUM
ADP, INC.
ADT SECURITY SERVICES
ADVANCE CLADDING CONSTRUCTION COMPANY
AFA PROTECTIVE SYSTEMS, INC.
AFLAC NEW YORK
AIA, ALERA GROUP
ALDA BUILDING COMPANY LLC
ALEX DONNER ENTERTAINMENT, CORP.
ALL AMERICAN SCHOOL BUS CORP.
ALLIED ASBESTOS SERVICE LLC
ALLSTATE LIFE INSURANCE COMPANY

ALLSTATE SERVICES GROUP LLC
AMAZON CAPITAL SERVICES
AMERICAN EXPRESS
AMERIFLEX
ANTHEM LIFE & DISABILITY INSURANCE CO.
APPRAISERS AND PLANNERS INC.
ARAMARK
AUTHNET GATEWAY
AV DESIGN INTEGRATION
BABY DUNK
BALLARD SPAHR LLP
BASE TECHNOLOGIES, INC.
BCM ONE
BEL-AQUA POOL SUPPLY INC.
BETHANY HDFC
BKD, LLP
BLACKBAUD
BOYS & GIRLS CLUB OF HARLEM
BOYS & GIRLS CLUBS OF AMERICA
BROADWAY UNLOCKED
BRONX AQUATICS & SAFETY INC.
BSN SPORTS INC
CABLEVISION
CARDWORKS ACQURING
CHARTER COMMUNICATIONS
CHURCH MUTUAL
CITY OF FINANCE COMMISSIONER
CLASSY, INC.
CON EDISON
CONNEY SAFETY
CREATIVE ART WORKS
CROWN AWARDS
CROWN CASTLE FIBER LLC
CROWN JANITORIAL
CROWN TROPHY, INC.
CT CORPORATION
CYA, INC
DAWELL CONSULTING LLC
DE LAGE LANDEN FINANCIAL SERVICES, INC.
DELL BUSINESS CREDIT
DELOITTE CONSULTING LLP
DINOSAUR RESTAURANTS LLC
DRAIN KLEEN SEWER SERVICES INC.
EDELMAN SULTAN KNOX WOOD ARCHITECTS LLP
EFFICIENT COMBUSTION & COOLING CORP.
EL RAVEN PRODUCTIONS

EMPIRE FIRE SYSTEMS LLC
ENGIE
EXTRA SPACE STORAGE
FEDERAL EXPRESS CORP.
FIRST ADVANTAGE BACKGROUND SERVICES CORP.
FIRSTMARK SERVICES
FLYER MIKE DESIGNS, LLC
FOUR SEASONS PROMOS, LLC
FRANKIE'S CARNIVAL TIME, INC.
FUZE, INC.
GEM MECHANICAL LLC
GIVESMART US, INC.
GO CHARITY
GOTHAM ARCHITECTURAL GLASS & SIGN
GRACI PAVING ASSOCIATES INC.
GROWTH AND DEVELOPMENT SERVICES, INC.
HANZEL LI
HELIUM PLUS EAST INC.
HILLMANN CONSULTING, LLC
HSO PRODUCTIONS INC.
HYDRO LANE, INC.
IF IT'S WATER, INC.
INDEPENDENT ELEVATOR INSPECTIONS, INC
INLAND PRINTING COMPANY
INSURANCE ARCHAEOLOGY GROUP
INTEGRATED AQUATICS ENGINEERING
J & L SERVICE NYC INC.
JMV CONSULTING ENGINEERING, P.C.
JOHN TODD
JUNK PROS
KAUFMAN IRON WORKS
KIDS IN SEATS INC.
KIPS BAY BOYS & GIRLS CLUB
KNIGHT MARKETING CORP.
KONE INC.
KVL AUDIO VISUAL SERVICES, INC
LAMB INSURANCE SERVICES
LAWLESS & MANGIONE
LAWYERS ALLIANCE FOR NEW YORK
LEADER ELECTRIC COMPANY
LEAF COMMERCIAL CAPITAL
LIBERTY COCA-COLA BEVERAGES LLC
LIBERTY INDUSTRIAL GAS & WELDING
LIBERTY SCIENCE CENTER
LIGHTHOUSE DOCUMENT TECHNOLOGIES, INC.
LOM PROPERTY CONSULTING LLC

MAGIC MECHANICAL
MAMA FOUNDATION FOR THE ARTS, INC.
METROPOLIS GROUP INC.
METROPOLITAN LIFE
METROTECH SYSTEMS
MILLIMAN
MUTUAL SECURITY SERVICES, INC.
NARDELLO & CO LLC
NATIONAL FIRE EXTINGUISHER CO.
NATIONAL GRID
NATIONAL MULTIPLE SCLEROSIS SOCIETY
NEW YORK BUSINESS SYSTEMS
NEW YORK CITY WATER BOARD
NEW YORK DEPARTMENT OF LAW
NEW YORK STATE ALLIANCE
NFOCUS SOLUTIONS
NOBLE ELEVATOR COMPANY INC.
NONPROFIT SOLUTIONS NETWORK CORP.
NOTES FOR NOTES
NOVAK FRANCELLA LLC
NUVISION SOLUTIONS LLC
NY STATE ALLIANCE
NYC FIRE DEPARTMENT
NYC WATER BOARD
NYS DEPT. OF ENVIRONMENTAL CONSERVATION
ORKIN INC.
ORKIN PEST CONTROL
OUTREACH DEVELOPMENT CORP.
PADUANO & WEINTRAUB LLP
PITNEY BOWES GLOBAL FINANCIAL
PITNEY BOWES PURCHASE POWER
PLYWOOD PICTURES LLC
POL. WIRE TECH INC.
POLAR AIR CONDITIONING INC.
QUILL CORPORATION
REGINA CATERERS INC.
ROBINSON'S INDUSTRIAL GAS AND EQUIPMENT CORP.
ROTO ROOTER PLUMBING SERVICES
RT TRANSPORTATION & TOURS, LLC
S&S WORLDWIDE, INC.
S.D.L. APPLIANCE REPAIR SERVICE
SBW, INC.
SEAN KERSHAW
SEND IN THE CLOWNS ENTERTAINMENT
SERVICE MECHANICAL INC.
SHELTERPOINT LIFE INSURANCE CO.

SIGMA
SLEEPY HOLLOW COUNTRY CLUB
SOLVE IT SIMPLE LLC
STAPLES
STAPLES ADVANTAGE
STAR GROUP PRODUCTIONS
SUNESYS ENTERPRISE LLC
SWOOP
SYSCO METRO NEW YORK LLC
THE COTOCON GROUP
THE METRO GROUP, INC.
TIME WARNER CABLE
TOTAL AQUARIUMS INC.
TOWER ELEVATOR CONSULTING & TESTING LLC
TOYOTA FINANCIAL SERVICES
TRANSPERFECT LEGAL SOLUTIONS
TREMONT ELECTRIC SUPPLY COMPANY
TRI WELD INDUSTRIES, INC.
TWI-LAQ INDUSTRIES, INC.
ULINE
UNITED STAFFING SOLUTIONS, INC.
UNITED WAY
VAL WIRING CORP.
VENABLE LLP
VERIZON WIRELESS
WEBSTER LOCK & HARDWARE CO.

## Schedule 2

**Disclosure Schedule**

**Disclosure Schedule**

| MATCHED ENTTY | RELATIONSHIP TO DEBTOR | RELATIONSHIP TO PAUL, WEISS[1] |
|---|---|---|
| ADP | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Current Client |
| ADT Security Systems | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Current Client |
| Amazon Capital Services | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Subsidiary or Affiliate of a Current Client |
| American Express | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Current Client |
| Aramark | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Former Client |
| Argonaut Insurance | Debtor's Insurance Providers | Subsidiary or Affiliate of Former Client (*Argo Group*) |
| Bank of America | Debtor's Banks, Investment Managers and Secured Lenders | Current Client |

[1] The term "current client" means an entity listed as a client, or related to a client, in Paul, Weiss's conflicts search system where that matter is reported as open. The term "former client" means any entity listed as a client, or related to a client, in the Paul, Weiss conflicts search system where the matter is reported as closed within the last three (3) years. Whether an actual client relationship exists can only be determined by reference to the documents governing Paul, Weiss's representation rather than its potential listing in Paul, Weiss's conflicts search system. The following table of entities, generated by the conflicts search system, is overinclusive for disclosure purposes

| MATCHED ENTTY | RELATIONSHIP TO DEBTOR | RELATIONSHIP TO PAUL, WEISS[1] |
|---|---|---|
| Boys & Girls Club of America | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Subsidiary or Affiliate of a Current Client |
| Brown Brothers | Debtor's Banks, Investment Managers and Secured Lenders | Current Client |
| BSN Sports Inc. | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Subsidiary or Affiliate of a Current Client (*Bain*) |
| Cablevision | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Current Client |
| Charter Communications | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Current Client |
| Chubb Group | Debtor's Insurance Providers | Current Client |
| Citibank | Debtor's Banks, Investment Managers and Secured Lenders | Current Client |
| Crown Castle Fiber LLC | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Subsidiary or Affiliate of a Current Client |
| Dell Business Credit | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Subsidiary or Affiliate of a Current Client (*MSD Capital*) |
| Deloitte Consulting LLP | Debtor's Vendors, Utilities, Contract | Subsidiary or Affiliate of a Current Client |

| MATCHED ENTTY | RELATIONSHIP TO DEBTOR | RELATIONSHIP TO PAUL, WEISS[1] |
|---|---|---|
| | Counterparties and UCC Lien Counterparties | |
| Dormitory Authority of the State of New York | Debtor's Governmental/Regulatory Agencies | Subsidiary or Affiliate of a Current Client (*NYS Unified Court System*) |
| Federal Insurance Company | Debtor's Insurance Providers | Subsidiary or Affiliate of a Current Client (*Chubb*) |
| Fidelity | Debtor's Banks, Investment Managers and Secured Lenders | Former Client |
| JP Morgan | Debtor's Banks, Investment Managers and Secured Lenders | Current Client |
| JP Morgan Childs Trust | Debtor's Banks, Investment Managers and Secured Lender | Subsidiary or Affiliate of Current Client |
| Lawyers Alliance for New York | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Current Client |
| Madison Square Boys & Girls Club Inc.[2] | Debtor and Non-Debtor Affiliates and Related Entities | Current Client |
| Merrill Lynch | Debtor's Banks, Investment Managers and Secured Lenders | Current Client |
| Nardello & Co. LLC | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Former Client |

---

[2]   Non-debtor affiliates enumerated in the Parties in Interest list were not included in the list since they were not clients or former clients of the firm.  However each would be characterized as Subsidiaries or Affiliates of a Current Client.

| MATCHED ENTTY | RELATIONSHIP TO DEBTOR | RELATIONSHIP TO PAUL, WEISS[1] |
|---|---|---|
| New York City Development of Youth and Community Development | Debtor's Governmental/Regulatory Agencies | Subsidiary of Affiliate of a Current Client (*NYC Transit Authority*) |
| New York State Child and Adult Care Food Program | Debtor's Governmental/Regulatory Agencies | Subsidiary or Affiliate of a Current Client (*NYS Unified Court System*) |
| New York State Office of Alcoholism and Substance Abuse Services | Debtor's Governmental/Regulatory Agencies | Subsidiary or Affiliate of a Current Client (*NYS Unified Court System*) |
| New York State Office of Children and Family Services | Debtor's Governmental/Regulatory Agencies | Subsidiary or Affiliate of a Current Client (*NYS Unified Court System*) |
| New York State Office of the Attorney General | Debtor's Governmental/Regulatory Agencies | Subsidiary or Affiliate of a Current Client (*NYS Unified Court System*) |
| Orkin Inc. | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Subsidiary or Affiliate of a Current Client (*Rollins*) |
| PNC | Debtor's Banks, Investment Managers and Secured Lenders | Subsidiary or Affiliate of a Current Client (*Sixpoint*) |
| Shelterpoint Life Insurance | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Current Client |
| Time Warner Cable | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Subsidiary or Affiliate of a Current Client (*Charter Communications*) |
| Transperfect Legal Solutions | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Subsidiary or Affiliate of a Former Client (*Transperfect Global*) |

| MATCHED ENTTY | RELATIONSHIP TO DEBTOR | RELATIONSHIP TO PAUL, WEISS[1] |
|---|---|---|
| United Way | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Subsidiary or Affiliate of a Former Client |
| Vanguard | Debtor's Banks, Investment Managers and Secured Lenders | Subsidiary or Affiliate of a Current Client |
| Verizon | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Former Client |
| Verizon Wireless | Debtor's Vendors, Utilities, Contract Counterparties and UCC Lien Counterparties | Subsidiary or Affiliate of a Former Client |
| Weitz & Luxenberg | Debtor's Litigation Parties and Counterparties and Counsel | Subsidiary or Affiliate of a Current Client (*Perry Weitz*) |

## **Exhibit C**

**Dold Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]

               Debtor.

Chapter 11

Case No. 21-10910

---

### DECLARATION OF JEFFREY DOLD IN SUPPORT OF DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

Jeffrey Dold makes this declaration under 28 U.S.C. § 1746:

1.      I serve as the Chief Financial Officer of the Debtor.

2.      I submit this declaration (the "Declaration") in support of the *Debtor's Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtor* Nunc Pro Tunc *to the Petition Date* (the "Retention Application").[2]  Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein.

### Selection of Paul, Weiss

3.      The Debtor assessed potential counsel based on their experience and expertise in the relevant legal issues and in similar proceedings, and ultimately retained Paul, Weiss for the role of lead restructuring counsel in light of, among other reasons, Paul, Weiss's substantial experience representing debtors and creditors in chapter 11 cases.  In the period leading up to the Petition Date, Paul, Weiss has become intimately familiar with the Debtor's operations and capital

---

[1]  The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2]  Capitalized terms used herein, but not otherwise defined, have the meaning ascribed to them in the Retention Application.

structure, as well as with the key creditors and other stakeholders in this chapter 11 case.
Therefore, I believe that Paul, Weiss is well-qualified and well-situated to represent the Debtor in
this chapter 11 case in an efficient and timely manner.

<u>**Rate Structure and Cost Supervision**</u>

4.      In connection with the filing of this chapter 11 case, the Debtor and Paul, Weiss
have agreed-upon rates in accordance with Paul, Weiss's customary rates, subject to a 7.5%
discount on all fees offered by the firm to the Debtor in light of its non-profit status and charitable
mission.  Paul, Weiss has confirmed to the Debtor that the Firm does not vary its billing rates or
the material terms of an engagement depending on whether such engagement is a bankruptcy or a
nonbankruptcy engagement.  Paul, Weiss has further advised the Debtor that its current customary
U.S. hourly rates are $1,530.00 to $2,025.00 for partners, $1,525.00 for counsel, $735.00 to
$1,280.00 for associates, and $135.00 to $435.00 for paraprofessionals.  It is my understanding
that Paul, Weiss reviews and adjusts its billing rates annually to ensure that its rates are comparable
to the billing rates of its peer firms.  To the extent that there is any disparity in such rates, however,
I nevertheless believe that Paul, Weiss's retention by the Debtor is warranted in this chapter 11
case.

5.      The Debtor understands that Paul, Weiss's fees and expenses will be subject to
periodic review on a monthly, interim, and final basis during the pendency of this chapter 11 case
by various third parties, including the Court, and that such fees and expenses will be subject to the
terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court
governing the procedures for approval of interim compensation of professionals retained in this
chapter 11 case.

6.      I recognize that it is the Debtor's responsibility to monitor closely the billing
practices of its counsel to ensure the fees and expenses paid by the estate remain consistent with

the Debtor's expectations and the exigencies of this chapter 11 case.  The Debtor will continue to review the statements that Paul, Weiss regularly submits and amend the budget and staffing plans periodically, as the case develops.  Moreover, Paul, Weiss has informed me that the Debtor will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtor determines that such adjustments are necessary and appropriate, and that such requests will be carefully considered by Paul, Weiss.  As it did prepetition, the Debtor will continue to diligently review counsel fees and expenses and, together with Paul, Weiss, amend such invoices as necessary.

7.       For the reasons set forth above, the Debtor believes that Paul, Weiss's employment is necessary and in the best interest of the Debtor and its estate.

*[Remainder of page intentionally left blank.]*

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 29, 2022

*/s/ Jeffrey Dold*

Jeffrey Dold
Chief Financial Officer
Madison Square Boys & Girls Club, Inc.