James I. Stang, Esq. (*pro hac vice pending*)
Iain A.W. Nasatir, Esq.
John W. Lucas, Esq.
Malhar S. Pagay, Esq. (*pro hac vice pending*)
Gillian N. Brown, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Fax: (212) 561-7777
Emails: jstang@pszjlaw.com
      inasatir@pszjlaw.com
      jlucas@pszjlaw.com
      mpagay@pszjlaw.com
      gbrown@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------X | |
| | : |
| In re | : Chapter 11 |
| | : |
| MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1] | : Case No. 22-10910-shl |
| | : |
| Debtor. | : |
| | : |
| ------------------------------------------------------------X | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE**
**2004 AUTHORIZING EXAMINATIONS AND PRODUCTION OF**
**DOCUMENTS OF BOYS & GIRLS CLUBS OF AMERICA**

The Official Committee of Unsecured Creditors (the "**Committee**") of Madison Square

Boys & Girls Club, Inc. (the "**MSBGC**" or the "**Debtor**"), in the above-captioned case (the

"**Case**") under Title 11 of the United States Code (the "**Bankruptcy Code**"), by and through its

undersigned counsel, hereby moves (the "**Motion**") this Court for entry of an order pursuant to

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing

the examination pursuant to Bankruptcy Rule 2004 of Boys & Girls Clubs of America (the

"**BGCA**"), and the production of documents by BGCA to the Committee.

In support of the Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.      At the Debtor's request, the Court has temporarily stayed certain proceedings in

this Case in order to facilitate "mediation [that] will dictate whether or not the [sexual abuse

claims] can be consensually resolved through a comprehensive global solution."[2]  The mediation

is to proceed on an expedited basis over the next three months, provided, however, that "unless

directed by the Mediator, the commencement of a mediation topic/session shall not begin until

the respective Mediation Parties have the information they deem reasonably necessary to engage

in such mediation topic/session."[3]

2.      In order for the mediation process to commence promptly and be productive, the

Committee requires a full understanding of the legal and financial relationship between the

Debtor and BGCA as well as BGCA's potential insurance coverage relating to sexual abuse

claims.

3.      The Committee seeks such information in order to meaningfully participate in the

mediation and carry out its duties under section 1103 of the Bankruptcy Code in a cost-effective

manner and to work to maximize unsecured creditors' recoveries in this Case.

---

[2] *Debtor's Motion for an Entry of an Order (I) Temporarily Suspending Its Chapter 11 Case Pursuant to 11 U.S.C. 105 and 305, and (II) Granting Related Relief* [Docket No. 8] (the "**Suspension Motion**"), ¶ 25 at 11.

[3] *Debtor's Motion for Entry of an Order (I) Appointing the Honorable Shelley C. Chapman as Mediator; (II) Referring Certain Matters to Mediation; and (III) Granting Related Relief* [Docket No. 7] (the "**Mediation Motion**"), ¶ 17(a)  at 7; *Order (I) Appointing the Honorable Shelley C. Chapman as Mediator; (II) Referring Certain Matters to Mediation; and (III) Granting Related Relief* [Docket No. 77] (the "**Mediation Order**"), ¶ 6 at 3. The Committee is a Mediation Party.

DOCS_LA:344597.4 54162/004

4.      Through this Motion, the Committee seeks entry of an order, substantially in the form annexed hereto as **Exhibit "B"**, authorizing the Committee to issue a subpoena to the BGCA, requiring it to (a) produce the documents described on **Exhibit "A"**, attached hereto (the "**Requests**"), and (b) provide deposition testimony to the Committee regarding the information sought through the Requests.

### RELEVANT FACTS

**A.      The Commencement of the Case and Appointment of the Committee**

5.      On June 29, 2022 (the "**Petition Date**"), the Debtor commenced its chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate as debtor in possession.  No trustee or examiner has been appointed in the Case.

6.      The Debtor states that it commenced its Case "due to its inability to litigate or otherwise resolve approximately 145 pending sexual abuse claims by former members against individuals employed by, or volunteering at, Madison at various times from the 1940s to the 1980s."[4]

7.      On July 13, 2022, the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The Committee consists of seven individuals who hold unsecured sexual abuse claims against the Debtor.[5]

**B.      The Mediation and Stay of Proceedings**

8.      On July 21, 2022, the Court entered its Mediation Order, (a) requiring certain parties in interest "to mediate any and all issues related to the comprehensive resolution of [sexual abuse claims] through a chapter 11 plan of reorganization," (b) appointing The

---

[4] *Declaration of Jeffrey Dold (I) in Support of First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 10] (the "**First Day Declaration**"), ¶ 5 at 2.

[5] *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 53].

Honorable Shelley C. Chapman as mediator, and (c) granting related relief.[6]  The Mediation

Parties include the Debtor, the Committee, Federal Insurance Company and the Boys & Girls

Clubs of America.[7]  Among other relief, the Mediation Order provides for a Mediation Period of

90 days (subject to extension) and that, "[u]nless directed by the Mediator, the commencement of

a mediation topic/session shall not begin until the respective Mediation Parties have the

information they deem reasonably necessary to engage in such mediation topic/session."[8]

9.     That same day, the Court entered its *Order (I) Directing Temporary Stay of

*Certain Matters in Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 104, and (II) Granting*

*Related Relief* [Docket No. 78] (the "**Stay Order**"), staying proceedings in the Case (subject to

certain exceptions) during the Mediation Period.  The Stay Order explicitly excludes from the

stay of proceedings the Committee's exercise of its rights "to propound Court-ordered discovery

in compliance with applicable law."[9]

10.     As of the time of filing of this Motion, (a) on July 25, 2022, as directed by the

Mediation Order, the Mediator conducted an initial meeting with the Mediation Parties to discuss

the timing of the Mediation among other issues, (b) on August 3, 2022, the Mediation Parties,

including the Committee, submitted confidential mediation statements to the Mediator at her

request, (c) on August 5, 2022, counsel for the Committee had an initial meeting with the

Mediator, and (d) nineteen (19) days of the Mediation Period have passed, with 71 remaining.

---

[6] Mediation Motion ¶ 9 at 5; *see* Mediation Order ¶¶ 1-2 at 2.

[7] *See* Mediation Order ¶ 3 at 2.

[8] *Id.* ¶ 6-7 at 3.

[9] Stay Order ¶ 4(c) at 3.

## C.    Uncertainties Regarding the Debtor's Insurance

11.    The Debtor admits that it has had "limited success to date" in "trying to uncover available insurance coverage" relating to the numerous sexual abuse claims asserted against it.[10] To date, through its insurance archeologist, the Debtor is aware of 24 primary general liability insurance policies for the years 1970 to 1991 and 11 excess policies for the years 1983 to 1995.[11]

12.    In response to notices issued by the Debtor's insurance counsel, nearly all of the Debtor's "identified general liability insurers" have denied coverage, and the one insurer who did not immediately deny coverage – Federal Insurance Company -- is engaged in a dispute with the Debtor as of the Petition Date.[12]

13.    With respect to its employment practices liability policies, the Debtor reports that it has not been successful in seeking coverage from its primary and excess insurers through prepetition litigation.[13]

## D.    The Relationship Between the Debtor and BGCA

14.    The Debtor was a "founding member"[14] of BGCA who is "reliant upon BGCA" for various services.[15]

15.    The Debtor partners with BGCA to address child safety issues.[16]

16.    BGCA was named as a defendant by 98 of the sexual abuse survivors who have asserted claims against the Debtor.[17]  BGCA is "pursuing its own defense of these claims."[18]

---

[10] First Day Declaration, ¶ 49 at 18; *see id.* ¶ 52 at 19-20.

[11] *See id.* ¶ 50 at 19.

[12] *Id.* ¶ 51 at 19.

[13] *Id.* ¶ 53 at 20.

[14] *Id.* ¶ 20 at 8.

[15] *Id.* ¶ 64 at 25.

[16] *Id.* ¶ 36 at 14.

[17] *Id.* ¶ 10 at 4.

**E.    BGCA's Refusal to Produce Documents in Response to Informal Request**

17.    On April 18, 2022, counsel for the Committee, in its prepetition capacity as counsel for an ad hoc committee representing the interests of survivors of sexual abuse asserting claims against the Debtor, sent BGCA's counsel an informal request for the production of certain documents that would be useful in evaluating the ability of parties in interest to reach a consensual plan of reorganization.  To date, BGCA has not produced the requested documents.[19]

## JURISDICTION

18.    This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein are sections 1103 and 1109(b) of the Bankruptcy Code and Bankruptcy Rule 2004.

## RELIEF REQUESTED

19.    The Committee respectfully requests entry of an order pursuant to Bankruptcy Rule 2004, substantially in the form annexed hereto as **Exhibit "B"**, authorizing the Committee to issue subpoenas to the BGCA, requiring it to (a) produce the documents described in the Requests, and (b) provide deposition testimony to the Committee regarding the information sought through the Requests.

20.    A declaration in support of this Motion, by James I. Stang (the "**Stang Declaration**"), a member of the law firm of Pachulski Stang Ziehl & Jones LLP, proposed counsel for the Committee, is annexed hereto as **Exhibit "A"**.

---

[18] *Id.* ¶ 65 at 25.

[19] Stang Declaration (as defined below) ¶ 4 at 2.

DOCS_LA:344597.4 54162/004

## BASIS FOR RELIEF

21.     Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  Bankruptcy Rule 2004(a).  Bankruptcy Rule 2004 is primarily used for "revealing the nature and extent of the bankruptcy estate, and for discovering assets, examining transactions, and determining what wrongdoing occurred."  *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008); *see also In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (Rule 2004's purpose is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors"); *In re The Bennet Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (Rule 2004's purpose is to assist in "revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed").

22.     Pursuant to Bankruptcy Rule 2004, a party in interest may seek both document and oral discovery related to "acts, conduct, or property of the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Bankruptcy Rule 2004(b).  Under Bankruptcy Rule 2004(c), the "attendance of an entity for examination and the production of documents. . . may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial."  Bankruptcy Rule 2004(c).  In turn, Bankruptcy Rule 9016 makes Federal Rule of Civil Procedure 45 (governing subpoenas) applicable in cases under the Bankruptcy Code. Bankruptcy Rule 9016.

23.     Unlike discovery under the Federal Rules of Civil Procedure (the "**Civil Rules**"), discovery under Bankruptcy Rule 2004 can be used as a "pre-litigation discovery device."  *In re Wilson*, 2009 WL 304672, at *5 (Bankr. E.D. La. 2009); *see also In re Hughes,* 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002).  As such, a Bankruptcy Rule 2004 motion need not be tied to

7

specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (Bankruptcy Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

24. Moreover, the scope of a Bankruptcy Rule 2004 examination is broader than that of discovery under the Civil Rules or the Bankruptcy Rules governing adversary proceedings. *In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[T]he scope of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure."). In fact, courts have recognized that Bankruptcy Rule 2004 examinations may be "broad" and "unfettered," and can legitimately be in the nature of a "fishing expedition." *In re Countrywide Home Loans, Inc*., 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); *see also In re Lev*, 2008 WL 207523, at *3 (Bankr. D.N.J. 2008); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re The Bennet Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (Rule 2004's purpose is to assist in "revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed"); *In re Valley Forge Plaza Assocs*., 109 B.R. 669, 674 (E.D. Pa. 1990). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432, (Bankr. S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

25. The Committee must understand the nature and extent of the Debtor's multi-faceted relationship with BGCA, which appears to include, at a minimum, that of national

governing organization, co-obligor for claims of sexual abuse asserted against the Debtor's bankruptcy estate and partner in addressing issues of child protection.

26.     Also, the Committee must gather information regarding BGCA's insurance coverage in order for the Committee and other parties in interest to work collaboratively in mediation towards a potential global resolution of the treatment of sexual abuse claims in this Case.  BGCA's insurance may cover the claims against BGCA and it may provide coverage to the Debtor.  BGCA informed the ad hoc committee that its insurance does not cover the Debtor but it did not provide copies of the insurance policies for the ad hoc committee to reach its own conclusions.

27.     The Committee requires information from BGCA regarding its experience with Abuse Claims to assist the Committee in developing a valuation of such claims asserted against the Debtor which will inform mediation discussions geared towards formulating a global settlement involving the treatment of such claims.

28.     Because of the expedited timetable of the mediation, the Committee proposes that the BGCA (a) produce the requested documents no later than ten (10) days after entry of this Court's order granting the Motion; and (b) provide testimony by examination no sooner than approximately ten (10) days after such production.

29.     The decision whether to authorize the requested discovery rests within the bankruptcy court's sound discretion.  *See, e.g., In re Hammond*, 140 B.R. 197, 200 (Bankr. S.D. Ohio 1992).  Courts authorize discovery under Bankruptcy Rule 2004 to assist in recovering assets for the benefit of a debtor's creditors.  *See In re Vantage Petroleum Corp*., 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983) (allowing discovery under Rule 2004 to help the debtor "discover and recover assets for benefit of creditors of the debtor").

30.     In addition, section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order . . . that is necessary or appropriate to carry out provisions of this title." 11 U.S.C. § 105(a). The Committee's investigation will, among other things, assist the Committee to fulfill its statutory duty to "investigate the acts, conduct, assets, liabilities, and financial condition of the [D]ebtor." 11 U.S.C. § 1103(c)(2).

31.     Here, the requested relief is well within the scope of Bankruptcy Rule 2004.  The Committee seeks to maximize creditors' recoveries in this Case.  As such, the Committee needs the information it seeks to properly evaluate the value of the Debtor's insurance policies and whether survivors have claims against BGCA which may be treated under a reorganization plan in this Case.  The Committee cannot engage in mediation regarding a global resolution of this Case and the disposition of the sexual abuse claims asserted against the Debtor without the information sought herein.

32.     Based on the foregoing, the Committee seeks entry of an order, substantially in the form annexed hereto as **Exhibit "C"**, authorizing the Committee to issue a subpoena to the BGCA, requiring it to (a) produce the documents described in the Requests, and (b) provide deposition testimony to the Committee regarding the information sought through the Requests.

## NO PRIOR REQUEST

33.     No prior request for the relief sought in this Motion has been made to this or any other Court.

## NOTICE

34.     Notice of this Motion has been given to (a) the U.S. Trustee; (b) counsel to the Debtor; (c) all parties that filed a notice of appearance in this Case as of the date hereof; and (d) the BGCA.  In light of the nature of the relief requested herein, the Committee submits that no other or further notice is required.

WHEREFORE, the Committee respectfully requests that this Court: (i) enter an order substantially in the form attached hereto as **Exhibit "C"**, granting the relief sought herein; and (ii) grant such other and further relief to the Committee as the Court may deem proper.

Dated: August 9, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*John W. Lucas*
James I. Stang, Esq. *(pro hac vice pending)*
Iain A.W. Nasatir, Esq.
John W. Lucas, Esq.
Malhar S. Pagay, Esq. *(pro hac vice pending)*
Gillian N. Brown, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Fax: (212) 561-7777
Emails: jstang@pszjlaw.com
        inasatir@pszjlaw.com
        jlucas@pszjlaw.com
        mpagay@pszjlaw.com
        gbrown@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

DOCS_LA:344597.4 54162/004

**EXHIBIT "A"**

**<u>REQUESTS</u>**

# <u>INSTRUCTIONS</u>

**A.**     Pursuant to Local Bankruptcy Rule 2004-1 and Local Civil Rule 26.3, the definitions and constructions set forth in Local Civil Rule 26.3(c) and (d), respectively, shall apply to the Requests below.

**B.**     All responses shall comply with the requirements of the Local Bankruptcy Rules, Local Civil Rules, Bankruptcy Rules and any Court order.

**C.**     You are required to conduct a thorough investigation and produce all Documents (as defined below) in your possession, custody, and control including all Documents in the possession, custody and control of your attorneys, investigators, experts, officers, trustees, members, directors, employees, agents, representatives, and anyone acting on Your behalf.

**D.**     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction F, below, must be provided.

**E.**     To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

DOCS_LA:344597.4 54162/004

**F.** If You are unable to comply with a particular category(ies) of the Requests below and Documents responsive to the category are in existence, state the following information:

1. The date of the Document;

2. The type of Document (*e.g.*, letter, memorandum, report, etc.);

3. The name, address, telephone number and title of the author(s) of the Document;

4. The name, address, telephone number and title of each recipient of the Document;

5. The number of pages in the Document;

6. The document control number, if any;

7. The present location(s) of the Document and the name, address and telephone number of the Person(s) who has (have) possession of the Document;

8. A specific description of the subject matter of the Document;

9. The reason why the Document cannot be produced or why you are unable to comply with the particular category of Request.

**G.** You are under a continuing duty to timely amend your written response and to produce additional Documents if you learn that the response is in some material respect incomplete or incorrect.

**H.** Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, servers, PDAs, cell and smart phones, other wireless devices, scanners, facsimile transmission and copying machines, mobile storage devices (such as thumb or other external hard drives), local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file

hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

**I.**     You are required to produce the full and complete originals or duplicate (as such terms are defined by Rule 1001 of the Federal Rules of Evidence)  if the original is unavailable, of each Document responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions.  Duplicates may be produced in lieu of originals if the entirety (front and back where appropriate) of the Document is reproduced and the Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s).  If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

**J.**     You are required to produce the Documents as they are kept in the usual course of business or your operations, or to organize and label them to correspond with each category in these Requests.

**K.**     Documents attached to each other should not be separated; separate Documents should not be attached to each other.

**L.**     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

**M.**     If You object to any of these Requests, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

4

**N.** The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests based on the knowledge or information that You possess at the time You respond to these Requests. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request, so state in Your response to that Request.

**O.** If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

**P.** You are required to produce Electronically Stored Information in searchable form.

**Q.** For Documents that are currently in paper format:

1. Documents must be scanned and produced electronically in single page TIFF format with corresponding OPT file, DAT file, as well as OCR or extracted text and .lst file.

2. To the extent available, provide Beginning Production Number, Ending Production Number, Folder information, custodian information and family information.

**R.** For Documents that contain Electronically Stored Information, the following guidelines are to apply:

1. Single page, Group IV TIFFs with links to native files (for Excel or similar spread sheet or accounting files, at a minimum) with corresponding OPT file, DAT file, as well as OCR or extracted text and .lst file.

2. Maintain family integrity.

3. Perform custodian-level reduplication.

4. Concordance standard delimited DAT load file with the following metadata fields: Beginning Production Number, Ending Production Number, Beginning Attachment Number, End Attachment Number, Family ID, Page Count, Custodian, Original Location Path, Email Folder

5

Path, Document Type, Doc Author, Doc Last Author, Comments, Categories, Revisions, File Name, File Size, MD5 Hash, Date Last Modified, Time Last Modified, Date Created, Time Created, Date Last Accessed, Time Last Accessed, Date Sent, Time Sent, Date Received, Time Received, To, From, CC, BCC, Email Subject, Path to Native, Path to Full Text, Original Time Zone.

5. OCR or extracted text for all ESI:  (a) Separate .txt files corresponding to beginning production number of each document; (b) Separate .lst file for fulltext.

6. Process all data in GMT and provide a metadata field indicating original time zone.

**S.** If you withhold or redact a portion of any Document under a claim of privilege or other protection, each such Document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged Documents responsive to this Request, and which privilege log shall state the following information:

1. The date of the Document;

2. The type of Document (*e.g.*, letter, memorandum, report, etc.);

3. The name, address, telephone number and title of the author(s) of the Document;

4. The name, address, telephone number and title of each recipient of the Document;

5. The number of pages in the Document;

6. The document control number, if any;

7. The present location(s) of the Document and the name, address and telephone number of the Persons) who has (have) possession of the Document;

8. A general description of the subject matter of the Document or the portion redacted without disclosing the asserted privileged or protected communication;

9. The specific privilege(s) or protection(s) that you contend applies.

DOCS_LA:344597.4 54162/004

**T.**     Documents not otherwise responsive to these Requests should be produced:  (1) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (2) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (3) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

**U.**     Unless otherwise specified, the relevant time period to which each Request relates is the inception of the Debtor through the date You produce Documents responsive to the Requests.

**V.**     The names of Abuse Claimants may be redacted from the Documents provided in response to these Requests.


## DEFINITIONS

Unless otherwise stated, the following definitions shall apply to these Requests:

1.  **"Abuse"** means sexual conduct or sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, indecent assault or battery, rape, pedophilia, ephebophilia, sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease, disability, dysfunction, or intimidation, any other sexual misconduct or injury, contacts or interactions of a sexual nature, including the use of photography, video, or digital media, or other physical abuse or bullying or harassment without regard to whether such physical abuse or bullying is of a sexual nature, between a child and an adult, between a child and another child, or between a non-consenting adult and another adult, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical

contact, and whether there is or was any associated physical, psychological, or emotional harm to the child or non-consenting adult.

2. **"Abuse Claim"** means a liquidated or unliquidated Claim that is attributable to, arises from, is based upon, relates to, or results from, directly, indirectly, or derivatively, alleged Abuse, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, alter ego, respondeat superior, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based upon, or directly or indirectly related to any insurance relationship, the provision of insurance or the provision of insurance services, or misrepresentation, concealment, or unfair practice, breach of fiduciary duty, public or private nuisance, gross negligence, willful misconduct, or any other theory, including any theory based on or related to public policy or any act or failure to act, or failure to warn, including any such Claim that has been asserted or may be amended to assert in a proof of claim alleging Abuse, whether or not timely filed, in the Case, including any proportionate or allocable share of liability based thereon, and any other Claim that is attributable to, arises from, is based upon, relates to, or results from, alleged Abuse regardless of whether, as of the Petition Date, such Claim was barred by any applicable statute of limitations.

3. **"Abuse Claimant"** means the Person asserting an Abuse Claim.

4. **"Bankruptcy Case"** means and refers to the chapter 11 case of Madison Square Boys & Girls Club, Inc., currently pending in the United States Bankruptcy Court for the Southern District of New York under the case captioned as *In re Madison Square Boys & Girls Club, Inc.*, Case No. 22-10910-shl.

8

5. "**Bankruptcy Code**" means and refers to 11 U.S.C. §101 *et seq.* (as amended from time to time).

6. "**BGCA**" means the Boys & Girls Clubs of America and each of its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, as well as any other Person acting on behalf of the BGCA.

7. "**Claim**" means any "claim," as defined in section 101(5) of the Bankruptcy Code.

8. "**Communication**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

9. "**Concern**" or "**Concerning**" shall have the definition of "concerning" set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

10. "**Debtor**" or "**MSBGC**" means Madison Square Boys & Girls Club, Inc., collectively or individually, as context requires and to encompass responsive Documents, Madison Boys & Girls Club, Inc., and each of its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, as well as any other Person acting on behalf of the Debtor.

11. "**Document**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

12. "**Each**" shall have the construction set forth in Local Civil Rule 26.3(d), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

DOCS_LA:344597.4 54162/004

13. "**Electronically Stored Information**" or "**ESI**" means, without limitation, all information and data (including, without limitation, email, voicemail, instant messages, intranet and internet system data, telephone and cellular phone calling records, data compilations, spreadsheets, word processing documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices) contained on any computing device or electromagnetic media owned, maintained, or otherwise controlled by You, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of You and Your employees, or on associated external storage media, backup tapes, and other archival copies of same.  Unless otherwise specified, documents, reports, and other Electronically Stored Information created using any version of Microsoft Word, PowerPoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on whatever media it currently resides.  The document should not be locked, resaved, restructured, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in Your systems.  Unless otherwise specified, electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by Your mail processing software.  All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags, message read/access

10

timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

14. **"Identify"** shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

15. **"Insurance Policies"** means any and all contracts, binders, certificates, insurance agreements or insurance policies currently or previously in effect at any time alleged to afford insurance coverage.

16. **"Perpetrator"** means any individual who personally committed or is alleged to have personally committed an act of Abuse that forms the basis for an Abuse Claim.

17. "**Person**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

18. **"Petition Date"** means June 29, 2022.

19. **"Rockefeller"** means The Rockefeller University and The Rockefeller University Hospital, individually and collectively, and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, as well as any other Person acting on Rockefeller's behalf.

20. **"Settlement"** means any settlement or other resolution Concerning an Abuse Claim.

21. **"Verdict"** means any verdict, judgment, award or decision of a court, arbitrator, mediator or similar tribunal Concerning an Abuse Claim.

22. "**You**", "**Your**", and "**Yours**" means and refers to the Person responding to the relevant Request and each of its agents, accountants, financial advisors, employees, experts, attorneys,

officers, directors, direct or indirect shareholders, members, representatives, affiliates,

subsidiaries, predecessors and/or successors, as well as any other Person acting on Your behalf.

## REQUESTS FOR PRODUCTION

1. All Documents, including meeting minutes (of BGCA's Board of Governors, Trustees, Ambassadors, directors, committees, or other governing boards), resolutions, articles, and bylaws, Concerning BGCA's incorporation, organization, governance, and corporate structure.

2. All Insurance Policies.

3. All Documents that You or anyone acting on Your behalf prepared, authored, sent, or received that interpret, refer to, relate to, or otherwise Concern general and employment practices liability insurance coverage for BGCA.

4. All Documents that You or anyone acting on Your behalf prepared, authored, sent, or received that interpret, refer to, relate to, or otherwise Concern insurance coverage for MSBGC, including Insurance Policies under which MSBGC was an additional insured (including a named or unnamed insured).

5. All Documents Concerning MSBGC including Documents Concerning any business, legal or financial relationship between BGCA and MSBGC, including all Documents Concerning MSBGC's becoming a local Club of BGCA (including any renewals thereof).

6. All Documents Concerning any business, legal or financial relationship between BGCA and Rockefeller.

7. All Documents Concerning Insurance Policies, including all declaration pages, coverage sheets or face sheets, and all forms and endorsements that are, or may be, a part of any insurance agreement that may provide a duty to defend or a duty to indemnify an Abuse Claim Concerning MSBGC, including, without limitation, primary, excess, self-insured, workers' compensation, or umbrella policies.

8. All Documents Concerning the names and/or identifying information for the insurance carriers and/or insurance brokers for BGCA, including, without limitation, primary, excess, self-insured, workers' compensation, or umbrella policies.

9. All Documents Concerning any and all alleged Abuse Claims made under any Insurance Policies that are responsive to these Requests.

10. All Documents Concerning the amount or extent of coverage remaining under any Insurance Policies that are responsive to these Requests.

11. All Documents Concerning litigation against BGCA Concerning Abuse Claims, including Documents that reflect any insurer who was involved in the defense or indemnification of such litigation and any insurer to whom the litigation was tendered for defense or indemnification.

12. All Documents Concerning and sufficient to Identify each (a) Settlement, (b) Verdict in favor of a Person asserting an Abuse Claim, and (c) Verdict in favor of a Person defending an Abuse Claim, Concerning BGCA, including the following information with respect to each such Settlement and Verdict:

   a. Your claim file and all Communications Concerning each such Abuse Claim;
   b. All complaints or statements of claim associated with each Settlement and Verdict, including the filing date of the action, causes of action asserted, any consolidated action, jurisdiction and plaintiff's counsel;
   c. The state of the relevant proceeding at the time of the Settlement or Verdict;
   d. Amount of Settlement or award pursuant to or subject to the Verdict Concerning the relevant Abuse Claim(s), including the total Settlement or award amount, all sub-components of economic and non-economic Settlement or award amounts, and apportionment or allocation of Settlement or award amounts among each defendant or party against which the Abuse Claim was asserted;
   e. With respect to a Verdict in favor of the defense Concerning an Abuse Claim, the amount of Abuse Claim subject to the Verdict, including total alleged amount of Abuse Claim and all alleged sub-components or economic and non-economic amounts of the Abuse Claim;
   f. Description of the Abuse Claim, including, but not limited to:  (i) actions of the Perpetrator giving rise to the Abuse Claim; (ii) number of instances of Abuse; (iii) year(s) of occurrence of Abuse at issue in the Abuse Claim; (iv) age of Abuse Claimant at time of Abuse alleged in the Abuse Claim; (v) identity of each defendant or party against which the Abuse Claim was asserted, including the alleged Perpetrator; (vi) state, city and county in which instance of Abuse at issue in the Abuse Claim occurred; and (vii) any other information or data collected, compiled, or maintained by You Concerning the Abuse Claim, including information Concerning the Abuse Claimant, the alleged Perpetrator, their respective backgrounds or histories Concerning the Abuse allegations, and Your knowledge of the same;
   g. The number of accusations (aside from the Abuse Claim at issue) brought against the alleged Perpetrator;
   h. The data of the Settlement or Verdict and any payments in connection therewith;
   i. If the defense of the Abuse Claim was covered by an Insurance Policy, the Insurance Policy (including copy thereof) and identification of the insurance company;

  j. Identity of source(s) of payment of the Settlement or Verdict amount, including if the Settlement or Verdict was paid in whole or in part from proceeds of an Insurance Policy, identification of the Insurance Policy, and insurance company;

  k. All Documents Concerning coverage for the Settlement of any Abuse Claims and all drafts thereof, including, without limitation, consents (or lack thereof) of other insureds or insurers to enter into any such Settlement; and

  l. All Documents Concerning the Settlement or Verdict, including any court order approving or implementing same.

13. All Documents Concerning an Abuse Claim Concerning BGCA not otherwise provided in response to the preceding Request.

14. All Documents prepared by MSBGC Concerning Abuse Claims provided to You.

15. All Documents prepared by Rockefeller Concerning Abuse Claims provided to You.

16. All Documents Concerning Abuse Claims provided by You to MSBGC.

17. All Documents Concerning Abuse Claims provided by You to Rockefeller.

18. All Documents, including analyses prepared by BGCA or anyone acting at BGCA's behalf, Concerning any estimate or approximation of the number of Perpetrators and/or the number of Persons who may assert Abuse Claims against BGCA, MSBGC or Rockefeller, respectively, arising from Abuse Concerning MSBGC or Rockefeller.

19. All Documents, including expert reports, that assert or ascribe a value to an Abuse Claim against, MSBGC, BGCA or Rockefeller, respectively, arising from Abuse Concerning MSBGC or Rockefeller.

20. All Documents that constitute, evidence, refer to, related to, otherwise Concern an Insurance Policy that provides or potentially provides coverage for Abuse Claims Concerning MSBGC, BGCA or Rockefeller, respectively, arising from Abuse Concerning MSBGC or Rockefeller.

21. All minutes of or other Documents relating to every meeting of Your board of directors, Governors, Trustees, or managers, any committee or subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups, during which there was discussion of MSBGC, Insurance Policies Concerning You and MSBGC, Abuse Claims asserted against You, MSBGC, or Rockefeller, respectively, arising from Abuse Concerning MSBGC or Rockefeller.

22. All Documents Concerning any Claim Concerning Abuse Claims asserted against MSBGC that You assert or may assert against MSBGC, including, but not limited to, the value of such Claim.

14

**EXHIBIT "B"**

**<u>STANG DECLARATION</u>**

James I. Stang, Esq. (*pro hac vice pending*)
Iain A.W. Nasatir, Esq.
John W. Lucas, Esq.
Malhar S. Pagay, Esq. (*pro hac vice pending*)
Gillian N. Brown, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Fax: (212) 561-7777
Emails: jstang@pszjlaw.com
      inasatir@pszjlaw.com
      jlucas@pszjlaw.com
      mpagay@pszjlaw.com
      gbrown@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
                           :
In re                     : Chapter 11
                           :
MADISON SQUARE BOYS & GIRLS CLUB,  : Case No. 22-10910-shl
INC.,[1]
                           :
        Debtor.           :
                           :
-----------------------------------------------------------X

**DECLARATION OF JAMES I. STANG IN SUPPORT OF MOTION OF THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN**
**ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING**
**<u>EXAMINATIONS AND PRODUCTION OF DOCUMENTS OF CERTAIN INSURERS</u>**

       I, James I. Stang, make this declaration under 28 U.S.C. § 1746 and state the following

under penalty of perjury:

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

1.      I am an attorney at law and a Partner in the firm, Pachulski Stang Ziehl & Jones

LLP ("**PSZJ**"), proposed counsel to the Official Committee of Unsecured Creditors (the

"**Committee**") of Madison Square Boys & Girls Club, Inc. (the "**MSBGC**" or the "**Debtor**"), in

the above-captioned case (the "**Case**").  My motion for admission to practice *pro hac vice* before

this Court is pending.

2.      I submit this declaration in support of the *Motion of the Official Committee of

Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing

Examinations and Production of Documents of Certain Insurers* (the "**Motion**").[2]

3.      Prior to the Petition Date, PSZJ represented an ad hoc committee representing the

interests of survivors of sexual abuse asserting claims against the Debtor (the "**Prepetition Ad**

**Hoc Committee**").

4.      On April 18, 2022, I, in my prepetition capacity as counsel for the Prepetition Ad

Hoc Committee, sent BGCA's counsel an email message containing an informal request for the

production of certain documents that would be useful in evaluating the ability of parties in

interest to reach a consensual plan of reorganization.  A true and correct copy of such request is

attached hereto as **Exhibit "1"**.  To date, BGCA has not produced the requested documents.


Dated:       August 9, 2022
             Los Angeles, California

                                            */s/ James I. Stang*
                                            James I. Stang

---

[2] Capitalized terms not otherwise used in this Declaration shall have the same meanings as set forth in the Motion.

**Exhibit "1"**

From: James Stang
Sent: Monday, April 18, 2022 4:48 PM
To: 'Newman, Sam' <sam.newman@sidley.com>; Kansa, Ken <kkansa@sidley.com>
Cc: Gillian N. Brown <gbrown@pszjlaw.com>; Matthew Dundon <md@dundon.com>; Tabish
Rizvi <tr@dundon.com>; Nathan Cook <Nathan.Cook@parthenon.ey.com>
Subject: Madison

Sam and Ken,

Thank you for speaking with us on April 18 regarding Madison Square Boys and Girls, Inc.
("MSBGC").

Following up on our conversation, IslandDundon and PSZJ contacted you on behalf of the Ad
Hoc Committee constituted of the following 7 law firms,: (i) Grant & Eisenhofer P.A.; (ii) Levy
Konigsberg LLP; (iii) Marsh Law PLLC; (iv) Herman Law Firm, P.A.; (v) Pfau Cochran
Vertetis Amala PLLC, (vi) Raphaelson & Levine Law Firm, P.C.; and (vii) Slater Slater
Schulman LLP.

As an initial request,  the following documents would be useful to us in evaluating the ability to
reach a consensual plan of reorganization with MSBGC:

BGCA liability or D&O insurance policies for the period 1950 to today under which MSBGC
was an additional insured, including a named or unnamed insured.

The BGCA organizational chart, detailing Board committees.

BGCA's corporate articles and bylaws from 1950 to present.

Documents setting forth the relationship between: (i)  BGCA and local clubs, (ii) BGCA and
MSBGC, (iii) any applications from MSBGC to BGCA for MSBGC to become a Boys & Girls
Club (including renewal applications if the relationship periodically is renewed) and (iv)
documents relating to such applications.

Please let us know your anticipated timeline for determining whether BGCA has these
documents to produce to us.

We will send you a chart of the filed CVA suits naming BGCA as a defendant.  That chart is "in
process".

Best regards,

Jim

James Stang
Pachulski Stang Ziehl & Jones LLP

Direct Dial: 310.772.2354
Tel: 310.277.6910 | Cell: 310.420.7535 | Fax: 310.201.0760
jstang@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

DOCS_LA:344597.4 54162/004

**EXHIBIT "C"**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                              :

In re                              : Chapter 11
                              :

MADISON SQUARE BOYS & GIRLS CLUB,  : Case No. 22-10910-shl
INC.[1],
                              :

              Debtor.          :
                              :
-------------------------------------------------------------X

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS TO OBTAIN DISCOVERY FROM BOYS & GIRLS CLUBS OF**
**AMERICA, PURSUANT TO BANKRUPTCY RULE 2004**

This matter coming before the Court on the motion (the "**Motion**") of the Official

Committee of Unsecured Creditors (the "**Committee**") of Madison Square Boys & Girls Club,

Inc., for entry of an order, pursuant to Bankruptcy Rule 2004, the examination pursuant to

Bankruptcy Rule 2004 of Boys & Girls Clubs of America (the "**BGCA**"), and the production of

documents by BGCA to the Committee;[2] the Court having reviewed and considered the Motion

and accompanying papers; the Court having found that (i) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2), and (iii) notice of the Motion as described in the Motion was proper under

the circumstances; and the Court having determined that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and good

and sufficient cause appearing therefor, it is hereby ORDERED that

        1.      The Motion is GRANTED.

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms not defined herein shall have the meanings and definitions ascribed to them in the Motion.

2.     The Committee is authorized to, in its discretion, examine BGCA pursuant to Bankruptcy Rule 2004 regarding the information sought through the Requests.

3.     The Committee is authorized to issue subpoenas directing BGCA's production of documents substantially as described in the Requests attached as Exhibit "A" to the Motion.

4.     The Committee may issue other discovery requests and subpoenas as may be necessary to accomplish the discovery authorized by this Order.

5.     Nothing contained herein shall prejudice the Committee's rights under Bankruptcy Rule 2004 and other applicable laws to seek further document productions and written and oral examinations in connection with this Case.

6.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
   August __, 2022

        _____
        THE HONORABLE SEAN H. LANE
        UNITED STATES BANKRUPTCY JUDGE

2