**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-10910 (SHL) |

### ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order") authorizing the Debtor to (a) establish procedures for interim compensation and compensation and reimbursement of expenses for Professionals; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.
[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Except as otherwise provided in an order of this Court authorizing the retention of a particular professional, all Professionals in this chapter 11 case may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

   (a) Each Professional seeking monthly compensation must prepare monthly fee applications (each, a "Monthly Fee Application") in accordance with Local Rule 2016-1(c), which shall include (i) the information required by Local Rules 2016-1(a) & (b) and (ii) a monthly invoice that contains fee and expense details that describes the fees and expenses incurred by such Professional;

   (b) Each Professional must serve its Monthly Fee Application by electronic or first-class mail on the following parties (the "Notice Parties") on or before the twentieth (20th) day of each month following the month for which compensation is sought:

   (i) the Debtor, Madison Square Boys and Girls Club, Inc., 250 Bradhurst Avenue, New York, New York 10039 (Attn.: Tim McChristian);

   (ii) Debtor's counsel, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Alan W. Kornberg, Andrew M. Parlen, John T. Weber);

   (iii) William K. Harrington, United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, New York 10014 (Attn.: Andrea B. Schwartz and Tara Tiantian); and

   (iv) counsel to any statutory committee appointed by the U.S. Trustee (each, a "Committee"), including counsel to the Official Committee of Unsecured Creditors, Pachulski Stang

Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn.: James Stang, John W. Lucas and Gillian N. Brown).

(c) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation shall file a Monthly Fee Application with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The monthly fee order does not alter the fee application requirements outlined in sections 330 and 331 of the Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules, and the Local Rules;

(d) Each Monthly Fee Application must contain a list of the individuals (and their respective titles, attorney, paralegal, etc.) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as otherwise ordered by the Court;

(e) Each party in interest will have fifteen (15) days after the filing of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certificate of no objection or a certification of counsel with the Court, whichever is applicable, after which the Debtor is authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Payment") and (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to paragraph 5(e) hereof;[3]

(f) If any party in interest objects to a Professional's Monthly Fee Application, such party in interest must serve on the affected Professional and each of the Notice Parties a written objection (the "Objection") on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within fourteen (14) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "Incremental Amount") and schedule such matter for hearing on at least fourteen (14) days' notice or (ii) forego payment of the Incremental Amount

---

[3] The remaining twenty percent (20%) of the Professional's fees for each Monthly Fee Application shall be withheld from payment until further order of the Court (the "Monthly Fee Holdback").

3

until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Professional;

(g) If an Objection is resolved, the Professional whose Monthly Fee Application was the subject of the Objection shall file and serve a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution. Upon the filing of such statement, the Debtor shall promptly pay, in accordance with paragraph (d), that portion of the Monthly Fee Application which is no longer subject to an Objection;

(h) All Objections that are not resolved by the parties or by Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (k);

(i) The filing of an Objection in accordance with paragraph (e) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision of any party not to object to a Monthly Fee Application shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Commencing with the period ending October 31, 2022, at four-month intervals (the "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties an application for interim approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application"), of the compensation and reimbursement of expenses requested by the Professional in its Monthly Fee Application, including any difference between any amounts owed to the Professional and the Actual Payments, filed during the Interim Fee Period. Each Professional shall file its Interim Fee Application no later than forty-five (45) days after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must identify the Monthly Fee Applications that are the subject of the request and any information requested by the Court or required by the Local Rules. A Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law.

The first Interim Fee Application must be filed on or before December 15, 2022, for the Interim Fee Period from the Petition Date through October 31, 2022. Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when due shall (1) be ineligible to receive further monthly payments of fees or expenses as

provided herein until further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later. Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon, which service may be via hand delivery, overnight courier or first-class mail, the affected Professional and the Notice Parties so as to be received on or before the twenty-first (21st) day (or the next business day if such day is not a business day) following the Interim Fee Application Filing Date. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including any difference between any amounts owed to the Professional and the Actual Payments) and expenses not previously paid;

(k) Unless a chapter 11 plan of reorganization or liquidation has been confirmed before the deadline to file an Interim Fee Application, the Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "Interim Fee Hearing"). At least twenty-one (21) days prior to the Interim Fee Hearing, the Debtor shall file a notice with the Court, with service upon all creditors, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications and the objection deadline;

(l) The pendency of an Interim Fee Application, a Monthly Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

3. In each Interim Fee Application and final fee application, all Professionals who have been or are hereafter retained pursuant to sections 327 and 1103 of the Bankruptcy Code (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures or orders of the Court and (ii) shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines*

*for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases*, effective as of November 1, 2013.

4. The Debtor shall include all payments to retained Professionals in this chapter 11 case on its monthly operating report, detailed so as to state the amount paid to each retained professional; <u>provided</u> that amounts paid to ordinary course professionals may be stated in the aggregate on any monthly operating report. Any Party may object to requests for payments made pursuant to this Order on the grounds that the Debtor has not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case.

5. Each member of a Committee may submit statements of expenses (excluding third-party counsel fees) and supporting vouchers to the Committee's counsel, which counsel can then pay and seek reimbursement through such counsel's fee applications in accordance with the Compensation Procedures.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The requirements set forth in Local Rule 9013-1(a) are satisfied.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order

Date: August 12, 2022 /s/ Sean H. Lane
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE