Alan W. Kornberg, Esq.
Andrew M. Parlen, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

**NOTICE OF FILING OF REVISED NOTES TO SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

**PLEASE TAKE NOTICE** that on July 12, 2022, the above-captioned debtor and debtor in possession (the "Debtor") filed its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statement") in the United States Bankruptcy Court for the Southern District of New York;

**PLEASE TAKE FURTHER NOTICE** that the Schedules and Statement incorporated the Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Existing Notes"); and

**PLEASE TAKE FURTHER NOTICE** that annexed hereto as **Exhibit A** are the Debtor's revised notes to the Schedules and Statement (the "Revised Notes"). The Existing Notes are hereby withdrawn and replaced in their entirety with the Revised Notes relating solely to the financial information contained in the Schedules and Statements.

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

| | |
|---|---|
| New York, New York<br>Dated: August 15, 2022 | */s/ Alan W. Kornberg*<br>Alan W. Kornberg, Esq.<br>Andrew M. Parlen, Esq.<br>William A. Clareman, Esq.<br>John T. Weber, Esq.<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br>akornberg@paulweiss.com<br>aparlen@paulweiss.com<br>wclareman@paulweiss.com<br>jweber@paulweiss.com<br><br>*Counsel to the Debtor and Debtor in Possession* |

## Exhibit A

**Revised Notes**

Alan W. Kornberg, Esq.
Andrew M. Parlen, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

**NOTES AND STATEMENTS REGARDING DEBTOR'S SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

**Introduction**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and a Statement of Financial Affairs (the "Statement," and, together with the Schedules, the "Schedules and Statement") filed by Madison Square Boys & Girls Club, Inc. (the "Debtor") in the United States Bankruptcy Court for the Southern District of New York (the "Court") were prepared in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code"), and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by the Debtor, with the assistance of the Debtor's professional advisors, and are unaudited.

These Notes and Statements Regarding the Debtor's Schedules and Statement (the "Notes and Statements") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statement. The Notes and Statements should be referred to and reviewed in connection with any review of the Schedules and Statement. The Notes and Statements are in addition to any specific notes contained in any Debtor's Schedules or Statement.

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

**Notes and Statements and Overview of Methodology**

1. **Description of Cases and "As Of" Information Date**. Unless otherwise stated herein, all information is reported as of May 31, 2022.

2. **Not-For Profit Corporation**. The Debtor is a not-for-profit corporation organized under the laws of the state of New York, and pursuant to 26 U.S.C. § 501(c)(e) and therefore is not obligated to pay certain taxes in New York and the United States related to the operation of its charitable or educational purposes.

3. **Totals**. All totals that are included in the Schedules and Statement represent totals of all known amounts included in the Debtor's books and records.[2]

4. **Currency**. All amounts are reflected in U.S. dollars.

5. **Book Value**. Unless otherwise indicated, the Debtor's assets and liabilities are shown on the basis of their net book values as of May 31, 2022. Thus, unless otherwise noted, the Schedules and Statement reflect the book value of the assets and liabilities as recorded on the Debtor's books. Net book values may vary, sometimes materially, from fair market values. The book values of certain assets may materially differ from their fair market values and/or any liquidation analysis prepared in connection with the Debtor's chapter 11 case.

6. **Duplication.** Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statement. To the extent these disclosures would be duplicative, the Debtor has determined to only list such assets, liabilities, and prepetition payments once.

7. **Liabilities**. The liabilities listed on the Schedules and Statement do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.

8. **Executory Contracts and Unexpired Leases**. The Debtor has not set forth executory contracts or unexpired leases as assets in the Schedules and Statement because the Debtor does not attribute any book value to such executory contracts and unexpired leases other than with respect to any amounts accrued as receivables, which are included as assets. The Debtor's executory contracts and unexpired leases have been set forth in Schedule G.

9. **Undetermined Amounts**. Claim amounts that could not readily be quantified by the Debtor are scheduled as "unknown," "TBD," "unliquidated," or "undetermined." The description of an amount as "unknown," "TBD," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

---

[2] The totals include the aggregate book value of the four (4) Clubhouses owned by the Debtor. The market value of the Debtor's interest in the Clubhouses is listed in the Schedules as undetermined.

2

10. **Director & Officer Addresses**. Personal addresses of directors and officers have been removed from entries listed throughout the Schedules and Statement. Addresses listed reflect business addresses of the Debtor.

11. **Employee Addresses**. Personal addresses of the Debtor's individual employees have been removed from entries listed throughout the Schedules and Statement. In accordance with the *Order (I) Authorizing and Approving Special Noticing and Confidentiality Procedures, (II) Authorizing and Approving Procedures for Providing Notice of Commencement, and (III) Granting Relief* (the "Confidentiality Procedures Order") [Docket No. 32], addresses listed reflect the corporate address of the Debtor.

12. **Abuse Claimant Information.** In accordance with the Confidentiality Procedures Order, the Debtor listed the contact information for counsel of record, where known, for any holder of a claim arising under the Child Victims Act or similar statute (an "Abuse Claim").

13. **Insiders**. In circumstances where the Schedules and Statement require information regarding "insiders," the Debtor has included information with respect to the individuals and entities that the Debtor believes may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. The Debtor reserves all rights to dispute whether someone identified in response to Question 4 of the Statement is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

14. **Credits and Adjustments**. The claims of individual creditors are listed as the amounts entered on the Debtor's books and records as of May 31, 2022. These figures may not reflect credits, allowances or other adjustments due from such creditors to the Debtor.

**General Disclosures Applicable to the Debtor's Schedules**

15. **Schedule A/B; Part 1.** Details with respect to the Debtor's cash management system and bank accounts are provided in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Continue to Operate its Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Maintain Investment Practices, and (II) Granting Related Relief* (the "Cash Management Motion") [Docket No. 6]. As described in the Cash Management Motion, there are a number of accounts in the Debtor's name that exclusively hold funds subject to donor restrictions. The U.S. Trust Co. Bank of America account (-6974) and the Fidelity/Camp Madison-Securities account were closed and liquidated in June 2022, and their proceeds were moved to the Debtor's J.P. Morgan operating account. However, they were open as of May 31, 2022 and, as such, are listed with their respective balances as of May 31, 2022.

16. **Schedule A/B; Part 2.** For purposes of these Schedules, prepaid assets are listed at their net value, after offsetting any accrued expenses associated with the prepayments.

17. **Schedule A/B.11.** Capital-Pledges Receivable are reflected at their present value.

3

18. **Schedule A/B; Part 7.** Office furniture, fixtures, equipment, and collectibles are recorded at cost and depreciated on a straight-line basis over the estimated useful lives of the assets. When office furniture or computer equipment is sold or otherwise disposed of, the asset and related accumulated depreciation accounts are relieved, and any resulting gain or loss is reflected in earnings.

19. **Schedule A/B; Part 8.** Machinery, equipment, and vehicles are recorded at cost and depreciated on a straight-line basis over the estimated useful lives of the assets. When machinery, equipment, and vehicles are sold or otherwise disposed of, the asset and related accumulated depreciation accounts are relieved and any resulting gain or loss is reflected in earnings.

20. **Schedule A/B; Part 9.** Real Property is recorded at cost and depreciated (as appropriate) on a straight-line basis over the estimated useful lives of the assets. Leasehold improvements are depreciated over the shorter of the remaining expected lease term or the estimated useful lives of the assets. Costs of improvements and renewals are capitalized, while costs of normal maintenance and repairs are charged to expense as incurred. When property is sold or otherwise disposed of, the asset and related accumulated depreciation accounts are relieved and any resulting gain or loss is reflected in earnings.

    While the Debtor owns four (4) of the six (6) Clubhouses, its ownership interest in the four (4) owned Clubhouses is subject to use restrictions incorporated in the relevant deeds for some of these properties or restrictions otherwise imposed on the properties by the various grants that the Debtor receives from governmental units.

21. **Schedule A/B; Part 10.** Because the Debtor does not attribute any book value to its donor lists, membership lists, and other intellectual property, the Debtor has listed these assets with undetermined values.

22. **Schedule A/B.75.** In the ordinary course of business, the Debtor may have accrued, or may in the future accrue, certain rights to counter-claims, cross-claims, setoffs, and/or refunds with Debtor's suppliers, or potential warranty claims against its suppliers. Additionally, the Debtor may be party to pending litigation in which the Debtor has asserted, or may assert, counter-claims and/or cross-claims as a defendant, and the Debtor may assert affirmative litigation claims against third-parties. Because such claims, including affirmative claims against third-parties are unknown to the Debtor and not quantifiable as of the Petition Date, they are not listed on Schedule A/B.75.

23. **Schedule E/F – Creditors Holding Unsecured Claims**. The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose may be a disputed issue of fact, which may affect the classification of such Claim.

    Schedule E/F also contains information regarding pending litigation and involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed. Any

4

holder of an Abuse Claim represented by two law firms is listed twice on Schedule E/F, but for the avoidance of doubt, these claimants only hold one Abuse Claim.

Schedule E/F does not include obligations owed by third-party insurance companies on account of abuse-related liabilities, including, without limitation, defense costs due and owing to litigation defense counsel and related professionals.

24. **Schedule H – Co-debtors**. The Debtor does not have any co-debtors.

## General Disclosures Applicable to the Debtor's Statement

25. **Statement 2**. Statement 2 presents all non-business revenue received by the Debtor. To be consistent with the ordinary course financial reporting, investment income is reported net of brokers' fees.

26. **Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtor except for those made to insiders (which payments appear in Statement 4), and employees. Disbursements made on account of multiple invoices may be reflected as a single payment. All transfers in Part 2, Question 3 of the Statement are listed as of the payment date.

27. **Statement 4**. Statement 4 presents (a) transactions between the Debtor and its non-debtor affiliates and (b) other transfers to insiders. As described in the First Day Declaration, in the ordinary course of its organizational operations, the Debtor makes lease payments to its non-debtor affiliate, MSBGC-NYC Support Corporation, in connection with the NMTC Facility (as defined in the First Day Declaration).

    With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals in the year before the "As Of" date" including compensation, bonuses, other employee benefits, and expense reimbursements. The payroll-related amounts shown in response to this question are gross amounts that do not include reductions for amounts relating to employee tax or benefit withholdings.

28. **Statement 7**. Statement 7 lists only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum as of the Petition Date.

29. **Statement 11**. All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the Debtor's response to Statement 11. Additional information regarding the Debtor's retention of professional service firms is more fully described in individual retention applications filed by the Debtor's professionals.

30. **Statement 18**. Statement 18 lists all accounts closed in the one year preceding the Petition Date. The Debtor has been informed that a balance of $45.00 remained in the Merrill Lynch account ending 4D54 which will be transferred to the Debtor's operating account.

5

31. **Statement 26d**. Pursuant to the requirements of the Internal Revenue Service (the "IRS"), the Debtor generally has filed with the IRS reports on Form 990 and Form 990-T. These IRS filings contain financial information relating to the Debtor and are available on the New York State Office of the Attorney General's website at https://www.charitiesnys.com. Additionally, financial information for the Debtor is posted on the Debtor's website at https://www.madisonsquare.org/news. Because the IRS filings and the website are publicly available records, the Debtor does not maintain records of the parties that requested or obtained copies of any of the IRS filings from the Attorney General, the IRS or the Debtor.

32. **Statement 28**. The Debtor has not included any of its Directors Emeritus in its response as those individuals are not a person in control of the Debtor and, in some cases, are deceased.

33. **Statement 29**. Statement 29 includes the names of directors who have resigned within one year of the Petition Date.

34. **Statement 30**. Where applicable, the Debtor has included a comprehensive response to Statement 30 in its response to Statement 4.