James I. Stang, Esq. (*pro hac vice*)
John W. Lucas, Esq.
Malhar S. Pagay, Esq. (*pro hac vice*)
Gillian N. Brown, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: 212.561.7700
Fax: 212.561.7777
Emails: jstang@pszjlaw.com
          jlucas@pszjlaw.com
          mpagay@pszjlaw.com
          gbrown@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------X
                                                             :
In re                                                        : Chapter 11
                                                             :
MADISON SQUARE BOYS & GIRLS CLUB,                            : Case No. 22-10910-SHL
INC.,¹                                                       :
                                                             :
                    Debtor.                                  :
                                                             :
-------------------------------------------------------------X
```

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE AS OF JULY 16, 2022

The Official Committee of Unsecured Creditors (the "**Committee**") of Madison Square

Boys & Girls Club, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"),

hereby submits its application (the "**Application**") for entry of an order, pursuant to sections 327

and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the

---

¹The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**" or the "**Firm**") as counsel to the Committee in connection with the Debtor's above-captioned chapter 11 case, effective as of July 16, 2022. In support of the Application, the Committee submits the declaration of James I. Stang (the "**Stang Declaration**"), a partner of the Firm, attached hereto as Exhibit A and incorporated herein by reference for all purposes. In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3. On June 29, 2022 (the "**Petition Date**"), the Debtor commenced a voluntary case (the "**Case**") under chapter 11 of title 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and remain in possession of its properties as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Case.

4. On July 13, 2022, the United States Trustee for Region 2 appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 53]. The Committee consists of seven individuals who hold

claims against the Debtor relating to childhood sexual abuse while they were participating in the youth organization operated by the Debtor.

5. Following the Committee's appointment, the Committee elected two Co-Chairs and, subject to Court approval, retained PSZJ as its counsel.

6. The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases. Notably, attorneys of the Firm have unique experience representing committees of survivors of childhood sexual abuse in the following chapter 11 cases: Diocese of Spokane (Washington); Diocese of Davenport (Iowa); Diocese of San Diego (California); Diocese of Fairbanks (Alaska); Diocese of Wilmington (Delaware); Society of Jesus, Oregon Province (a five state Province); Archdiocese of Milwaukee (Wisconsin); The Christian Brothers' Institute (New York); The Christian Brothers of Ireland, Inc. (New York); the Diocese of Gallup (New Mexico); the Roman Catholic Bishop of Helena (Montana); the Roman Catholic Bishop of Stockton (California); the Roman Catholic Bishop of Great Falls-Billings (Montana); Roman Catholic Church of the Archdiocese of Santa Fe (New Mexico); the Diocese of Rochester (New York); the Archdiocese of New Orleans (Louisiana); the Diocese of Buffalo (New York); and the Diocese of Rockville Centre (New York). The Firm also has experience representing committees comprised of, or including, survivors of childhood sexual abuse, and adult survivors of sexual abuse and harassment, including chapter 11 cases of the Boy Scouts of America, USA Gymnastics, and The Weinstein Companies. Such experience makes the Firm highly, if not uniquely, qualified to represent the Committee and to maximize efficiency based on its experience.

DOCS_NY:41347.2 18491/002

## RELIEF REQUESTED

7.     By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, pursuant to sections 327 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in this case. The Committee seeks to retain the Firm as of July 16, 2022, the date upon which the Committee hired the Firm.

## SERVICES TO BE RENDERED

8.     The Committee seeks to retain PSZJ, at the expense of the Debtor's estate, to render professional services as required by the Committee, including, but not limited to, the following:

    a.    assisting, advising, and representing the Committee in its consultations with the Debtor regarding the administration of this Case;

    b.    assisting, advising, and representing the Committee in analyzing the Debtor's assets and liabilities; investigating the extent and validity of liens or other interests in the Debtor's property; and participating in and reviewing any proposed asset sales, asset dispositions, financing arrangements, and cash collateral stipulations or proceedings;

    c.    reviewing and analyzing all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtor or third parties; advising the Committee as to their propriety; and, after consultation with the Committee, taking appropriate action;

    d.    preparing necessary applications, motions, answers, orders, reports, and other legal papers on behalf of the Committee;

    e.    representing the Committee at hearings before the Court; and communicating with the Committee regarding the issues raised, as well as the decisions of the Court;

    f.    representing the Committee at all mediation sessions, if any, before the Court;

    g.    performing all other legal services for the Committee which may be necessary and proper in this Case and any related proceeding(s);

h.   representing the Committee in connection with any litigation, disputes, or other matters that may arise in connection with this Case or any related proceeding(s);

i.   assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

j.   assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor; the Debtor's operations; and the desirability of the continuance of any portion of those operations;

k.   assisting, advising, and representing the Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

l.   assisting, advising, and representing the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

m.   assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules, and in performing other services as are in the interests of those represented by the Committee;

n.   assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including, but not limited to, avoidance actions; and

o.   providing such other services to the Committee as may be necessary in this Case or any related proceeding(s).

## **TERMS OF RETENTION**

9.   Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, PSZJ intends to (a) charge for its legal services on an hourly basis for all attorneys; and, for other billable staff members, using ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary expenses, and other charges PSZJ incurs as counsel to the Committee in this Case.

DOCS_NY:41347.2 18491/002

10.     PSZJ's hourly rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned, and by geographic location and market. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. PSZJ's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to this chapter 11 case and are reasonable.

11.     The standard hourly rates for the PSZJ attorneys who are expected to primarily work on this matter are $1,525.00 for James I. Stang, $1,395.00 for Iain A.W. Nasatir, $1, fo$1,095.00 for John W. Lucas and Malhar S. Pagay, and $925.00 for Gillian N. Brown. The Firm's current standard hourly rates are as follows:

| Partners | $945.00 to $1,775.00 per hour |
| Counsel | $725.00 to $1,425.00 per hour |
| Associates | $675.00 to $825.00 per hour |
| Paralegals | $460.00 to $495.00 per hour |

12.     PSZJ proposes to discount its invoices on a cumulative basis to the extent its regular attorney hourly rates exceed a blended rate of $900 per hour.

13.     In addition, PSZJ will contribute ten percent of all allowed fees PSZJ receives in this Case to a trust for the benefit of the holders of survivors of sexual abuse. The contribution will be funded to a client trust account on the basis of quarterly fee applications until a settlement trust is established through a chapter 11 plan. If no such settlement trust is created, the funds will be donated to a child advocacy organization to be selected by the Committee at the conclusion of the Case.

14.     PSZJ will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Committee. PSZJ charges its clients in all areas of practice for all other expenses incurred in connection with the client's Case. The expenses charged to clients include, among other things, telephone charges; mail and express mail charges; fax charges; special or hand delivery charges; document retrieval; e-discovery vendor services; photocopying charges; charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings; travel expenses; expenses for "working meals;" computerized research; transcription costs; and non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

15.     During this Case, individual Committee members may pay out of pocket for certain expenses related to their service as Committee members ("Committee Members' Expenses"). To alleviate any problems that may arise for Committee' members on account of any delay in seeking and obtaining reimbursement for Committee Members' Expenses through application to the Court, PSZJ proposes to pay such expenses directly, or reimburse the Committee members for any such expenses and then add such expenses to the Firm's invoices in this Case and detail them separately from the Firm's other Case-related expenses. Committee Members' Expenses shall be allowable to the Firm on the same basis as other expenses incurred by the Firm in this Case.

## NO ADVERSE INTEREST AND DISCLOSURE OF CONNECTIONS

16.     PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtor's estate, and does not hold or represent any interest adverse to and has no connection with the Committee or any Committee members; the Debtor; the Debtor's creditors; or any party in interest to this Case in the matters upon which PSZJ is to be retained, except as set forth in the Declaration. Therefore, to the best of the Committee's knowledge, PSZJ does not hold any interest that is adverse to the Committee or its constituency as required by section 1103 of the Bankruptcy Code.

17.     Prior to the Petition Date, PSZJ was engaged by an ad hoc committee (the "Ad Hoc Committee") of the following law firms in connection with the prepetition efforts to negotiate towards a consensual arrangement regarding the treatment and ultimate resolution of the childhood sexual abuse claims against the Debtor.

- Raphaelson & Levine Law Firm, P.C.

- Slater Slater Schulman LLP

- Pfau Cochran Vertetis Amala PLLC

- Marsh Law Firm PLLC

- Herman Law Firm., P.A.

- Grant & Eisenhofer P.A.

18.     The law firms that were members of the Ad Hoc Committee collectively represented approximately 80% of the childhood sexual abuse claims against the Debtor. Per the terms of the engagement letter between the Firm and the Ad Hoc Committee, the Firm's representation of the Ad Hoc Committee was set to terminate upon the filing of the Debtor's bankruptcy case. However, the Firm and the Ad Hoc Committee extended the term of the

engagement so that the Firm could continue to represent the interest of the Ad Hoc Committee through the appointment of the Committee.

19.     The fees and expenses incurred by the Firm on behalf of its representation of the Ad Hoc Committee were not the responsibility of the Ad Hoc Committee or its members. Instead, on April 21, 2022, PSZJ, on behalf of the Ad Hoc Committee, and the Debtor entered into an agreement (the "**Reimbursement Agreement**") whereby the Debtor agreed to pay up to $100,000 of the fees and expenses incurred by PSZJ arising from its representation of the Ad Hoc Committee. PSZJ received the $100,000 on May 4, 2022.  PSZJ, having billed in excess of the $100,000 requested an additional $35,000, receiving it on June 24, 2022 for fees and expenses incurred on and after April 1, 2022. In April 2022, PSZJ incurred $51,803.86 in fees and expenses, which were paid with the initial $100,000. PSZJ incurred $51,428 in fees in May 2022, which were paid with the balance of the $100,000. PSZJ incurred $51,979.90 in fees and expenses in June 2022, which were paid in part by the $35,000 payment. All unpaid prepetition fee and expenses have been waived.

20.     The Reimbursement Agreement was an arrangement to facilitate earnest discussions regarding the restructuring of the childhood sexual abuse claims against the Debtor. PSZJ and the Ad Hoc Committee agreed that PSZJ's sole responsibility and loyalty was to represent the Ad Hoc Committee and the Reimbursement Agreement does not alter PSZJ's representation of the Ad Hoc Committee. While the Firm does not believe the Reimbursement Agreement creates a conflict of interest, the Ad Hoc Committee nevertheless waived any such conflict to the extent any existed.

21.     The limitations set forth in *In re Project Orange Associates, LLC*, 431 B.R. 363 (Bankr. S.D.N.Y. 2010) do not limit or prohibit PSZJ's engagement by the Committee in the

Debtor's chapter 11 case. In *Project Orange*, certain of the debtor's primary creditors (or their affiliates) were either clients of the law firm seeking to act as the debtor's chapter 11 counsel or clients of the firm's international affiliate. *Id.* at 371 and 372. The bankruptcy court denied the law firm's representation of the debtor because it represented the largest creditor of the debtor in matters outside the chapter 11 case, which prevented it from being disinterested and not having any adverse interests. *Id.* at 379.

22.     PSZJ's former representation of the Ad Hoc Committee does not prevent it from representing the Committee for the following reasons. First, PSZJ's engagement with the Ad Hoc Committee was not adverse to the Committee. The purpose of PSZJ's representation of the Ad Hoc Committee was to advance the interest of the clients of the Ad Hoc Committee members who hold childhood sexual abuse claims against the Debtor. The role of PSZJ as counsel to the official Committee is consistent in that now PSZJ proposes to represent the Committee on behalf of the interest of all the holders of childhood sexual claims and advocate for all such claim holders.

23.     Second, PSZJ does not represent any creditors in the Debtor's chapter 11 case like the law firm did in *Project Orange*.

24.     Third, and unlike the conflict in *Project Orange*, PSZJ was not retained by the Debtor. Madison only agreed to fund a portion of PSZJ's fees and expenses, nothing more, and PSZJ's entry into the Reimbursement Agreement on behalf of the Ad Hoc Committee did not create any adverse relationship that did or could give rise to an actual or potential conflict of interest. As reflected above, PSZJ and the Ad Hoc Committee agreed that PSZJ's responsibility and loyalty was to the Ad Hoc Committee and no others. Now that representation has terminated, PSZJ's responsibility and loyalty runs solely to the Committee and its constituency.

25.     Fourth, while the standard for the retention of professionals under section 1103(b) of the Bankruptcy Code does not require PSZJ to be disinterested,[2] the Committee nonetheless believes that PSZJ is disinterested because PSZJ is not a creditor, equity security holder, or insider of the Debtor, was not a director, officer, or employee of the Debtor, and does not hold any interest materially adverse to the estate.

26.     The Declaration attached as **Exhibit A** to this Application verifies that neither PSZJ nor any of its attorneys has any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Declaration.

27.     Except as provided in the Declaration, to the best of the Committee's knowledge, neither PSZJ, nor any of its attorneys, hold or represent any interest adverse to the Committee or the Debtor's estate in the matters on which they are to be retained. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee, the Debtor, and the Debtor's estate and creditors.

28.     To the best of the Committee's knowledge, and except as disclosed in the Declaration, PSZJ has had no other prior connection with the Debtor, its creditors, or any other party in interest except to the extent that pre-petition, PSZJ represented six law firms that, in turn, represent abuse survivors who have prepetition claims against the Debtor. The Debtor paid partial compensation to PSZJ for that work; PSZJ performed some of that work without charge. Upon information and belief, PSZJ does not hold or represent any interest adverse to the Debtor's estate or the Committee in the matters upon which it has been and is to be engaged.

---

[2] *See* 11 U.S.C. § 101(14).

29.     PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtor that are unrelated to this case. However, those matters do not present a conflict in this case.

30.     The Firm has represented, represents, and in the future will likely represent creditors, creditors' committees and settlement trustees in cases unrelated to the Debtor and this case wherein one or more of the firms representing Committee members or other parties in interest serve as or will serve as counsel to creditors.

## NOTICE

31.     Notice of this Application has been provided to: (i) the Debtor; (ii) proposed counsel to the Debtor, Paul, Weiss, Rifkind, Wharton & Garrison LLP (Attn: Alan W. Kornberg; Esq.); (iii) the United States Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea Schwartz, Esq.); and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

32.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit B**, authorizing the Committee to employ and retain PSZJ in this Case as its counsel effective July 16, 2022, and granting such other and further relief as is just and proper.

Date:  August 15, 2022              **THE OFFICIAL COMMITTEE OF
                                     UNSECURED CREDITORS**

Robert Liguori /s/ Robert Liguori (Aug 15, 2022 12:14 EDT)

Robert Liguori
Solely in his capacity as Co-Chair of the Official
Committee of Unsecured Creditors and not in any
other capacity

Filed By:

**PACHULSKI STANG ZIEHL & JONES LLP**

James I. Stang, *(pro hac vice* pending)
John W. Lucas
Gillian N. Brown
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:      (212) 561-7700
Facsimile:      (212) 561-7777
Email:          jstang@pszjlaw.com
                jlucas@pszjlaw.com
                gbrown@pszjlaw.com

*Proposed Counsel for the Official Committee
of Unsecured Creditors*

DOCS_NY:41347.2 18491/002

# EXHIBIT A

## Declaration of James I. Stang

James I. Stang, Esq. (*pro hac vice*)
John W. Lucas, Esq.
Malhar S. Pagay, Esq. (*pro hac vice*)
Gillian N. Brown, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: 212.561.7700
Fax: 212.561.7777
Emails: jstang@pszjlaw.com
      jlucas@pszjlaw.com
      mpagay@pszjlaw.com
      gbrown@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
                 :
In re                 : Chapter 11
                 :
MADISON SQUARE BOYS & GIRLS CLUB, : Case No. 22-10910-SHL
INC.,[1]
                 :
         Debtor.       :
                 :
-----------------------------------------------------------------X

**DECLARATION OF JAMES I. STANG IN SUPPORT OF**
**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF THE DEBTOR TO RETAIN AND EMPLOY PACHULSKI**
**STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE JULY 16, 2022**

I, James I. Stang, declare under penalty of perjury as follows:

1.     I am a partner of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**" or the "**Firm**"), and

maintain an office at 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067. I am

---

[1]The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

duly admitted to practice law in the State of California and in the United States District Courts for the Southern, Eastern, Central, and Northern Districts of California, as well as the Eastern District of Wisconsin. I am authorized to submit this declaration (the "**Declaration**") in support of T*he Official Committee of Unsecured Creditors' Application to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Effective July 16, 2022* (the "Application").[2]

2.      Neither I, the Firm, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Committee,[3] the Committee members, the Debtor, its creditors, or any other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth in this Declaration.

3.      The Firm has made the following investigation of adverse interests prior to submitting this Declaration. The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of the Firm, under my supervision, entered the name of the Debtor, the creditors of the Debtor as disclosed by it in filings with the Court, counsel to the creditors of the Debtor as disclosed by the Debtor's in Court filings, and the U.S. Trustee through the Firm's database

---

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

4.     Based on the results of the Firm's search of its database, it appears that PSZJ does not hold or represent any interest adverse to and has no connection, subject to the disclosures set forth below, with the Debtor, its creditors, the Committee, the Committee members, the U.S. Trustee, or any party in interest in the matters upon which PSZJ is to be retained within the meaning of section 1103(b) of the Bankruptcy Code, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

5.     PSZJ and certain of its partners, of counsel, and associates represented, represent and in the future may represent creditors of the Debtor in connection with matters unrelated to the Debtor and this Case. At this time, the Firm is not aware of any such representations except as noted herein. If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

6.     The Firm has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this case wherein one or more of the firms representing the members of the Committee or other parties in interest serve as or will serve professionals.

7.     Since 2004, the Firm has represented creditors' committees in chapter 11 cases involving the following entities:  Diocese of Spokane (Washington); Diocese of Davenport (Iowa); Diocese of San Diego (California); Diocese of Fairbanks (Alaska); Diocese of Wilmington (Delaware); Society of Jesus, Oregon Province (a five state Province); Archdiocese of Milwaukee (Wisconsin); The Christian Brothers' Institute (New York); The Christian Brothers of Ireland, Inc. (New York); the Diocese of Gallup (New Mexico); the Roman Catholic Bishop of Helena (Montana); the Roman Catholic Bishop of Stockton (California); the Roman Catholic Bishop of Great Falls-Billings (Montana); Roman Catholic Church of the Archdiocese of Santa Fe (New

Mexico); the Diocese of Rochester (New York); the Archdiocese of New Orleans (Louisiana); the Diocese of Buffalo (New York); and the Diocese of Rockville Centre (New York). The Firm also has experience representing committees comprised of, or including, survivors of childhood sexual abuse, and adult survivors of sexual abuse and harassment, including chapter 11 cases of the Boy Scouts of America, USA Gymnastics, and The Weinstein Companies. Such experience makes the Firm highly, if not uniquely, qualified to represent the Committee and to maximize efficiency based on its experience.

8.     Certain Committee members are represented by attorneys who represented committee members or creditors in several of the Catholic Church-related cases enumerated above. The following law firms represent members of the Committee in this Case as well as members of other official committee of unsecured creditors in other pending cases that are represented by the Firm: Marsh Law Firm PLLC and Pfau Cochran Vertetis Amala PLLC.

9.     Except for the pending chapter 11 cases of the Archdiocese of New Orleans, the Diocese of Rochester, the Diocese of Buffalo, the Diocese of Rockville Center, Boy Scouts of America, and the Diocese of San Diego (the latter of which dismissed its chapter 11 case), all of the enumerated sexual abuse-related chapter 11 cases in which PSZJ has represented official committees of unsecured creditors have confirmed and effective plans. In those cases, the committees were dissolved on the effective dates of their respective plans; PSZJ, in many cases, represents or represented the trustee of settlement trusts under those plans. In addition, the Firm and some of the Firm's partners and/or attorneys periodically donate funds to organizations that advocate on behalf of sexual abuse survivors and crime victims.

10.     PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtor's estate, and does not hold or represent any interest adverse to and has no connection

4

with the Committee or any Committee members; the Debtor; the Debtor's creditors; or any party in interest to this Case in the matters upon which PSZJ is to be retained, except as set forth in the Declaration. Therefore, to the best of the Committee's knowledge, PSZJ does not hold any interest that is adverse to the Committee or its constituency as required by section 1103 of the Bankruptcy Code.

11.     Prior to the Petition Date, PSZJ was engaged by an ad hoc committee (the "Ad Hoc Committee") of the following law firms in connection with the prepetition efforts to negotiate towards a consensual arrangement regarding the treatment and ultimate resolution of the childhood sexual abuse claims against the Debtor.

- Raphaelson & Levine Law Firm, P.C.
- Slater Slater Schulman LLP
- Pfau Cochran Vertetis Amala PLLC
- Marsh Law Firm PLLC
- Herman Law Firm., P.A.
- Grant & Eisenhofer P.A.

12.     The law firms that were members of the Ad Hoc Committee collectively represented approximately 80% of the childhood sexual abuse claims against the Debtor. Per the terms of the engagement letter between the Firm and the Ad Hoc Committee, the Firm's representation of the Ad Hoc Committee was set to terminate upon the filing of the Debtor's bankruptcy case. However, the Firm and the Ad Hoc Committee extended the term of the engagement so that the Firm could continue to represent the interest of the Ad Hoc Committee through the appointment of the Committee.

13.     The fees and expenses incurred by the Firm on behalf of its representation of the Ad Hoc Committee were not the responsibility of the Ad Hoc Committee or its members. Instead,

on April 21, 2022, PSZJ, on behalf of the Ad Hoc Committee, and the Debtor entered into an agreement (the "**Reimbursement Agreement**") whereby the Debtor agreed to pay up to $100,000 of the fees and expenses incurred by PSZJ arising from its representation of the Ad Hoc Committee. PSZJ received the $100,000 on May 4, 2022. PSZJ, having billed in excess of the $100,000 requested an additional $35,000, receiving it on June 24, 2022 for fees and expenses incurred on and after April 1, 2022. In April 2022, PSZJ incurred $51,803.86 in fees and expenses, which were paid with the initial $100,000. PSZJ incurred $51,428 in fees in May 2022, which were paid with the balance of the $100,000. PSZJ incurred $51,979.90 in fees and expenses in June 2022, which were paid in part by the $35,000 payment. All unpaid prepetition fee and expenses have been waived.

14. The Reimbursement Agreement was an arrangement to facilitate earnest discussions regarding the restructuring of the childhood sexual abuse claims against the Debtor. PSZJ and the Ad Hoc Committee agreed that PSZJ's sole responsibility and loyalty was to represent the Ad Hoc Committee and the Reimbursement Agreement does not alter PSZJ's representation of the Ad Hoc Committee. While the Firm does not believe the Reimbursement Agreement creates a conflict of interest, the Ad Hoc Committee nevertheless waived any such conflict to the extent any existed.

15. The limitations set forth in *In re Project Orange Associates, LLC*, 431 B.R. 363 (Bankr. S.D.N.Y. 2010) do not limit or prohibit PSZJ's engagement by the Committee in the Debtor's chapter 11 case. In *Project Orange*, certain of the debtor's primary creditors (or their affiliates) were either clients of the law firm seeking to act as the debtor's chapter 11 counsel or clients of the firm's international affiliate. *Id.* at 371 and 372. The bankruptcy court denied the law firm's representation of the debtor because it represented the largest creditor of the debtor in

matters outside the chapter 11 case, which prevented it from being disinterested and not having any adverse interests. *Id.* at 379.

16.     PSZJ's former representation of the Ad Hoc Committee does not prevent it from representing the Committee for the following reasons. First, PSZJ's engagement with the Ad Hoc Committee was not adverse to the Committee. The purpose of PSZJ's representation of the Ad Hoc Committee was to advance the interest of the clients of the Ad Hoc Committee members who hold childhood sexual abuse claims against the Debtor. The role of PSZJ as counsel to the official Committee is consistent in that now PSZJ proposes to represent the Committee on behalf of the interest of all the holders of childhood sexual claims and advocate for all such claim holders.

17.     Second, PSZJ does not represent any creditors in the Debtor's chapter 11 case like the law firm did in *Project Orange*.

18.     Third, and unlike the conflict in *Project Orange*, PSZJ was not retained by the Debtor. Madison only agreed to fund a portion of PSZJ's fees and expenses, nothing more, and PSZJ's entry into the Reimbursement Agreement on behalf of the Ad Hoc Committee did not create any adverse relationship that did or could give rise to an actual or potential conflict of interest. As reflected above, PSZJ and the Ad Hoc Committee agreed that PSZJ's responsibility and loyalty was to the Ad Hoc Committee and no others. Now that representation has terminated, PSZJ's responsibility and loyalty runs solely to the Committee and its constituency.

19.     Fourth, while the standard for the retention of professionals under section 1103(b) of the Bankruptcy Code does not require PSZJ to be disinterested,[4] the Committee nonetheless believes that PSZJ is disinterested because PSZJ is not a creditor, equity security holder, or insider

---

[4] *See* 11 U.S.C. § 101(14).

of the Debtor, was not a director, officer, or employee of the Debtor, and does not hold any interest materially adverse to the estate.

20.     PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel, and associates:

- are not creditors, equity security holders, or insiders of the Debtor;
- are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor;
- are not and were not, within three (3) years before the Petition Date, an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale, or issuance of any security of the Debtor; and
- do not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as disclosed herein.

21.     The Firm has not received any retainer from the Debtor, the Committee, or any member of the Committee. No compensation has been paid or promised to be paid from a source other than the Debtor's estate in this Case. No promises have been received by the Firm nor by any partners, of counsel, or associate of the Firm as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Case, except among the partners, of counsel, and associates of the Firm. Neither the Committee nor any of its members are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

22.     Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, PSZJ intends to (a) charge for its legal services on an hourly basis calculated by a blended rate for all attorneys; and, for other billable staff members, using ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek

8

reimbursement of actual and necessary expenses, and other charges PSZJ incurs as counsel to the Committee in this Case.

23.     The standard hourly rates for the PSZJ attorneys who are expected to primarily work on this matter are $1,525.00 for James I. Stang, $1,395.00 for Iain A.W. Nasatir, $1, fo$1,095.00 for John W. Lucas and Malhar S. Pagay, and $925.00 for Gillian N. Brown. The Firm's current standard hourly rates are as follows:

| Partners | $945.00 to $1,775.00 per hour |
|---|---|
| Counsel | $725.00 to $1,425.00 per hour |
| Associates | $675.00 to $825.00 per hour |
| Paralegals | $460.00 to $495.00 per hour |

24.     PSZJ proposes to discount its invoices on a cumulative basis to the extent its regular attorney hourly rates exceed a blended rate of $900 per hour.

25.     In addition, PSZJ will contribute ten percent of all allowed fees PSZJ receives in this Case to a trust for the benefit of the holders of survivors of sexual abuse. The contribution will be funded to a client trust account on the basis of quarterly fee applications until a settlement trust is established through a chapter 11 plan. If no such settlement trust is created, the funds will be donated to a child advocacy organization to be selected by the Committee at the conclusion of the Case.

26.     I believe that PSZJ's hourly rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned, and by geographic location and market. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. PSZJ's hourly fees are

9

comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to this chapter 11 case and are reasonable.

27.     PSZJ will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Committee in this Chapter 11 case. It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's Case. The expenses charged to clients include, among other things, telephone charges; mail and express mail charges; fax charges;  special or hand delivery charges; document retrieval; e-discovery vendor services; photocopying charges; charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings; travel expenses; expenses for "working meals;" computerized research; transcription costs; and non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

28.     During this chapter 11 case, individual Committee members may pay out of pocket for certain expenses related to their service as Committee members ("Committee Members' Expenses"). To alleviate any problems that may arise for Committee' members on account of any delay in seeking and obtaining reimbursement for Committee Members' Expenses through application to the Court, PSZJ proposes to pay such expenses directly, or reimburse the Committee members for any such expenses and then add such expenses to the Firm's invoices in this Case and detail them separately from the Firm's other Case-related expenses. Committee Members'

Expenses shall be allowable to the Firm on the same basis as other expenses incurred by the Firm in this Case.

29.     Subject to Court approval, the Committee may seek to retain various professionals during the pendency of this Case. PSZJ intends to work with any such professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed on behalf of the Committee or charged to the Debtor's estates.

30.     PSZJ provides the following responses to the questions set forth in Part D of the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines"):

| Questions Required by Part D1 of Revised UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | Yes. | The Firm proposes to discount its regular attorney hourly rate to the extent such rates exceed a blended rate of $900 per hour for attorneys on a cumulative basis. |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No.[5] | N/A |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed | N/A | N/A |

---

[5] PSZJ occasionally agrees to a rate cap or blended rate for certain cases. However, the professionals' hourly rates are not adjusted on an individual basis.

| Questions Required by Part D1 of Revised UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| postpetition, explain the difference and reasons for the difference. | | |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | N/A | PSZJ is preparing a budget for its client's approval. The Committee and its professionals reserve all rights to seek approval of Committee professional fees. |

31.     PSZJ intends to make a reasonable effort to comply with the UST's requests for information and additional disclosures as set forth in the Revised UST Guidelines, both in connection with the Application and the interim and final fee applications to be filed by PSZJ in this Case.

32.     Based on the foregoing, I believe that PSZJ can represent the Committee in all of the matters for which the Committee seeks to retain the Firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Los Angeles, California
          August 15, 2022

James I. Stang

DOCS_NY:41347.2 18491/002

# **EXHIBIT B**

# **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------X
                                           :
In re                                      : Chapter 11
                                           :
MADISON SQUARE BOYS & GIRLS CLUB,          : Case No. 22-10910-SHL
INC.,¹                                     :
                                           :
                Debtor.                    :
                                           :
------------------------------------------------------------X
```

### ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 16, 2022

Upon consideration of T*he Official Committee of Unsecured Creditors'
Application to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Effective
as of July 16, 2022* (the "**Application**"),² pursuant to sections 327 and 1103(a) Title 11 of
the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of
Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of
the United States Bankruptcy Court for the Southern District of New York (the "**Local
Rules**"), for an order authorizing and approving the retention and employment of Pachulski
Stang Ziehl & Jones LLP ("**PSZJ**") as counsel for the Official Committee of Unsecured
Creditors (the "**Committee**") of the above-captioned debtor (the "**Debtor**") in this chapter
11 case (the "**Case**"); and upon consideration of the declaration of James I. Stang, Esq., in

---

¹ The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250
Bradhurst Avenue, New York, New York 10039.
² Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

support of the Application filed by the Committee; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

<strong>IT IS HEREBY ORDERED THAT</strong>:

1.      The Application is **GRANTED**.

2.      The Committee is authorized to retain and employ PSZJ as counsel to the Committee effective as of July 16, 2022.

3.      PSZJ shall charge its standard hourly rates and reimbursement of expenses; provided, however, PSZJ shall discount its invoices on a cumulative basis to the extent its regular attorney hourly rates exceed a blended rate of $900 per hour.

4.      In addition, PSZJ shall contribute ten percent of all allowed fees PSZJ receives in this Case to a trust for the benefit of the holders of survivors of sexual abuse. The contribution will be funded to a client trust account on the basis of quarterly fee applications until a settlement trust is established through a chapter 11 plan. If no such settlement trust is created, the funds will be donated to a child advocacy organization to be selected by the Committee at the conclusion of the Case.

5.     PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Case as set forth in the Application and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

6.     The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.     PSZJ is authorized to sign and file electronically all notices, orders, motions, applications, and other requests for relief, all briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in this Case.

8.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2022
       New York, New York

_____
THE HONORABLE SEAN H. LANE
U.S. BANKRUPTCY JUDGE