James I. Stang, Esq. (admitted *pro hac vice)*
Iain A.W. Nasatir, Esq.
John W. Lucas, Esq.
Malhar S. Pagay, Esq. (admitted *pro hac vice)*
Gillian N. Brown, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: 212.561.7700
Fax: 212.561.7777
Emails: jstang@pszjlaw.com
        anasatir@pszjlaw.com
        jlucas@pszjlaw.com
        mpagay@pszjlaw.com
        gbrown@pszjlaw.com


*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                                             :
In re                                                        :  Chapter 11
                                                             :
MADISON SQUARE BOYS & GIRLS CLUB,            :  Case No. 22-10910-SHL
INC.,[1]
                                                             :
                    Debtor.                                  :
                                                             :
---------------------------------------------------------------X

**THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS' OMNIBUS REPLY TO DOCKET NOS. 151-156**
**AND 158 IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO**
**BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATIONS AND PRODUCTION**
**OF DOCUMENTS OF CERTAIN INSURERS**

---

[1]The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is 250
Bradhurst Avenue, New York, New York 10039.

The Official Committee of Unsecured Creditors (the **"Committee"**) of Madison Square Boys & Girls Club, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"), hereby submits this Reply (the "**Reply**") in support of the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers,* Doc. No. 111 (the "**Motion**").

## INTRODUCTION

1.      Winston Churchill was quoted as saying, "You can always count on Americans to do the right thing after they have tried everything else." For the purposes of the Motion, insurers are very much like Americans in Churchill's quote. The Committee just needs a little assistance to get the insurers to do the right thing.

2.      By its Motion, the Committee seeks the production of documents relating to the potential insurance coverage for sexual abuse claims that will be filed in the Debtor's bankruptcy case, including the potential coverage of third-party insureds relating to such claims. The Committee's Motion also seeks to reserve rights to take oral examination relating to efforts to locate those documents; the Committee does not seek to set any such oral examinations at this time.

3.      Many of the insurers from whom the Committee seeks discovery under the Motion did not object to the Motion. The Committee will file a Certificate of No Objection with regard to those non-objecting insurers. This Reply relates to the parties that filed objections to the Motion (the "**Objecting Parties**"). Attached at **Exhibit A**, hereto, is a list of the Objecting Parties.

4.      The Committee attempted to preempt all objections by sending meet and confer requests on August 16 and 17, 2022. *See* Declaration of Iain A.W. Nasatir, attached hereto at

**Exhibit B** (the "**Nasatir Decl.**"), at para. 2. That attempt was not successful for the most part. *See id.*

5.      After the Objecting Parties filed their objections to the Motion, and just prior to filing this Reply, the Committee again has reached out to the Objecting Parties to reach a compromise on the Motion. *See* Nasatir Decl., at para. 3. The Committee has proposed that the initial production of documents be limited to (i) general liability policies that may cover the Debtor; (ii) where there are no responsive documents for (i), secondary evidence, or information that may constitute secondary evidence, of general liability policies that may cover the Debtor; and (iii) where there are any responsive documents to (i) or (ii), coverage correspondence relating to same (the "**Initial Document Requests**"), provided, however, the Objecting Party withdraws its objection to the Motion without prejudice. *See id.* The Committee also reserves its rights to resuscitate the remainder of its document requests and pursue oral examination regarding the efforts undertaken to locate documents responsive to its document requests at a later date should they become necessary. *See id.*

6.      To the extent the Committee and the Objecting Parties cannot resolve their disputes before the August 31 hearing on the Motion, the Committee submits this Reply for the Court's consideration. The Objecting Parties raise similar, if not identical, issues with regard to the Motion. Those objections should be overruled. First, the Objecting Parties' exchange of documents with the Debtor does not satisfy the Committee's need to confirm whether insurance policies and related information exist. Second, the short timeframe requested for production of documents was not caused by the Committee and should not prejudice the Committee, and also the fact of this discovery was not a surprise to the Objecting Parties. Rather, the compromise offer to seek production of documents pursuant to the Initial Document Requests at this time removes the

burden of which the Objecting Parties complain. Third, the Objecting Parties misunderstand the reason that the Committee seeks policies insuring parties other than the Debtor. Policies issued to The Rockefeller University or other third parties may provide coverage for the sex abuse acts that those third parties' employees or agents caused at the Debtor's locations, and could provide the Committee's constituency of childhood sex abuse survivors with additional monetary recoveries.

7. For these reasons, the Committee requests that the Court issue an order granting the Motion as modified by the terms of this Reply and as set forth at the proposed order at **Exhibit C**, hereto.

## THE OBJECTING PARTIES' EXCHANGE OF DOCUMENTS WITH THE DEBTOR DOES NOT SATISFY THE COMMITTEE'S RULE 2004 REQUESTS SET FORTH IN THE MOTION

8. The Objecting Parties object to formal discovery on the grounds that they purportedly exchanged documents with the Debtor at some time pre-petition. This is not a valid objection to the Motion for the following reasons. First, the Committee is an entity wholly separate from the Debtor with its own rights and obligations under the Bankruptcy Code. It is not required to, or does it want to, rely upon the Objecting Parties' voluntary disclosures. Second, the Committee cannot confirm that the Debtor received such documents from the Objecting Parties or that the Debtor provided all such documents to the Committee. The obligation of the Objecting Parties to respond fully and truthfully to a Court-ordered subpoena is more likely to ensure a thorough and complete production of documents essential to the Committee's mediation in this case.

DOCS_LA:345023.6 54162/004

## THE SHORT TIMEFRAME FOR PRODUCTION OF DOCUMENTS

## DOES NOT DISCHARGE THE NEED FOR THESE DOCUMENTS

9.     The relatively short timeframe in which mediation is to be completed under this Court's order necessitates the prompt production of documents. The Committee is unable to mediate this case without full information regarding the Debtor's insurance coverage for sex abuse claims. *See* Nasatir Decl., at para. 4. Thus far, the Committee is aware of allegations of abuse by various perpetrators commencing in the 1940s and running through the 1990s. *See id.*, at para. 5. But the Debtor's collection of insurance coverage is limited to a span of only 22 years, with significant gaps between years. *See id.* Because of the incomplete information that the Debtor has assembled to date, this discovery is essential. The Committee is willing -  and indeed, reached out to the Objecting Parties even before they filed their objections – to obviate the asserted burdensomeness of locating documents in a short period of time. *See* Nasatir Decl., at para. 2. Moreover, the subject matter of this discovery is not a surprise to the Objecting Parties. The Committee is informed that prior to the filing of this bankruptcy case, certain sex abuse survivors subpoenaed the Objecting Parties for production of documents substantially similar to the Requests and the Initial Document Requests. *See id.*, at para. 6.

10.     Nevertheless, after receiving all of the Objecting Parties' objections to the Motion, the Committee's proposed counsel reached out to the Objecting Parties' respective counsel again with another compromise overture to restrict the Committee's document requests, on an initial basis, to the Initial Document Requests, compromised of the following: (i) general liability policies that may cover the Debtor; (ii) where there are no responsive documents for (i), secondary evidence, or information that may constitute secondary evidence, of general liability policies that may cover the Debtor; and (iii) where there are any responsive documents to (i) or (ii), coverage

5

correspondence relating to same. The Committee reserves its rights, at a later date, both to resuscitate the remainder of its document requests should they become necessary and to subpoena oral examinations of the Objecting Parties.

## POLICIES RELATING TO ROCKEFELLER UNIVERSITY
## AND BOYS & GIRLS CLUB OF AMERICA ARE RELEVANT AND
## SHOULD BE PRODUCED

11.     Insurance policies issued to The Rockefeller University ("RU"), the Boys & Girls Club of America, and any other entity listed in the document requests are relevant and should be produced within the ambit of the Initial Document Requests. Policies issued to those entities could also insure the Debtor as an additional insured or otherwise. For instance, it is possible that acts of employees of RU who worked or volunteered at the Debtor may be covered under policies issued to RU. The Committee cannot know this until it reviews those policies.

12.     In this way, the Objecting Parties misapprehend the purpose of requests about policies issued to insureds other than the Debtor. Knowing whether other parties' insurance could cover the Debtor's alleged actions or inactions is relevant to locating potential assets of the estate. These requests have nothing to do with any coverage litigation between RU and its insurers. RU fails to explain, nor can it, how the production of those policies in this bankruptcy case could prejudice RU in a case to which neither the Debtor nor the Committee are parties. Furthermore, to the extent the Initial Document Production focuses on the production of insurance policies and secondary evidence of same, the assertion of confidentiality, proprietary, and HIPAA concerns do not pertain.

## CONCLUSION

For the foregoing reasons, the Committee respectfully requests that the Court (i) enter an order substantially in the form attached hereto as **Exhibit C**, granting the relief sought in the Motion as modified by this Reply; and (ii) grant such other and further relief to the Committee as the Court may deem proper.

Dated: August 29, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Gillian N. Brown*

James I. Stang, Esq. (admitted *pro hac vice)*
Iain A.W. Nasatir, Esq.
John W. Lucas, Esq.
Malhar S. Pagay, Esq. (admitted *pro hac vice)*
Gillian N. Brown, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Fax: (212) 561-7777
Emails: jstang@pszjlaw.com
        inasatir@pszjlaw.com
        jlucas@pszjlaw.com
        mpagay@pszjlaw.com
        gbrown@pszjlaw.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

DOCS_LA:345023.6 54162/004

# EXHIBIT A

**LIST OF OBJECTING PARTIES TO THE MOTION**

DOCS_LA:345023.6 54162/004

## LIST OF OBJECTING PARTIES TO THE MOTION

a.      Docket No. 151: Motors Insurance Corporation and its wholly-owned subdiaries MIC Property & Casualty Insurance Corporation and CIM Insurance Corporation;

b.      Docket No. 152: Federal Insurance Company (Chubb);[2] Riunione Di Sicurta (N/K/A Allianz S.p.A.; AIG (member companies): AIG (member companies): American Home Assurance Co., National Union Fire Insurance Co. of Pittsburgh, PA, and Illinois National Insurance Company; The Travelers Indemnity Company and its affiliates including The Aetna Casualty and Surety Company, Gulf Insurance Company, and St. Paul Fire and Marine Insurance Company;[3] TIG Insurance Company as successor by merger to Fairmont Specialty Insurance Company (f/k/a Ranger Insurance Company); Arrowood Indemnity Company, formerly known as Royal Indemnity Company and as successor to Royal Insurance Company of America; Guaranty National Insurance Company and Fireman's Fund Insurance Company;

c.      Docket No. 153: General Star National Insurance Company; North Star Reinsurance Corporation; and The Monarch Insurance Company of Ohio

---

[2] Different law firms filed separate objections on behalf of the same client. Thus, it remains unclear whether Federal Insurance Company (Chubb) takes the position that it should not produce any documents, as set forth in Docket No. 152 or whether it acknowledges the propriety of producing documents in response to a number of categories of documents, as set forth in Docket No. 155.

[3] At Docket No. 158, these entities filed a joinder in the objection filed at Docket No. 155.

d.    <u>Docket No. 154</u>: Landmark Insurance Company; American Home Assurance Company; National Union Fire Insurance Company of Pittsburgh, PA; and Illinois National Insurance Company;

e.    <u>Docket No. 155</u>: Federal Insurance Company (Chubb)[4] and Century Indemnity Company; and

f.    <u>Docket No. 156</u>: The Rockefeller University.

---

[4] *See* n.2, *supra.*

# EXHIBIT B

# DECLARATION OF IAIN A.W. NASATIR

DOCS_LA:345023.6 54162/004

James I. Stang, Esq. (admitted *pro hac vice)*
Iain A.W. Nasatir
John W. Lucas, Esq.
Malhar S. Pagay, Esq. (admitted *pro hac vice)*
Gillian N. Brown, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: 212.561.7700
Fax: 212.561.7777
Emails: jstang@pszjlaw.com
      inasatir@pszjlaw.com
      jlucas@pszjlaw.com
      mpagay@pszjlaw.com
      gbrown@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| | : |
| In re | : Chapter 11 |
| | : |
| MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1] | : Case No. 22-10910-SHL |
| | : |
| Debtor. | : |
| | : |

---

**DECLARATION OF IAIN A.W. NASATIR**
**IN SUPPORT THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS' OMNIBUS REPLY TO DOCKET**
**NOS. 151-156 AND 158 IN SUPPORT OF THE MOTION OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER**
**PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATIONS AND**
**PRODUCTION OF DOCUMENTS OF CERTAIN INSURERS**

---

[1]The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

I, Iain A.W. Nasatir, declare under penalty of perjury as follows:

1.       I am a partner of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**" or the "**Firm**"), and maintain an office at 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067. I am duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York. I am authorized to submit this declaration (the "**Declaration**") in support of *The Official Committee Of Unsecured Creditors' Omnibus Reply to Docket Nos. 151-156 and 158 in support of the Motion of the Official Committee Of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers* (the "<u>Reply</u>").[2] I have

2.       At my direction, on August 16 and 17, 2022, my secretary emailed (or where email addresses were unknown, sent via U.S. Mail) a letter to all known counsel and/or parties served with the Motion.  A true and correct exemplar of that letter is attached hereto as **Exhibit 1**. Except as stated below, I did not receive any responses to my offer to meet and confer regarding the subject matter of the Motion.

      a.       On August 8, 2022, I exchanged emails with counsel for Allianz that they had not received the Motion.  I then emailed Leslie Davis, Esq.,at Troutman Pepper, a copy of the Motion.

      b.       Beginning on August 22, 2022, I spoke with counsel for Great Atlantic, Clyde & Co., regarding Great Atlantic's liquidation proceeding in Delaware and the jurisdictional issues the Motion posed. We agreed upon a resolution for credible searches for policies and secondary evidence. Great Atlantic also acknowledged a policy they issued in 1984 for four months, and claims

---

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Reply.

based upon that policy period were directed to the guaranty fund for the state of New York.

    c.      On August 22, 2022, I received a long email from Mark Plevin, Esq., at Crowell and Moring LLP, regarding his position on the Motion as it related to Chubb, Federal Insurance Company, and Insurance Company of North America's coverage of the Debtor. We discussed his position subsequently in a phone call, but reached no resolution.

    d.      On August 23, 2022, I returned an email I previously received from counsel for Philadelphia Insurance Company, agreeing not to seek information relating to D & O policies that were the subject of a recent coverage decision that was adverse to Madison.

    e.      On August 23, 2022, I had a call with Great American's counsel, in which we discussed limiting the demands to documents, policies and secondary evidence, in particular.

    3.      Just prior to filing this Reply, I directed my secretary to email the Objecting Parties again in an attempt to reach a compromise on the Motion. In that email, I have proposed that the initial production of documents be limited to (i) general liability policies that may cover the Debtor; (ii) where there are no responsive documents for (i), secondary evidence, or information that may constitute secondary evidence, of general liability policies that may cover the Debtor; and (iii) where there are any responsive documents to (i) or (ii), coverage correspondence relating to same. (the "**Initial Document Requests**"), provided, however, the Objecting Party withdrew its objection to the Motion without prejudice. In this offer, I also have reserved the Committee's rights to resuscitate the remainder of its document requests and pursue oral examination regarding

3

the efforts undertaken to locate documents responsive to its document requests at a later date should that become necessary.

4.     I have been part of PSZJ's legal team employed as Committee counsel in several non-profit institutional bankruptcies brought about by sexual abuse claims, including *In re Boy Scouts of America*, various Roman Catholic dioceses, and *In re USA Gymnastics*, among others. In these cases, I have focused on insurance issues with regard to mediation and outside of mediation. In all of these matters, an extensive and studied analysis of insurance coverage and recoverability was essential to guiding the Committee in making decisions on how to proceed in the bankruptcy.  This bankruptcy case is no different in that regard. Having both adequate information and adequate time to analyze the information is critical to the Committee's sources of recovery for the benefit of survivors.  The Motion is an essential element to the Committee's understanding of insurance in this case.

5.     Thus far, the Committee is aware of allegations of abuse by various perpetrators commencing in the 1940s and running through the 1990s. But the Debtor's collection of insurance coverage is limited to a span of 22 years, with significant gaps in between. Because of the incomplete information that the Debtor has assembled to date, the discovery the Committee is seeking by the Motion is essential.

6.     Moreover, the subject matter of this discovery is not a surprise to the Objecting Parties. As proposed counsel to the Committee, I am aware that the Committee is informed that

[remainder of page left intentionally blank]

the Committee is informed that prior to the filing of this bankruptcy case, certain sex abuse survivors subpoenaed the Objecting Parties for production of documents substantially similar to the Requests and the Initial Document Requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oxnard, California
      August 29, 2022

                                     Iain A.W. Nasatir

DOCS_LA:345034.1 54162/004

# EXHIBIT 1



LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

TELEPHONE: 310.277.6910
FACSIMILE: 310.201.0760

SAN FRANCISCO
ONE MARKET PLAZA, SPEAR TOWER
40th FLOOR, SUITE 4000
SAN FRANCISCO
CALIFORNIA 94105-1020

TELEPHONE: 415.263.7000
FACSIMILE: 415.263.7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302.652.4100
FACSIMILE: 302.652.4400

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212.561.7700
FACSIMILE: 212.561.7777

TEXAS
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

TELEPHONE: 713.691.9385
FACSIMILE: 713.691.9407

Iain A. W. Nasatir

August 17, 2022

310.277.6910
inasatir@pszjlaw.com

**VIA EMAIL**

Edward M. Zawitoski, 2nd V.P.
Travelers Casualty and Surety Company, Inc.
(Aetna Casualty & Surety Co.)
(St. Paul Insurance Company)
(St. Paul Fire & Marine Insurance Company)
ezawitos@travelers.com

   **RE:** **In re Madison Boys & Girls Club, Inc. (S.D. N.Y. 22-10910 (SHL))**

Dear Sir or Madam:

   As you are aware, this office represents the Official Committee of Unsecured Creditors in the chapter 11 bankruptcy case of Madison Boys & Girls Club, Inc., pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

   I write in respect of the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Boys & Girls Clubs of America* [Docket No. 109] (the "Motion"). On August 12, 2022, the Court entered its order shortening notice [Docket No. 119] setting the hearing regarding the Motion on August 31, 2022, at 11:00 a.m. (Eastern Time).

   Please contact me to address any issues you may have that precludes you or your client from engaging in a rolling production in advance of the hearing. We also would like to have the opportunity to try and resolve any objections or timing issues you may have at your earliest convenience.

DOCS_LA:344836.1 54162/004



LAW OFFICES

I look forward to hearing from you regarding your cooperation in this regard.

Very truly yours,

*Iain A. W. Nasatir*

Iain A. W. Nasatir

cc:     (via email)
        James I. Stang, Esq.
        John W. Lucas, Esq.
        Malhar S. Pagay, Esq.
        Gillian N. Brown, Esq.

# EXHIBIT C

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                          :
In re                        :  Chapter 11
                          :
MADISON SQUARE BOYS & GIRLS CLUB,  :  Case No. 22-10910-shl
INC.[1],
                          :
                Debtor.       :
                          :
---------------------------------------------------------------X

### ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATIONS AND PRODUCTION OF DOCUMENTS OF CERTAIN INSURERS [RE DOCKET NO. 111]

This matter coming before the Court on the motion (the "**Motion**") of the Official Committee of Unsecured Creditors (the "**Committee**") of Madison Square Boys & Girls Club, Inc. (the "**Debtor**"), for entry of an order, pursuant to Bankruptcy Rule 2004 [Docket No. 111], authorizing the examination of certain parties identified on **Exhibit A** attached to the Motion and the production of documents by the certain parties to the Committee;[2] the Court having reviewed and considered the Motion and accompanying papers; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) notice of the Motion as described in the Motion was proper under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms not defined herein shall have the meanings and definitions ascribed to them in the Motion.

establish just cause for the relief granted herein; and after due deliberation and good and

sufficient cause appearing therefor, it is hereby ORDERED that

1.      The Motion is GRANTED as to the following parties that did not file

objections to the Motion on or before August 25, 2022 (collectively, the "**Non-Objecting**

**Parties**") such that the Committee is authorized to issue subpoenas directing the Non-Objecting

Parties' production of documents substantially as described in the Requests attached as

**Exhibit B** to the Motion: A.G. Risk Management Inc.; Allianz Global Risks US Insurance

Company; Argonaut Insurance Co.; Atlantic Specialty Insurance Company; Chubb Group

Holdings, Inc.; Church Mutual Insurance Company, S.I.; General Star Indemnity Company;

Great American Insurance Company; Great Atlantic Insurance Company; Hallmark Specialty

Insurance Co.; Magna Carta Companies, Inc. Philadelphia Indemnity Insurance Company; Planet

Insurance Company; Premia Holdings, Ltd.; Public Service Mutual Insurance Company;

Reliance Insurance; RSUI Group, Inc.; Seaboard Surety; StarStone Specialty Insurance Co.;

Travelers Casualty and Surety Company, Inc.; and other insurers (excluding the Objecting

Parties) identified by the Committee which potentially may provide coverage in connection with

sexual abuse claims asserted against the Debtor.

2.      The Motion is GRANTED as follows with regard to the following parties

that filed objections to the Motion on or before August 25, 2022 at Docket Nos. 151-155 and

158: Docket No. 151: Motors Insurance Corporation and its wholly-owned subdiaries MIC

Property & Casualty Insurance Corporation and CIM Insurance Corporation; Docket No. 152:

Federal Insurance Company (Chubb); Riunione Di Sicurta (N/K/A Allianz S.p.A.; AIG (member

companies): AIG (member companies): American Home Assurance Co., National Union Fire

Insurance  Co. of Pittsburgh, PA, and Illinois National Insurance Company; The Travelers

Indemnity Company and its affiliates including The Aetna Casualty and Surety Company, Gulf Insurance Company, and St. Paul Fire and Marine Insurance Company; TIG Insurance Company as successor by merger to Fairmont Specialty Insurance Company (f/k/a Ranger Insurance Company); Arrowood Indemnity Company, formerly known as Royal Indemnity Company and as successor to Royal Insurance Company of America; Guaranty National Insurance Company and Fireman's Fund Insurance Company; <u>Docket No. 153</u>: General Star National Insurance Company; North Star Reinsurance Corporation; and The Monarch Insurance Company of Ohio; <u>Docket No. 154</u>: Landmark Insurance Company; American Home Assurance Company; National Union Fire Insurance Company of Pittsburgh, PA; and Illinois National Insurance Company; snf <u>Docket No. 155</u>: Federal Insurance Company (Chubb) and Century Indemnity Company; (collectively, the "**<u>Objecting Parties</u>**"):

    a.   The documents that the Committee may request will be limited at this time to i) general liability policies that may cover the Debtor; (ii) where there are no responsive documents for (i), secondary evidence, or information that may constitute secondary evidence, of general liability policies that may cover the Debtor; and (iii) where there are any responsive documents to (i) or (ii), coverage correspondence relating to same. (the "**<u>Initial Document Requests</u>**");

    b.   The Objecting Parties are encouraged to permit their counsel to accept service of the Initial Document Requests, which will provide for a production deadline of ten (10) calendar days following service of the subpoena;

    c.   Any disputes relating to the Initial Document Requests may be brought to the Court pursuant to the letter-briefing protocol of this Court; and

d.  The Committee may use that letter-briefing protocol to seek leave to subpoena additional categories of documents from the Objecting Parties as set forth in the Motion.

3.  The Committee is authorized, in its discretion, to examine any Objecting Parties and Non-Objecting Parties pursuant to Federal Rule of Bankruptcy Procedure 2004 ("**Rule 2004**") regarding the information sought through the Requests or Initial Document Requests, as the case may be.

4.  Because investigation of the Debtor's insurance coverage is ongoing, the Committee is permitted to issue subpoenas to other insurers not presently identified by name on **Exhibit A** to the Motion**,** which potentially may provide coverage in connection with the sexual abuse claims asserted against the Debtor.

5.  The Committee may issue other discovery requests and subpoenas as may be necessary to accomplish the discovery authorized by this Order.

6.  Nothing contained in this Order shall prejudice the Committee's rights under Rule 2004, and other applicable rules and laws, to seek further document productions and oral examinations in connection with this bankruptcy case.

7.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.


Dated: New York, New York
_____, 2022      _____

THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE