**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Kimberly A. Posin (*pro hac vice*)
Amy C. Quartarolo (*pro hac* pending)

*Counsel to Xclaim Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10910 (SHL) |

**XCLAIM INC.'S MOTION FOR ENTRY OF AN ORDER CLARIFYING OR VACATING THE COURT'S AUGUST 18, 2022 MEMORANDUM OF DECISION**

Pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60, Xclaim Inc. ("***Xclaim***") hereby files this motion (this "***Motion***") seeking entry of an order clarifying that the Court's *Memorandum of Decision* [Docket No. 143] (the "***Opinion***"), issued on August 18, 2022, amends (and supersedes) the *Final Order Authorizing Retention and Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), and Local Rule 5075-1 and Granting Related Relief* [Docket No. 86] (the "***Order***") entered by the Court on July 29, 2022. In the alternative, Xclaim seeks entry of an order vacating the Opinion. The relief requested herein results from the fact that the Order and Opinion are in conflict because the Order explicitly permits Xclaim an opportunity to

---
[1]    The last four digits of the Debtor's federal tax identification numbers are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

#134941661v6<US-DOCS> - XClaim - Motion to Clarify or Vacate Opinion

1

enter into a new relationship with Epiq Corporate Restructuring, LLC ("*Epiq*") under terms that are consistent with applicable law. However, the Opinion suggests that there is no arrangement between Xclaim and Epiq that would be permissible for the reasons articulated therein and at least some of those reasons were not discussed by the Court at the hearings that preceded entry of the Order and issuance of the Opinion. But it is unclear whether Xclaim has the right to appeal the Opinion, which was issued more than 14 days after the Order it purports to justify. In these unusual circumstances, the Court should clarify that the Opinion amends and supersedes the Order or vacate the Opinion to ensure that Xclaim is not harmed by a decision it may not otherwise be able to appeal.

In further support of this Motion, Xclaim, by and through its undersigned counsel, respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

2. Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Rule 60(b) of the Federal Rules of Civil Procedure (the "*Federal Rule(s)*"), made applicable to chapter 11 cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rule(s)*").

**BACKGROUND**

4.  On June 29, 2022, the above-captioned debtor and debtor-in-possession (the "***Debtor***") filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***") in the Southern District of New York (the "***Chapter 11 Case***").

5.  On the same day, the Debtor filed the *Debtor's Application for Entry of an Order Authorizing Retention and Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), and Local Rule 5075-1 and Granting Related Relief* [Docket No. 2] (the "***Retention Application***").

6.  During a July 1, 2022 hearing to consider, among other matters, the Retention Application, the Court requested that Epiq or the Debtor provide a letter brief explaining why the Access Agreement, dated June 24, 2022, by and between Epiq and Xclaim (the "***Access Agreement***"), which was disclosed by Epiq in the Retention Application, "is permissible given the limitations set forth in . . . 28 USC 156, and Section 1930." *See Transcript of July 1, 2022 Hr'g* at 53:13-25 [Docket No. 84].  Following the July 1, 2022 hearing, the Court entered the *Interim Order Authorizing Retention and Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), and Local Rule 5075-1 and Granting Related Relief* [Docket No. 33].

7.  On July 13, 2022, in response to the Court's request, Epiq filed the *Letter from Epiq Corporate Restructuring, LLC to the Honorable Sean H. Lane Regarding Xclaim Access Agreement* [Docket No. 55] (the "***Epiq Letter***").  A copy of the Access Agreement was attached to the Epiq Letter as Exhibit A and a letter from Xclaim (the "***Xclaim Letter***") was attached to the

3

Epiq Letter as Exhibit B. The Epiq Letter provided a summary of the relevant law and its application to the Access Agreement. Specifically, the Epiq Letter explained, among other things, that: (i) the limitations of Section 156 of the Bankruptcy Code do not apply to Epiq's relationship with Xclaim because Epiq is acting in its capacity as a private, for-profit business and not in its capacity as an agent of the Clerk; (ii) even in its capacity as an agent of the Clerk, Epiq has a statutory right to charge fees to reproduce public records that are managed outside the Court's electronic case management system; (iii) nothing in the Bankruptcy Code or the Local Rules restricts Epiq from establishing its own fee schedule to translate public records into a digital format; and (iv) Epiq's relationship with Xclaim does not create an adverse interest for Epiq that could compromise Epiq's disinterestedness because Xclaim is not a party in interest. The Xclaim Letter clarified Xclaim's mission to unlock value for creditors through market transparency. It explained that the purpose for the Access Agreement was to establish PACER-equivalent access and functionality in chapter 11 cases in which a claims agent has been retained, which is essential for building an efficient marketplace that relies on real-time aggregation of public information. The Xclaim Letter further explained that access agreements would not be necessary but for the limitations of claims agents' public-facing websites, which fail to comply with the requirements of Section 107 of the Bankruptcy Code, the relevant Local Rules or the guidelines promulgated by the Judicial Conference.

8. At the second day hearing on July 20, 2022, the Court informed the Debtor and Epiq that the Retention Application could not be approved to the extent it included the file-sharing arrangement with Xclaim. *See Transcript of July 20, 2022 Hr'g* at 50:9-12; 49:1-4 [Docket No. 82] ("So, as I said, I can't approve the retention with this in it. But if this is taken out, then it's a

standard retention and I don't see any reason why it wouldn't go forward."); *see also id.* at 52:24-53:4 ("I think that's what counsel for Epiq was proposing is to just make it clear that the Xclaim agreement is not part of the package here, and that it's sort of a more standard retention that way, and obviously, I'm happy to approve it.") The Court further indicated that it may issue a written opinion explaining the Court's reasoning. *Id.* at 44:6-47 ("I'm debating whether to issue sort of a written decision about this – is whether there's some fulsome views on it are appropriate, because I understand people's commercial livelihood.").

9. Subsequently, on July 29, 2022, the Court entered the Order, which: (1) approved Epiq's retention subject to exclusion of the Chapter 11 Case from any *existing* file sharing arrangement with Xclaim; (2) indicated that the Court intended to issue a written decision consistent with its prior bench ruling of July 20, 2022 "for the purposes of any appeal of this Order"; and (3) indicated that Epiq may, upon prior consultation with the Clerk, "file a new application to enter into a relationship with XClaim in this case, with such application setting out the precise terms of the proposed relationship, including a detailed description of the services and compensation to be provided, and an explanation as to why such terms are consistent with applicable law." Order at 4.

10. The Order was appealable within 14 days, but Xclaim did not appeal the Order because it explicitly directed Xclaim and Epiq to consult with the Clerk on the terms of a revised relationship, which the parties were in the process of discussing, and granted the parties an opportunity to submit a revised form of agreement consistent with applicable law, "setting out the precise terms of the proposed relationship, including a detailed description of the services and compensation to be provided, and an explanation as to why such terms are consistent with

5

applicable law." Order at 4. If the deadline to appeal is construed strictly based on the entry of the Order, then the window of time in which to appeal closed on August 12, 2022.

11. Twenty days after entry of the Order, on August 18, 2022, the Court issued its Opinion holding, among other things, that because "Epiq is acting in its capacity as an agent of the Clerk," Epiq "may not enter into this business arrangement with Xclaim because the Clerk of Court would not be permitted into such a relationship or receive such fees." Opinion at 1; *see also id.* at 11 ("Said another way, the Clerk cannot engage in a for-profit relationship solely to benefit Xclaim. . . Since the Clerk could not enter into the Access Agreement, it must follow that his agent – Epiq – cannot.").

## RELIEF REQUESTED

12. By this Motion, Xclaim requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), clarifying that the Opinion constitutes a new order amending (and superseding) the Order. Alternatively, Xclaim seeks an order vacating the Opinion.

## BASIS FOR RELIEF AND APPLICABLE AUTHORITY

13. Xclaim seeks relief from this Court because this Court's Opinion is inconsistent with the Order and purports to preclude Epiq and Xclaim from entering into any business arrangement. By its very terms the Order states that, "upon prior consultation with the Clerk, [Epiq] may file a new application to enter into a relationship with XClaim in this case, with such application setting out the precise terms of the proposed relationship, including a detailed description of the services and compensation to be provided, and an explanation as to why such terms are consistent with applicable law." Given that the Court made clear that it would entertain such an application, Xclaim did not immediately appeal the Order but instead, heeding the Court's

6

invitation as set forth in the Order, proceeded to engage in discussions with Epiq and the Clerk regarding the contours of a revised relationship that would conform to the requirements of the Order.

14. However, the Court's Opinion, issued twenty days later, purports to foreclose the possibility of Xclaim and Epiq entering into any amended agreement on the grounds that such an agreement would necessarily require Epiq to perform tasks that the Clerk could not perform or receive a fee that the Clerk could not collect. Opinion at 10. The Court now appears to suggest that, because Epiq's authority to act is completely derivative of the Clerk's authority under Section 156(c) of the Bankruptcy Code, the Access Agreement "go[es] beyond the 156(c) Activities" and is thus improper and cannot be fixed. Opinion at 10. This departure from the Order is significant and gives rise to injury to Xclaim and its business, which is dependent upon being able to include accurate and up-to-date public records on its claims trading platform in order to fulfill its mission to "reduce the information disparity that exists between claims buyers and claim holders" by "enhancing the efficiency and transparency of illiquid markets." Xclaim Letter at 2.

15. Because of the Opinion's additional restrictions on Xclaim's ability to engage in a business relationship with Epiq and to obtain claims data that is otherwise required to be publicly accessible (and that is, in fact, publicly available in all non-claims agent cases via PACER), Xclaim now intends to appeal the Opinion. Xclaim believes that the Opinion is independently appealable, because it goes beyond the specific rulings reflected in the Order and is substantively inconsistent with at least some of the Order's holdings. Bankruptcy Rule 8002(a) requires a notice of appeal be filed with the bankruptcy clerk within 14 days "after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a). Xclaim will be filing its notice of appeal of the

Opinion later today, within that 14-day deadline. Accordingly, the District Court should have appellate jurisdiction to review the Opinion as a final judgment, order or decree for purposes of 28 U.S.C. § 158(a).

16. Nonetheless, Xclaim is concerned that there may be some doubt as to whether the Opinion—as distinct from the underlying Order—is independently appealable under 28 U.S.C. § 158(a). It is possible that the District Court could view the Opinion as merely elaborating on the previously issued Order. And although Xclaim is now planning to appeal the Order as well—so as to best protect its right to appeal the Opinion—it is possible that the District Court will deem any appeal of the Order untimely under Rule 8002(a), which the Second Circuit has held is "jurisdictional." *In re Siemon,* 421 F.3d 167, 169 (2d Cir. 2005).

17. In light of these unusual circumstances, Xclaim respectfully asks this Court to issue an order clarifying that the Opinion itself qualifies as a separate order from which an interested party may appeal, insofar as it revises the Order and appears to indicate that any relationship between Xclaim and Epiq relating to the provision of access to public records is prohibited. Granting this relief will ensure that Xclaim has the right to appeal the Opinion. Xclaim submits that this relief comports with fundamental fairness and the underlying purpose of the bankruptcy statutes, which plainly seek to give aggrieved persons the right to appeal any adverse order. Alternatively, Xclaim seeks an order vacating the Opinion.

18. The Court has authority to remedy this potential injustice. Under Federal Rule 60(b) the Court has authority to "relieve a party . . . from a final judgment, order, or proceeding" for several delineated reasons and also for "any other reason that justifies relief." Fed .R. Civ. P. 60(b)(6). *See U.S. v. Karahalias*, 205 F.2d 331, 333 (2d Cir. 1953) (describing Rule 60(b)(6) as

giving the court "a discretionary dispensing power"); *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 543 (2d Cir. 1963) (describing Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case" and noting it "should be liberally construed when substantial justice will be served."); *see also Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986) (finding, in the Rule 59 context, that "when a court *alters* its judgement, a person aggrieved by the alteration may ask for correction" and that "[a] significant change in a judgment starts all time periods anew."); *In re Lahtinen*, 2004 WL 421734, at *2 (N.D. Ill. Feb. 19, 2004) ("As a general rule, a second order creates a new appeal period only if the second order actually alters the first order, changing the result."). Federal Rule 60(b)(6) is properly invoked when "extraordinary circumstances" justify relief or "when the judgment may work an extreme and undue hardship" and such circumstances exist here. Without the relief requested, Xclaim may be unjustly bound by an opinion that it cannot appeal.

19.    For the reasons set forth above, the Court should exercise its discretion under Federal Rule 60(b) to clarify that the Opinion constitutes a new order amending (and superseding) the Order. Alternatively, the Court should enter an order vacating the Opinion.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, Xclaim respectfully requests that this Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as may be just and proper.

**LATHAM & WATKINS LLP**

Dated: September 1, 2022
New York, New York

By: /s/ Kimberly A. Posin
Kimberly A. Posin (*pro hac vice*)
Amy C. Quartarolo (*pro hac* pending)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: kim.posin@lw.com
amy.quartarolo@lw.com

*Counsel to Xclaim Inc.*

# EXHIBIT A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10910 (SHL) |

### ORDER GRANTING XCLAIM INC.'S MOTION FOR ENTRY OF AN ORDER CLARIFYING OR VACATING THE COURT'S AUGUST 18, 2022 MEMORANDUM OF DECISION

Upon the motion (the "**Motion**")[2] of Xclaim for entry of an order (this "**Order**") pursuant to Federal Rule 60(b), made applicable to this case by Bankruptcy Rule 9024, clarifying or vacating the *Memorandum of Decision* [Docket No. 143]; and for the reasons set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after

---

[1] The last four digits of the Debtor's federal tax identification numbers are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

#134941661v6<US-DOCS> - XClaim - Motion to Clarify or Vacate Opinion

due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Opinion amends and supersedes the *Final Order Authorizing Retention and Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), and Local Rule 5075-1 and Granting Related Relief* [Docket No. 86] entered by the Court on July 29, 2022.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
  Dated:_____, 2022

　　　　　　　　　　　　　　　　　　　　　　　HONORABLE SEAN H. LANE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE