UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                 :

In re                                               : Chapter 11

MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]      : Case No. 22-10910-SHL

        Debtor.
---------------------------------------------------------------X

### ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 16, 2022

Upon consideration of T*he Official Committee of Unsecured Creditors' Application to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Effective as of July 16, 2022* (the "**Application**"),[2] pursuant to sections 327 and 1103(a) Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") as counsel for the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtor (the "**Debtor**") in this chapter 11 case (the "**Case**"); and upon consideration of the declaration of James I. Stang, Esq., in support of the Application filed by the Committee; and the Court having jurisdiction to

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

2. The Committee is authorized to retain and employ PSZJ as counsel to the Committee effective as of July 16, 2022 to provide the following services:

    a. assisting, advising, and representing the Committee in its consultations with the Debtor regarding the administration of this Case;

    b. assisting, advising, and representing the Committee in analyzing the Debtor's assets and liabilities; investigating the extent and validity of liens or other interests in the Debtor's property; and participating in and reviewing any proposed asset sales, asset dispositions, financing arrangements, and cash collateral stipulations or proceedings;

    c. reviewing and analyzing all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtor or third parties; advising the Committee as to their propriety; and, after consultation with the Committee, taking appropriate action, if necessary;

    d. preparing necessary applications, motions, answers, orders, reports, and other legal papers on behalf of the Committee;

    e. representing the Committee at hearings before the Court; and communicating with the Committee regarding the issues raised, as well as the decisions of the Court;

    f. representing the Committee at all mediation sessions;

    g.    representing the Committee in connection with any litigation, disputes, or other matters that may arise in connection with this Case;

    h.    assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

    i.    assisting, advising, and representing the Committee in investigating the Debtor's operations, and the desirability of the continuance of any portion of those operations;

    j.    assisting, advising, and representing the Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

    k.    assisting, advising, and representing the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code, if any;

    l.    assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules;

    m.    assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including, but not limited to, avoidance actions; and

    n.    providing such other legal services to the Committee as may be necessary and proper in this Case.

3.    PSZJ shall charge its standard hourly rates and reimbursement of expenses; provided, however, PSZJ shall discount its invoices on a cumulative basis to the extent the regular rates of its attorney exceed a blended rate of $900 per hour.

4.    PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Case as set forth in the Application and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

5.    PSZJ shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law.

6. PSZJ shall not charge in excess of $400 per hour for paralegal services.

7. PSZJ shall not charge for mailing supplies or secretarial or other overtime.

8. The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. To the extent the Application is inconsistent with this Order, this Order shall control.

10. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

Dated: September 12, 2022
    New York, New York

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
U.S. BANKRUPTCY JUDGE

DOCS_SF:107838.2 54162/002