James I. Stang, Esq. *(admitted pro hac vice)*
Iain A.W. Nasatir, Esq.
John W. Lucas, Esq.
Malhar S. Pagay, Esq. *(admitted pro hac vice)*
Gillian N. Brown, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Fax: (212) 561-7777

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

*AMENDED* NOTICE OF AGENDA FOR MATTERS SCHEDULED FOR HEARING
ON OCTOBER 13, 2022, AT 11:00 A.M. (PREVAILING EASTERN TIME)

 **PLEASE TAKE NOTICE** that on June 29, 2022, the above-captioned debtor and debtor in possession (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

 **PLEASE TAKE FURTHER NOTICE that a hearing (the "Hearing") has been scheduled for October 13, 2022 at 11:00 a.m. (prevailing Eastern Time) before the Honorable Sean H. Lane, United States Bankruptcy Judge, Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, in order to consider, among other things, the relief requested in the Pleadings (as defined below).**

 **PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted remotely via Zoom for Government, Parties may appear at the Hearing by registering at https://www.nysb.uscourts.gov/ecourt-appearances no later than 4:00 p.m. on the business day before the Hearing on October 12, 2022 (the "Appearance Deadline"). Following the Appearance Deadline, the Bankruptcy Court will circulate by email the Zoom link to the Hearing to those

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

parties who have made an electronic appearance. Parties wishing to appear at the Hearing must submit an electronic appearance through the Bankruptcy Court's website by the Appearance Deadline and not by emailing or otherwise contacting the Bankruptcy Court. Additional information regarding the Bankruptcy Court's Zoom and hearing procedures can be found on the Bankruptcy Court's website.

**PLEASE TAKE FURTHER NOTICE** that copies of each document identified below can be viewed and/or obtained by: (i) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov, or (ii) from the Debtor's notice and claims agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/madisonsquare, by calling (866) 977-1161 (toll free) for U.S. and Canada-based parties or +1 (503) 597-7709 for international parties, or by email at MadisonSquareInfo@epiqglobal.com. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the pleadings to be heard at the Hearing (the "Pleadings") carefully.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Pleadings, or if you want the Bankruptcy Court to hear your position on the Pleadings, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Bankruptcy Court may decide that you do not oppose the relief requested in the Pleadings and may enter orders granting the relief requested.

**PLEASE TAKE FURTHER NOTICE** that an agenda for the Hearing is set forth below.

## I.    MATTERS TO BE HEARD

1.  Motion of the Official Committee of Unsecured Creditors (the "Committee") for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 111][2]

    Objection Deadline: August 25, 2022, at 4:00 p.m. (prevailing Eastern Time).

    Responses Received:

    a.  Objection of Motors Insurance Company to Official Committee of Unsecured Creditors' Rule 2004 Motion [Docket No. 151]

    b.  Objection of Certain Insurers to the Official Committee of Unsecured Creditors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 152]

    c.  Limited Objection of General Star National Insurance Company, North Star Reinsurance Corporation and the Monarch Insurance Company of Ohio to the

---

[2] On October 11, 2022, counsel for the Debtor advised counsel to the Committee that the Debtor did not intend to appear at or file an agenda notice for the Hearing. Consequently, the Committee is filing this Notice of Agenda.

Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 153]

d.  The AIG Companies' Reservation of Rights and Objection to the Committee's Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 154]

e.  Objection by Federal and Century to the Committee's Rule 2004 Motion [Docket No. 155]

f.  Objection of the Rockefeller University to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 156]

g.  Travelers' Joinder in Objection by Federal and Century to the Committee's Rule 2004 Motion [Docket No. 158]

Related Documents:

a.  Motion for Order Shortening Notice with Respect to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 112]

b.  Certificate of Service [Docket No. 114]

c.  Order Shortening Time for Notice of Hearing Regarding Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 120]

d.  Notice of Hearing on the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 135]

e.  Amended Notice of Hearing on the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 138]

f.  Certificate of Service [Docket No. 140]

g.  The Official Committee of Unsecured Creditors' Omnibus Reply to Docket Nos. 151-156 and 158 in Support of the Motion of the Official Committee of

Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 164]

h.   Certificate of No Objection of Certain Entities Relating to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 166]

i.   Certificate of Service [Docket No. 168]

j.   Supplemental Certificate of Service [Docket No. 170]

k.   Response of The Rockefeller University to the Certification of No Objection of Certain Entities Relating to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 174]

l.   Order Granting, in Part, with Regard to Non-Objecting Insurers, the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 220]

m.   Notice of Continued Hearing [Docket No. 225]

n.   [Proposed] Stipulation and Agreed Order By and Between the Official Committee of Unsecured Creditors and the Rockefeller University Regarding Insurance-Related Documents [Docket No. 226]

o.   Certificate of Service [Docket No. 227]

p.   Certificate of Service [Docket No. 228]

q.   Stipulation and Agreed Order By and Between the Official Committee of Unsecured Creditors and the Rockefeller University Regarding Insurance-Related Documents [Docket No. 230]

r.   Amended Certification of No Objection of Certain Entities Relating to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Production of Documents of Certain Insurers [Docket No. 233]

s.   Certificate of Service [Docket No. 234]

Status: This matter is going forward on a contested basis; provided, however, that (i) the Committee has resolved the objection filed by the AIG Companies at Docket No. 154; (ii) the objection and response filed by Rockefeller University at

Docket Nos. 156 and 174 have been consensually resolved, as evidenced by the Stipulation and Agreed Order entered by the Court at Docket No. 230; *(iii) counsel for Motors Insurance Company agrees to the amended proposed form of order attached hereto and, on that basis, the objection set forth at Docket No. 151 is resolved; (iv) counsel for North Star Reinsurance Corporation, The Monarch Insurance Company of Ohio, and General Star National Insurance Company agrees to the amended proposed form of order attached hereto and, on that basis, the objection set forth at Docket No. 153 is resolved; and (v) counsel for The Travelers Indemnity Company and its affiliates agrees to the amended proposed form of order attached hereto and, on that basis, the objection set forth at Docket No. 158 is resolved. Accordingly, as of the filing of this Amended Notice of Agenda, the Committee believes that the objections set forth at Docket Nos. 152, and 155 remain unresolved. Attached hereto as Exhibit "A" is a clean version of a proposed form of order to which the foregoing counsel have agreed and attached hereto as Exhibit "B" is a redline comparing such order against the proposed order annexed to the originally-filed Notice of Agenda*.

Dated: October 12, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

_/s/ John W. Lucas_
James I. Stang, Esq. *(admitted pro hac vice)*
Iain A.W. Nasatir, Esq.
John W. Lucas, Esq.
Malhar S. Pagay, Esq. *(admitted pro hac vice)*
Gillian N. Brown, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Fax: (212) 561-7777
Emails: jstang@pszjlaw.com
            inasatir@pszjlaw.com
            jlucas@pszjlaw.com
            mpagay@pszjlaw.com
            gbrown@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                  :
In re                             : Chapter 11
                                  :
MADISON SQUARE BOYS & GIRLS CLUB,  : Case No. 22-10910-SHL
INC.[1],
                                  :
            Debtor.          :
                                  :
-------------------------------------------------------------X

### [PROPOSED] ORDER GRANTING, WITH REGARD TO NON-ROCKEFELLER INSURERS, THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATIONS AND PRODUCTION OF DOCUMENTS OF CERTAIN INSURERS
### [RE DOCKET NO. 111]

This matter coming before the Court on the motion (the "**Motion**") of the Official

Committee of Unsecured Creditors (the "**Committee**") of Madison Square Boys & Girls

Club, Inc. (the "**Debtor**"), for entry of an order, pursuant to Federal Rule of Bankruptcy

Procedure 2004 [Docket No. 111], authorizing the issuance and service of subpoenas for

oral examination and the production of documents from certain parties;[2] the Court having

reviewed and considered the Motion and accompanying papers; the Court having found

that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

(ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) notice of the

Motion as described in the Motion was proper under the circumstances; and the Court

---

[1] The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms not defined herein shall have the meanings and definitions ascribed to them in the Motion.

having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and good and sufficient

cause appearing therefor, it is hereby ORDERED that

1.    The Motion is GRANTED as set forth herein.

2.    With regard to the insurance companies listed at Exhibit 1 to this Order (the

"**Insurers**"):

    a.  The Committee is authorized to issue and serve subpoenas directing the

Insurers, or any of them, to produce the following limited set of documents:

    (i)    general liability policies for which the Debtor is the named insured

at any point during the years 1941 to 1989;

    (ii)    where the Insurer is not in possession, custody, or control of any

documents responsive to item (i), secondary evidence[3], or

information that may constitute secondary evidence, of general

liability policies for which the Debtor is the named insured at any

point during the years 1941 to 1989; and

    (iii)    where the Insurer is not in possession, custody or control of any

documents responsive to items (i) or (ii), coverage

---

[3] "Secondary evidence" shall have the meaning ascribed to it in Federal Rule of Evidence 1004 and means any Document referencing the existence of an insurance policy You issued to Debtor that covered childhood sexual abuse. This term includes, but is not limited to, premium invoices, proof of premium payments (such as copies of checks), loss prevention surveys, binders or cover notes, retrospective premium reports, reinsurance records, policy declarations pages, executed or unexecuted policy forms, subsequent policies suggesting prior similar coverage,  certificates of insurance, broker documents (including, but not limited to, ledgers or schedules of insurance or placing slips) , loss history cards, schedules in umbrella or excess policies identifying underlying primary policies, third-party documents, Your internal Correspondence Concerning the implied existence of a policy, and/or Correspondence between a broker and underwriter.

correspondence[4] relating to same (the "**Initial Document Requests**");

b.  The Insurers and/or their counsel are encouraged to permit their counsel to accept service of the subpoena for the Initial Document Requests;

c.  Subpoenas and document production requests to the Insurers will provide for an objection and production deadline of no fewer than ten (10) calendar days following service or acceptance of service of the subpoena;

d.  The Committee may use the Court's letter-briefing protocol to seek leave to take an oral examination (an "**Oral Examination**") of an Insurer and/or to subpoena from the Insurers, or any of them, documents responsive to the Second Set of Document Requests at **Exhibit 2** to this Order, provided that any such request to seek leave also shall be served on counsel of record in this case to Rockefeller University and The Rockefeller University Hospital (collectively, "**Rockefeller**"), currently Gregg Galardi, Esq.  **Exhibit 2** to this Order modifies Exhibit B to the Motion; and

e.  Any disputes relating to the Initial Document Requests, Oral Examinations, or the Second Set of Document Requests may be brought before the Court (after the parties meet and confer by telephone, video conference, or in person) pursuant to the letter-briefing protocol of this Court, or as otherwise provided by law.

---

[4] "Coverage correspondence" shall mean and refer to shall refer to Correspondence between the Debtor and You Concerning insurance coverage for any childhood sexual abuse claim(s) under a policy You issued to Debtor during the period 1941 to 1989.

f. Only those Insurers that issued one or more general liability insurance policies for which the Debtor is the named insured at any point during the years 1941 to 1989, and only in their capacity as insurers of the Debtor during this relevant coverage period, shall be bound by the discovery obligations set forth in this Order.  Any other Insurer, including any Insurer that issued liability policies for which Rockefeller is the named insured, and only in its capacity as insurer of Rockefeller or insurer of the Debtor outside of the relevant coverage period, is exempt from any discovery obligations in this Order.

3. The Committee will notify counsel for Rockefeller (currently Gregg Galardi, Esq.) if any Insurer produces policies on which Rockefeller is a named insured.

4. Nothing contained in this Order shall prejudice the Committee's rights or any Insurer's rights under Rule 2004, and under other applicable rules and laws, with regard to the Initial Document Requests, Oral Examinations, or the Second Set of Document Requests.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      October ___, 2022                  _____
                                 THE HONORABLE SEAN H. LANE
                                 UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## (INSURERS)

\*indicates parties that were listed on Exhibit A to the Rule 2004 Motion.

**BOLD NAMES** indicate parties that were not listed on Exhibit A to the Rule 2004 Motion but that filed objections to the Rule 2004 Motion.

\*\* indicates parties that both were listed on Exhibit A to the Rule 2004 Motion and that filed objections to the Rule 2004 Motion

\*Aetna Casualty & Surety Company
\*AIG
\*Allianz Global Risks US Insurance Company
\*Allianz Resolution Management
\*\*American Home Assurance Company
**ARROWOOD INDEMNITY COMPANY, FORMERLY KNOWN AS ROYAL INDEMNITY COMPANY AND AS SUCCESSOR TO ROYAL INSURANCE COMPANY OF AMERICA**
**CENTURY INDEMNITY COMPANY (SUCCESSOR TO CCI INSURANCE COMPANY, SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA)**
\*Chubb Group Holdings, Inc.
**CIM INSURANCE CORPORATION**
\*\*Federal Insurance Company
**FIREMAN'S FUND INSURANCE COMPANY**
\*\*General Star National Insurance Company
\*Great American Insurance Company
**GUARANTY NATIONAL INSURANCE COMPANY**
**ILLINOIS NATIONAL INSURANCE COMPANY**
**INSURANCE COMPANY OF NORTH AMERICA**
**LANDMARK INSURANCE COMPANY**
**MIC PROPERTY & CASUALTY INSURANCE CORPORATION**
\*\*The Monarch Insurance Company of Ohio
\*\*Motors Insurance Corporation
\*\*National Union Fire Insurance Company of Pittsburgh, PA
\*\*North Star Reinsurance Corporation
**RIUNIONE DI SICURTA (N/K/A ALLIANZ S/P/A.)**
\*Royal Indemnity Co.
\*Royal Insurance

**TIG INSURANCE COMPANY AS SUCCESSOR BY MERGER TO FAIRMONT SPECIALTY INSURANCE COMPANY (F/K/A RANGER INSURANCE COMPANY)**
*Travelers Casualty and Surety Company, Inc.
**THE TRAVELERS INDEMNITY COMPANY (AND ITS AFFILIATES INCLUDING THE AETNA CASUALTY AND SURETY COMPANY, GULF INSURANCE COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY)**
United States Fidelity & Casualty Company

-end-

**EXHIBIT 2**

**(SECOND SET OF DOCUMENT REQUESTS)**

## INSTRUCTIONS

**A.**     Pursuant to Local Bankruptcy Rule 2004-1 and Local Civil Rule 26.3, the

definitions and constructions set forth in Local Civil Rule 26.3(c) and (d), respectively, shall

apply to the Requests below.

**B.**     All responses shall comply with the requirements of the Local Bankruptcy Rules,

Local Civil Rules, Bankruptcy Rules and any Court order.

**C.**     You are required to conduct a thorough investigation and produce all Documents

(as defined below) in your possession, custody, and control including all Documents in the

possession, custody and control of your attorneys, investigators, experts, officers, trustees,

members, directors, employees, agents, representatives, and anyone acting on Your behalf.

**D.**     Documents should not contain redactions unless such redactions are made to

protect information subject to the attorney-client privilege and/or work-product doctrine.  In the

event any Documents are produced with redactions, a log setting forth the information requested

in Instruction F, below, must be provided.

**E.**     To the extent a Document sought herein was at one time, but is no longer, in Your

actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost;

(b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed

of.  In each instance, identify the Document, state the time period during which it was

maintained, state the circumstance and date surrounding authorization for such disposition,

identify each person having knowledge of the circumstances of the disposition, and identify each

person who had possession, custody, or control of the Document.  Documents prepared prior to,

but which relate or refer to, the time period covered by these Requests are to be identified and

produced.

     **F.**     If You are unable to comply with a particular category(ies) of the Requests below and Documents responsive to the category are in existence, state the following information:

     1.     The date of the Document;

     2.     The type of Document (*e.g.*, letter, memorandum, report, etc.);

     3.     The name, address, telephone number and title of the author(s) of the Document;

     4.     The name, address, telephone number and title of each recipient of the Document;

     5.     The number of pages in the Document;

     6.     The document control number, if any;

     7.     The present location(s) of the Document and the name, address and telephone number of the Person(s) who has (have) possession of the Document;

     8.     A specific description of the subject matter of the Document;

     9.     The reason why the Document cannot be produced or why you are unable to comply with the particular category of Request.

     **G.**     You are under a continuing duty to timely amend your written response and to produce additional Documents if you learn that the response is in some material respect incomplete or incorrect.

     **H.**     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, servers, PDAs, cell and smart phones, other wireless devices, scanners, facsimile transmission and copying machines, mobile storage devices (such as thumb or other external hard drives), local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file

hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

      **I.**      You are required to produce the full and complete originals or duplicate (as such terms are defined by Rule 1001 of the Federal Rules of Evidence) if the original is unavailable, of each Document responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions. Duplicates may be produced in lieu of originals if the entirety (front and back where appropriate) of the Document is reproduced and the Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s). If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

      **J.**      You are required to produce the Documents as they are kept in the usual course of business or your operations, or to organize and label them to correspond with each category in these Requests.

      **K.**      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

      **L.**      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

      **M.**      If You object to any of these Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

**N.**     The fact that an investigation is continuing or that discovery is incomplete shall

not be a justification for failing to respond to these Requests based on the knowledge or

information that You possess at the time You respond to these Requests.  If an investigation is

continuing or discovery is not complete with respect to the matter inquired into by any Request,

so state in Your response to that Request.

**O.**     If the identity of Documents responding to a Request is not known, then that lack

of knowledge must be specifically indicated in the response.  If any information requested is not

in Your possession, but is known or believed to be in the possession of another person or entity,

then identify that person or entity and state the basis of Your belief or knowledge that the

requested information is in such person's or entity's possession.

**P.**     You are required to produce Electronically Stored Information in searchable form.

**Q.**     For Documents that are currently in paper format:

10.     Documents must be scanned and produced electronically in single page
TIFF format with corresponding OPT file, DAT file, as well as OCR or
extracted text and .lst file.

11.     To the extent available, provide Beginning Production Number, Ending
Production Number, Folder information, custodian information and family
information.

**R.**     For Documents that contain Electronically Stored Information, the following

guidelines are to apply:

12.     Single page, Group IV TIFFs with links to native files (for Excel or
similar spread sheet or accounting files, at a minimum) with
corresponding OPT file, DAT file, as well as OCR or extracted text and
.lst file.

13.     Maintain family integrity.

14.     Perform custodian-level reduplication.

15.     Concordance standard delimited DAT load file with the following
metadata fields: Beginning Production Number, Ending Production
Number, Beginning Attachment Number, End Attachment Number,

Family ID, Page Count, Custodian, Original Location Path, Email Folder Path, Document Type, Doc Author, Doc Last Author, Comments, Categories, Revisions, File Name, File Size, MD5 Hash, Date Last Modified, Time Last Modified, Date Created, Time Created, Date Last Accessed, Time Last Accessed, Date Sent, Time Sent, Date Received, Time Received, To, From, CC, BCC, Email Subject, Path to Native, Path to Full Text, Original Time Zone.

16.    OCR or extracted text for all ESI:  (a) Separate .txt files corresponding to beginning production number of each document; (b) Separate .lst file for fulltext.

17.    Process all data in GMT and provide a metadata field indicating original time zone.

**S.**    If you withhold or redact a portion of any Document under a claim of privilege or other protection, each such Document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged Documents responsive to this Request, and which privilege log shall state the following information:

18.    The date of the Document;

19.    The type of Document (*e.g.*, letter, memorandum, report, etc.);

20.    The name, address, telephone number and title of the author(s) of the Document;

21.    The name, address, telephone number and title of each recipient of the Document;

22.    The number of pages in the Document;

23.    The document control number, if any;

24.    The present location(s) of the Document and the name, address and telephone number of the Persons) who has (have) possession of the Document;

25.    A general description of the subject matter of the Document or the portion redacted without disclosing the asserted privileged or protected communication;

26.    The specific privilege(s) or protection(s) that you contend applies.

**T.**      Documents not otherwise responsive to these Requests should be produced:  (1) if

such Documents mention, discuss, refer to, explain, or concern one or more Documents that are

called for by these Requests; (2) if such Documents are attached to, enclosed with, or accompany

Documents called for by these Requests; or (3) if such Documents constitute routing slips,

transmittal memoranda or letters, comments, evaluations, or similar materials.

**U.**      Unless otherwise specified, the relevant time period to which each Request relates

is the inception of the Debtor through the date You produce Documents responsive to the

Requests.

<ins>DEFINITIONS</ins>

Unless otherwise stated, the following definitions shall apply to these Requests:

1.  **"<ins>Abuse</ins>"** means sexual conduct or sexual conduct or misconduct, sexual abuse or

molestation, sexual exploitation, indecent assault or battery, rape, pedophilia, ephebophilia,

sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease,

disability, dysfunction, or intimidation, any other sexual misconduct or injury, contacts or

interactions of a sexual nature, including the use of photography, video, or digital media, or other

physical abuse or bullying or harassment without regard to whether such physical abuse or

bullying is of a sexual nature, between a child and an adult, between a child and another child, or

between a non-consenting adult and another adult, in each instance without regard to whether

such activity involved explicit force, whether such activity involved genital or other physical

contact, and whether there is or was any associated physical, psychological, or emotional harm to

the child or non-consenting adult.

2.  **"<ins>Abuse Claim</ins>"** means a liquidated or unliquidated Claim that is attributable to, arises

from, is based upon, relates to, or results from, directly, indirectly, or derivatively, alleged

Abuse, including any such Claim that seeks monetary damages or other relief, under any theory

of law or equity whatsoever, including vicarious liability, alter ego, respondeat superior,

conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-

based theory, including negligent hiring, selection, supervision, retention or misrepresentation,

any other theory based upon, or directly or indirectly related to any insurance relationship, the

provision of insurance or the provision of insurance services, or misrepresentation, concealment,

or unfair practice, breach of fiduciary duty, public or private nuisance, gross negligence, willful

misconduct, or any other theory, including any theory based on or related to public policy or any

act or failure to act, or failure to warn, including any such Claim that has been asserted or may be

amended to assert in a proof of claim alleging Abuse, whether or not timely filed, in the Case,

including any proportionate or allocable share of liability based thereon, and any other Claim

that is attributable to, arises from, is based upon, relates to, or results from, alleged Abuse

regardless of whether, as of the Petition Date, such Claim was barred by any applicable statute of

limitations.

3.   **"Abuse Claimant"** means the Person asserting an Abuse Claim.

4.   "**Bankruptcy Case**" means and refers to the chapter 11 case of Madison Square Boys &

Girls Club, Inc., currently pending in the United States Bankruptcy Court for the Southern

District of New York under the case captioned as *In re Madison Square Boys & Girls Club, Inc.*,

Case No. 22-10910-shl.

5.   "**Bankruptcy Code**" means and refers to 11 U.S.C. §101 *et seq*. (as amended from time

to time).

6.   **"BGCA"** means the Boys & Girls Clubs of America and each of its agents, accountants,

financial advisors, employees, experts, attorneys, officers, directors, direct or indirect

shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, as well as any other Person acting on behalf of the BGCA.

7. **"Claim"** means any "claim," as defined in section 101(5) of the Bankruptcy Code.

8. **"Communication"** shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

9. **"Concern" or "Concerning"** shall have the definition of "concerning" set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

10. **"Debtor"** or **"MSBGC"** means Madison Square Boys & Girls Club, Inc., collectively or individually, as context requires and to encompass responsive Documents, Madison Boys & Girls Club, Inc., and each of its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, as well as any other Person acting on behalf of the Debtor.

11. **"Document"** shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

12. **"Each"** shall have the construction set forth in Local Civil Rule 26.3(d), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

13. **"Electronically Stored Information"** or **"ESI"** means, without limitation, all information and data (including, without limitation, email, voicemail, instant messages, intranet and internet system data, telephone and cellular phone calling records, data compilations, spreadsheets, word processing documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices) contained on any computing device or

electromagnetic media owned, maintained, or otherwise controlled by You, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of You and Your employees, or on associated external storage media, backup tapes, and other archival copies of same. Unless otherwise specified, documents, reports, and other Electronically Stored Information created using any version of Microsoft Word, PowerPoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on whatever media it currently resides. The document should not be locked, resaved, restructured, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in Your systems. Unless otherwise specified, electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by Your mail processing software. All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags, message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

14. "**Identify**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

15. **"Insurance Policies"** means any and all contracts, binders, certificates, insurance agreements or insurance policies currently or previously in effect at any time alleged to afford insurance coverage.

16. **"Perpetrator"** means any individual who personally committed or is alleged to have personally committed an act of Abuse that forms the basis for an Abuse Claim.

17. "**Person**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

18. **"Petition Date"** means June 29, 2022.

19. **"Rockefeller"** means The Rockefeller University and The Rockefeller University Hospital, individually and collectively, and any Person acting on Rockefeller's behalf.

20. **"Settlement"** means any settlement or other resolution Concerning an Abuse Claim.

21. **"Verdict"** means any verdict, judgment, award or decision of a court, arbitrator, mediator or similar tribunal Concerning an Abuse Claim.

22. "**You**", "**Your**", and "**Yours**" means and refers to the Person responding to the relevant Request and each of its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, as well as any other Person acting on Your behalf.

## REQUESTS FOR PRODUCTION

1. All Documents that You or anyone acting on Your behalf prepared, authored, sent, or received that interpret, refer to, relate to, or otherwise Concern insurance coverage for any Abuse Claim Concerning MSBGC.

2. All Documents that You or anyone acting on Your behalf prepared, authored, sent, or received that interpret, refer to, relate to, or otherwise Concern insurance coverage for any Abuse Claim Concerning the BGCA.

3.  All Documents Concerning Insurance Policies, including all declaration pages, coverage sheets or face sheets, and all forms and endorsements that are, or may be, a part of any insurance agreement that may provide a duty to defend or a duty to indemnify an Abuse Claim Concerning MSBGC, including, without limitation, primary, excess, self-insured, workers' compensation, umbrella or reinsurance policies.

4.  All Documents Concerning Insurance Policies, including all declaration pages, coverage sheets or face sheets, and all forms and endorsements that are, or may be, a part of any insurance agreement that may provide a duty to defend or a duty to indemnify an Abuse Claim Concerning BGCA, including, without limitation, primary, excess, self-insured, workers' compensation, umbrella or reinsurance policies.

5.  All Documents Concerning the names and/or identifying information for the insurance carriers and/or insurance brokers for MSBGC, including, without limitation, primary, excess, self-insured, workers' compensation, umbrella or reinsurance policies.

6.  All Documents Concerning the names and/or identifying information for the insurance carriers and/or insurance brokers for BGCA, including, without limitation, primary, excess, self-insured, workers' compensation, or umbrella policies.

7.  All Documents Concerning any and all claims made under any Insurance Policies that are responsive to these Requests.

8.  All Documents Concerning the amount or extent of coverage remaining under any Insurance Policies that are responsive to these Requests.

9.  All Documents Concerning litigation against MSBGC Concerning Abuse Claims, including Documents that reflect any insurer who was involved in the defense or indemnification of such litigation and any insurer to whom the litigation was tendered for defense or indemnification.

10. All Documents Concerning litigation against BGCA Concerning Abuse Claims, including Documents that reflect any insurer who was involved in the defense or indemnification of such litigation and any insurer to whom the litigation was tendered for defense or indemnification.

11. All Documents that evidence, refer to, relate to, or otherwise Concern reinsurance under any other Insurance Policies Concerning MSBGC, including, but not limited to, (a) all Documents sent or received by You Concerning the collectability of reinsurance liability for Abuse Claims under Insurance Policies; and (ii) all Documents that constitute, evidence, refer to, relate to, or otherwise Concern any Communication between You and any reinsurer Concerning any Abuse Claim.

12. All Documents that evidence, refer to, relate to, or otherwise Concern reinsurance under any other Insurance Policies Concerning BGCA, including, but not limited to, (a) all Documents sent or received by You Concerning the collectability of reinsurance liability

for Abuse Claims under Insurance Policies; and (ii) all Documents that constitute, evidence, refer to, relate to, or otherwise Concern any Communication between You and any reinsurer Concerning any Abuse Claim.

13. If You contend that MSBGC has not complied with any contractual conditions or obligations under any Insurance Policy in connection with any Abuse Claim, all Documents that Concern Your contention.

14. If You contend that BGCA has not complied with any contractual conditions or obligations under any Insurance Policy in connection with any Abuse Claim, all Documents that Concern Your contention.

15. All Documents Concerning and sufficient to Identify each (a) Settlement, (b) Verdict in favor of a Person asserting an Abuse Claim, and (c) Verdict in favor of a Person defending an Abuse Claim, Concerning MSBGC and/or BGCA, including the following information with respect to each such Settlement and Verdict:

    a.   Your claim file and all Communications Concerning each such Abuse Claim;

    b.   All complaints or statements of claim associated with each Settlement and Verdict, including the filing date of the action, causes of action asserted, any consolidated action, jurisdiction and plaintiff's counsel;

    c.   The state of the relevant proceeding at the time of the Settlement or Verdict;

    d.   Amount of Settlement or award pursuant to or subject to the Verdict Concerning the relevant Abuse Claim(s), including the total Settlement or award amount, all sub-components of economic and non-economic Settlement or award amounts, and apportionment or allocation of Settlement or award amounts among each defendant or party against which the Abuse Claim was asserted;

    e.   With respect to a Verdict in favor of the defense Concerning an Abuse Claim, the amount of Abuse Claim subject to the Verdict, including total alleged amount of Abuse Claim and all alleged sub-components or economic and non-economic amounts of the Abuse Claim;

    f.   Description of the Abuse Claim, including, but not limited to:  (i) actions of the Perpetrator giving rise to the Abuse Claim; (ii) number of instances of Abuse; (iii) year(s) of occurrence of Abuse at issue in the Abuse Claim; (iv) age of Abuse Claimant at time of Abuse alleged in the Abuse Claim; (v) identity of each defendant or party against which the Abuse Claim was asserted, including the alleged Perpetrator; (vi) state, city and county in which instance of Abuse at issue in the Abuse Claim occurred; and (vii) any other information or data collected, compiled, or maintained by You Concerning the Abuse Claim, including information Concerning the Abuse Claimant, the alleged Perpetrator, their respective backgrounds or histories Concerning the Abuse allegations, and Your knowledge of the same;

    g.   The number of accusations (aside from the Abuse Claim at issue) brought against the alleged Perpetrator;

    h.   The data of the Settlement or Verdict and any payments in connection therewith;

    i. If the defense of the Abuse Claim was covered by an Insurance Policy, the Insurance Policy (including copy thereof) and identification of the insurance company;

    j. Identity of source(s) of payment of the Settlement or Verdict amount, including if the Settlement or Verdict was paid in whole or in part from proceeds of an Insurance Policy, identification of the Insurance Policy, and insurance company;

    k. All Documents Concerning coverage for the Settlement of any Abuse Claims and all drafts thereof, including, without limitation, consents (or lack thereof) of other insureds or insurers to enter into any such Settlement; and

    l. All Documents Concerning the Settlement or Verdict, including any court order approving or implementing same.

16. All Documents Concerning an Abuse Claim Concerning MSBGC and BGCA, respectively, not otherwise provided in response to the preceding Request.

17. The most recent loss run for each Insurance Policy Concerning You and MSBGC.

18. The most recent loss run for each Insurance Policy Concerning You and BGCA.

19. All Documents prepared by MSBGC Concerning Abuse Claims provided to You.

20. All Documents prepared by BGCA Concerning Abuse Claims provided to You.

21. All Documents Concerning Abuse Claims provided by You to MSBGC.

22. All Documents Concerning Abuse Claims provided by You to BGCA.

23. All Documents that constitute, evidence, refer to, relate to, or otherwise Concern any reserve that You contemplated, established, set, maintained and/or changed regarding the Abuse Claims Concerning MSBGC or BGCA, respectively, for each Insurance Policy year.

24. All Documents that constitute, evidence, refer to, related to, otherwise Concern an Insurance Policy that provides or potentially provides coverage for Abuse Claims Concerning MSBGC or BGCA, respectively.

25. All Documents, including, without limitation claims-handling manuals, guidelines, policies, practices, directives, and procedures, that Concern Your handling, processing, adjusting, review, investigation, evaluation, acceptance, denial, reservation of rights, or other response to sexual abuse claims, including the Abuse Claims Concerning MSBGC, or BGCA, respectively, under any Insurance Policy.

26. All Documents Concerning Your policies, practices, and procedures that Concern valuing or evaluating sexual abuse claims, including Abuse Claims Concerning MSBGC or BGCA, respectively, that were filed after the expiration of any applicable statute of limitations or were filed in jurisdictions where the statute of limitations with respect to

sexual abuse claims may change, including, without limitation, any policies, procedures, or practices that prohibit settling or otherwise resolving such sexual-abuse claims.

27. All minutes of or other Documents relating to every meeting of Your board of directors or managers, any committee or subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups, during which there was discussion of MSBGC, the Insurance Policies Concerning You and MSBGC, Abuse Claims asserted against MSBGC, or MSBGC's claims for insurance coverage under Insurance Policies (whether or not regarding the Abuse Claims asserted against MSBGC), including without limitation, insurance coverage for such claims, including but not limited to handouts, agendas, attachments, and notes made by participants.

28. All minutes of or other Documents relating to every meeting of Your board of directors or managers, any committee or subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups, during which there was discussion of BGCA, the Insurance Policies Concerning You and BGCA, Abuse Claims asserted against BGCA, or BGCA's claims for insurance coverage under Insurance Policies (whether or not regarding the Abuse Claims asserted against BGCA), including without limitation, insurance coverage for such claims, including but not limited to handouts, agendas, attachments, and notes made by participants.

    -end-

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                             :
In re                                                        : Chapter 11
                                                             :
MADISON SQUARE BOYS & GIRLS CLUB,                            : Case No. 22-10910-SHL
INC.[1],                                                     :
                                                             :
                        Debtor.                              :
                                                             :
-------------------------------------------------------------X

**[PROPOSED] ORDER GRANTING, WITH REGARD TO**
**NON-ROCKEFELLER INSURERS, THE MOTION OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER**
**PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATIONS AND**
**PRODUCTION OF DOCUMENTS OF CERTAIN INSURERS**
**[RE DOCKET NO. 111]**

This matter coming before the Court on the motion (the "**Motion**") of the Official

Committee of Unsecured Creditors (the "**Committee**") of Madison Square Boys & Girls

Club, Inc. (the "**Debtor**"), for entry of an order, pursuant to Federal Rule of Bankruptcy

Procedure 2004 [Docket No. 111], authorizing the issuance and service of subpoenas for

oral examination and the production of documents from certain parties;[2] the Court having

reviewed and considered the Motion and accompanying papers; the Court having found

that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

(ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) notice of the

Motion as described in the Motion was proper under the circumstances; and the Court

---

[1] The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms not defined herein shall have the meanings and definitions ascribed to them in the Motion.

having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and good and sufficient

cause appearing therefor, it is hereby ORDERED that

1.    The Motion is GRANTED as set forth herein.

2.    With regard to the insurance companies listed at Exhibit 1 to this Order (the

"**Insurers**"):

a.    The Committee is authorized to issue and serve subpoenas directing the

Insurers, or any of them, to produce the following limited set of documents:

(i)    general liability policies for which the Debtor is the named insured

at any point during the years 1941 to 1989;

(ii)    where the Insurer is not in possession, custody, or control of any

documents responsive to item (i), secondary evidence[3], or

information that may constitute secondary evidence, of general

liability policies for which the Debtor is the named insured at any

point during the years 1941 to 1989; and

(iii)    where the Insurer is not in possession, custody or control of any

documents responsive to items (i) or (ii), coverage

---

[3] "Secondary evidence" shall have the meaning ascribed to it in Federal Rule of Evidence 1004 and means any Document referencing the existence of an insurance policy You issued to Debtor that covered childhood sexual abuse. This term includes, but is not limited to, premium invoices, proof of premium payments (such as copies of checks), loss prevention surveys, binders or cover notes, retrospective premium reports, reinsurance records, policy declarations pages, executed or unexecuted policy forms, subsequent policies suggesting prior similar coverage, certificates of insurance, broker documents (including, but not limited to, ledgers or schedules of insurance or placing slips) , loss history cards, schedules in umbrella or excess policies identifying underlying primary policies, third-party documents, Your internal Correspondence Concerning the implied existence of a policy, and/or Correspondence between a broker and underwriter.

correspondence[4] relating to same (the "**Initial Document Requests**");

b.    The Insurers and/or their counsel are encouraged to permit their counsel to accept service of the subpoena for the Initial Document Requests;

c.    Subpoenas and document production requests to the Insurers will provide for an objection and production deadline of no fewer than ten (10) calendar days following service or acceptance of service of the subpoena;

d.    The Committee may use the Court's letter-briefing protocol to seek leave to take an oral examination (an "**Oral Examination**") of an Insurer and/or to subpoena from the Insurers, or any of them, documents responsive to the Second Set of Document Requests at **Exhibit 2** to this Order, provided that any such request to seek leave also shall be served on counsel of record in this case to Rockefeller University and The Rockefeller University Hospital (collectively, "**Rockefeller**"), currently Gregg Galardi, Esq~~.).~~ **Exhibit 2** to this Order modifies Exhibit B to the Motion; and

e.    Any disputes relating to the Initial Document Requests, Oral Examinations, or the Second Set of Document Requests may be brought before the Court (after the parties meet and confer by telephone, video conference, or in person) pursuant to the letter-briefing protocol of this Court, or as otherwise provided by law.

---

[4] "Coverage correspondence" shall mean and refer to ~~shall refer to~~ Correspondence between the Debtor and You Concerning insurance coverage for any childhood sexual abuse claim(s) under a policy You issued to Debtor during the period 1941 to 1989.

f.   Only those Insurers that issued one or more general liability insurance policies for which the Debtor is the named insured at any point during the years 1941 to 1989, and only in their capacity as insurers of the Debtor during this relevant coverage period, shall be bound by the discovery obligations set forth in this Order.  Any other Insurer, including any Insurer that issued liability policies for which Rockefeller is the named insured, and only in its capacity as insurer of Rockefeller or insurer of the Debtor outside of the relevant coverage period, is exempt from any discovery obligations in this Order.

3.      The Committee will notify counsel for ~~The~~ Rockefeller ~~University~~ (currently Gregg Galardi, Esq.) if any Insurer produces policies on which ~~The~~ Rockefeller ~~University~~ is a named insured.

4.      Nothing contained in this Order shall prejudice the Committee's rights or any Insurer's rights under Rule 2004, and under other applicable rules and laws, with regard to the Initial Document Requests, Oral Examinations, or the Second Set of Document Requests.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.


Dated: New York, New York
      October ___, 2022
                        _____
                        THE HONORABLE SEAN H. LANE
                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## (INSURERS)

*indicates parties that were listed on Exhibit A to the Rule 2004 Motion.

**BOLD NAMES** indicate parties that were not listed on Exhibit A to the Rule 2004 Motion but that filed objections to the Rule 2004 Motion.

** indicates parties that both were listed on Exhibit A to the Rule 2004 Motion and that filed objections to the Rule 2004 Motion

*Aetna Casualty & Surety Company
*AIG
*Allianz Global Risks US Insurance Company
*Allianz Resolution Management
**American Home Assurance Company
**ARROWOOD INDEMNITY COMPANY, FORMERLY KNOWN AS ROYAL INDEMNITY COMPANY AND AS SUCCESSOR TO ROYAL INSURANCE COMPANY OF AMERICA**
**CENTURY INDEMNITY COMPANY (SUCCESSOR TO CCI INSURANCE COMPANY, SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA)**
*Chubb Group Holdings, Inc.
**CIM INSURANCE CORPORATION**
**Federal Insurance Company
**FIREMAN'S FUND INSURANCE COMPANY**
**General Star National Insurance Company
*Great American Insurance Company
**GUARANTY NATIONAL INSURANCE COMPANY**
**ILLINOIS NATIONAL INSURANCE COMPANY**
**INSURANCE COMPANY OF NORTH AMERICA**
**LANDMARK INSURANCE COMPANY**
**MIC PROPERTY & CASUALTY INSURANCE CORPORATION**
**The Monarch Insurance Company of Ohio
**Motors Insurance Corporation
**National Union Fire Insurance Company of Pittsburgh, PA
**North Star Reinsurance Corporation
**RIUNIONE DI SICURTA (N/K/A ALLIANZ S/P/A.)**
*Royal Indemnity Co.
*Royal Insurance

**TIG INSURANCE COMPANY AS SUCCESSOR BY MERGER TO FAIRMONT SPECIALTY INSURANCE COMPANY (F/K/A RANGER INSURANCE COMPANY)**
*Travelers Casualty and Surety Company, Inc.
**THE TRAVELERS INDEMNITY COMPANY (AND ITS AFFILIATES INCLUDING THE AETNA CASUALTY AND SURETY COMPANY, GULF INSURANCE COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY)**
United States Fidelity & Casualty Company

-end-

**EXHIBIT 2**

**(SECOND SET OF DOCUMENT REQUESTS)**

## INSTRUCTIONS

**A.**      Pursuant to Local Bankruptcy Rule 2004-1 and Local Civil Rule 26.3, the

definitions and constructions set forth in Local Civil Rule 26.3(c) and (d), respectively, shall

apply to the Requests below.

**B.**      All responses shall comply with the requirements of the Local Bankruptcy Rules,

Local Civil Rules, Bankruptcy Rules and any Court order.

**C.**      You are required to conduct a thorough investigation and produce all Documents

(as defined below) in your possession, custody, and control including all Documents in the

possession, custody and control of your attorneys, investigators, experts, officers, trustees,

members, directors, employees, agents, representatives, and anyone acting on Your behalf.

**D.**      Documents should not contain redactions unless such redactions are made to

protect information subject to the attorney-client privilege and/or work-product doctrine.  In the

event any Documents are produced with redactions, a log setting forth the information requested

in Instruction F, below, must be provided.

**E.**      To the extent a Document sought herein was at one time, but is no longer, in Your

actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost;

(b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed

of.  In each instance, identify the Document, state the time period during which it was

maintained, state the circumstance and date surrounding authorization for such disposition,

identify each person having knowledge of the circumstances of the disposition, and identify each

person who had possession, custody, or control of the Document.  Documents prepared prior to,

but which relate or refer to, the time period covered by these Requests are to be identified and

produced.

**F.**    If You are unable to comply with a particular category(ies) of the Requests below

and Documents responsive to the category are in existence, state the following information:

    1.    The date of the Document;

    2.    The type of Document (*e.g.*, letter, memorandum, report, etc.);

    3.    The name, address, telephone number and title of the author(s) of the Document;

    4.    The name, address, telephone number and title of each recipient of the Document;

    5.    The number of pages in the Document;

    6.    The document control number, if any;

    7.    The present location(s) of the Document and the name, address and telephone number of the Person(s) who has (have) possession of the Document;

    8.    A specific description of the subject matter of the Document;

    9.    The reason why the Document cannot be produced or why you are unable to comply with the particular category of Request.

**G.**    You are under a continuing duty to timely amend your written response and to

produce additional Documents if you learn that the response is in some material respect

incomplete or incorrect.

**H.**    Produce all Documents and all other materials described below in Your actual or

constructive possession, custody, or control, including in the possession, custody, or control of

current or former employees, officers, directors, agents, agents' representatives, consultants,

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and

materials are maintained, including on personal computers, servers, PDAs, cell and smart

phones, other wireless devices, scanners, facsimile transmission and copying machines, mobile

storage devices (such as thumb or other external hard drives), local area networks, application-

based communications services (including, without limitation, Facebook Messenger, Instant

Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file

hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

I.      You are required to produce the full and complete originals or duplicate (as such terms are defined by Rule 1001 of the Federal Rules of Evidence) if the original is unavailable, of each Document responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions. Duplicates may be produced in lieu of originals if the entirety (front and back where appropriate) of the Document is reproduced and the Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s). If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

J.      You are required to produce the Documents as they are kept in the usual course of business or your operations, or to organize and label them to correspond with each category in these Requests.

K.      Documents attached to each other should not be separated; separate Documents should not be attached to each other.

L.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

M.      If You object to any of these Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

**N.**     The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests based on the knowledge or information that You possess at the time You respond to these Requests.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request, so state in Your response to that Request.

**O.**     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

**P.**     You are required to produce Electronically Stored Information in searchable form.

**Q.**     For Documents that are currently in paper format:

10.    Documents must be scanned and produced electronically in single page TIFF format with corresponding OPT file, DAT file, as well as OCR or extracted text and .lst file.

11.    To the extent available, provide Beginning Production Number, Ending Production Number, Folder information, custodian information and family information.

**R.**     For Documents that contain Electronically Stored Information, the following guidelines are to apply:

12.    Single page, Group IV TIFFs with links to native files (for Excel or similar spread sheet or accounting files, at a minimum) with corresponding OPT file, DAT file, as well as OCR or extracted text and .lst file.

13.    Maintain family integrity.

14.    Perform custodian-level reduplication.

15.    Concordance standard delimited DAT load file with the following metadata fields: Beginning Production Number, Ending Production Number, Beginning Attachment Number, End Attachment Number,

Family ID, Page Count, Custodian, Original Location Path, Email Folder Path, Document Type, Doc Author, Doc Last Author, Comments, Categories, Revisions, File Name, File Size, MD5 Hash, Date Last Modified, Time Last Modified, Date Created, Time Created, Date Last Accessed, Time Last Accessed, Date Sent, Time Sent, Date Received, Time Received, To, From, CC, BCC, Email Subject, Path to Native, Path to Full Text, Original Time Zone.

16.  OCR or extracted text for all ESI:  (a) Separate .txt files corresponding to beginning production number of each document; (b) Separate .lst file for fulltext.

17.  Process all data in GMT and provide a metadata field indicating original time zone.

**S.**  If you withhold or redact a portion of any Document under a claim of privilege or other protection, each such Document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged Documents responsive to this Request, and which privilege log shall state the following information:

18.  The date of the Document;

19.  The type of Document (*e.g.*, letter, memorandum, report, etc.);

20.  The name, address, telephone number and title of the author(s) of the Document;

21.  The name, address, telephone number and title of each recipient of the Document;

22.  The number of pages in the Document;

23.  The document control number, if any;

24.  The present location(s) of the Document and the name, address and telephone number of the Persons) who has (have) possession of the Document;

25.  A general description of the subject matter of the Document or the portion redacted without disclosing the asserted privileged or protected communication;

26.  The specific privilege(s) or protection(s) that you contend applies.

**T.**      Documents not otherwise responsive to these Requests should be produced:  (1) if

such Documents mention, discuss, refer to, explain, or concern one or more Documents that are

called for by these Requests; (2) if such Documents are attached to, enclosed with, or accompany

Documents called for by these Requests; or (3) if such Documents constitute routing slips,

transmittal memoranda or letters, comments, evaluations, or similar materials.

**U.**      Unless otherwise specified, the relevant time period to which each Request relates

is the inception of the Debtor through the date You produce Documents responsive to the

Requests.

<u>DEFINITIONS</u>

Unless otherwise stated, the following definitions shall apply to these Requests:

1.  **<u>"Abuse"</u>** means sexual conduct or sexual conduct or misconduct, sexual abuse or

molestation, sexual exploitation, indecent assault or battery, rape, pedophilia, ephebophilia,

sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease,

disability, dysfunction, or intimidation, any other sexual misconduct or injury, contacts or

interactions of a sexual nature, including the use of photography, video, or digital media, or other

physical abuse or bullying or harassment without regard to whether such physical abuse or

bullying is of a sexual nature, between a child and an adult, between a child and another child, or

between a non-consenting adult and another adult, in each instance without regard to whether

such activity involved explicit force, whether such activity involved genital or other physical

contact, and whether there is or was any associated physical, psychological, or emotional harm to

the child or non-consenting adult.

2.  **<u>"Abuse Claim"</u>** means a liquidated or unliquidated Claim that is attributable to, arises

from, is based upon, relates to, or results from, directly, indirectly, or derivatively, alleged

Abuse, including any such Claim that seeks monetary damages or other relief, under any theory of law or equity whatsoever, including vicarious liability, alter ego, respondeat superior, conspiracy, fraud, including fraud in the inducement, any negligence-based or employment-based theory, including negligent hiring, selection, supervision, retention or misrepresentation, any other theory based upon, or directly or indirectly related to any insurance relationship, the provision of insurance or the provision of insurance services, or misrepresentation, concealment, or unfair practice, breach of fiduciary duty, public or private nuisance, gross negligence, willful misconduct, or any other theory, including any theory based on or related to public policy or any act or failure to act, or failure to warn, including any such Claim that has been asserted or may be amended to assert in a proof of claim alleging Abuse, whether or not timely filed, in the Case, including any proportionate or allocable share of liability based thereon, and any other Claim that is attributable to, arises from, is based upon, relates to, or results from, alleged Abuse regardless of whether, as of the Petition Date, such Claim was barred by any applicable statute of limitations.

3.   **"Abuse Claimant"** means the Person asserting an Abuse Claim.

4.   "**Bankruptcy Case**" means and refers to the chapter 11 case of Madison Square Boys & Girls Club, Inc., currently pending in the United States Bankruptcy Court for the Southern District of New York under the case captioned as *In re Madison Square Boys & Girls Club, Inc.*, Case No. 22-10910-shl.

5.   "**Bankruptcy Code**" means and refers to 11 U.S.C. §101 *et seq.* (as amended from time to time).

6.   **"BGCA"** means the Boys & Girls Clubs of America and each of its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect

shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, as well as any other Person acting on behalf of the BGCA.

7. **"Claim"** means any "claim," as defined in section 101(5) of the Bankruptcy Code.

8. "**Communication**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

9. **"Concern" or "Concerning"** shall have the definition of "concerning" set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

10. "**Debtor**" or "**MSBGC**" means Madison Square Boys & Girls Club, Inc., collectively or individually, as context requires and to encompass responsive Documents, Madison Boys & Girls Club, Inc., and each of its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, as well as any other Person acting on behalf of the Debtor.

11. "**Document**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

12. "**Each**" shall have the construction set forth in Local Civil Rule 26.3(d), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

13. "**Electronically Stored Information**" or "**ESI**" means, without limitation, all information and data (including, without limitation, email, voicemail, instant messages, intranet and internet system data, telephone and cellular phone calling records, data compilations, spreadsheets, word processing documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices) contained on any computing device or

electromagnetic media owned, maintained, or otherwise controlled by You, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of You and Your employees, or on associated external storage media, backup tapes, and other archival copies of same. Unless otherwise specified, documents, reports, and other Electronically Stored Information created using any version of Microsoft Word, PowerPoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on whatever media it currently resides. The document should not be locked, resaved, restructured, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in Your systems. Unless otherwise specified, electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by Your mail processing software. All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags, message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

14. "**Identify**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

15. **"Insurance Policies"** means any and all contracts, binders, certificates, insurance agreements or insurance policies currently or previously in effect at any time alleged to afford insurance coverage.

16. **"Perpetrator"** means any individual who personally committed or is alleged to have personally committed an act of Abuse that forms the basis for an Abuse Claim.

17. "**Person**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

18. **"Petition Date"** means June 29, 2022.

19. **"Rockefeller"** means The Rockefeller University and The Rockefeller University Hospital, individually and collectively, and any Person acting on Rockefeller's behalf.

20. **"Settlement"** means any settlement or other resolution Concerning an Abuse Claim.

21. **"Verdict"** means any verdict, judgment, award or decision of a court, arbitrator, mediator or similar tribunal Concerning an Abuse Claim.

22. "**You**", "**Your**", and "**Yours**" means and refers to the Person responding to the relevant Request and each of its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, as well as any other Person acting on Your behalf.

## REQUESTS FOR PRODUCTION

1. All Documents that You or anyone acting on Your behalf prepared, authored, sent, or received that interpret, refer to, relate to, or otherwise Concern insurance coverage for any Abuse Claim Concerning MSBGC.

2. All Documents that You or anyone acting on Your behalf prepared, authored, sent, or received that interpret, refer to, relate to, or otherwise Concern insurance coverage for any Abuse Claim Concerning the BGCA.

3. All Documents Concerning Insurance Policies, including all declaration pages, coverage sheets or face sheets, and all forms and endorsements that are, or may be, a part of any insurance agreement that may provide a duty to defend or a duty to indemnify an Abuse Claim Concerning MSBGC, including, without limitation, primary, excess, self-insured, workers' compensation, umbrella or reinsurance policies.

4. All Documents Concerning Insurance Policies, including all declaration pages, coverage sheets or face sheets, and all forms and endorsements that are, or may be, a part of any insurance agreement that may provide a duty to defend or a duty to indemnify an Abuse Claim Concerning BGCA, including, without limitation, primary, excess, self-insured, workers' compensation, umbrella or reinsurance policies.

5. All Documents Concerning the names and/or identifying information for the insurance carriers and/or insurance brokers for MSBGC, including, without limitation, primary, excess, self-insured, workers' compensation, umbrella or reinsurance policies.

6. All Documents Concerning the names and/or identifying information for the insurance carriers and/or insurance brokers for BGCA, including, without limitation, primary, excess, self-insured, workers' compensation, or umbrella policies.

7. All Documents Concerning any and all claims made under any Insurance Policies that are responsive to these Requests.

8. All Documents Concerning the amount or extent of coverage remaining under any Insurance Policies that are responsive to these Requests.

9. All Documents Concerning litigation against MSBGC Concerning Abuse Claims, including Documents that reflect any insurer who was involved in the defense or indemnification of such litigation and any insurer to whom the litigation was tendered for defense or indemnification.

10. All Documents Concerning litigation against BGCA Concerning Abuse Claims, including Documents that reflect any insurer who was involved in the defense or indemnification of such litigation and any insurer to whom the litigation was tendered for defense or indemnification.

11. All Documents that evidence, refer to, relate to, or otherwise Concern reinsurance under any other Insurance Policies Concerning MSBGC, including, but not limited to, (a) all Documents sent or received by You Concerning the collectability of reinsurance liability for Abuse Claims under Insurance Policies; and (ii) all Documents that constitute, evidence, refer to, relate to, or otherwise Concern any Communication between You and any reinsurer Concerning any Abuse Claim.

12. All Documents that evidence, refer to, relate to, or otherwise Concern reinsurance under any other Insurance Policies Concerning BGCA, including, but not limited to, (a) all Documents sent or received by You Concerning the collectability of reinsurance liability

for Abuse Claims under Insurance Policies; and (ii) all Documents that constitute, evidence, refer to, relate to, or otherwise Concern any Communication between You and any reinsurer Concerning any Abuse Claim.

13. If You contend that MSBGC has not complied with any contractual conditions or obligations under any Insurance Policy in connection with any Abuse Claim, all Documents that Concern Your contention.

14. If You contend that BGCA has not complied with any contractual conditions or obligations under any Insurance Policy in connection with any Abuse Claim, all Documents that Concern Your contention.

15. All Documents Concerning and sufficient to Identify each (a) Settlement, (b) Verdict in favor of a Person asserting an Abuse Claim, and (c) Verdict in favor of a Person defending an Abuse Claim, Concerning MSBGC and/or BGCA, including the following information with respect to each such Settlement and Verdict:

  a. Your claim file and all Communications Concerning each such Abuse Claim;
  b. All complaints or statements of claim associated with each Settlement and Verdict, including the filing date of the action, causes of action asserted, any consolidated action, jurisdiction and plaintiff's counsel;
  c. The state of the relevant proceeding at the time of the Settlement or Verdict;
  d. Amount of Settlement or award pursuant to or subject to the Verdict Concerning the relevant Abuse Claim(s), including the total Settlement or award amount, all sub-components of economic and non-economic Settlement or award amounts, and apportionment or allocation of Settlement or award amounts among each defendant or party against which the Abuse Claim was asserted;
  e. With respect to a Verdict in favor of the defense Concerning an Abuse Claim, the amount of Abuse Claim subject to the Verdict, including total alleged amount of Abuse Claim and all alleged sub-components or economic and non-economic amounts of the Abuse Claim;
  f. Description of the Abuse Claim, including, but not limited to:  (i) actions of the Perpetrator giving rise to the Abuse Claim; (ii) number of instances of Abuse; (iii) year(s) of occurrence of Abuse at issue in the Abuse Claim; (iv) age of Abuse Claimant at time of Abuse alleged in the Abuse Claim; (v) identity of each defendant or party against which the Abuse Claim was asserted, including the alleged Perpetrator; (vi) state, city and county in which instance of Abuse at issue in the Abuse Claim occurred; and (vii) any other information or data collected, compiled, or maintained by You Concerning the Abuse Claim, including information Concerning the Abuse Claimant, the alleged Perpetrator, their respective backgrounds or histories Concerning the Abuse allegations, and Your knowledge of the same;
  g. The number of accusations (aside from the Abuse Claim at issue) brought against the alleged Perpetrator;
  h. The data of the Settlement or Verdict and any payments in connection therewith;

     i.    If the defense of the Abuse Claim was covered by an Insurance Policy, the Insurance Policy (including copy thereof) and identification of the insurance company;

    j.    Identity of source(s) of payment of the Settlement or Verdict amount, including if the Settlement or Verdict was paid in whole or in part from proceeds of an Insurance Policy, identification of the Insurance Policy, and insurance company;

    k.    All Documents Concerning coverage for the Settlement of any Abuse Claims and all drafts thereof, including, without limitation, consents (or lack thereof) of other insureds or insurers to enter into any such Settlement; and

    l.    All Documents Concerning the Settlement or Verdict, including any court order approving or implementing same.

16. All Documents Concerning an Abuse Claim Concerning MSBGC and BGCA, respectively, not otherwise provided in response to the preceding Request.

17. The most recent loss run for each Insurance Policy Concerning You and MSBGC.

18. The most recent loss run for each Insurance Policy Concerning You and BGCA.

19. All Documents prepared by MSBGC Concerning Abuse Claims provided to You.

20. All Documents prepared by BGCA Concerning Abuse Claims provided to You.

21. All Documents Concerning Abuse Claims provided by You to MSBGC.

22. All Documents Concerning Abuse Claims provided by You to BGCA.

23. All Documents that constitute, evidence, refer to, relate to, or otherwise Concern any reserve that You contemplated, established, set, maintained and/or changed regarding the Abuse Claims Concerning MSBGC or BGCA, respectively, for each Insurance Policy year.

24. All Documents that constitute, evidence, refer to, related to, otherwise Concern an Insurance Policy that provides or potentially provides coverage for Abuse Claims Concerning MSBGC or BGCA, respectively.

25. All Documents, including, without limitation claims-handling manuals, guidelines, policies, practices, directives, and procedures, that Concern Your handling, processing, adjusting, review, investigation, evaluation, acceptance, denial, reservation of rights, or other response to sexual abuse claims, including the Abuse Claims Concerning MSBGC, or BGCA, respectively, under any Insurance Policy.

26. All Documents Concerning Your policies, practices, and procedures that Concern valuing or evaluating sexual abuse claims, including Abuse Claims Concerning MSBGC or BGCA, respectively, that were filed after the expiration of any applicable statute of limitations or were filed in jurisdictions where the statute of limitations with respect to

sexual abuse claims may change, including, without limitation, any policies, procedures, or practices that prohibit settling or otherwise resolving such sexual-abuse claims.

27. All minutes of or other Documents relating to every meeting of Your board of directors or managers, any committee or subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups, during which there was discussion of MSBGC, the Insurance Policies Concerning You and MSBGC, Abuse Claims asserted against MSBGC, or MSBGC's claims for insurance coverage under Insurance Policies (whether or not regarding the Abuse Claims asserted against MSBGC), including without limitation, insurance coverage for such claims, including but not limited to handouts, agendas, attachments, and notes made by participants.

28. All minutes of or other Documents relating to every meeting of Your board of directors or managers, any committee or subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups, during which there was discussion of BGCA, the Insurance Policies Concerning You and BGCA, Abuse Claims asserted against BGCA, or BGCA's claims for insurance coverage under Insurance Policies (whether or not regarding the Abuse Claims asserted against BGCA), including without limitation, insurance coverage for such claims, including but not limited to handouts, agendas, attachments, and notes made by participants.

-end-