Alan W. Kornberg, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
Leslie E. Liberman, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

## NOTICE OF FILING OF COMPENSATION TRUST AGREEMENT

**PLEASE TAKE NOTICE** that on April 12, 2023, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 427] (as may be amended, supplemented, or modified from time to time, the "Plan")[2] and the *Disclosure Statement for Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 428] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that the Plan provides that certain documents, including the Compensation Trust Agreement, will be filed as part of the Plan Supplement by no later than fourteen (14) days before the deadline to object to confirmation of the Plan or such later date as may be approved by the Bankruptcy Court on notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE** that, to provide parties in interest with additional time to review the Compensation Trust Agreement, the Debtor hereby files the Compensation Trust Agreement, which is attached hereto as **Exhibit A**.

---

[1]    The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Debtor and the Committee, consistent in all respects with the consent rights set forth in the Plan, reserve all rights to amend, revise, or supplement the Compensation Trust Agreement at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court; *provided* that if the Compensation Trust Agreement is amended, revised, or supplemented in any material respect prior to the Confirmation Hearing, the Debtor will file a blackline of such document with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan and Disclosure Statement can be viewed and/or obtained by: (i) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov, or (ii) from the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/case/madisonsquare/info, by calling (866) 977-1161 (toll free) for U.S. and Canada-based parties or +1 (503) 597-7709 for international parties, or by email at MadisonSquareInfo@epiqglobal.com. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

New York, New York
Dated: April 17, 2023

/s/ John T. Weber
Alan W. Kornberg, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
Leslie E. Liberman, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
akornberg@paulweiss.com
wclareman@paulweiss.com
jweber@paulweiss.com
lliberman@paulweiss.com

*Counsel to the Debtor and Debtor in Possession*

### Exhibit A

**Compensation Trust Agreement**

**COMPENSATION TRUST AGREEMENT**

**DATED AS OF [●], 2023**

**PURSUANT TO CHAPTER 11 PLAN OF**

**REORGANIZATION OF**

**MADISON SQUARE BOYS & GIRLS CLUB, INC.**

## COMPENSATION TRUST AGREEMENT

This Compensation Trust Agreement (the "**Compensation Trust Agreement**"), dated as of [●], 2023, and effective as of the Effective Date, is entered in accordance with the *Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.*, dated as of April 12, 2023 (as it may be amended, modified, or supplemented, the "**Plan**"),[1] by Madison Square Boys & Girls Club, Inc. (the "**Debtor**"), and Alan D. Halperin as compensation trustee (together with any successor serving in such capacity, the "**Compensation Trustee**");

## <u>RECITALS</u>

(A)    The Debtor has, or contemporaneously with the execution of this Compensation Trust Agreement will have, reorganized under the provisions of chapter 11 of the Bankruptcy Code in a case filed in the Bankruptcy Court, administered and known as *In re Madison Square Boys & Girls Club, Inc.*, Case No. 22-10910-SHL (Bankr. S.D.N.Y.) (the "**Chapter 11 Case**").

(B)    The Debtor is executing this Compensation Trust Agreement in its capacity as Settlor to implement the Plan and to create the Compensation Trust (the "**Compensation Trust**") for the exclusive benefit of the holders of Class 4 Abuse Claims, as described in the Plan.

(C)    The Plan and Confirmation Order provide, among other things, for the creation of the Compensation Trust to satisfy all Class 4 Abuse Claims against the Debtor in accordance with this Compensation Trust Agreement, the Plan and the Confirmation Order.

(D)    The Plan and Confirmation Order provide that, on the Effective Date, the Compensation Trust Assets (as defined in the Plan) shall be transferred, as set forth and in accordance with the Plan, to and vest in the Compensation Trust free and clear of all liens, encumbrances, charges, claims, interests or other liabilities of any kind of the Debtor, any creditor or any other entity.

**NOW, THEREFORE**, it is hereby agreed as follows:

## ARTICLE 1.
## AGREEMENT OF TRUST

Section 1.1    <u>*Creation and Name.*</u>

The Debtor as Settlor hereby creates a trust known as the "**Compensation Trust**" which is the trust provided for and referred to in the Plan.  The Compensation Trustee may transact the business and affairs of the Compensation Trust in the name of the Compensation Trust and references herein to the Compensation Trust shall include the Compensation Trustee acting on behalf of the Compensation Trust.  The Confirmation Order, the Plan and this Compensation Trust

---

[1]    All capitalized terms used but not defined herein at the time of their first use shall have their respective meanings as set forth in subsequent provisions of this Compensation Trust Agreement, in the Plan or in the Confirmation Order, as applicable, or, if not defined in any of the foregoing, as set forth in the Trust Allocation Protocol (as defined in Section 1.2 below).

Agreement, including the Exhibits hereto, which includes the Trust Allocation Protocol as defined in Section 1.2 below (collectively, the "**Compensation Trust Documents**"), constitute the governing instruments of the Compensation Trust. The Compensation Trustee is hereby authorized to execute and file a Certificate of Compensation Trust with the New York Secretary of State.

Section 1.2    _Purposes._

The purposes of the Compensation Trust are to (i) assume all liability for the Abuse Claims against the Debtor, (ii) administer the Abuse Claims against the Debtor, and (iii) make distributions to holders of compensable Class 4 Abuse Claims, in each case in accordance with the Trust Allocation Protocol attached hereto as **Exhibit 1** (the "**Trust Allocation Protocol**"). In connection therewith, the Compensation Trust shall hold, manage, protect and monetize the Compensation Trust Assets in accordance with the terms of the Compensation Trust Documents for the benefit of the Beneficiaries (as defined in Section 1.5(a) below). All Class 4 Abuse Claims asserted against the Debtor in the Chapter 11 Case shall be resolved exclusively in accordance with the Trust Allocation Protocol.

Section 1.3    _Transfer of Assets._

Pursuant to the Plan, on the Effective Date, or as soon as reasonably practicable thereafter (but in any event no more than ten (10) business days), the Debtor shall transfer to the Compensation Trust the Compensation Trust Assets; provided that the Navy Yard Net Proceeds shall be transferred from the Reorganized Debtor to the Compensation Trust as soon as reasonably practicable after the closing of the Navy Yard Transaction. The Compensation Trust will receive and hold all right, title and interest in and to the contributions described in section I.A.37 of the Plan. The Compensation Trust Assets shall be transferred, as set forth and in accordance with the Plan, to the Compensation Trust free and clear of any liens, encumbrances, charges, claims, interests or other liabilities of any kind of the Debtor, Reorganized Debtor, any creditor, Insurance Company or any other person or entity. The Debtor or Reorganized Debtor shall execute and deliver such documents to the Compensation Trust as the Compensation Trustee reasonably requests to transfer and assign any assets comprising all or a portion of the Compensation Trust Assets to the Compensation Trust.

Section 1.4    _Acceptance of Assets._

(a)    In furtherance of the purposes of the Compensation Trust, the Compensation Trustee, on behalf of the Compensation Trust, hereby expressly accepts the transfer to the Compensation Trust of the Compensation Trust Assets. The Compensation Trust shall succeed to all of the Debtor's respective right, title, and interest, including all legal privileges, in the Compensation Trust Assets and neither the Debtor, Reorganized Debtor, Insurance Company nor any other person or entity transferring such Compensation Trust Assets will have any further equitable or legal interest in, or with respect to, the Compensation Trust Assets or the Compensation Trust.

(b)    Except as otherwise provided in the Plan, Confirmation Order or Compensation Trust Documents, the Compensation Trust shall have all defenses, cross-claims,

3

offsets and recoupments, as well as rights of indemnification, contribution, subrogation and similar rights, regarding the Abuse Claims that the Debtor or the Reorganized Debtor have or would have had under applicable law.

(c)     No provision herein or in the Trust Allocation Protocol shall be construed or implemented in a manner that would cause the Compensation Trust to fail to qualify as a "qualified settlement fund" under the QSF Regulations (as defined in Section 6.4(a) below).

(d)     Nothing in this Compensation Trust Agreement shall be construed in any way to limit the scope, enforceability, or effectiveness of the Plan or Confirmation Order.

(e)     In this Compensation Trust Agreement and the Trust Allocation Protocol, the words "must," "will," and "shall" are intended to have the same mandatory force and effect, while the word "may" is intended to be permissive rather than mandatory.

Section 1.5    _Beneficiaries._

(a)     The beneficial owners of the Compensation Trust shall be the holders of Class 4 Abuse Claims (the "**Beneficiaries**").  In the case of holders of Class 4 Abuse Claims who have open chapter 7 bankruptcy cases, the bankruptcy estate in those cases is the Beneficiary and the chapter 7 debtor is not a Beneficiary.

(b)     The Beneficiaries shall be subject to the terms of the Plan, this Compensation Trust Agreement and Compensation Trust Documents, including without limitation, the Trust Allocation Protocol.

Section 1.6    _Jurisdiction._

The Bankruptcy Court shall have continuing jurisdiction with respect to the Compensation Trust; _provided, however,_ upon the closure of the Chapter 11 Case, the courts of the State of New York, including any federal court located therein, shall have jurisdiction over the Compensation Trust.

Section 1.7    _Privileged and Confidential Information._

The transfer or assignment of any Privileged Information to the Compensation Trustee shall not result in the destruction or waiver of any applicable privileges pertaining thereto.  Further, with respect to any such privileges: (a) they are transferred to or contributed for the purpose of enabling the Compensation Trustee to perform his, her or their  duties to administer the Compensation Trust and (b) they are vested solely in the Compensation Trustee and not in the Compensation Trust, the Advisory Committee or any other person, committee or subcomponent of the Compensation Trust, or any other person (including counsel and other professionals) who has been engaged by, represents or has represented any holder of an Abuse Claim.

4

Section 1.8      *Relation-Back Election.*

If applicable, the Compensation Trustee and the Debtor shall fully cooperate in filing a relation-back election under Treasury Regulation Section 1.468B-1(j)(2), to treat the Compensation Trust as coming into existence as a settlement fund as of the earliest possible date. To the extent such filing occurs after the Effective Date of the Plan, the Compensation Trust shall reimburse the Reorganized Debtor for any reasonable out-of-pocket expenses (including the reasonable and documented fees and expenses of counsel) incurred by the Reorganized Debtor in connection with its cooperation under this Section 1.8.

Section 1.9      *Employer Identification Number.*

Upon establishment of the Compensation Trust, the Compensation Trustee shall apply for an employer identification number for the Compensation Trust in accordance with Treasury Regulation Section 1.468B-2(k)(4).

Section 1.10     *Relationship to Plan.*

The principal purpose of this Compensation Trust Agreement is to aid in the implementation of the Plan and the Confirmation Order and, therefore, this Compensation Trust Agreement incorporates the provisions of the Plan and the Confirmation Order (which order may amend or supplement the Plan). To the extent that there is conflict between the provisions of this Compensation Trust Agreement, the Trust Allocation Protocol, the provisions of the Plan or the Confirmation Order, each document shall have controlling effect in the following order: (1) the Confirmation Order; (2) the Plan; (3) this Compensation Trust Agreement; and (4) the Allocation Protocol, unless the documents specifically provide otherwise.

## ARTICLE 2.
## POWERS AND TRUST ADMINISTRATION

Section 2.1      *Compensation Trustee Powers and Duties.*

(a)      The Compensation Trustee is empowered to take all actions, including such actions as may be consistent with those expressly set forth above, as the Compensation Trustee deems necessary to reasonably ensure that the Compensation Trust is treated as a "qualified settlement fund" under Section 468B of the Tax Code and the regulations promulgated pursuant thereto. Further, the Compensation Trustee may, unilaterally and without court order, amend, either in whole or in part, any administrative provision of this Compensation Trust Agreement which causes unanticipated tax consequences or liabilities inconsistent with the foregoing.

(b)      The Compensation Trustee is and shall act as the fiduciary to the Compensation Trust in accordance with the provisions of this Compensation Trust Agreement. The Compensation Trustee shall administer the Compensation Trust, the Compensation Trust Assets, and any other amounts to be received under the terms of the Compensation Trust Documents in accordance with the purposes set forth in Section 1.2 above and in the manner prescribed by the Compensation Trust Documents. Subject to the limitations set forth in the Compensation Trust Documents, the Compensation Trustee shall have the power to take any and

all actions that in the judgment of the Compensation Trustee are necessary or advisable to fulfill the purposes of the Compensation Trust, including, without limitation, each power expressly granted in this Section 2.1, any power reasonably incidental thereto and any trust power now or hereafter permitted under the laws of the State of New York. Nothing in the Compensation Trust Documents or any related document shall require the Compensation Trustee to take any action if the Compensation Trustee reasonably believes that such action is contrary to law. In addition to all powers enumerated in the Compensation Trust Documents, including, but not limited to, the Compensation Trustee's powers and authority in respect of the interpretation, application of definitions and rules of interpretation set forth in sections I.A. and I.B. of the Plan to the fullest extent set forth therein, from and after the Effective Date, the Compensation Trust shall succeed to all of the rights and standing of the Debtor with respect to the Compensation Trust Assets in its capacity as a trust administering assets for the benefit of the Beneficiaries.

(c)     Except as required by applicable law or the Compensation Trust Documents, the Compensation Trustee need not obtain the order or approval of any court in the exercise of any power or discretion conferred hereunder.

(d)     Without limiting the generality of Sections 2.1(a) and (b) above, and except as limited in the Compensation Trust Documents and by applicable law, the Compensation Trustee shall have the power to:

(i)     supervise and administer the Compensation Trust in accordance with the Compensation Trust Documents, including the Trust Allocation Protocol;

(ii)     receive and hold the Compensation Trust Assets, and exercise all rights with respect thereto including the right to vote and sell any securities that are included in such assets;

(iii)     invest the monies held from time to time by the Compensation Trust in accordance with Section 3.2;

(iv)     enter into leasing, financing or other agreements with third parties, as determined by the Compensation Trustee, in his, her or their discretion, to be useful in carrying out the purposes of the Compensation Trust;

(v)     determine and pay the Compensation Trust Expenses, manage the Compensation Trust Assets and make distributions in accordance with the Compensation Trust Documents;

(vi)     establish accounts and reasonable reserves within the Compensation Trust, in his, her or their discretion, to be necessary, prudent or useful in administering the Compensation Trust;

(vii)     sue, and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding;

(viii)    appoint such officers and retain such employees, consultants, advisors, independent contractors, experts and agents and engage in such legal, financial, administrative, accounting, investment, auditing and alternative dispute resolution services and activities as the Compensation Trust requires, and delegate to such persons such powers and authorities as this Compensation Trust Agreement provides or the fiduciary duties of the Compensation Trustee permits and as the Compensation Trustee, in his, her or their discretion, deems advisable or necessary in order to carry out the terms of this Compensation Trust Agreement;

(ix)    pay reasonable compensation and reimbursement of expenses to any of the Compensation Trust's employees, consultants, advisors, independent contractors, experts and agents for legal, financial, administrative, accounting, investment, auditing and alternative dispute resolution services and activities as the Compensation Trust requires;

(x)    execute and deliver such instruments as the Compensation Trustee considers advisable or necessary in administering the Compensation Trust;

(xi)    timely file such income tax and other tax returns and statements required to be filed and timely pay all taxes, if any, required to be paid from the Compensation Trust Assets and comply with all applicable tax reporting and withholding obligations;

(xii)    require, in respect of any distribution of Compensation Trust Assets, the timely receipt of properly executed documentation (including, without limitation, IRS Form W-9) as the Compensation Trustee determines in his, her or their discretion necessary or appropriate to comply with applicable tax laws;

(xiii)    resolve all applicable lien resolution matters;

(xiv)    register as a responsible reporting entity ("**RRE**") and timely submit all reports under the reporting provisions of section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (Pub. L. 110-173) ("**MMSEA**") as required under Section 4.4 below;

(xv)    enter into such other arrangements with third parties as are deemed by the Compensation Trustee to be useful in carrying out the purposes of the Compensation Trust, provided such arrangements do not conflict with any other provision of the Compensation Trust Documents;

(xvi)    in accordance with Section 5.8 below, defend, indemnify, and hold harmless (and purchase insurance indemnifying) the Compensation Trust Indemnified Parties (as defined in Section 5.6(a) below) solely from the Compensation Trust Assets and to the fullest extent permitted by law;

(xvii)    delegate any or all of the authority herein conferred with respect to the investment of all or any portion of the Compensation Trust Assets to any one or more reputable investment advisors or investment managers without liability for any action taken or omission made because of any such delegation;

(xviii) initiate, prosecute, defend, settle, maintain, administer, preserve, pursue, and resolve, pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, all legal actions and other proceedings related to any asset, liability, or responsibility of the Compensation Trust, including, without limitation, objections to Abuse Claims;

(xix)   enter into structured settlements and other similar arrangements with any Beneficiary (including a minor or other person in need of special consideration) upon such terms as the Compensation Trustee and such Beneficiary (or such Beneficiary's counsel or other authorized person) agree, in all cases in accordance with the Trust Allocation Protocol;

(xx)   take any and all actions appropriate or necessary in order to carry out the terms of the Compensation Trust Documents, including, without limitation, authorizing such actions by Compensation Trust professionals as may be appropriate and paying for such services (and goods and products, if applicable) from Compensation Trust Assets;

(xxi)   make such distributions to holders of Allowed Abuse Claims as are contemplated and authorized by the Plan and Compensation Trust Documents; and

(xxii)   except as otherwise expressly provided in the Compensation Trust Documents, exercise any other powers now or hereafter conferred upon or permitted to be exercised by a trustee under the laws of the State of New York.

(e)   The Compensation Trustee shall confer with the Advisory Committee at least once per quarter regarding the status of the Compensation Trust and may consult with the Advisory Committee with respect to other matters as the Compensation Trustee may determine.

(f)   The Compensation Trustee may take all actions necessary or advisable for the enforcement of the non-monetary commitments of Reorganized Debtor with respect to the Amended Child Safety Policies as described in the Plan and Confirmation Order.

Section 2.2   *Limitations on the Compensation Trustee.*

(a)   Notwithstanding anything in the Compensation Trust Documents to the contrary, the Compensation Trustee shall not do or undertake any of the following:

(i)   guaranty any debt;

(ii)   make or enter into any loan of Compensation Trust Assets;

(iii)   make any transfer or distribution of Compensation Trust Assets other than those authorized by the Compensation Trust Documents;

(iv)   engage in any trade or business with respect to the Compensation Trust Assets or proceeds therefrom, other than managing such assets;

(v)   engage in any investment of the Compensation Trust Assets, other than as explicitly authorized by this Compensation Trust Agreement; and

8

(vi)    engage in any activities inconsistent with the treatment of the Compensation Trust as a "qualified settlement fund" within the meaning of Treasury Regulations issued under Section 468B of the Tax Code.

Section 2.3    *Advisory Committee.*

(a)    The Compensation Trust shall have the benefit of the involvement of a committee to consult with the Compensation Trustee (the "**Advisory Committee**") regarding the administration of the Compensation Trust.  The Advisory Committee shall represent the interests of the holders of Class 4 Abuse Claims.

(b)    The Advisory Committee will consist of seven (7) members.  The initial members of the Advisory Committee shall be Daniel Ellis, Jennifer Freeman, Steven Gershowitz, Linc Leder, Gordon Novod, Audrey Raphael, and Jared Scotto.  The members of the Advisory Committee shall serve five (5) year terms until the earliest of (i) the member's death; (ii) the member's resignation; (iii) the member's removal; (iv) the end of the member's term; and (v) the termination of the Compensation Trust.

(c)    A member of the Advisory Committee may resign at any time by written notice to the other members of the Advisory Committee and the Compensation Trustee.  Such notice shall specify a date when such resignation shall take effect, which shall not be less than ninety (90) days after the date such notice is given, where practicable.

(d)    A member of the Advisory Committee may be removed in the event that he, she or they becomes unable to discharge his, her or their duties hereunder due to accident, physical deterioration, mental incompetence, or a consistent pattern of neglect and failure to perform or to participate in performing the duties of such member hereunder, such as repeated non-attendance at scheduled meetings, or for other good cause.  Such removal may be made by a vote to remove such member of the Advisory Committee by both (i) a majority of the other members of the Advisory Committee and (ii) the Compensation Trustee.

(e)    Prior to the termination of service of a member of the Advisory Committee other than as a result of removal, he, she, they or such member's law firm may designate in writing an individual to succeed him, her or them as a member of the Advisory Committee, subject to a confirming majority vote of the other members of the Advisory Committee.  If no such successor member of the Advisory Committee is designated prior to the termination of his, her or their service as contemplated above, or such designee is not confirmed by majority vote of the other members of the Advisory Committee, the remaining members of the Advisory Committee shall designate a replacement member.  If (i) a member of the Advisory Committee does not designate an individual to succeed a member prior to the termination of his, her or their service and such member's law firm does not designate a successor as contemplated above or (ii) a member is removed, such member's successor shall be appointed by a majority of the remaining members of the Advisory Committee or, if such members cannot agree on a successor, the Compensation Trustee.  Nothing in this Compensation Trust Agreement shall prevent the reappointment of an individual serving as a member of the Advisory Committee for an additional term, and there shall be no limit on the number of terms that an Advisory Committee member may serve.

(f)    No successor Advisory Committee member shall be liable personally for any act or omission of his or her predecessor member.  No successor Advisory Committee member shall have any duty to investigate the acts or omissions of his or her predecessor member.  No Advisory Committee member shall be required to post any bond or other form of surety or security unless otherwise ordered by the Bankruptcy Court.

(g)    The members of the Advisory Committee shall not receive compensation from the Compensation Trust for their services as members.  However, the Compensation Trust will promptly reimburse the members of the Advisory Committee for all reasonable and documented out-of-pocket costs and expenses incurred in connection with the performance of such members' duties hereunder, it being understood that such costs and expenses shall not include the fees or costs of counsel.  Such reimbursement or direct payment shall be deemed a Compensation Trust expense.  The Compensation Trust shall include a description of the amounts paid under this section in the Annual Report.

(h)    For the avoidance of doubt and as set forth in section 1.7 of this Compensation Trust Agreement, the Advisory Committee and the Advisory Committee members shall not be entitled to receive any Privileged Information.

Section 2.4    _General Administration._

The Compensation Trustee shall act in accordance with the Compensation Trust Documents.  The Compensation Trustee shall establish the location of the principal office of the Compensation Trust and may change the location of the principal office or establish other offices at other locations in his, her or their discretion.

Section 2.5    _Accounting._

The fiscal year of the Compensation Trust shall begin on January 1 and shall end on December 31 of each calendar year.  The Compensation Trustee shall maintain the books and records relating to the Compensation Trust Assets and income and the payment of Compensation Trust operating expenses and other liabilities of the Compensation Trust.  The detail of these books and records and the duration of time during which the Compensation Trustee shall keep such books and records shall be such as to allow the Compensation Trustee to make a full and accurate accounting of all Compensation Trust Assets, as well as to comply with applicable provisions of law and standard accounting practices necessary or appropriate to produce an annual report containing special-purpose financial statements of the Compensation Trust, including, without limitation, the assets and liabilities of the Compensation Trust as of the end of such fiscal year and the additions, deductions and cash flows for such fiscal year (the "**Annual Report**"); provided however, that the Compensation Trustee shall maintain such books and records until the wind-up of the Compensation Trust's affairs and satisfaction of all of Compensation Trust liabilities.  The Compensation Trustee shall make the Annual Report available to the Beneficiaries, all counsel of record of Abuse Claimants, the Reorganized Debtor, and the Advisory Committee, whether upon request or via electronic mail, public filing or in such other manner as may be determined by the Compensation Trustee.

Section 2.6    *Financial Reporting.*

(a)    Within one hundred twenty (120) days following the end of each calendar year, the Compensation Trustee shall make the Annual Report available in accordance with Section 2.5 of this Compensation Trust Agreement.

(b)    All materials filed publicly pursuant to this Section 2.6 need not be served on any parties in the Chapter 11 Case.

Section 2.7    *Names and addresses.*

The Compensation Trustee shall keep a register (the "**Register**") in which the Compensation Trustee shall at all times maintain the names and addresses of the Beneficiaries and the awards made to the Beneficiaries pursuant to the Compensation Trust Documents. The Compensation Trustee may rely upon this Register for the purposes of delivering distributions or notices. In preparing and maintaining this Register, the Compensation Trustee may rely on the name and address of each Class 4 Abuse Claim holder as set forth in a proof of claim filed by such holder, or proper written notice of a name or address change, which has been delivered by such Class 4 Abuse Claim holder to the Compensation Trustee; provided that in the case of Class 4 claimants who have open chapter 7 bankruptcy cases, the Compensation Trustee shall rely on the docket of the chapter 7 case to identify the current chapter 7 trustee and the identity and address of such trustee's counsel. The Compensation Trustee may deliver distributions and notices to counsel for any Class 4 Abuse Claim holder identified in such Beneficiary's proof of claim or proper notice of a name or address change; provided that distributions and notices to Abuse claimants with open chapter 7 cases shall be delivered to counsel for the chapter 7 trustee. The Register shall be confidential and will not be disclosed to any third party absent a duly obtained court order; provided, however, that the Compensation Trustee may disclose to the chapter 7 trustee of the bankruptcy estate of a Class 4 claimant that the debtor in such case has asserted a claim in the Chapter 11 Case.

Section 2.8    *Transfers of the Compensation Trust Assets.*

To the fullest extent permitted by law, neither the principal nor income of the Compensation Trust, in whole or part, shall be subject to any legal or equitable claims of creditors of any Beneficiary or others, nor to legal process, nor be voluntarily or involuntarily transferred, assigned, pledged or otherwise alienated or encumbered except as may be ordered by the Bankruptcy Court or other competent court of jurisdiction; provided, however, that this Section 2.8 shall not limit the Compensation Trust's right to seek and obtain litigation funding in order to pursue claims and causes of action, on any terms the Compensation Trustee deems reasonable, and

the alienation or encumbrance arising from such litigation funding shall not be deemed to violate this provision.

# ARTICLE 3.
## ACCOUNTS, INVESTMENTS, EXPENSES

Section 3.1      _Accounts._

(a)      The Compensation Trustee shall maintain one or more accounts ("**Compensation Trust Accounts**") on behalf of the Compensation Trust with one or more financial depository institutions (each a "**Financial Institution**").

(b)      The Compensation Trustee may replace any retained Financial Institution with a successor Financial Institution at any time.

(c)      The Compensation Trustee may, from time to time, create such accounts and reasonable reserves within the Compensation Trust Accounts as authorized in this Section 3.1 and as he or she may deem necessary, prudent or useful in order to provide for distributions to the Beneficiaries and the payment of Compensation Trust Operating Expenses and may, with respect to any such account or reserve, restrict the use of money therein for a specified purpose (the "**Compensation Trust Subaccounts**"). Any such Compensation Trust Subaccounts established by the Compensation Trustee shall be held as Compensation Trust Assets and are not intended to be subject to separate entity tax treatment as a "disputed claims reserve" or a "disputed ownership fund" within the meaning of the Internal Revenue Code ("**IRC**") or Treasury Regulations.

Section 3.2      _Investment Guidelines._

The Compensation Trustee may invest the Compensation Trust Assets in insured checking accounts, money market accounts and certificates of deposit, U.S. Treasury bills (or funds limited to investments in U.S. Treasury bills), in any collateralized account that complies with the Guidelines of the Office of the United States Trustee, or an account with any commercial bank with assets in excess of US$500 billion.

Section 3.3      _Payment of Compensation Trust Operating Expenses._

All Compensation Trust operating expenses (the "**Compensation Trust Operating Expenses**") shall be payable out of the Compensation Trust Assets, and the Compensation Trustee may reserve appropriate amounts from the Compensation Trust Assets for such expenses. None of the Compensation Trustee, the Beneficiaries, the Reorganized Debtor nor any of their officers, agents, advisors, professionals or employees shall be personally liable for the payment of any Compensation Trust Operating Expenses or any other liability of the Compensation Trust. Any reimbursement obligation owing from the Compensation Trust to the Reorganized Debtor shall constitute Compensation Trust Operating Expenses hereunder.

## ARTICLE 4.
## CLAIMS ADMINISTRATION AND DISTRIBUTIONS

Section 4.1    *Claims Administration and Distributions.*

The Compensation Trust shall fairly and reasonably compensate Allowed Class 4 Abuse Claims and may pay up to the full value of such claims, solely in accordance with the Compensation Trust Documents, including the Trust Allocation Protocol.

Section 4.2    *Manner of Payment.*

Distributions from the Compensation Trust to the Beneficiaries may be made by the Compensation Trustee on behalf of the Compensation Trust or by a disbursing agent retained by the Compensation Trust to make distributions on behalf of the Compensation Trust.

Section 4.3    *Delivery of Distributions.*

(a)    Distributions shall be payable to the Beneficiary (or to counsel for the Beneficiary) on the date approved for distribution by the Compensation Trustee (the "**Distribution Date**") in accordance with the terms of the Compensation Trust Documents, including the Trust Allocation Protocol. With respect to each compensable Abuse Claim approved for payment, distributions shall be made only after the Compensation Trustee has determined that all obligations of the Compensation Trust with respect to each such Abuse Claim have been satisfied. In the event that any distribution to a Beneficiary is returned as undeliverable, no further distribution to such Beneficiary shall be made unless and until the Compensation Trustee has been notified of the then current address of such Beneficiary, at which time such distribution shall be made to such Beneficiary without interest; provided however, that all distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of six (6) months from the applicable Distribution Date. After such date, (i) all unclaimed distributions shall revert to the Compensation Trust (notwithstanding any applicable federal or state escheat, abandoned or unclaimed property laws to the contrary), (ii) the Abuse Claim of such Beneficiary shall be released, settled, compromised and forever barred as against the Compensation Trust, and (iii) all unclaimed property interests shall be distributed to other Beneficiaries in accordance with the Compensation Trust Documents, as if the Abuse Claim of such Beneficiary had been disallowed as of the date the undeliverable distribution was first made. The Compensation Trustee shall take reasonable efforts to obtain a current address for any Beneficiary with respect to which any distribution is returned as undeliverable.

(b)    In the event the Compensation Trust holds cash after paying all Compensation Trust Operating Expenses and making all distributions contemplated under the Compensation Trust Documents, such remaining cash shall be distributed to Beneficiaries in accordance with the Trust Allocation Protocol. If the Compensation Trustee determines that such a distribution is not economically reasonable in light of the costs associated with distributing such cash to Beneficiaries, the Compensation Trustee shall deliver such cash to a national recognized charitable organization of the Compensation Trustee's choice, which charitable organization shall have a charitable purpose consistent with the protection of children from sexual abuse or its

13

ramifications. No Compensation Trust Asset or any unclaimed property shall escheat to any federal, state, or local government or any other entity.

(c)        Notwithstanding any provision in the Compensation Trust Documents to the contrary, no payment shall be made to any Beneficiary on account of any Abuse Claim if the Compensation Trustee determines that the costs of making such distribution is greater than the amount of the distribution to be made.

(d)        Subject to the exceptions set forth in the Plan, distributions from the Compensation Trust are in full settlement of the Class 4 Abuse Claims against each of the Covered Parties. The Compensation Trustee shall not make any distribution to a Beneficiary unless and until the Compensation Trustee has received an original general release of all Claims in favor of all Covered Parties executed by such Beneficiary. The Compensation Trustee shall not make any distribution to a chapter 7 trustee for those Class 4 Abuse Claimants who have open chapter 7 bankruptcy cases, unless and until the Compensation Trustee has received an original general release of all Claims in favor of all Covered Parties executed by such chapter 7 trustee. The form of such release shall be agreed upon by the Debtor and the Official Committee of Unsecured Creditors (the **"Creditors' Committee"**) and filed with the Bankruptcy Court before the Effective Date.

Section 4.4        *Medicare Reimbursement and Reporting Obligations.*

(a)        The Compensation Trust shall register as a Responsible Reporting Entity ("**RRE**") under the reporting provisions of section 111 of MMSEA; provided that this shall apply only to Class 4 Abuse Claims that occurred after December 5, 1980.

(b)        The Compensation Trustee shall timely submit all reports that are required under MMSEA on account of any claims settled, resolved, paid, or otherwise liquidated by the Compensation Trust or with respect to contributions to the Compensation Trust and the submission of such reports shall not violate the provisions of Section 2.7 or any other provisions of the Compensation Trust Documents. The Compensation Trust, in its capacity as an RRE, shall follow all applicable guidance published by the Centers for Medicare & Medicaid Services of the United States Department of Health and Human Services and/or any other agency or successor entity charged with responsibility for monitoring, assessing, or receiving reports made under MMSEA (collectively, "**CMS**") to determine whether or not, and, if so, how, to report to CMS pursuant to MMSEA.

(c)        Before remitting funds to claimants' counsel, or to the claimant if such claimant is acting *pro se*, in respect of any Abuse Claim, the Compensation Trustee shall obtain (i) a certification that said claimant (or such claimant's authorized representative) has provided or will provide for the payment and/or resolution of any obligations owing or potentially owing under 42 U.S.C. § 1395y(b), or any related rules, regulations, or guidance, in connection with, or relating to, such Abuse Claim, the form of such certification shall be agreed upon by the Debtor and the Creditors' Committee and filed with the Bankruptcy Court before the Effective Date, and (ii) an agreement that the claimants' counsel or claimant (if claimant is acting *pro se*) indemnifies the Compensation Trust for any such obligations.

14

### ARTICLE 5.
### COMPENSATION TRUSTEE

Section 5.1     *Number of Compensation Trustees.*

There shall be one (1) Compensation Trustee. The initial Compensation Trustee shall be Alan D. Halperin.

Section 5.2     *Term of Service.*

(a)     The Compensation Trustee shall serve from the Effective Date until the earliest of (i) his, her or their  resignation pursuant to Section 5.2(b) below, (ii) his, her or their removal pursuant to Section 5.2(c) below, (iii) the termination of the Compensation Trust pursuant to Section 6.2 below, and (iv) his, her or their death.

(b)     The Compensation Trustee may resign at any time upon written notice filed with the Bankruptcy Court.  Such notice shall specify a date when such resignation shall take effect, which shall not be less than ninety (90) days after the date such notice is given, where practicable.  To the extent the Chapter 11 Case has been closed, the Compensation Trustee or another interested party may seek to reopen the Chapter 11 Case or take other action as may be necessary for the proposed resignation to be considered by the Bankruptcy Court in  accordance with this Section 5.2.

(c)     The Compensation Trustee may be removed by order of the Bankruptcy Court, in the event that the Compensation Trustee becomes unable to discharge his, her or their duties hereunder due to accident, physical deterioration, mental incompetence or for other good cause, provided the Compensation Trustee has received reasonable notice and an opportunity to be heard.  Other good cause shall mean gross negligence, fraud, self-dealing, intentional misrepresentation, willful misconduct, indictment for or conviction of a felony in each case whether or not connected to the Compensation Trust, any substantial failure to comply with the administration of the Compensation Trust or a consistent pattern of neglect and failure to perform or participate in performing the duties of the Compensation Trustee hereunder.

(d)     To the extent the Chapter 11 Case has been closed, the Compensation Trustee or another interested party may seek to reopen the Chapter 11 Case or take other action as may be necessary for the proposed removal to be considered by the Bankruptcy Court in accordance with this Section 5.2.

Section 5.3     *Appointment of Successor Compensation Trustee.*

(a)     In the event of any vacancy in the office of the Compensation Trustee, including the resignation or removal of any successor Compensation Trustee, such vacancy shall be filled by order of the Bankruptcy Court; provided that to the extent the Chapter 11 Case has been closed, the Compensation Trustee or another interested party may seek to reopen the Chapter 11 Case or take other action as may be necessary for the vacancy to be considered by the Bankruptcy Court in accordance with this Section 5.3.

(b)    Immediately upon the appointment of any successor Compensation Trustee pursuant to Section 5.3(a) above, all rights, titles, duties, powers and authority of the predecessor Compensation Trustee hereunder shall be vested in and undertaken by the successor Compensation Trustee without any further act.  No successor Compensation Trustee shall be liable personally for any act or omission of his, her or their predecessor Compensation Trustee.  No predecessor Compensation Trustee shall be liable personally for any act or omission of his, her or their successor Compensation Trustee.  No successor Compensation Trustee shall have any duty to investigate the acts or omissions of his, her or their predecessor Compensation Trustee.

(c)    Each successor Compensation Trustee shall serve until the earliest of (i) his, her or their death, (ii) his, her or their resignation pursuant to Section 5.2(b) above, (iii) his, her or their removal pursuant to Section 5.2(c) above, and (iv) the termination of the Compensation Trust pursuant to Section 6.2 below.

Section 5.4    *Compensation and Expenses of Compensation Trustee.*

(a)    The Compensation Trustee shall receive compensation from the Compensation Trust for his, her or their services as Compensation Trustee. The initial amount of the Compensation Trustee's compensation shall be $750 per hour for services in 2023, subject to annual increases thereafter consistent with the Compensation Trustee's practice, billed to and paid by the Compensation Trust on a monthly basis.  The Compensation Trust shall also, upon receipt of appropriate documentation, reimburse all reasonable out-of-pocket costs and expenses incurred by the Compensation Trustee in the course of carrying out his, her or their duties as Compensation Trustee in accordance with reasonable policies and procedures as may be adopted from time to time, including in connection with attending meetings of the Compensation Trustee.  Payment of such compensation and reimbursement shall be made through the date of the earliest of the removal, resignation or death of the Compensation Trustee, and the termination of the Compensation Trust.  The amounts paid to the Compensation Trustee for compensation and expenses shall be disclosed in the Annual Report.

(b)    The Compensation Trust will reimburse the Compensation Trustee for fees and expenses incurred prior to the Effective Date in connection with this Compensation Trust Agreement and other Compensation Trust Documents, and effectuating a timely, orderly, and efficient transition of duties and obligations to the Compensation Trustee as of the Effective Date. Such fees and expenses shall be paid promptly after the Effective Date.

Section 5.5    *Compensation Trustee's Independence.*

(a)    The Compensation Trustee shall not, during his, her or their service, hold a financial interest in, act as attorney or agent for or serve as any other professional for the Reorganized Debtor or its affiliated persons.  No Compensation Trustee shall act as an attorney in the Chapter 11 Case for, or otherwise represent in the Chapter 11 Case, any Person who holds a claim in the Chapter 11 Case.

(b)    The Compensation Trustee shall be indemnified by the Compensation Trust in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request,

16

consent, order or other paper or document believed by them to be genuine and to have been signed or presented by the proper party or parties.

(c)    Persons dealing with the Compensation Trust and the Compensation Trustee with respect to the affairs of the Compensation Trust, shall have recourse only to the Compensation Trust Assets to satisfy any liability incurred by the Compensation Trust or the Compensation Trustee to such Person in carrying out the terms of this Compensation Trust Agreement, and neither the Compensation Trustee, the Beneficiaries, the Reorganized Debtor nor any of their professionals, advisors, officers, agents, consultants or lawyers shall have any personal obligation to satisfy any such liability.

(d)    In any proceeding challenging any action, determination or failure to act of the Compensation Trustee in discharge of his, her or their duties under this Compensation Trust Agreement, the person bringing or prosecuting such proceeding shall have the burden of proving that such determination, action or failure to act constituted gross negligence, willful misconduct, or fraud. Notwithstanding anything to the contrary in this Compensation Trust Agreement or any duty otherwise existing at law or equity, each determination, action or failure to act of the Compensation Trustee in the discharge of his, her or their duties under this Compensation Trust Agreement is, to the extent consistent with this Compensation Trust Agreement, hereby deemed to not constitute a breach of this Compensation Trust Agreement or any duty hereunder or existing at law, in equity or otherwise.

Section 5.6    _Standard of Care; Exculpation._

(a)    As used herein, the term "**Compensation Trust Indemnified Party**" shall mean the Compensation Trustee, and his, her or their  employees, agents, consultants, lawyers, advisors or professionals (collectively, the "**Compensation Trust Indemnified Parties**").

(b)    No Compensation Trust Indemnified Party shall be liable to the Compensation Trust, any other Compensation Trust Indemnified Party, any Beneficiary or any other Person for any damages arising out of the creation, operation, administration, enforcement or termination of the Compensation Trust, except in the case of such Compensation Trust Indemnified Party's gross negligence, willful misconduct, bad faith, or fraud as finally judicially determined by a court of competent jurisdiction. To the fullest extent permitted by applicable law, the Compensation Trust Indemnified Parties shall have no liability for any action in performance of their duties under this Compensation Trust Agreement taken in good faith with or without the advice of counsel, accountants, appraisers and other professionals retained by the Compensation Trust Indemnified Parties. None of the provisions of this Compensation Trust Agreement shall require the Compensation Trust Indemnified Parties to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their respective rights and powers. Any Compensation Trust Indemnified Party may rely, without inquiry, upon writings delivered to it under any of the Compensation Trust Documents, which the Compensation Trust Indemnified Party reasonably believes to be genuine and to have been given by a proper person. Notwithstanding the foregoing, nothing in this Section 5.6 shall relieve the Compensation Trust Indemnified Parties from any liability for any actions or omissions arising out of the gross negligence, willful misconduct, bad faith, or fraud as finally

judicially determined by a court of competent jurisdiction; provided that in no event will any such person be liable for punitive, exemplary, consequential or special damages under any circumstances. Any action taken or omitted by the Compensation Trust Indemnified Parties with the approval of the Bankruptcy Court, or any other court of competent jurisdiction, will conclusively be deemed not to constitute willful misconduct, bad faith, or fraud.  To the extent the Chapter 11 Case has been closed and approval of the Bankruptcy Court becomes necessary, the Compensation Trustee or another interested party may seek to reopen the Chapter 11 Case or take other action as may be necessary for the action or omission to be considered by the Bankruptcy Court in accordance with this Section 5.6.

(c)     The Compensation Trust Indemnified Parties shall not be subject to any personal liability whatsoever, whether in tort, contract or otherwise, to any Person in connection with the affairs of the Compensation Trust or for any liabilities or obligations of the Compensation Trust except for those acts that are finally judicially determined by a court of competent jurisdiction to have arisen out of their own willful misconduct, bad faith, or fraud, and all Persons claiming against the Compensation Trust Indemnified Parties, or otherwise asserting claims of any nature in connection with affairs of the Compensation Trust, shall look solely to the Compensation Trust Assets for satisfaction of any such claims.

(d)     To the extent that, at law or in equity, the Compensation Trust Indemnified Parties have duties (including fiduciary duties) or liability related thereto, to the Compensation Trust or the Beneficiaries, it is hereby understood and agreed by the parties hereto and the Beneficiaries that such duties and liabilities are eliminated to the fullest extent permitted by applicable law and replaced by the duties and liabilities expressly set forth in this Compensation Trust Agreement with respect to the Compensation Trust Indemnified Parties, provided however, that the duties of care and loyalty are not eliminated but are limited and subject to the terms of this Compensation Trust Agreement, including but not limited to this Section 5.6 and its subparts.

(e)     The Compensation Trust Indemnified Parties shall be indemnified to the fullest extent permitted by law by the Compensation Trust against all liabilities arising out of the creation, operation, administration, enforcement or termination of the Compensation Trust, including actions taken or omitted in fulfillment of their duties with respect to the Compensation Trust, except for those acts that are finally judicially determined by a court of competent jurisdiction to have arisen out of their own gross negligence, willful misconduct, bad faith, or fraud.

(f)     The Compensation Trust may maintain appropriate insurance coverage for the protection of the Compensation Trust Indemnified Parties, as determined by the Compensation Trustee in his, her or their discretion.

Section 5.7     _Protective Provisions._

(a)     Every provision of this Compensation Trust Agreement relating to the conduct or affecting the liability of or affording protection to Compensation Trust Indemnified Parties shall be subject to the provisions of this Section 5.7.

(b)     In the event the Compensation Trustee retains counsel (including at the expense of the Compensation Trust), the Compensation Trustee shall be afforded the benefit of the attorney-client privilege with respect to all communications with such counsel, and in no event shall the Compensation Trustee be deemed to have waived any right or privilege including, without limitation, the attorney-client privilege even if the communications with counsel had the effect of guiding the Compensation Trustee in the performance of duties hereunder. A successor to any Compensation Trustee shall succeed to and hold the same respective rights and benefits of the predecessor for purposes of privilege, including the attorney-client privilege. No Beneficiary or other party may raise any exception to the attorney-client privilege discussed herein as any such exceptions are hereby waived by all parties.

(c)     To the extent that, at law or in equity, the Compensation Trustee has duties (including fiduciary duties) and liabilities relating hereto, to the Compensation Trust or to the Beneficiaries, it is hereby understood and agreed by the Parties and the Beneficiaries that such duties and liabilities are eliminated to the fullest extent permitted by applicable law, and replaced by the duties and liabilities expressly set forth in this Compensation Trust Agreement with respect to the Compensation Trustee, provided however, that the duties of care and loyalty are not eliminated but are limited and subject to the terms of this Compensation Trust Agreement, including but not limited to Section 5.6 herein.

(d)     No Compensation Trust Indemnified Party shall be personally liable under any circumstances, except for their own gross negligence, willful misconduct, bad faith, or fraud as finally judicially determined by a court of competent jurisdiction.

(e)     No provision of this Compensation Trust Agreement shall require the Compensation Trust Indemnified Parties to expend or risk their own personal funds or otherwise incur financial liability in the performance of their rights, duties, and powers hereunder.

(f)     In the exercise or administration of the Compensation Trust hereunder, the Compensation Trust Indemnified Parties (i) may act directly or through their respective agents or attorneys pursuant to agreements entered into with any of them, and the Compensation Trust Indemnified Parties shall not be liable for the default or misconduct of such agents or attorneys if such agents or attorneys have been selected by the Compensation Trust Indemnified Parties in good faith and with due care, and (ii) may consult with counsel, accountants and other professionals to be selected by them in good faith and with due care and employed by them, and shall not be liable for anything done, suffered or omitted in good faith by them in accordance with the advice or opinion of any such counsel, accountants or other professionals.

Section 5.8    _Indemnification._

(a)     Without the need for further court approval, the Compensation Trust hereby indemnifies, holds harmless, and defends the Compensation Trust Indemnified Parties in the performance of their duties hereunder to the fullest extent that a trust, including a statutory trust organized under the laws of the State of New York, is entitled to indemnify, hold harmless and defend such persons against any and all liabilities, expenses, claims, damages or losses (including attorneys' fees and costs) incurred by them in the performance of their duties hereunder or in connection with activities undertaken by them prior to or after the Effective Date in connection

19

with the formation, establishment, funding or operations of the Compensation Trust except for those acts that are finally judicially determined by a court of competent jurisdiction to have arisen out of their own gross negligence, willful misconduct, bad faith, or fraud.

(b)      Reasonable expenses, costs and fees (including attorneys' fees and costs) incurred by or on behalf of the Compensation Trust Indemnified Parties in connection with any action, suit or proceeding, whether civil, administrative or arbitrative, from which they are indemnified by the Compensation Trust shall be paid by the Compensation Trust in advance of the final disposition thereof upon receipt of an undertaking, by or on behalf of the Compensation Trust Indemnified Parties, to repay such amount in the event that it shall be determined ultimately by final order of the Bankruptcy Court or court of competent jurisdiction that the Compensation Trust Indemnified Parties or any other potential indemnitee are not entitled to be indemnified by the Compensation Trust; provided that the Compensation Trustee or another interested party may seek to reopen the Chapter 11 Case to the extent it has been closed, solely to the extent a final order of the Bankruptcy Court is necessary.

(c)      The Compensation Trustee may purchase and maintain appropriate amounts and types of insurance at the expense of the Compensation Trust on behalf of the Compensation Trust Indemnified Parties, as determined by the Compensation Trustee, which may include liability asserted against or incurred by such individual in that capacity or arising from his, her or their status as a Compensation Trust Indemnified Party, and/or as an employee, agent, lawyer, advisor or consultant of any such person.

(d)      The indemnification provisions of this Compensation Trust Agreement with respect to any Compensation Trust Indemnified Party shall survive the termination of such Compensation Trust Indemnified Party from the capacity for which such Compensation Trust Indemnified Party is indemnified. Termination or modification of this Compensation Trust Agreement shall not affect any indemnification rights or obligations in existence at such time. In making a determination with respect to entitlement to indemnification of any Compensation Trust Indemnified Party hereunder, the person, persons or entity making such determination shall presume that such Compensation Trust Indemnified Party is entitled to indemnification under this Compensation Trust Agreement, and any person seeking to overcome such presumption shall have the burden of proof to overcome the presumption.

(e)      The rights to indemnification hereunder are not exclusive of other rights which any Compensation Trust Indemnified Party may otherwise have at law or in equity, including common law rights to indemnification or contribution.

Section 5.9      _Bond._

The Compensation Trustee shall not be required to post any bond or other form of surety or security unless otherwise ordered by the Bankruptcy Court or a court of competent jurisdiction.

Section 5.10      _Reliance by the Compensation Trustee_.

The Compensation Trustee may absolutely rely, and shall be fully protected in acting or refraining from acting if the Compensation Trustee relies upon any resolution, statement,

certificate, instrument, opinion, report, notice, request, consent, order or other instrument or document that he or she has or they have no reasonable belief to be other than genuine and to have been signed or presented other than by the proper party or parties or, in the case of facsimile transmissions, to have been sent other than by the proper party or parties, in each case without obligation to satisfy itself that the same was given in good faith and without responsibility for errors in delivery, transmission or receipt.  In the absence of gross negligence, willful misconduct, or fraud in respect of the Compensation Trustee's duties as found by a final and non-appealable court of competent jurisdiction, or material breach of this Compensation Trust Agreement, the Compensation Trustee may rely as to the truth of statements and correctness of the facts and opinions expressed therein and shall be fully protected personally in acting (or, if applicable, not acting) thereon.  The Compensation Trustee shall have the right at any time to seek and rely upon instructions from the Bankruptcy Court concerning this Compensation Trust Agreement, the Plan or any other document executed in connection therewith, and the Compensation Trustee shall be entitled to rely upon such instructions in acting or failing to act and shall not be liable for any act taken or not taken in reliance thereon.

## ARTICLE 6.

## GENERAL PROVISIONS

Section 6.1    _Irrevocability._

To the fullest extent permitted by applicable law, the Compensation Trust is irrevocable. The Settlor shall not (a) retain any ownership or residual interest whatsoever with respect to any Compensation Trust Assets, including, but not limited to, the funds transferred to fund the Compensation Trust, and (b) have any rights or role with respect to the management or operation of the Compensation Trust, or the Compensation Trustee's administration of the Compensation Trust.

Section 6.2    _Term; Termination._

(a)    The term for which the Compensation Trust is to exist shall commence on the date of the filing of the Certificate of Compensation Trust and shall terminate pursuant to the following provisions.

(b)    The Compensation Trust shall automatically dissolve as soon as practicable but no later than ninety (90) days after the date on which the Bankruptcy Court or a court of competent jurisdiction approves the dissolution of the Compensation Trust because (i) all reasonably expected assets have been collected by the Compensation Trust, (ii) all distributions have been made to the extent set forth in the Trust Allocation Protocol, (iii) necessary arrangements and reserves have been made to discharge all anticipated remaining Compensation Trust obligations and Compensation Trust Operating Expenses in a manner consistent with the Compensation Trust Documents, and (iv) a final accounting has been made publicly available (the "**Dissolution Date**").  To the extent the Chapter 11 Case has been closed and approval of the Bankruptcy Court becomes necessary, the Compensation Trustee or another interested party may seek to reopen the Chapter 11 Case or take other action as may be necessary for the dissolution to be considered by the Bankruptcy Court in accordance with this Section 6.2.

(c)      Following the dissolution and distribution of the Compensation Trust Assets, the Compensation Trust shall terminate, and the Compensation Trustee shall execute and cause a Certificate of Cancellation of the Compensation Trust to be filed, and take such other actions required by applicable law in respect of the termination of the Compensation Trust. Notwithstanding anything to the contrary contained in this Compensation Trust Agreement, the existence of the Compensation Trust as a separate legal entity shall continue until the filing of such Certificate of Cancellation.

(d)      After termination of the Compensation Trust and solely for the purpose of liquidating and winding up its affairs, the Compensation Trustee shall continue to act as Compensation Trustee until his, her or their duties hereunder have been fully performed.  The Compensation Trustee shall retain the books, records, documents and files that shall have been delivered to or created by the Compensation Trustee until distribution of all the Compensation Trust Assets.  For purposes of this provision, Compensation Trust Assets will be deemed distributed when the total amount remaining in the Compensation Trust is less than $50,000 and no further actions are pending or have yet to be brought.  At the Compensation Trustee's discretion, all of such books, records, documents and files may be destroyed at any time following the later of: (i) the first anniversary of the final distribution of the Compensation Trust Assets, and (ii) the date until which the Compensation Trustee is required by applicable law to retain such books, records, documents and files; provided however, that, notwithstanding the foregoing, the Compensation Trustee shall not destroy or discard any books, records, documents or files relating to the Compensation Trust without giving Reorganized Debtor the opportunity to take control of such books, records, documents and/or files.

(e)      Upon termination of the Compensation Trust and accomplishment of all activities described in this agreement, the Compensation Trustee and its professionals shall be discharged and exculpated from liability (except for acts or omissions resulting from the recklessness, gross negligence, willful misconduct, knowing and material violation of law or fraud of the Compensation Trustee or his, her or their agents or representatives). The Compensation Trustee may, at the expense of the Compensation Trust, seek an Order of the Bankruptcy Court or a court of competent jurisdiction confirming the discharges, exculpations and exoneration referenced in the preceding sentence; provided that, to the extent the Chapter 11 Case has been closed and approval of the Bankruptcy Court becomes necessary, the Compensation Trustee may seek to reopen the Chapter 11 Case or take other action as may be necessary for the request to be considered by the Bankruptcy Court in accordance with this Section 6.2.

(f)      The Compensation Trustee shall be authorized to reserve such funds as deemed necessary for document storage fees, the costs of destruction or return of documents, and other wind-down expenses, including fees relating to such matters.

Section 6.3      *Outgoing Compensation Trustee Obligations.*

In the event of the resignation or removal of the Compensation Trustee, the resigning or removed Compensation Trustee shall:

(a)      execute and deliver by the effective date of resignation or removal such documents, instruments, records and other writings as may be reasonably requested by the

successor Compensation Trustee to effect such resignation or removal and the conveyance of the Compensation Trust Assets then held by the resigning or removed Compensation Trustee to the successor Compensation Trustee;

(b)      deliver to the successor Compensation Trustee all documents, instruments, records and other writings relating to the Compensation Trust Assets as may be in the possession or under the control of the resigning or removed Compensation Trustee;

(c)      otherwise assist and cooperate in effecting the assumption of the resigning or removed Compensation Trustee's obligations and functions by the successor Compensation Trustee; and

(d)      irrevocably appoint the successor Compensation Trustee (and any interim trustee) as its attorney-in-fact and agent with full power of substitution for it and its name, place and stead to do any and all acts that such resigning or removed Compensation Trustee is obligated to perform under this Compensation Trust Agreement. Such appointment shall not be affected by the subsequent disability or incompetence of the Compensation Trustee making such appointment. The Bankruptcy Court or a court of competent jurisdiction also may enter such orders as are necessary to effect the termination of the Compensation Trustee and the appointment of the successor Compensation Trustee.  To the extent the Chapter 11 Case has been closed and approval of the Bankruptcy Court becomes necessary, the Compensation Trustee or another interested party may seek to reopen the Chapter 11 Case or take other action as may be necessary for the termination and/or appointment to be considered by the Bankruptcy Court in accordance with this Section 6.3.

Section 6.4      _Taxes._

(a)      The Compensation Trust is intended to qualify as a "qualified settlement fund" within the meaning of Section 1.468B-1 et seq. of the Treasury Regulations promulgated under Section 468B of the IRC, as amended (the "**QSF Regulations**").  The Covered Parties are the "transferors" within the meaning of Treasury Regulation Section 1.468B-(d)(1).

(b)      The Compensation Trustee shall be the "administrator" of the Compensation Trust within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations and, in such capacity, such administrator shall (i) prepare and timely file, or cause to be prepared and timely filed, such income tax and other tax returns and statements required to be filed and shall timely pay all taxes required to be paid by the Compensation Trust out of the Compensation Trust Assets, which assets may be sold by the Compensation Trustee to the extent necessary to satisfy tax liabilities of the Compensation Trust, (ii) comply with all applicable tax reporting and withholding obligations, (iii) satisfy all requirements necessary to qualify and maintain qualification of Compensation Trust as a qualified settlement fund, within the meaning of the QSF Regulations, and (iv) take no action that could cause the Compensation Trust to fail to qualify as a qualified settlement fund within the meaning of the QSF Regulations.  The Compensation Trustee may request an expedited determination under section 505(b) of the Bankruptcy Code for all tax returns filed by or on behalf of the Compensation Trust for all taxable periods through the Dissolution Date.

23

(c)    As soon as reasonably practicable after the Effective Date, but in no event later than one hundred twenty (120) days thereafter, the Compensation Trust shall make a good faith valuation of the Aggregate Settlement Consideration and such valuation shall be used consistently by all parties for all U.S. federal income tax purposes. In connection with the preparation of the valuation contemplated hereby, the Compensation Trust shall be entitled to retain such professionals and advisors as the Compensation Trustee shall determine to be appropriate or necessary, and the Compensation Trustee shall take such other actions in connection therewith as he or she determines to be appropriate or necessary.

(d)    The Compensation Trustee may withhold and pay to the appropriate tax authority all amounts required to be withheld pursuant to the IRC or any provision of any foreign, state or local tax law with respect to any payment or distribution. All such amounts withheld and paid to the appropriate tax authority (or placed in escrow pending resolution of the need to withhold) shall be treated as amounts distributed or paid for all purposes of this Compensation Trust Agreement. The Compensation Trustee shall be authorized to collect such tax information (including tax identification numbers) as in his, her or their sole discretion is deemed necessary to effectuate the Plan, the Confirmation Order and this Compensation Trust Agreement. In order to receive distributions, all Beneficiaries shall be required to provide tax information to the Compensation Trustee to the extent the Compensation Trustee deems appropriate in the manner and in accordance with the procedures from time to time established by the Compensation Trustee for these purposes. The Compensation Trustee may refuse to make a payment or distribution unless or until such information is delivered; provided however, that, upon the delivery of such information, the Compensation Trustee shall make such delayed payment or distribution, without interest. Notwithstanding the foregoing, if a person fails to furnish any tax information reasonably requested by the Compensation Trustee before the date that is three hundred sixty-five (365) calendar days after the request is made, the amount of such distribution shall irrevocably revert to the Compensation Trust. In no event shall any payment or distribution escheat to any federal, state or local government or any other entity.

Section 6.5    _Modification._

(a)    Material modifications to this Compensation Trust Agreement, including Exhibits hereto, may be made only with the approval of the Bankruptcy Court; provided however, that the Compensation Trustee may amend this Compensation Trust Agreement from time to time without the consent, approval or other authorization of, but with notice to, the Bankruptcy Court, to make minor corrective or clarifying amendments necessary to enable the Compensation Trustee to effectuate the provisions of this Compensation Trust Agreement, provided such minor corrective or clarifying amendments shall not take effect until ten (10) days after notice to the Bankruptcy Court. Except as permitted pursuant to the preceding sentence, the Compensation Trustee shall not modify this Compensation Trust Agreement in any manner that is inconsistent with the Plan or the Confirmation Order without the approval of the Bankruptcy Court. The Compensation Trustee shall file notice of any modification of this Compensation Trust Agreement with the Bankruptcy Court. To the extent the Chapter 11 Case has been closed, the Compensation Trustee or another interested party may seek to reopen the Chapter 11 Case or take other action as may be necessary for a modification to be considered by the Bankruptcy Court in accordance with this Section 6.5.

The Compensation Trust Agreement may not be modified or amended in any manner adverse to the Reorganized Debtor without the express written consent of the Reorganized Debtor.

(b)      Notwithstanding anything set forth in this Compensation Trust Agreement to the contrary, none of this Compensation Trust Agreement, nor any document related thereto shall be modified or amended in any way that could jeopardize or impair (i) the applicability of section 105 of the Bankruptcy Code to the Plan and the Confirmation Order, (ii) the efficacy or enforceability of any injunction or release issued or granted in connection with the Plan and Confirmation Order or (iii) the Compensation Trust's qualified settlement fund status under the QSF Regulations.

Section 6.6      _Severability._

If any provision of this Compensation Trust Agreement or application thereof to any person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Compensation Trust Agreement, or the application of such provisions to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Compensation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

Section 6.7      _Notices._

Any notices or other communications required or permitted hereunder to the following parties shall be in writing and delivered at the addresses designated below, or sent by email or facsimile pursuant to the instructions listed below, or mailed by overnight courier, addressed as follows, or to such other address or addresses as may hereafter be furnished in writing to each of the other parties listed below in compliance with the terms hereof.

To the Compensation Trustee:

Alan D. Halperin, Compensation Trustee
Halperin Battaglia Benzija, LLP
40 Wall Street, 37th Floor
New York, New York 10005
Tel: (212) 765-9100
Fax: (212) 765-0964
E-mail: ahalperin@halperinlaw.net

with a copy (which shall not constitute notice) to:

Halperin Battaglia Benzija, LLP
40 Wall Street, 37th Floor
New York, New York 10005
Attn: Donna H. Lieberman, Esq.
      Julie Dyas Goldberg, Esq.

Tel: (212) 765-9100
Fax: (212) 765-0964
E-mail: dlieberman@halperinlaw.net
          jgoldberg@halperinlaw.net

To the Reorganized Debtor:

Madison Square Boys & Girls Club, Inc.
250 Bradhurst Avenue
New York, New York 10039
Attention: Jeffrey Dold
Email: jdold@madisonsquare.org

with a copy (which shall not constitute notice) to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

Attention:     John T. Weber
               Leslie Liberman

Email:         jweber@paulweiss.com
               lliberman@paulweiss.com

All such notices and communications, if mailed, shall be effective when physically delivered at the designated addresses, or if electronically transmitted, shall be effective upon transmission.

Section 6.8     _Successors and Assigns._

The provisions of this Compensation Trust Agreement shall be binding upon and inure to the benefit of the Compensation Trust, the Compensation Trustee, and their respective successors and assigns, except that none of such persons may assign or otherwise transfer any of its, or their, rights or obligations under this Compensation Trust Agreement except, in the case of the Compensation Trust and the Compensation Trustee, as contemplated by Section 5.3 above.

Section 6.9     _Limitation on Transferability; Beneficiaries' Interests._

The Beneficiaries' interests in the Compensation Trust shall not (a) be assigned, conveyed, hypothecated, pledged or otherwise transferred, voluntarily or involuntarily, directly or indirectly and any purported assignment, conveyance, pledge or transfer shall be null and void *ab initio,* except to the extent necessary for the Beneficiary to create a qualified Compensation Trust; (b) be evidenced by a certificate or other instrument; (c) possess any voting rights; (d) give rise to any right or rights to participate in the management or administration of the Compensation Trust or the Compensation Trust Assets; (e) entitle the holders thereof to seek the removal or replacement of any Compensation Trustee, whether by petition to the Bankruptcy Court or any other court or

26

otherwise; (f) entitle the holders thereof to receive any interest on distributions; and (g) give rise to any rights to seek a partition or division of the Compensation Trust Assets. Beneficiaries shall have no interest of any kind in any of the Compensation Trust Assets; rather, the Beneficiaries shall have an undivided beneficial interest only in cash assets of but only to the extent such cash assets are declared by the Compensation Trustee to be distributable as distributions in accordance with the Compensation Trust Documents. For the avoidance of doubt, the Beneficiaries shall have only such rights as expressly set forth in the Compensation Trust Documents.

Section 6.10   *Entire Agreement; No Waiver.*

The entire agreement of the parties relating to the subject matter of this Compensation Trust Agreement is contained herein and in the documents referred to herein, and this Compensation Trust Agreement and such documents supersede any prior oral or written agreements concerning the subject matter hereof. No failure to exercise or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof or of any other right, power or privilege. The rights and remedies herein provided are cumulative and are not exclusive of rights under law or in equity.

Section 6.11   *Headings.*

The headings used in this Compensation Trust Agreement are inserted for convenience only and do not constitute a portion of this Compensation Trust Agreement, nor in any manner affect the construction of the provisions of this Compensation Trust Agreement.

Section 6.12   *Governing Law.*

This Compensation Trust Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to the conflicts of law provisions thereof which would purport to apply the law of any other jurisdiction. None of the following provisions of New York law shall apply to the extent inconsistent with the terms of the Compensation Trust Documents: (a) the filing with any court or governmental body or agency of trustee accounts or schedules of trustee fees and charges, (b) affirmative requirements to post bonds for trustees, officers, agents or employees of a trust, (c) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of property, (d) fees or other sums payable to trustees, officers, agents or employees of a trust, (e) the allocation of receipts and expenditures to income or principal, (f) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding of Compensation Trust Assets, (g) the existence of rights or interests (beneficial or otherwise) in Compensation Trust Assets, (h) the ability of beneficial owners or other persons to terminate or dissolve a trust, and (i) the establishment of fiduciary or other standards or responsibilities or limitations on the acts or powers of trustees or beneficial owners that are inconsistent with the limitations on liability or authorities and powers of the Compensation Trustee set forth or referenced in this Compensation Trust Agreement.

Section 6.13    _Settlor's Representative._

Pursuant to the Compensation Trust Documents, the Reorganized Debtor is hereby irrevocably designated as the "**Settlor's Representative**" and is hereby authorized to take any action consistent with Reorganized Debtor's obligations under the Compensation Trust Documents that is reasonably requested of the Settlor by the Compensation Trustee.    Pursuant to the Compensation Trust Documents, and subject to the Compensation Trust's reimbursement obligations under the Plan, the Settlor's Representative shall cooperate with the Compensation Trustee and the Compensation Trust's officers, employees and professionals to the extent set forth in the Plan in connection with the Compensation Trust's administration of the Compensation Trust Assets and distributions to holders of Abuse Claims.

Section 6.14    _Independent Legal and Tax Counsel._

All parties to this Compensation Trust Agreement have been represented by counsel and advisors of their own selection in this matter. Consequently, the parties agree that the language in all parts of this Compensation Trust Agreement shall in all cases be construed as a whole according to its fair meaning and shall not be construed either strictly for or against any party. It is specifically acknowledged and understood that this Compensation Trust Agreement has not been submitted to, nor reviewed or approved by, the IRS or the taxing authorities of any state or territory of the United States of America.

Section 6.15    _Waiver of Jury Trial._

Each party hereto and each Beneficiary hereof hereby irrevocably waives, to the fullest extent permitted by applicable law, any and all right to a trial by jury in any legal proceeding arising out of or relating to this Compensation Trust Agreement.

Section 6.16    _Effectiveness._

This Compensation Trust Agreement shall not become effective until it has been executed and delivered by all the parties hereto and the Effective Date of the Plan has occurred.

Section 6.17    _Counterpart Signatures._

This Compensation Trust Agreement may be executed in any number of counterparts, each of which shall constitute an original, but such counterparts shall together constitute but one and the same instrument. A signed copy of this Compensation Trust Agreement or any amendment hereto delivered by facsimile, email or other means of Electronic Transmission, shall be treated in all manner and respects as an original agreement or instrument and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.

*[SIGNATURE PAGES TO FOLLOW]*

      IN WITNESS WHEREOF, the parties have executed this Compensation Trust Agreement as of the date first set forth above to be effective as of the Effective Date.

[SETTLOR]

[TRUSTEE]

# EXHIBIT 1
## TRUST ALLOCATION PROTOCOL

## Trust Allocation Protocol

**Compensation Trust Assets:**[1]  The Plan provides the Debtor will contribute the Compensation Trust Assets to the Compensation Trust on the Effective Date, or as soon as reasonably practicable thereafter, including, among other things, the:

- Cash Contribution

- Compensation Trust Note

- Exit Excess Cash

- Navy Yard Net Proceeds

- Madison Damages Claims Assignment

The proceeds of the above listed Compensation Trust Assets are defined herein as the "**General Settlement Fund**".

Subject to a reserve or reserves established by the Compensation Trustee, the proceeds of the General Settlement Fund shall be distributed equally to all holders of valid Direct Abuse Claims in Class 4 of the Plan (*i.e.*, total cash/proceeds net of Compensation Trust expenses divided by the number of valid Direct Abuse Claims in Class 4 of the Plan) (the "<u>Abuse Claim Equal Share Distribution</u>").  Except as provided herein, Holders of Indirect Abuse Claims will be entitled to the treatment set forth in <u>Article IV.G</u> of the Plan.  As cash is contributed to the General Settlement Fund from the Cash Contribution or Exit Excess Cash, paid on account of interest or principal due under the Compensation Trust Note, realized from the Navy Yard Net Proceeds, or recovered pursuant to the Madison Damages Claims, the Compensation Trustee will make interim distributions in equal amounts to the holders of valid Abuse Claims in Class 4 of the Plan, subject to the establishment of any further reserves.

### A.  <u>Insurance Allocation Proposal</u>:

1.  Pursuant to Article IX.B of the Plan, each holder of an Abuse Claim may elect to commence or continue to prosecute such Abuse Claim against the Debtor in an appropriate court of competent jurisdiction for the sole purpose of recovering from an Abuse Insurance Company (and from other third parties that are not Covered Parties).

2.  If in the pursuit of a holder's Abuse Claim such claimant obtains an individual settlement/recovery from an Abuse Insurance Company, the Compensation Trust shall have no right to any portion of that recovery and such claimant retains 100% of such claimant's recovery from the Abuse Insurance Company (each an "**Independent Insurance Recovery**").

---

[1]  All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the *Chapter 11 Plan of Reorganization of the Madison Square Boys & Girls Club, Inc.*, dated as of April 12, 2023 (as it may be amended, modified, or supplemented, the "**Plan**").

3. If an Abuse Insurance Company proposes a global settlement with the Compensation Trust that causes such Abuse Insurance Company to be a Covered Party, 75% of holders of Abuse Claims covered by such Settling Insurance Company's Abuse Insurance Policies must vote in favor of the proposed settlement in order for the Compensation Trustee to be authorized to enter into such settlement.

4. If a global settlement with an Abuse Insurance Company is approved, the reasonable out-of-pocket litigation costs (not legal fees), if any, incurred by holders of the covered Abuse Claims may be reimbursed to the extent the Compensation Trustee reasonably concludes the incurring of such costs helped contribute to the global settlement with such Settling Insurance Company.

5. Two-thirds (2/3) of such Settling Insurance Company's settlement contribution (net of the reasonable out of pocket litigation costs and/or other expenses, if any) shall be deposited into a settlement fund allocable to claims insured by such Settling Insurance Company (the "**Insurer X Settlement Fund**", where "X" is the name or other identifier of the relevant Settling Insurance Company) and one-third (1/3) of such Settling Insurance Company's contribution (net of the reasonable out of pocket litigation costs and/or other expenses, if any) shall be deposited into a general settlement fund (the "**Insurer X General Settlement Fund**", where "X" is the name or other identifier of the relevant Settling Insurance Company).

6. An Abuse Claim covered by each Settling Insurance Company's Abuse Insurance Policies will be evaluated by the Compensation Trustee, or a neutral third party retained by the Compensation Trustee, and share Pro Rata in the Insurer X Settlement Fund of the relevant Settling Insurance Company.

7. The proceeds of the Insurer X General Settlement Fund are allocated evenly among the holders of Abuse Claims that are not covered by the relevant Settling Insurance Company's Abuse Insurance Policies, or any other Abuse Insurance Company's Abuse Insurance Policies (*i.e.*, Abuse Claims against the Debtor that have no known insurance coverage). For the avoidance of doubt, holders of Abuse Claims that share in the Insurer X Settlement Fund (or any other settlement with a Settling Insurance Company) do not share in the Insurer X General Settlement Fund.

8. A holder of an Abuse Claim that receives an Independent Insurance Recovery shall not share in the Insurer X Settlement Fund or Insurer X General Settlement Fund.

9. The Compensation Trust shall establish settlement funds from any other Settling Insurance Companies in the same fashion as set forth above.

2

**B.  BGCA Proposal**:

1.  The Plan preserves the ability of the holders of Abuse Claims to pursue claims against the BGCA in a court of competent jurisdiction (the "**BGCA Claimants**").

2.  If a BGCA Claimant obtains an individual settlement/recovery from the BGCA, such BGCA Claimant retains 100% of such BGCA Claimant's recovery from the BGCA (each, an "**Independent BGCA Recovery**").

3.  If the BGCA proposes a global settlement that causes the BGCA to be a Covered Party, 75% of the BGCA Claimants that have pending actions against the BGCA must vote in favor of the proposed settlement in order for the Compensation Trustee to be authorized to enter into such settlement.

4.  If such global settlement is approved (such settlement, the "**BGCA Global Settlement**"), the reasonable out-of-pocket litigation costs (not legal fees) of the BGCA Claimants shall be reimbursed to the extent the Compensation Trustee reasonably concludes that the incurring of such costs helped contribute to the BGCA Global Settlement.

5.  75% of the BGCA's contribution (net of the reasonable out of pocket litigation costs and/or other expenses, if any) to the Compensation Trust in connection with the BGCA Global Settlement shall be deposited into a settlement fund (the "**BGCA Settlement Fund**") and 25% of the BGCA's contribution (net of the reasonable out of pocket litigation costs and/or other expenses, if any) in connection with the BGCA Global Settlement to the Compensation Trust shall be deposited into a general settlement fund (the "**General BGCA Settlement Fund**").

6.  A BGCA Claimant's Abuse Claim will be evaluated by the Compensation Trustee, or a neutral third party retained by the Compensation Trustee, and share Pro Rata in the BGCA Settlement Fund.

7.  The proceeds of the BGCA General Settlement Fund shall be allocated Pro Rata among the holders of Abuse Claims that do not have actions pending against BGCA.  For the avoidance of doubt, BGCA Claimants that have actions against BGCA and share in the BGCA Settlement Fund shall not share in the General BGCA Settlement Fund.

8.  A BGCA Claimant that receives an Independent BGCA Recovery shall not share in the BGCA Settlement Fund or General BGCA Settlement Fund.

9.  The Compensation Trustee, or same neutral third party retained by the Compensation Trustee, will evaluate all claims against BGCA that are eligible to participate in the separate settlement funds so a claimant would only have to be evaluated once, even if such claimant is eligible to participate in multiple funds.

C. **Rockefeller Proposal**:

1. The Plan preserves the ability of the holders of Abuse Claims to pursue their claims against Rockefeller in a court of competent jurisdiction (the "**Rockefeller Claimants**").

2. If Rockefeller proposes to settle the Madison Damages Claims against Rockefeller, 100% of that recovery goes into the General Settlement Fund and is shared evenly among all holders of valid Abuse Claims in Class 4 of the Plan (the "**Debtor Rockefeller Recovery**").

3. If a Rockefeller Claimant obtains an individual settlement/recovery from Rockefeller, such Rockefeller Claimant retains 100% of such Rockefeller Claimant's recovery from Rockefeller (each, and "**Independent Rockefeller Recovery**").

4. If Rockefeller proposes a global settlement that causes the Rockefeller to be a Covered Party, 75% of the Rockefeller Claimants that have pending actions against Rockefeller must vote in favor of the proposed settlement in order for the Compensation Trustee to be authorized to enter into such settlement.

5. If a global settlement is approved (such settlement, the "**Rockefeller Global Settlement**"), the reasonable out of pocket litigation costs (not legal fees) of the Rockefeller Claimants shall be reimbursed to the extent the Compensation Trustee reasonably concludes that incurring such costs helped contribute to the Rockefeller Global Settlement.

6. Rockefeller's contribution (net of the reasonable out of pocket litigation costs and/or other expenses, if any) to the Compensation Trust in connection with a Rockefeller Global Settlement shall be deposited into a settlement fund (the "**Rockefeller Settlement Fund**") and an Abuse Claim held by a Rockefeller Claimant with a pending action against Rockefeller shall be evaluated by the Compensation Trustee, or a neutral third party retained by the Compensation Trustee, and share in the Rockefeller Settlement Fund.

7. A claimant that either: (a) receives an Independent Rockefeller Recovery, (b) did not file an action against Rockefeller, or (c) previously settled with Rockefeller shall not share in the Rockefeller Settlement Fund.

8. The Compensation Trustee, or the same neutral third party retained by the Compensation Trustee, will evaluate all claims against Rockefeller that are eligible to participate in the separate settlement funds so that such claim would only have to be evaluated once, even if such claim is eligible to participate in multiple funds.