**PRESENTMENT DATE: May 18, 2023 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: May 17, 2023 at 4:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME (Only if Objection Filed): To Be Determined**

Alan W. Kornberg, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
Leslie E. Liberman, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-10910 (SHL) |

**NOTICE OF PRESENTMENT OF NINTH INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE TO OPERATE ITS CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (C) MAINTAIN EXISTING BUSINESS FORMS, AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on May 10, 2023, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Ninth Interim Order (I) Authorizing the Debtor to (A) Continue to Operate its Cash Management System, (B) Honor Certain Prepetition Obligation Related Thereto, and (C) Maintain Existing Business Forms, and (II) Granting Related Relief* (the "Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that the Proposed Order will be presented for signature to the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York (the "Court") at 300 Quarropas Street, White Plains, New York 10601 on **May 18, 2023 at 10:00 a.m., prevailing Eastern Time.**

**PLEASE TAKE FURTHER NOTICE** that the United States Trustee For Region 2 does not object to the relief requested herein. Any responses or objections ("Objection") to the relief requested in the Proposed Order shall: (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

New York; and (b) be served so as to be actually received by **May 17, 2023 at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection is timely filed by the Objection Deadline, the Court will notify the moving party of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. Any moving or objecting party is required to attend the hearing, and failure to attend may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected. You should read the Proposed Order carefully and discuss it with your attorney, if you have one. If you do not have an attorney, you may wish to consult with one.

**PLEASE TAKE FURTHER NOTICE** that copies of the Proposed Order can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/case/madisonsquare/info or by calling (866) 977-1161 (toll free) for U.S. and Canada-based parties or +1 (503) 597-7709 for international parties. Note that a PACER password is needed to access documents on the Court's website.

| | |
|---|---|
| Dated: May 10, 2023<br>New York, New York | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br><br>*/s/ John T. Weber*<br>Alan W. Kornberg, Esq.<br>William A. Clareman, Esq.<br>John T. Weber, Esq.<br>Leslie E. Liberman, Esq.<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br>akornberg@paulweiss.com<br>wclareman@paulweiss.com<br>jweber@paulweiss.com<br>lliberman@paulweiss.com<br><br>*Counsel to the Debtor and Debtor in Possession* |

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

### NINTH INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE TO OPERATE ITS CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (C) MAINTAIN EXISTING BUSINESS FORMS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of a ninth interim order (this "Ninth Interim Order"), (a) authorizing the Debtor to (i) continue to operate its Cash Management System (as defined below); (ii) honor certain prepetition obligations related thereto; and (iii) maintain its existing Business Forms; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and, if necessary, having heard the statements in support of the relief

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms used herein that are not defined herein shall have the meaning ascribed to such term in the Motion.

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and, if necessary, at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein on an interim basis. The final hearing on the Motion shall be set by further notice to be filed by the Debtor with the Court.

2. The Debtor is authorized to: (a) maintain its Cash Management System, in substantially the same form as the Cash Management System described in the Motion; (b) open and close Bank Accounts, and close Investment Accounts; provided, however, that the Debtor gives not less than five (5) business days' notice to the U.S. Trustee and any official committees appointed in this chapter 11 case prior to opening or closing a Bank Account or closing an Investment Account; and the opening of any new Bank Account (i) must be at depository that the U.S. Trustee has authorized for cases filed in this district and (ii) must be reported as a new account on the Debtor's monthly operating report; (c) pay any Bank Fees incurred in connection with the Bank Accounts, that arose prior to the Petition Date; (d) pay any Investment Advisory Fees incurred in connection with the Investment Accounts, that arose prior to the Petition Date; and (e) utilize existing Business Forms in accordance with paragraph 7 of this Ninth Interim Order.

3. Subject to paragraph 10 of this Ninth Interim Order, the Debtor is authorized to continue to use the Bank Accounts and Investment Accounts under existing account numbers without interruption.

4. The Debtor shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records, to the same extent by the Debtor before the Petition Date.

5. The Banks are authorized to continue to service and administer the Bank Accounts and, subject to paragraph 10 hereof, the Investment Accounts as debtor-in-possession accounts

2

without interruption, and to receive, process, honor, and pay any and all checks, ACH transfers and other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts and Investment Accounts, as applicable, after the Petition Date by the holders or makers thereof or other persons or parties entitled to issue instructions with respect thereto, as the case may be; provided, however, that any check, advice, draft or other notification drawn or issued by the Debtor before the Petition Date may be honored by any bank only if directed by the Debtor. Nothing in this Ninth Interim Order shall require any Bank to process, honor, and pay any checks, make ACH transfers or honor other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts and Investment Accounts, as applicable, whether in the ordinary course of business or otherwise, when such action requires the Bank to extend credit to the Debtor.

6.  All Banks provided with notice of this Ninth Interim Order maintaining any of the Bank Accounts shall not honor any checks issued against the Bank Accounts prior to the commencement of this chapter 11 case, except as otherwise authorized by an order of this Court and directed by the Debtor.

7.  The Debtor shall not be required to include the legend "Debtor in Possession" and the corresponding bankruptcy case number on existing paper checks or paper Business Forms; provided, however, that any new check or Business Form stock ordered by the Debtor shall contain the designation "Debtor in Possession"; provided further, that, as of the date hereof, the Debtor will cause any checks and other Business Forms that are generated electronically during this chapter 11 case to contain the designation "Debtor in Possession."

8.  The Banks are authorized to accept and honor all representations from the Debtor regarding which checks, drafts, wires, or ACH transfers should be honored or dishonored consistent with any order of this Court, whether such checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date; provided, however, that to the extent the Debtor directs the Banks to dishonor any disbursements or the Banks inadvertently dishonor any

3

disbursements, the Debtor may issue replacement disbursements consistent with the orders of this Court. The Banks shall not be liable to any party on account of: (a) following the Debtor's instructions or representations as to any order of this Court; (b) honoring any prepetition check or item in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

9. Any Bank, without further order of this Court, is (a) authorized to charge, and the Debtor is authorized to pay or honor prepetition service and other fees, costs, charges, and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtor; and (b) authorized, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

10. With regard to the Investment Accounts, the Debtor shall have a period of forty-five (45) days from the expiration of the existing deadline to come into compliance therewith or otherwise obtain a waiver from this Court; *provided*, *however*, that nothing herein shall (a) preclude the Debtor from seeking a further extension of time to come into compliance or otherwise obtain a waiver for any Investment Account or (b) prejudice the U.S. Trustee, any committee that the U.S. Trustee may appoint in this case, or any other party in interest from objecting to such request for a waiver or any assertion of the Debtor that an Investment Account complies with sections 345(a) and 345(b) of the Bankruptcy Code.

11. Any Banks are further authorized to (a) honor the Debtor's directions with respect to the opening and closing of any Bank Account and the closing of any Investment Account and (b) accept and hold the Debtor's funds in accordance with the Debtor's instructions; provided, in each case, that the Debtor's Banks shall not have any liability to any party for relying on such representations.

12. Notwithstanding the relief granted in this Ninth Interim Order and any actions taken pursuant to such relief, nothing authorized by this Ninth Interim Order shall be deemed: (a) a

4

waiver of the Debtor's or any other party in interest's right to dispute any prepetition claim on any grounds; (b) a promise or requirement to pay any prepetition claim; (c) an admission by the Debtor that any particular claim is of a type specified or defined in this Ninth Interim Order or the Motion or a finding by this Court that any particular claim is an administrative expense or other priority claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) a waiver or limitation of the rights of any party in interest under the Bankruptcy Code or any other applicable law; or (f) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Ninth Interim Order shall be immediately effective and enforceable upon its entry.

15. The requirements set forth in Local Rule 9013-1(a) are satisfied.

16. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Ninth Interim Order in accordance with the Motion.

17. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Ninth Interim Order.

Dated: _____, 2023

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE