**Hearing Date: July 10, 2023 at 11:00 a.m., prevailing Eastern Time**
**Objection Deadline: July 3, 2023 at 4:00 p.m., prevailing Eastern Time**

Alan W. Kornberg, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
Leslie E. Liberman, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

**NOTICE OF HEARING ON THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO REDACT AND FILE UNDER SEAL CERTAIN PORTIONS OF (I) THE DECLARATION OF DANIEL O'BRIEN IN SUPPORT OF CONFIRMATION OF THE FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF MADISON SQUARE BOYS & GIRLS CLUB, INC. AND (II) THE DECLARATION OF SHARON LOCATELL, MAI, CRE, MRICS**

      **PLEASE TAKE NOTICE** that on June 21, 2023, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Debtor's Motion for Entry of an Order Authorizing the Debtor to Redact and File Under Seal Certain Portions of (I) the Declaration of Daniel O'Brien In Support of Confirmation of the First Amended Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc. and (II) the Declaration of Sharon Locatell, MAI, CRE, MRICS* (the "Motion").[2] A hearing (the "Hearing") on the Motion will be held on **July 10, 2023 at 11:00 a.m., prevailing Eastern Time**.

      **PLEASE TAKE FURTHER NOTICE** that the Hearing will be held in person before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Any objecting parties are required to attend the Hearing in person, and failure to appear may result in relief being granted upon default.

   **PLEASE TAKE FURTHER NOTICE** that parties wishing to appear at the Hearing in a "listen only" capacity may do so via Zoom for Government. Parties must make an electronic appearance through the "eCourtAppearances" tab on the Bankruptcy Court's website https://www.nysb.uscourts.gov/ecourt-appearances no later than 4:00 p.m. (prevailing Eastern Time) on the business day before the Hearing (the "<u>Appearance Deadline</u>"). Following the Appearance Deadline, the Bankruptcy Court will circulate by email the Zoom link to the Hearing to those parties who have made an electronic appearance. Parties wishing to appear at the Hearing in a "listen only" capacity must submit an electronic appearance through the Bankruptcy Court's website by the Appearance Deadline and not by emailing or otherwise contacting the Bankruptcy Court. Additional information regarding the Bankruptcy Court's Zoom and hearing procedures can be found on the Bankruptcy Court's website.

   **PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "<u>Objection</u>") to the relief requested in the Motion shall: (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; and (b) be served on the Debtor so as to be actually received by **July 3, 2023 at 4:00 p.m., prevailing Eastern Time** (the "<u>Objection Deadline</u>"). Replies to the Objections must be filed by **July 7, 2023 at 4:00 p.m., prevailing Eastern Time.**

   **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

   **PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing. The Debtor will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

   **PLEASE TAKE FURTHER NOTICE that <u>your rights may be affected</u>. You should read the Motion carefully and discuss it with your attorney, if you have one. If you do not have an attorney, you may wish to consult with one.**

   **PLEASE TAKE FURTHER NOTICE** that a copy of the Motion can be viewed and/or obtained by: (i) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov, or (ii) from the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/case/madisonsquare/info, by calling (866) 977-1161 (toll free) for U.S. and Canada-based parties or +1 (503) 597-7709 for international parties, or by email at MadisonSquareInfo@epiqglobal.com. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

   [*Remainder of this page intentionally left blank.*]

| | |
|---|---|
| New York, New York<br>Dated:  June 21, 2023 | */s/ John T. Weber*<br>Alan W. Kornberg, Esq.<br>William A. Clareman, Esq.<br>John T. Weber, Esq.<br>Leslie E. Liberman, Esq.<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br>akornberg@paulweiss.com<br>wclareman@paulweiss.com<br>jweber@paulweiss.com<br>lliberman@paulweiss.com<br><br>*Counsel to the Debtor and Debtor in Possession* |

Alan W. Kornberg, Esq.
William A. Clareman, Esq.
John T. Weber, Esq.
Leslie E. Liberman, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTOR TO REDACT AND FILE UNDER SEAL CERTAIN
PORTIONS OF (I) THE DECLARATION OF DANIEL O'BRIEN IN SUPPORT OF
CONFIRMATION OF THE FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION OF MADISON SQUARE BOYS & GIRLS CLUB, INC. AND
(II) THE DECLARATION OF SHARON LOCATELL, MAI, CRE, MRICS**

The above-captioned debtor and debtor in possession (the "Debtor")[2] respectfully states the following in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtor seeks entry of an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (as defined below).

the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") (a) authorizing the Debtor to redact and file under seal certain commercially sensitive information regarding the ongoing marketing and sale process of the Navy Yard Clubhouse, including the Debtor's value assessment of the Navy Yard Clubhouse and details pertaining to the bids received to date by the Debtor (the "Redacted Information"), which Redacted Information is included in (i) the *Declaration of Daniel O'Brien in Support of Confirmation of the First Amended Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 534] (the "O'Brien Declaration") and (ii) the rebuttal *Declaration of Sharon Locatell, MAI, CRE, MRICS* [Docket No. 535] (the "Locatell Declaration" and, together with the O'Brien Declaration, the "Redacted Declarations"), each of which was filed in redacted form; (b) directing that the Redacted Information contained in the Redacted Declarations shall remain under seal and not be made available to any party other than (i) the Court, (ii) the U.S. Trustee and the Committee, on a confidential basis, if requested, and (iii) Rockefeller, to whom unredacted copies of the Redacted Declarations have already been provided on a confidential basis; and (c) granting such other relief as the Court deems just and proper.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

2

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      The legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Case Background

5.      On the Petition Date, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing this chapter 11 case (this "Chapter 11 Case"). The Debtor continues to manage and operate its non-profit services as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

6.      No trustee or examiner has been appointed in this Chapter 11 Case. On July 13, 2022, the U.S. Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 53].

7.      On April 12, 2023, the Debtor filed the *Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 428] and the *Disclosure Statement for Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 428] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement").

8.      On April 28, 2023, the Court entered the *Order (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving Form of Notices and Ballots; (III) Establishing (A) Solicitation and Voting Procedures and (B) Notice and Objection Procedures for Confirmation; (IV) Scheduling Combined Hearing on Confirmation of Plan of Reorganization and Final Approval of Disclosure Statement; and (V) Granting Related Relief* [Docket No. 461].

3

9. On June 9, 2023, the Debtor filed the *First Amended Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 515].

10. On June 19, 2023, the Debtor filed a revised version of the *First Amended Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 525] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan").

11. In support of confirmation the Plan and approval of the Disclosure Statement on a final basis, on June 19, 2023, the Debtor also filed the *Debtor's (I) Memorandum of Law in Support of (A) Final Approval of Debtor's Disclosure Statement and (B) Confirmation of First Amended Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc. and (II) Reply to Objections Thereto* [Docket No. 527] (the "Confirmation Brief") and certain declarations in connection therewith, including the Reacted Declarations.

**Basis for Relief**

12. Section 107(b) of the Bankruptcy Code provides for an exception to the rule that, generally, papers filed in a case proceeding under the Bankruptcy Code are public records that must be open to examination "by an entity at reasonable times without charge." 11 U.S.C. § 107(a). Specifically, in providing an exception to the general rule embodied in section 107(a), section 107(b) provides, in relevant part, that:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, *or commercial information* . . .

11 U.S.C. § 107(b). Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may seek the relief described in section 107(b). Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a

4

trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bank. P. 9018.

13. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are intended to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury," a policy goal which has been held to protect from disclosure information which "could impair the estate's ability to maximize value for its creditors as part of an asset sales process" if publicly disclosed. *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003); *see also In re Windstream Holdings Inc.*, 614 B.R. 441, 455 (information is "properly sealed as commercial information" when "the release of information . . . could cause them harm or give competitors an unfair advantage" or negatively impact the Debtor's negotiating leverage with commercial counterparties) (internal quotations omitted).

14. Accordingly, the term "commercial information," as used in section 107(b) of the Bankruptcy Code, should be construed broadly when public disclosure of such information could negatively impact the estate, and such information "need not require that commercial information be the equivalent of a trade secret before protecting such information." *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994). Instead, protection is appropriate when a debtor seeks to redact information to "ensure their own rehabilitation for, at least in part, the sake of their creditors." *In re Windstream Holdings Inc.*, 614 B.R. at 455, n. 8.; *see also In re Borders Group, Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (the meaning of "commercial information" "extends beyond the requirement that such information will give an entity's competitors an unfair advantage [but rather] includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have 'a chilling effect on [business] negotiations, ultimately affecting the

5

viability of the Debtors'") (quoting *In re Loams Fin. Corp.*, 1991 WL 21231 at *2 (Bankr. S.D.N.Y. Feb. 11, 1991)).

15.   The Redacted Information in the Redacted Declarations falls within the bounds of "commercial information" as such term is used in section 107(b) of the Bankruptcy Code. In accordance with the Plan, the Debtor is currently engaged in a comprehensive marketing process for the sale of the Debtor's clubhouse located at 240 Nassau Street, Brooklyn, NY, 11201 (the "Navy Yard Clubhouse"). The goal of the sale of the Navy Yard Clubhouse is to maximize value for the Holders of Abuse Claims who will receive the direct proceeds of any transaction. Pursuant to Article V.B.3 of the Plan, 100% of the net proceeds generated from the sale of the Navy Yard Clubhouse will be contributed to the Compensation Trust for distribution to Holders of Abuse Claims in Class 4 in accordance with the Trust Allocation Protocol. The sale of the Navy Yard Clubhouse was a critical component of the Committee Settlement embodied in the Plan and, therefore, it is imperative that the Debtor facilitates a fair, and value-maximizing process for the benefit of its creditors. The Redacted Information includes (a) the number, the identities of parties that have submitted bids, and the bid amounts, and (b) reports prepared by the Debtor's professionals with respect to the estimated value of the Navy Yard Clubhouse. Public disclosure of this information could challenge the integrity of the marketing process, disincentivize additional parties from submitting bids, chill bidding, and/or cause current bidders to modify bids—in each case negatively affecting the ongoing sale process. When the disclosure of information would have "a chilling effect on [business] negotiations," such that "[p]ublic dissemination of these details could negatively affect the sale process [at issue]," such disclosure would "run against the [Debtor's] goal and duty to maximize" the value of its estate. *In re MF Global Inc.*, 2012 WL 3260393 at *3 (Bankr. S.D.N.Y. Aug. 8, 2012) (internal quotations omitted). By seeking to redact

6

the foregoing information from the Redacted Declarations, the Debtor is seeking to maximize value for creditors and acting in the best interests of its Estate—the primary policy goal which section 107(b) seeks to promote, *i.e.*, "*to protect the estate or any other entity* in respect of a trade secret or other confidential information . . . ." Fed. R. Bank. P. 9018 (emphasis added).[3]

16. Upon a determination that the information to be protected falls within the scope of section 107(b), a court is "*required* to protect a requesting party and has no discretion to deny the application." *MF Global, Inc.*, 2012 WL 3260393, at *2 (quoting *In re Orion Pictures Corp.*, 21 F.3d at 27) (emphasis in original). After determining that protection is required, courts are afforded "discretion when deciding how to protect commercial information," and should favor an approach which redacts documents to "remove only protectable information" as opposed to "wholesale sealing." *Id.* The redactions of the Redacted Declarations remove only this key information which, if publicly disclosed, could negatively impact the Debtor's ongoing marketing and sale process, leaving the vast majority of each document available for public review. Furthermore, no party in interest is prejudiced by the redaction of the Redacted Information. The Redacted Declarations are provided in response to certain arguments made in the Rockefeller Objection, as further discussed in the Confirmation Brief. The Debtor has already provided unredacted copies of the Redacted Declaration to Rockefeller, will provide such unredacted copies to the Court substantially concurrently with the filing of this Motion, and will provide such unredacted copies

---

[3] While courts in this District have held that information which, if disclosed, would impact "bargaining leverage in future *unrelated cases*" does not rise to the level of commercial information of section 107(b), the Debtor does not seek to redact the Redacted Information on this basis. *In re Ditech Holding Corp.*, 2019 WL 3294684 at *9 (Bankr. S.D.N.Y. Jul. 19, 2019). As described *supra*, the outcome of the sale process at issue will have an immediate, direct, and fundamental impact on the quantum of recovery provided to Holders of Class 4 Abuse Claims, and is thus intrinsically tied to the Chapter 11 Case and the Debtor's rehabilitation pursuant thereto. The Redacted Information is thus not the type of information which courts in this district have held falls outside the scope of section 107(b) by virtue of being unrelated to business interests or not "bankruptcy-process-related harm[s]." *In re Purdue Pharma L.P.*, 632 B.R. 34, 44 (Bankr. S.D.N.Y. 2021). Rather, it is information with the potential to have a material negative impact on an asset sale which factors meaningfully into the recoveries negotiated between the Debtor and its stakeholders over the course of the Chapter 11 Case.

to the U.S. Trustee and the Committee on a confidential basis. Accordingly, the redaction of the Redacted Information should be authorized, as (a) the Redacted Information falls within the scope of section 107(b) of the Bankruptcy Code and (b) the redactions in the Redacted Declaration represent a measured, minimally obtrusive approach which balances the need to protect the Debtor's estate with the policy goal of public disclosure.

## Notice

17. The Debtor will provide notice of this Motion to: (a) the United States Trustee for Region 2; (b) counsel to the Committee; (c) counsel to BGCA; (d) counsel to Rockefeller; (e) the Debtor's insurers that have accepted coverage related to the Abuse Claims; (f) the office of the Attorney General for the State of New York; (g) the United States Attorney's Office for the Southern District of New York; (h) counsel to the DIP Lender; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other court, except as described herein.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtor respectfully requests entry of the order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated:  June 20, 2023 | */s/ John T. Weber*<br>Alan W. Kornberg, Esq.<br>William A. Clareman, Esq.<br>John T. Weber, Esq.<br>Leslie E. Liberman, Esq.<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br>akornberg@paulweiss.com<br>wclareman@paulweiss.com<br>jweber@paulweiss.com<br>lliberman@paulweiss.com<br><br>*Counsel to the Debtor and Debtor in Possession* |

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

**ORDER AUTHORIZING THE DEBTOR TO REDACT AND FILE UNDER SEAL CERTAIN PORTIONS OF (I) THE DECLARATION OF DANIEL O'BRIEN IN SUPPORT OF CONFIRMATION OF THE FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF MADISON SQUARE BOYS & GIRLS CLUB, INC. AND (II) THE DECLARATION OF SHARON LOCATELL, MAI, CRE, MRICS**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), pursuant to section 107(b) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order authorizing the Debtor to redact the Redacted Information from the Redacted Declarations and file the Redacted Declarations in unredacted form under seal, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtor is authorized, but not directed, pursuant to sections 107(b) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact the Redacted Information from the publicly filed Redacted Declarations and to file unredacted versions of the Redacted Declarations under seal.

3. The Redacted Information shall remain under seal and shall not be made available to anyone other than (i) the Court, (ii) the U.S. Trustee and the Committee, on a confidential basis, if requested, and (iii) Rockefeller, to whom unredacted copies of the Redacted Declarations have already been provided on a confidential basis, without the consent of the Debtor.

4. All Redacted Information filed under seal pursuant to this Order shall remain under seal and shall not be publicly disclosed by any party with access thereto, other than the Debtor, until further order of the Court.

5. If the Redacted Declarations are attached or referred to in any future pleadings or document filed with the Court relating to the above-captioned Chapter 11 Case, this Order shall apply to such pleading or document.

6. Service of the Motion, as set forth therein, is hereby deemed proper, timely, and due and sufficient notice of the Motion under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion is required.

7. Nothing in this Order prejudices the rights of any party in interest, including the U.S. Trustee, to seek on appropriate motion the unsealing of the Redacted Information in the Redacted Declarations.

8. The Debtor shall submit an unredacted copy of each of the Redacted Declarations to the Clerk of the Court under seal in an envelope, marked to indicate that the same has been filed under seal by order of the Court.

9. Upon the passage of forty-five (45) days after the final disposition of this Chapter 11 Case, all unredacted copies of the Redacted Declarations filed under seal shall be retrieved by the Debtor for disposal or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy all such copies in a manner consistent with the need to preserve confidentiality.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.


New York, New York
Dated: _____, 2023

                                                 _____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE