**Presentment Date: June 23, 2023 at 4:00 p.m. (Eastern Time)**
**Objection Deadline: June 23, 2023 at 3:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): To Be Determined**

Gregg M. Galardi
Andrew G. Devore
Daniel G. Egan
Eric P. Schriesheim
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to The Rockefeller University*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

# NOTICE OF PRESENTMENT OF PROPOSED
# ORDER APPOINTING MEDIATORS AND DIRECTING MEDIATION

**PLEASE TAKE NOTICE** that The Rockefeller University, a party in interest in the above referenced case, will present the attached proposed order (the "Proposed Order"), which has been agreed to by the above-captioned debtor and debtor in possession, the official committee of unsecured creditors appointed in the above-captioned chapter 11 case, Marsh Law Firm PLLC, and Herman Law, to the Honorable Sean H. Lane, United States Bankruptcy Judge, for signature on **June 23, 2023, at 4:00 p.m. (prevailing Eastern Time)**. A copy of the Proposed Order is annexed hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the relief requested in the Proposed Order shall: (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to the chapter 11 case in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and (b) be served so as to be actually received by **June 23, 2023 at 3:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only those Objections timely filed and actually received by the Objection Deadline in accordance with the requirements set forth herein

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

will be considered by the Bankruptcy Court. If no Objections are timely filed and served with respect to the Proposed Order, there will not be a hearing to consider such Proposed Order, and such Proposed Order may be signed and entered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served by the Objection Deadline with respect to the Proposed Order, a hearing (the "Hearing") will be held to consider the Proposed Order before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

| | |
|---|---|
| Dated: June 22, 2023<br>New York, New York | **ROPES & GRAY LLP**<br><br>/s/ *Gregg M. Galardi*<br>Gregg M. Galardi<br>Andrew G. Devore<br>Daniel G. Egan<br>Eric P. Schriesheim<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>Email: gregg.galardi@ropesgray.com<br>andrew.devore@ropesgray.com<br>daniel.egan@ropesgray.com<br>eric.schriesheim@ropesgray.com<br><br>*Counsel to The Rockefeller University* |

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

### [PROPOSED] ORDER APPOINTING MEDIATORS AND DIRECTING MEDIATION

WHEREAS, on June 29, 2022, Madison Square Boys & Girls Club, Inc. (the "Debtor") commenced a voluntary case under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court");

WHEREAS, on July 13, 2022, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in this chapter 11 case pursuant to section 1102 of the Bankruptcy Code consisting of seven individual members [Docket No. 53] (each, a "Committee Member" and, collectively, the "Committee Members");

WHEREAS, on April 28, 2023, the Debtor filed the *Disclosure Statement for Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 466] (as may be amended, modified or supplemented from time to time, the "Disclosure Statement") and the *Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 465] (as may be amended, modified or supplemented from time to time, including by the *First Amended Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 515], the "Plan");[2]

---

[1] The last four digits of the Debtor's federal tax identification number are 6792. The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

WHEREAS, on July 12, 2023, the Rockefeller University (the "University") filed the *Objection of The Rockefeller University to Confirmation of the Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc. and to Final Approval of the Disclosure Statement* [Docket No. 520] (the "University Plan/DS Objection"); and

WHEREAS, counsel for the Debtor, counsel for University, and counsel for the Committee met and conferred on June 14, 2023 and (a) determined that mandatory mediation ("Mediation") with respect to the issues set forth herein is appropriate under the circumstances and may be an efficient and effective mechanism to resolve disputes regarding, among other things, the Plan, the Disclosure Statement, and the University Plan/DS Objection, and, accordingly, (b) consent to the relief set forth herein.

**ORDER**

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Order, and the Court having jurisdiction over this matter and the relief ordered herein pursuant to 28 U.S.C. §§ 157 and 1334(b), the Court hereby orders as follows:

1. The Court authorizes and appoints Hon. Shelley C. Chapman (Ret.) and Paul Finn to serve as mediators (the "Mediators") and to conduct the Mediation, subject to the terms and conditions of this Order, with respect to the following (the "Mediation Issues"): (a) a comprehensive resolution of all issues relating to the University Plan/DS Objection; and (b) a comprehensive resolution of all claims asserted against the University, in which the Debtor has been alleged to be co-liable, under the New York State Child Victims Act (the "CVA"), which claims allege abuse involving Dr. Archibald and have not been previously resolved (collectively, "Archibald CVA Claims").

2

2.      The following parties shall be bound by this Order: (a) the Debtor, together with its counsel; (b) the University, together with its counsel; (c) counsel to the Committee; (d) each Committee Member, together with each Committee Member's respective counsel; (e) an attorney from either Marsh Law Firm PLLC ("Marsh") or Pfau Cochran Vertetis Amala PLLC ("Pfau"); and (f) an attorney from Herman Law ("Herman") ((a) through (f) above, collectively, the "Mediation Parties").  In addition, each of Marsh, Pfau, and Herman firms shall request that each of its clients that have asserted Archibald CVA Claims appear at the Mediation, and "Mediation Parties" shall include any such clients who appear following such request or who are otherwise instructed to appear by the Mediators.  The Mediators shall establish which Mediation Parties are required to attend the Mediation sessions.  For each Mediation Party that is required by the Mediators to attend the Mediation sessions, a representative with negotiation and settlement authority regarding all Mediation Issues shall attend in person, unless appearance via videoconference is permitted by the Mediators in their sole discretion.

3.      The Committee's and each Committee Member's participation in the Mediation shall be limited to the mediation of the University Plan/DS Objection and not the mediation of any individual Archibald CVA Claim unless a Committee Member holds an unresolved Archibald CVA Claim in which case only the Committee Member, his counsel, the University, and the Mediators shall be involved in such mediation session(s) of such Committee Member's Archibald CVA Claim.

4.      The Mediation will take place on the following dates and commence at the following times at the law offices Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, with any additional mediation sessions taking place at dates, times, and locations as the Mediation Parties and the Mediators may agree:

- June 26, 2023 at 1:00 p.m. (prevailing Eastern Time)
- June 27, 2023 at 10:00 a.m. (prevailing Eastern Time)
- June 28, 2023 at 10:00 a.m. (prevailing Eastern Time)

5. The University agrees that the mediation and any resolution of the Archibald CVA Claims shall be conducted on a claim by claim basis and not on a global basis among the clients represented by the Marsh and Pfau or Herman, or any combination of the foregoing firms.

6. Notwithstanding Local Rule 9019-1, General Order M-452, or the Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings, the Mediators shall have discretion to direct the manner and establish the rules of the Mediation and consider and take appropriate action with respect to any matters the Mediators deem appropriate in order to conduct the Mediation, including to conduct breakout Mediation sessions involving a subset of the Mediation Parties, subject to the terms of this Order.

7. At the Mediators' sole discretion, the Mediators may invite or direct additional parties to participate in the Mediation; *provided*, that the Mediators shall provide advance notice to the Mediation Parties of their intent to invite or direct any additional parties to the Mediation.

8. If parties are added to the Mediation as described in this Order, such additional parties shall become "Mediation Parties" and shall become subject to all of the provisions of this Order.

9. No information or communication of any type, whether oral or written, that is made or conveyed in connection with the Mediation, or that is related in any way to the Mediation, or the Mediation itself, shall be used by any party for any purpose, including impeachment, in any arbitration, judicial, administrative, or other proceeding. Such information or communications shall be strictly confidential and may not be disclosed by any Mediation Party or the Mediators to

any non-party to the Mediation, including but not limited to the Court. Any oral or written settlement proposals, counterproposals, offers of compromise, information, conduct and/or statements made or conveyed during the Mediation sessions (collectively, "Mediation Communications") shall (a) remain confidential unless the Mediation Party making such Mediation Communication agrees to the disclosure or use of any such Mediation Communication, and (b) be subject to protection from discovery and be inadmissible under Rule 408 of the Federal Rules of Evidence and any applicable or comparable federal or state statute, rule, or common law.

10. The Mediation Parties and their respective counsel shall participate in the Mediation in good faith and comply with all directions issued by the Mediators.

11. All fees and expenses of the Mediators shall be paid by the University, provided that each Mediation Party shall otherwise bear its own costs and expenses incurred in connection with the Mediation, including attorney fees, travel, lodging, and meals.

12. At the conclusion of the Mediation, the Mediators shall file with the Court a report stating (a) that the Mediators have conducted the Mediation, (b) the names of the Mediation Parties, including counsel, advisors, and principals, who participated in the Mediation, (c) any compliance or noncompliance with this Order, and (d) whether and to what extent the Mediation was successful.

13. The Mediators, and any legal personnel employed by Willkie Farr & Gallagher LLP who assist Judge Chapman as Mediator with the Mediation, shall be immune from claims arising out of acts or omissions incident to their service in the Mediation or in the chapter 11 case of the Debtor.

14. The sanctions available under Fed. R. Civ. P. 16(f) shall apply to any violation of this Order and/or the provisions of Local Rule 9019-1.

15. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: June ___, 2023
      New York, New York

                                THE HONORABLE SEAN H. LANE
                                UNITED STATES BANKRUPTCY JUDGE