WILLIAM K. HARRINGTON  
United States Trustee for Region 2  
U.S. Department of Justice  
Office of the United States Trustee  
Alexander Hamilton U.S. Custom House  
One Bowling Green, Rm. 534  
New York, NY 10004  
Tel. (212) 510-0500  
By:   Andrea B. Schwartz  
       Tara Tiantian  
       Trial Attorneys

**Hearing Date and Time:**  
July 17, 2023, at 11:00 am  
<u>Related to</u>: ECF No. 525

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x  
In re                                                               :    Chapter 11  
                                                                    :  
MADISON SQUARE BOYS & GIRLS CLUB, INC.,    :    Case No. 22-10910 (SHL)  
                                                                    :  
                              Debtors.                              :  
-----------------------------------------------------------------------x

### STATEMENT AND RESERVATION OF RIGHTS OF THE UNITED STATES TRUSTEE CONCERNING THE FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF MADISON SQUARE BOYS & GIRLS CLUB, INC.

William K. Harrington, the United States Trustee for Region 2, hereby submits this reservation of rights (the "Reservation") concerning the *First Amended Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* (the "Amended Plan"), and respectfully states:

### STATEMENT AND RESERVATION OF RIGHTS

1. On June 29, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. [ECF No. 1].

2. On April 12, 2023, the Debtor filed the *Chapter 11 Plan of Reorganization of Madison Square Boys and Girls Club, Inc.* (the "Plan"). [ECF No. 427].

3.  The U.S. Trustee informally objected to certain provisions of the Plan, including the exculpation provisions and the proposed channeling injunction. Regarding exculpation, the U.S. Trustee objected to the scope and breadth of the provision as well as the parties proposed to be exculpated. As to the channeling injunction relating to Abuse Claims (or CVA Claims), the U.S. Trustee objected on the grounds that, by potentially including Rockefeller University, BGCA and the Settling Insurance Companies (as those terms are defined by the Plan) within the definition of parties (the Covered Parties) entitled to the benefit of the injunction, the Debtor impermissibly was providing these parties with third-party release for which none of the CVA claimants had consented.[1] *See* Plan at Art. I (A) Nos. 26, 51 and 78, Art. IX B, C, E and F.

4.  On June 9, 2023, the Debtor filed the First Amended Plan, among other things, to address the informal objections raised by the U.S. Trustee.[2] Although the revised channeling injunction provisions now exclude Rockefeller University, BGCA and the Settling Insurance Companies from the definition of "Covered Parties," thereby technically eliminating the nonconsensual third-party releases from the Plan and the claimed need for the channeling injunction, the Amended Plan provides that each of these parties may at a future date after the Amended Plan has gone effective return to the Court and for an order to be included as covered parties entitled to the benefits of the channeling injunction if they are able to meet the settlement benchmarks with the CVA claimants.

---

[1] Although the ballots included in the voting solicitation packages disclosed and described the channeling injunction provisions relating to the Abuse Claims, the Debtors did not, in addition to requiring a vote to accept or reject the Plan, solicit the knowing and informed consent of the Abuse Claims to the channeling injunction which could potentially provide third-party releases to Rockefeller University, BGCA and/or the Settling Insurance Companies. *See Order Signed Order (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving Form of Notices and Ballots; (III) Establishing (A) Solicitation and Voting Procedures and (B) Notice and Objection Procedures For Confirmation; (IV) Scheduling Combined Hearing on Confirmation of Plan of Reorganization and Final Approval of Disclosure Statement; and (V) Granting Related Relief.* [ECF No. 461].

[2] The U.S. Trustee does not object to the exculpation provisions contained in the Amended Plan.

2

5.      On June 19, 2023, the Debtor filed the *Declaration of Jane Sullivan of Epiq Corporate Restructuring, LLC Regarding the Solicitation and Tabulation of Ballots Cast on the Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* (the "Sullivan Declaration") [ECF No. 528]. According to the Sullivan Declaration, among other things, of the 150 ballots mailed or issued to the Class 4 Abuse Claims, 130 were returned and 122 voted to accept the Plan. *Id.* at ¶ 10 and Ex. A.

6.      Because the Amended Plan allows Rockefeller University, BGCA and the Settling Insurance Companies to return to the Court post-effective date and seek to be included within the definition of covered parties, thereby obtaining the benefits of the channeling injunction without the consent of the holders of Abuse Claims, the U.S. Trustee reserves his rights to object to any such efforts should any of these parties move to do so in the future.[3]

Dated: New York, New York
       July 3, 2023

                                        Respectfully submitted,

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE

                                        By:    */s/ Andrea B. Schwartz*
                                               Andrea B. Schwartz
                                               Tara Tiantian
                                               Trial Attorneys

---

[3] This reservation includes the right to raise any of the issues determined by the Second Circuit Court of Appeals in *In re Purdue Pharma L.P.*, 69 F4th 45 (2d Cir. 2023), or otherwise, including without limitation, the need to establish the seven factors to impose nonconsensual third-party releases, the *Stern v. Marshall* issue, and the possible need for resolicitation.