**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MADISON SQUARE BOYS & GIRLS CLUB, INC.,[1]

Debtor.

Chapter 11

Case No. 22-10910 (SHL)

**ORDER (A) APPROVING THE**
**SETTLEMENT AGREEMENT BETWEEN THE DEBTOR**
**AND THE ROCKEFELLER UNIVERSITY AND (B) GRANTING RELATED RELIEF**

Upon the joint motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") and the Committee for entry of this order authorizing approving the Settlement Agreement by and among the Debtor and The Rockefeller University ("Rockefeller"), attached hereto as **Exhibit 1**, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and Dold Declaration, and having heard

---

[1]   The last four digits of the Debtor's federal tax identification number are 6792.  The Debtor's mailing address is 250 Bradhurst Avenue, New York, New York 10039.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

the statements in support of the relief requested therein at a hearing, if any, before this Court

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all

of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     Pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved in its

entirety.

3.     The Debtor, the Reorganized Debtor, the Compensation Trust, and the

Compensation Trustee are authorized to execute, deliver, implement and fully perform any and

all obligations, instruments, documents and papers and to take any and all actions reasonably

necessary or appropriate to consummate the Settlement Agreement, and perform any and all

obligations contemplated therein without further order of the Court.

4.     This Order and the terms of the Settlement Agreement shall be binding on

the Debtor and Rockefeller, and any of the foregoing parties' successors and/or assigns

(including the Reorganized Debtor, the Compensation Trust, and the Compensation Trustee), the

Committee, and all creditors, including Holders of Abuse Claims, and parties in interest in this

Chapter 11 Case (including, without limitation, any trustee, statutory committee, or examiner

appointed in this Chapter 11 Case or any chapter 7 trustee, or any other person, party, or entity,

in any jurisdiction anywhere in the world, directly or indirectly).

5.     The Settlement Agreement shall be effective as of the Effective Date of the Plan.

6.    Notwithstanding the possible applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry pursuant to Rule 6004(h).

7.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of thereof; no other or further notice of the Motion shall be required.

8.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  August 18, 2023

                                        */s/ Sean H. Lane*
                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is entered into by and between The Rockefeller University, a New York not-for-profit education corporation (the "University"), and Madison Square Boys & Girls Club, Inc., a New York not-for-profit corporation ("Madison" and, together with the University, each a "Party" and together the "Parties").

### RECITALS

**WHEREAS**, on June 29, 2022, Madison commenced a chapter 11 case in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, which chapter 11 case is captioned *In re Madison Square Boys & Girls Club, Inc.*, Case No. 22-10910 (SHL) (the "Bankruptcy Case");

**WHEREAS**, on April 12, 2023, Madison filed the Disclosure Statement for Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc. [Docket No. 428] (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), and on June 19, 2023, Madison filed the First Amended Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc. [Docket No. 525] (as amended, modified, or supplemented from time to time, the "Plan");[1]

**WHEREAS**, the Plan provides for the creation of a Compensation Trust for the benefit of holders of Class 4 Abuse Claims and that Madison will contribute certain assets, including various Claims and Causes of Action owned, held or capable of being asserted by or on behalf of Madison or its Estate against Rockefeller, including Madison Damages Claims and Claims or Causes of

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

1

Action against Rockefeller concerning Abuse Claims (including in contribution), to the Compensation Trust;

**WHEREAS**, in the Disclosure Statement and Plan, Madison has stated that it believes that certain Claims and Causes of Action against the University, including the Madison Damages Claims which arise out of or are related to any alleged injuries or damages to Madison in connection with the Abuse Claims, are owned, held, or capable of being asserted by, through, or on behalf of Madison or its Estate; and the University disputes and disagrees with such beliefs of Madison and believes that any such Claims and Causes of Action are invalid as a matter of law and fact;

**WHEREAS**, on June 12, 2023, the University filed an objection to confirmation of the Plan and final approval of the Disclosure Statement [Docket No. 547] (the "University Objection"); and

**WHEREAS**, the Parties engaged in good faith negotiations with each other regarding the foregoing disputes, and, without admission of liability, have agreed to settle such disputes on the terms and conditions set forth herein and in the Modified Plan (as defined in Section 4 hereof).

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Party, intending to be legally bound, agrees as follows:

**AGREEMENT**

1.      Agreement Effective Date.  Except as set forth in Section 4 hereof, this Agreement shall be effective and binding on each Party on the first day upon which all of the following has occurred or been satisfied (such date, the "Settlement Effective Date"): (a) execution of this

Agreement by all Parties and delivery to the other Parties of a duly executed signature page to this Agreement; (b) entry by the Bankruptcy Court of an order approving this Agreement (the "Settlement Approval Order"); and (c) the occurrence of the Effective Date of the Modified Plan (as defined in Section 4 hereof).

     2.    University Settlement Payment and CVA Claim Distributions.  As a settlement, compromise, and resolution of and in full and final satisfaction of all Madison Damages Claims and any other Claims and Cause of Actions that may be owned, held, or capable of being asserted by, through, or on behalf of Madison or its Estate against the University:

     (a)    promptly on or after the Settlement Effective Date, the University shall pay the sum of $150,000 (One Hundred Fifty Thousand Dollars) (the "Settlement Amount") to the Compensation Trust by wire transfer according to instructions provided by the Compensation Trustee;

     (b)    effective as of the Settlement Effective Date, the University agrees to forgo and waive any distribution from the Compensation Trust (including from the Settlement Amount) on account of any rights concerning Proof of Claim No. 0000060163 filed in the Bankruptcy Case (the "CVA Claim") and any assignment or settlement agreement between the University and a holder of such CVA Claim (the "CVA Claimant"); provided, however, that nothing contained herein shall prejudice, impair, or constitute a waiver of any rights of the University or the CVA Claimant concerning any Non-Settling Insurance Company or any Non-Settling Insurance Company's Abuse Insurance Policy, including any rights to receive a distribution or recovery therefrom; and

3

(c)     Notwithstanding anything to the contrary in any agreement between Rockefeller and a holder of a claim against Rockefeller, the Settlement Amount shall be paid to the Compensation Trust and administered in accordance with the Plan, Compensation Trust Agreement, and Trust Allocation Protocol and shall not require that the Compensation Trust or any of its beneficiaries remit any of the Settlement Amount to Rockefeller.

3.      Madison Release. Effective as of the Settlement Effective Date, Madison, for itself and the Estate and on behalf of anyone claiming by, through, or on behalf of Madison or its Estate, including any of Madison's or the Estate's successors and assigns, including the Reorganized Debtor, Compensation Trust, Compensation Trustee, and any of Madison's or the Estate's predecessors, successors, assigns, estate, subsidiaries, affiliates and related entities or persons (collectively, the "Releasing Parties"), remises, releases, forever discharges, and covenants not to sue the University, any and all of the University's current and former trustees, officers, faculty, students, supervisors, employees, agents, servants, attorneys, and volunteers, all in their capacities as representatives or agents of the University or in any other capacity in which the University could be or is alleged to be directly or indirectly liable, including under any theory of vicarious, respondeat superior, or other basis of liability, any and all current and former insurers who have ever insured the University to the extent such insurers have contributed to the Settlement Amount in an amount acceptable to the University, any and all of the University's current and former Board of Trustees, subdivisions, departments, committees, boards, and their members, and any and all predecessors, successors, assigns, subsidiaries, and affiliates of the University; including, without limitation, any such person or entity alleged to have committed, caused, or permitted an act, act of abuse, or omission that forms the basis of a Madison Damages Claim or any other Claim or Cause

4

of Action that may be owned, held, or capable of being asserted by, through, or on behalf of

Madison or its Estate (including for contribution), and any such person or entity against which any

Releasing Party could assert a claim, cross-claim, third-party claim, cause of action, demand, or

suit (including for contribution) that could result in direct or indirect liability to the University or

any of the foregoing persons or entities, whether or not they are employed by or affiliated with the

University (collectively, the "Released Parties"), from and for any and all debts, demands, actions,

causes of action, suits, accounts, covenants, contracts, agreements, damages, judgments,

executions, orders, and any and all claims, cross-claims, third-party claims, demands, and

liabilities whatsoever of any name and nature, whether in law, in equity, or otherwise, including

from and for any actual or possible Claim or Cause of Action any Releasing Party could bring

against the University, including but not limited to a Claim or Cause of Action in connection with

a purported duty to warn, other Madison Damages Claims, or other Claim or Cause of Action

against the University (including for contribution) (collectively, "Released Claims"), which the

Releasing Parties ever had, now have, or which hereinafter can, shall, or may have by reason of

any matter, cause, or thing whatsoever from the beginning of the world to the Settlement Effective

Date, and whether such Released Claims are now known or unknown, including, without limiting

the generality of the foregoing, any and all Released Claims, including any pending or potential

claim, cross-claim, third-party claim, cause of action, demand, or suit, directly or indirectly,

against the University or any other of the Released Parties. To the fullest extent permitted by law,

including, but not limited to, N.Y. General Obligations Law § 15-108, this Agreement shall relieve

the Released Parties from liability to any other person for contribution under any statute,

regulation, or common law or equitable principle with regard to any Released Claim; provided, for

5

the avoidance of doubt, nothing in this sentence shall modify or alter the provisions in Article IV.G of the Modified Plan.

4.      Bankruptcy Court Approval.  Prior to execution of this Agreement, Madison shall file with the Bankruptcy Court (A) a motion seeking approval of the Agreement under Bankruptcy Rule 9019 and entry of the Settlement Approval Order (the "Settlement Approval Motion"), (B) a motion to shorten notice concerning the Settlement Approval Motion (the "Motion to Shorten" and, together with the Settlement Approval Motion, the "Settlement Motions"), and (C) a modified Plan, Compensation Trust Agreement, and Trust Allocation Protocol in form and substance reasonably acceptable to each of the Parties (such Plan as modified, the "Modified Plan" and, together with the Compensation Trust Agreement and Trust Allocation Protocol as modified, the "Modified Plan Documents").  The Parties agree to support and take all reasonable steps necessary to obtain entry by the Bankruptcy Court of orders approving the Settlement Motions, including the Settlement Approval Order, and entry of a proposed Confirmation Order, in form and substance reasonably acceptable to each of the Parties, confirming and approving the Modified Plan Documents.

5.      University Objection & University Proof of Claim.  The University Objection shall be deemed withdrawn contemporaneously with the entry of the Confirmation Order; provided, that (a) the Settlement Effective Date shall not occur until the conditions set forth in Section 1 of this Agreement are satisfied, and (b) if the Settlement Effective Date does not occur, Rockefeller may assert or reassert, as applicable, the University Objection or any other objections Rockefeller may have to the Plan.  On the Settlement Effective Date, to the extent not previously Disallowed, Proof of Claim No. 0000020021 filed by the University shall be deemed withdrawn.

6

6.    No Admission of Liability.  This Agreement and the transactions contemplated herein are part of a settlement between and among the Parties, and are not intended, and shall not be construed, as an admission of liability on the part of any of the Released Parties.  To the extent provided by Federal Rule of Evidence 408, and any applicable state rules of evidence, this Agreement and all negotiations relating thereto shall not be admissible into evidence in any proceeding other than a proceeding to enforce the terms of this Agreement.

7.    Governing Law; Jurisdiction.  This Agreement will be construed and enforced in accordance with, and the rights of the Parties shall be governed by, the laws of the State of New York, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.  The Bankruptcy Court shall have exclusive jurisdiction over any action or proceeding concerning this Agreement and each Party agrees to submit to such jurisdiction and to waive any defense based on the location or jurisdiction of such court.  In the event of any breach or attempted or threatened breach of the Agreement, each Party agrees that the non-breaching Party shall be irreparably harmed and damaged, and accordingly, in such an event, the non-breaching Party shall be entitled to apply for injunctive relief to enforce the provisions of the Agreement.

8.    Amendment.  This Agreement may not be modified, amended, or supplemented in any manner except in writing signed by each of the Parties or their permitted successors or assigns. Any proposed modification, amendment, or supplement that is not signed by each of the Parties or their permitted successors or assigns shall be ineffective and void *ab initio*.

9.    Interpretation and Rules of Construction.  This Agreement is the product of negotiations among the Parties and, in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Agreement, or any portion hereof,

7

shall not be effective in regard to the interpretation hereof. The Parties were each represented by counsel during the negotiation and drafting of this Agreement and continue to be represented by counsel.

10. Successors and Assigns; No Third Party Beneficiaries. This Agreement is intended to bind and inure to the benefit of the Parties and their respective successors and permitted assigns, including the Estate, the Reorganized Debtor, the Compensation Trust, and the Compensation Trustee; provided, that, except as otherwise provided herein, this Agreement may not be assigned by either Party without the express written consent of the other Party. Except as otherwise expressly set forth herein as to the Released Parties, nothing in this Agreement is intended to benefit or create any right or cause of action in or on behalf of any person other than the Parties hereto. For the avoidance of doubt, the Released Parties are expressly stated to be beneficiaries of the releases set forth in Section 3 hereof.

11. Execution of Agreement. This Agreement may be executed and delivered in any number of counterparts and by way of electronic or facsimile signature and delivery. Each such counterpart, when executed and delivered, shall be deemed an original, and all such counterparts together shall constitute the same agreement. Each individual executing this Agreement on behalf of a Party has been duly authorized and empowered to execute and deliver this Agreement on behalf of such Party.

[*Signature Pages Follow*]

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed and

delivered by their respective duly authorized officers.


MADISON SQUARE BOYS & GIRLS CLUB, INC.

By: _____      Date ___7/17/2023___
      Jeffrey Dold
      Chief Financial Officer


THE ROCKEFELLER UNIVERSITY


By: _____      Date _____
      Timothy O'Connor
      Executive Vice President

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed and

delivered by their respective duly authorized officers.

MADISON SQUARE BOYS & GIRLS CLUB, INC.


By:      Jeffrey Dold                                                Date
         Chief Financial Officer


THE ROCKEFELLER UNIVERSITY


By:      Timothy O'Connor                                    Date      8/2/23
         Executive Vice President


9