A.Y. STRAUSS LLC
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
535 Fifth Avenue, 4th Floor
New York, New York 10017
Tel. (973) 287-5006
Fax. (973) 226-4104

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON SQUARE BOYS & GIRLS CLUB, INC.<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 22-10910 (SHL) |

**STIPULATION AND AGREED ORDER RELATED TO WITHDRAWAL OF**
**THE PROOFS OF CLAIM OF THE CHUBB COMPANIES**

The above-captioned reorganized debtor (the "Reorganized Debtor," and prior to the Effective Date[1], the "Debtor") and Federal Insurance Company ("Federal"), Great Northern Insurance Company ("Great Northern"), Executive Risk Indemnity Inc. ("Executive Risk"), Vigilant Insurance Company ("Vigilant") and each of their U.S.-based affiliates and successors (collectively, the "Chubb Companies," and together with the Reorganized Debtor, the "Parties"), by and through their undersigned counsel, hereby stipulate to the withdrawal of (i) the Chubb Proofs of Claim (as defined herein) which were filed in the bankruptcy case of the Debtor and which are more specifically described on **Exhibit "A"** hereto and (ii) the Claim Objections (as defined herein) (collectively, the "Stipulated Withdrawal").

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Plan (defined herein).

## RECITALS

**WHEREAS**, on June 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

**WHEREAS**, prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to the Debtor as named insured;

**WHEREAS**, pursuant to the Policies and any agreements related thereto (collectively, the "Insurance Program")[2], the Chubb Companies provide, *inter alia*, accident, blanket, fiduciary liability, directors' and officers', boiler and machinery and certain other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein; and the insureds, including the Debtor, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the Chubb Insurance Program (the "Obligations")[3];

**WHEREAS**, the Chubb Companies timely filed four (4) proofs of claim, listed on **Exhibit "A"** hereto, against the Debtor on account of the Obligations (collectively, the "Chubb Proofs of Claim")[4];

---

[2] The Chubb Insurance Program includes insurance policies issued to non-debtors if and only to the extent that they provide coverage to the Debtor, and any agreements related thereto.

[3] For the avoidance of doubt, the Obligations shall include any non-monetary obligations that the insureds, including the Debtor, may have.

[4] The Chubb Proofs of Claim are separate and distinct from any proofs of claim filed on behalf of Federal Insurance Company and/or Century Indemnity Company, as successor to CCI Insurance Company, successor to Insurance Company of North America, by counsel at Crowell & Moring LLP or Robinson & Cole LLP, which are based on the Debtor's liability on account of certain coverage and litigation matters under certain liability insurance policies, as more fully set forth therein (the "Coverage Proofs of Claim"). Accordingly, this Stipulated Withdrawal does not relate to or otherwise in any way affect the Coverage Proofs of Claim.

WHEREAS, on July 21, 2023, the Debtor filed the *Further Revised First Amended Chapter 11 Plan of Reorganization of Madison Square Boys & Girls Club, Inc.* [Docket No. 574] (the "Plan");

WHEREAS, on August 18, 2023, this Court entered an order confirming the Plan [Docket No. 614] (the "Confirmation Order");

WHEREAS, paragraph 90 of the Confirmation Order provides[5]:

> Notwithstanding anything to the contrary in the Restructuring Documents, the Disclosure Statement, any Cure Notice, any bar date notice or claim objection, any documents related to any of the foregoing or any other order of the Court (including, without limitation, any provision that purports to be preemptory or supervening, grants an injunction, discharge or release, or confers Bankruptcy Court jurisdiction), and as a supplement to Articles V.P., V.Q. and VI.D. of the Plan:
>
> a.    on the Effective Date, all of the Insurance Policies (other than the Abuse Insurance Policies) which have been issued by Federal Insurance Company and any of its U.S.-based affiliates and predecessors (collectively, the "Chubb Companies") to, or which provide coverage to, the Debtor at any time and for any line of coverage (collectively and together with any agreements, documents or instruments related thereto and each as amended, modified or supplemented and including any exhibit or addenda thereto, the "Non-Abuse Chubb Insurance Program") which identifies the Debtor as named insured or as one of the counterparties thereto shall be assumed by the Reorganized Debtor in their entireties pursuant to sections 105 and 365 of the Bankruptcy Code, and shall continue in full force and effect thereafter in accordance with their respective terms;
>
> b.    on and after the Effective Date, the Reorganized Debtor shall become and remain liable in full for all of its and the Debtor's obligations under the Non-Abuse Chubb Insurance Program regardless of whether such obligations arise before or after the Effective Date, and without the need or requirement for the Chubb Companies to File or serve any Proof of Claim, Cure Claim or a request, application, claim, proof or motion for payment or allowance of any Administrative Claim;

---

[5]    For the avoidance of doubt the "Non-Abuse Chubb Insurance Program" as defined in the Confirmation Order is the same as the Insurance Program as defined herein.

    c.     nothing alters, modifies or otherwise amends the terms and conditions of the Non-Abuse Chubb Insurance Program, and any rights and obligations thereunder shall be determined under the Non-Abuse Chubb Insurance Program and applicable nonbankruptcy law as if the Chapter 11 Case had not occurred;

    d.     nothing shall permit or otherwise effect a sale, assignment or any other transfer of the Non-Abuse Chubb Insurance Program and/or any rights, proceeds, benefits, claims, rights to payments, or recoveries under or relating thereto without the prior express written consent of the Chubb Companies; and

    e.     the automatic stay of Bankruptcy Code section 362(a) and the injunctions set forth in Article IX of the Plan, if and to the extent applicable, shall be deemed lifted without further order of this Bankruptcy Court, solely to permit: (i) claimants with direct action claims against the Chubb Companies under applicable non-bankruptcy law to proceed with their claims; (ii) the Chubb Companies to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court, (A) claims where a claimant asserts a direct claim against the Chubb Companies under applicable non-bankruptcy law, or an order has been entered by this Bankruptcy Court granting a claimant relief from the automatic stay or the injunctions set forth in Article VIII of the Plan to proceed with its claim, and (B) all costs in relation to each of the foregoing; and (iii) the Chubb Companies to take, in their sole discretion, other actions relating to the Non-Abuse Chubb Insurance Program (including effectuating a setoff).

**WHEREAS**, the Effective Date of the Plan occurred on August 21, 2023;

**WHEREAS**, on February 20, 2024, the Debtor filed the following claim objections that objected to the Chubb Proofs of Claim (collectively, the "Claim Objections"):

1. *The Reorganized Debtor's Objection to Claim Number 20017* [Docket No. 666];

2. *The Reorganized Debtor's Objection to Claim Number 20016* [Docket No. 669];

3. *The Reorganized Debtor's Objection to Claim Number 20015* [Docket No. 670]; and

4. *The Reorganized Debtor's Objection to Claim Number 20014* [Docket No. 671];

**WHEREAS**, based on the treatment of the Insurance Program pursuant to paragraph 90 of the Confirmation Order, the Reorganized Debtor and the Chubb Companies have stipulated to the withdrawal of the Chubb Proofs of Claim and of the Claim Objections.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The recitals set forth above are incorporated herein by this reference as though set forth herein at length.

2. This Stipulated Withdrawal shall be effective upon the date the order approving this Stipulated Withdrawal (the "<u>Withdrawal Order</u>") becomes a final, non-appealable order that is not subject to an appeal (the "<u>Stipulation Effective Date</u>").

3. The Reorganized Debtors shall treat any claims asserted by the Chubb Companies in accordance with paragraph 90 of the Confirmation Order.

4. Upon the Stipulation Effective Date, (i) the Chubb Proofs of Claim shall be deemed withdrawn based upon the treatment of Insurance Program in paragraph 90 of the Confirmation Order and (ii) the Claim Objections shall be deemed withdrawn without need for any further action by or notice to any party; *provided, however*, that to the extent any order has already been entered on any of the Claim Objections, such order shall be superseded by the Withdrawal Order.

5. Subject to the occurrence of the Stipulation Effective Date, the clerk of the Court and the Notice and Claims Agent are hereby authorized to reflect the Stipulated Withdrawal on the docket and claims register for the above-referenced case.

6. Nothing in this Stipulated Withdrawal, the Claim Objections or the Withdrawal Order shall be deemed to amend, alter or otherwise modify the terms and conditions of the Plan, Confirmation Order or the Insurance Program.

7. This Stipulated Withdrawal may be executed in counterparts, each of which shall be deemed an original and evidence of this Stipulated Withdrawal may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents.

8. This Stipulated Withdrawal shall be binding upon all successors and assigns of all of the Parties hereto.

9. Each person who executes this Stipulated Withdrawal on behalf of a Party represents and warrants that he or she is duly authorized and has requisite authority to execute and deliver this Stipulated Withdrawal on behalf of such Party and to bind his or her respective Party to the terms and conditions of this Stipulated Withdrawal.

10. All representations, warranties, inducements, and/or statements of intention made by the Parties that relate to this Stipulated Withdrawal are embodied in the Stipulated Withdrawal, and none of the Parties relied upon, will be bound by or will be liable for any alleged representation, warranty, inducement or statement of intention that is not expressly set forth in this Stipulated Withdrawal.

11. This Stipulated Withdrawal constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulated Withdrawal to be executed as of the day and year written below.

Dated: March 19, 2024

| **A.Y. STRAUSS LLC** | **DUANE MORRIS LLP** |
|---|---|
| /s/Eric H. Horn | /s/ Wendy M. Simkulak |
| Eric H. Horn, Esq. | Wendy M. Simkulak, Esq. |
| Heike M. Vogel, Esq. | Drew S. McGehrin, Esq. |
| 535 Fifth Avenue, 4th Floor | 30 South 17th Street |
| New York, New York 10017 | Philadelphia, PA 19103-4196 |
| Telephone. (973) 287-5006 | Telephone: (215) 979-1000 |
| Facsimile. (973) 226-4104 | Facsimile: (215) 979-1020 |
| *Counsel to the Reorganized Debtor* | *Counsel for the Chubb Companies* |

**IT IS SO ORDERED**, this ____ day of _____, 2024

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**Exhibit "A"**

Chubb Proofs of Claim

| Claimant | Debtor Name | Case No. | Claim No. |
|---|---|---|---|
| Federal Insurance Company | Madison Square Boys & Girls Club, Inc. | 22-10910 | 20014 |
| Executive Risk Indemnity, Inc. | Madison Square Boys & Girls Club, Inc. | 22-10910 | 20017 |
| Great Northern Insurance Company | Madison Square Boys & Girls Club, Inc. | 22-10910 | 20016 |
| Vigilant Insurance Company | Madison Square Boys & Girls Club, Inc. | 22-10910 | 20015 |